JAMIR DAVIS, ESQ. SBN 98041
J. DAVIS LAW FIRM, PLLC
106 WINDING WAY UNIT C
COVINGTON, KY 41011
TELE: (859) 750-5033
JDAVIS@JDAVISCOUNSEL.COM

VALERY NECHAY
ATTORNEY AT LAW
LAW CHAMBERS BUILDING
345 FRANKLIN ST.
SAN FRANCISCO, CA 94102
TELE: 415-652-8569
VALERY@NECHAYLAW.COM

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; AND ANTHONY BARNES. <br><br> PLAINTIFFS, <br><br> v. <br><br> SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; AND ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCO, AND DOES 1-20 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES. <br><br> DEFENDANTS. | CASE NO: 3:24-CV-05545-JCS <br><br> PLAINTIFFS' CASE MANAGEMENT STATEMENT <br><br> DATE: NOVEMBER 20, 2024 <br><br> TIME: 2:00PM <br><br> JUDGE: HONORABLE JOSPEH C. SPERO |

1

## I. JURSISDICTION

Plaintiff's complaint invokes federal question jurisdiction by suing for damages under 42 U.S.C. 1983. Plaintiff and Defendant agree that this Court has personal jurisdiction over the Defendant and that venue in the Northern District of California is proper under 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## II. SERVICE

Defendant Klutch Sports has been served, and proof of service has been filed with the Court via ECF.

Defendants Steve Brisco and Next Level Sports have been served, and proofs of service have been filed with the Court via ECF.

Service on Saddleback Valley Unified School District, Edward Wong, Tricia Osborne, and Chad Johnson has been completed, and Plaintiffs are awaiting receipts for proof of service from their process server.

Service on Isaiah Sandoval has been attempted multiple times; however, Plaintiffs have been unable to locate the Defendant and believe that he is actively avoiding service.

## III. FACTS

Phillip III, a talented student-athlete and football player, initially thrived under the shared custody of his father (Father) and mother (Samantha) in Sacramento, California. When Samantha remarried Sandoval, tensions rose as Sandoval arranged for Phillip III to attend a high school in Southern California, violating the shared custody agreement. Father, who had hoped Phillip III would attend a Catholic school, was not consulted about this move, which promised financial compensation and potential NIL (Name, Image, Likeness) deals for Phillip III.

Upon moving to Los Angeles with Samantha and Sandoval, Phillip III's well-being deteriorated due to Sandoval's alleged drug use, domestic violence, and neglectful living conditions, which included episodes of physical abuse and lack of food. Distressed, Phillip III frequently called Father and his grandparents (Grandma and Grandpa) for help. Alarmed, Father and the grandparents filed a court petition to bring Phillip III back to Sacramento, which the court granted, ordering his return to his former Catholic high school after his first semester in Los Angeles. Despite this, Samantha and Sandoval concealed Phillip III's location and disregarded the court order.

Following Samantha's death under suspicious circumstances, Sandoval retained control over Phillip III, with help from several defendants. District officials at Mission High School, aware of the court order, facilitated Phillip III's continued enrollment and took measures to hide him from Father and his grandparents. Sandoval enrolled Phillip III in a contractual NIL arrangement with Klutch Sports without Father's knowledge or consent.

Defendants, including school district officials and associated sports agencies, allegedly worked to alienate Phillip III from his biological family, providing housing, financial resources, and other inducements to keep him in Los Angeles. Despite a cease-and-desist letter, they continued to promote Phillip III's athletic career, even taking him on out-of-state trips and offering luxury opportunities reserved for top athletes. Throughout, Defendants allegedly failed to provide Phillip III the counseling he needed following Samantha's death, despite being aware of the situation.

Plaintiffs claim that the defendants exploited Phillip III's athletic potential and violated both legal and ethical obligations, causing significant emotional distress for Phillip III and further strain on his relationship with his biological family.

## IV. LEAGL ISSUES

None at this time, outside of the allegations and causes of action in the Complaint.

## V. MOTIONS

None at this time.

## VI. AMEDING THE COMPLANT, ANSWER. COUNTERCLAIM

None at this time; however, Plaintiff intends to amend the Complaint once all parties have been served and proof of service has been filed with the Court.

## VII. EVIDENCE PRESERVATION

Counsel for the filing party has each reviewed the Northern District of California ESI Guidelines and will take all necessary steps to preserve all documents, electronic or otherwise, related to this matter.

## VIII. INITIAL DISCLOSURES

The filing party will comply with the initial disclosure requirements of FRCP 26 and will pick a date once remaining parties are served.

## IX. DISCOVERY

No discovery has occurred yet. The filing party does not believe a discovery conference is necessary at this time.

## X. CLASS ACTIONS

This is not a class action.

## XI. RELATED CASES

None.

## XII. RELIEF SOUGHT

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

## XIII. SETTLEMENT

Filing party has not agreed to a settlement conference

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The filing party consented to have a magistrate judge hear this case for all purposes.

## XV. NARROWING OF ISSUES

At this time, narrowing the issues is not necessary. The issues may be narrowed or disposed of by motions for summary judgment/partial summary judgment.

## XVI. EXPEDITED TRIAL PROCEDURES

At this time, the case does not appear to be the type of case that could be appropriately handled under the Expedited Trial Procedure of General Order No. 64,

## XVII. PRETRIAL SCHEDULE and TRIAL DATE

Plaintiff Proposes the dates below and will finalize the dates once all parities respond.

a. Initial Disclosures: January 21, 2025

b. Cut-off of non-expert Discovery: December 15 , 2025

c. Mid-Status Discovery Conference: January 29, 2026

d. Expert Witnesses: Disclosure: March 9, 2026; Rebuttal: March 23, 2026; Completion: April 6, 2026

e. Dispositive Motions: May 6, 2026

f. Pretrial Conference: August 4, 2026

g. Trial: August 17, 2026

## XVIII. TRIAL

This will be a Jury Trial, and the filing party believes the trial will last 10-12 days.

## XIX.   DISCLOSURE OF NON PARTY INTERSTED ENTIETIE S OR PERSONS

As of this date, there are no such interests to report.

## XX.   GUIDELINES FOR PROFESSIONAL CONDUCT

Counsel for the filing party has reviewed the Guidelines for Professional conduct for the Northern District.

## XXI.   OTHER MATTERS

The filing party request that the Court reschedule a Case Management Conference once all Parties have filed and response to the complaint.

Submitted ,

Jamir Davis, Esq.

J. Davis Law Firm, PLLC

326 Scott Street

Covington, KY 41011

(859) 750-5033

jdavis@jdaviscounsel.com

www.jdaviscounsel.com

**Counsel For Plaintiffs**

7