JAMIR DAVIS, ESQ. SBN 98041- PRO HAC VICE
**J. DAVIS LAW FIRM, PLLC**
106 WINDING WAY UNIT C
COVINGTON, KY 41011
TELE: (859) 750-5033
JDAVIS@JDAVISCOUNSEL.COM

VALERY NECHAY, SBN 314752
ATTORNEY AT LAW
LAW CHAMBERS BUILDING
345 FRANKLIN ST.
SAN FRANCISCO, CA 94102
TELE: 415-652-8569
VALERY@NECHAYLAW.COM

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES. | **Case no: 3:24-cv-05545-JCS** |
|        Plaintiffs, | FIRST AMENDED COMPLAINT |
|     v. | |
| SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE: CHAD JOHNSON; STEVE BRISCOE: AND DOES 1-20 in their individual and official capacities. | JURY TRIAL DEMANDED |
|        Defendants. | |

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

## **INTRODUCTION**

1. This is the compelling story of an entourage of adults harboring a talented teenage football star from a healthy relationship with his biological family, in a scheme to profit off of the teen's talent in direct violation of California Interscholastic Federation Rules, California Law, and the United States Constitution.

2. High school football has become more profitable than ever, and the financial opportunities now available to high school athletes in California allows them to earn money in ways that were previously impossible.

3. However, there are serious issues surrounding the implementation of these financial opportunities, including Name Image and Likeness (NIL) deals, and the monetary influence that comes with them.

4. This Complaint highlights how financial opportunities can manipulate underage high school student-athletes and undermine their relationships with their biological parents in violation of well-established Constitutional principles.

5. This issue, which has long been prevalent in the entertainment industry, has spilled over into the sports arena, with recently uncovered cases of celebrities accused of harboring minors against their will and the will of their parents.

6. This action requests that the Court enforce the long-standing constitutional principles encompassing the right to family integrity, familial association, and the right of parents to direct the upbringing of their children.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

7. This Complaint will demonstrate that Defendants developed a plan to prevent Plaintiffs from contacting their minor child through a series of actions that shocks the conscience and offends the community's sense of fair play and decency.

## JURISDICTION

8. This action arises under 29 U.S.C. §701, et seq. Title 28 of the United States Code Sections 1331 and 1343 confers jurisdiction upon this Court. The violation of the custody orders occurred in San Francisco California, which is within this judicial district. The Court has supplemental jurisdiction of Plaintiff's state-based claims pursuant to 28 U.S.C. §1367. Title 28 of the United States Code Section 1391 confers venue upon this Court.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Phillip Bell Jr., Lorna Barnes and Anthony Barnes have all filed tort claims with Saddleback Unified School District pursuant to California Government Code Section 910. Plaintiffs filed their claims by sending a claim form and letter to legal counsel for Saddleback Unified School District, per their request. Plaintiffs have not received correspondence from Saddleback Unified School District accepting or denying their claims.

## PARTIES

10. PHILLIP BELL JR. (hereinafter referred to as "FATHER" individually or "PLAINTIFFS" collectively) is at all times herein mentioned is a citizen of the United States of America and a current resident of the San Francisco Bay Area. FATHER is the biological father and only biological parent with custody rights to PHILLIP BELL III (hereinafter referred to as PHILLIP III) a minor. PHILLIP III is currently enrolled as a senior at Mission Viejo High School

3

(hereinafter referred to as "MISSION") without the consent of FATHER and is residing at an address that has not been disclosed to FATHER by MISSION.  FATHER has provided notice to all DEFENDANTS that he does not consent to any of them contacting or communicating with PHILLIP III without his approval.



11. MARIA LORNA BARNES (hereinafter "GRANDMA" individually or "PLAINTIFFS" collectively) is the mom of SAMANTHA BARNES (hereinafter referred to as "SAMANTHA") biological mother of PHILLIP III. GRANDMA is maternal grandparent of PHILLIP III, helped raise PHILLIP III, and has custodial and companionship interest in PHILLIP III. GRANDMA has provided notice to all DEFENDANTS that she does not consent to any of them contacting or communicating with PHILLIP III without her approval.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*



12.  ANTHONY BARNES (hereinafter "GRANDPA" individually or "PLAINTIFFS" collectively) is the father of SAMANTHA, the biological mother of PHILLIP III. GRANDPA is the maternal grandparent of PHILLIP III. GRANDPA help raise PHILLIP III and has a custodial and companionship interest in PHILLIP III, GRANDPA has notified all DEFENDANTS that he does not consent to any of them contacting or communicating with PHILLIP III without his approval.



*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

13. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT BOARD (hereinafter referred to as "DISTRICT" individually or "DEFENDANTS" collectively) is a public-school board and is formed under the laws of California. DISTRICT is a public entity located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691-3142. DISTRICT receives Federal financial assistance from the United States Department of Education and has signed a contractual Title VI assurance of compliance agreement. DISTRICT operates MISSION the school of PHILLIP III. PLAINTIFFS allege that DISTRICT is legally responsible and liable for the incidents giving rise to this Complaint and injuries and damages herein set forth. DISTRICT is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. DISTRICT is also liable for the actions of its employees, agents, or independent contractors at MISSION through vicarious or imputed liability, *respondeat superior.* At all relevant time DISTRICT was a member of the CALIFORNIA INTERSOCHLASTIC FEDERATION (CIF) and required to follow the established CIF rules.

14. CALIFORNIA INTERSCHOLASTIC FEDERATION (hereinafter referred to as "CIF" individually or "DEFENDANTS" collectively) is the governing body of California high school sports. CIF is located at 4658 Duckhorn Drive, Sacramento, California 95834 and at all relevant times was responsible for ensuring proper administration of the rules and regulations governing high school football in California. CIF had a duty to ensure DISTRICT adopt rules relating to interscholastic athletics (grades 9-12) and establish agreed upon minimum standards for certain aspects of the interscholastic athletic program; to guide schools and school districts in the discharge of their responsibilities for, among other considerations, the health, safety, general welfare and educational opportunities of the students taking part in interscholastic athletics.

15. KLUTCH SPORTS GROUP (hereinafter referred to as "KLUTCH" individually or "DEFENDANTS" collectively) is a Limited Liability Company formed under the laws of California. At all relevant times KLUTCH was duly authorized to do business under the laws of California. KLUTCH is located at 822 North Laurel Avenue, Los Angeles, California 90046. KLUTCH was the sports agency of PHILLIP III at all times when and where the allegations in this Complaint arose. PLAINTIFFS allege that KLUTCH is legally responsible and liable for the incidents giving rise to this Complaint and injuries and damages herein set forth. KLUTCH is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. KLUTCH is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *respondeat superior.*

16. NEXT LEVEL SPORTS & ACADEMICS FND 4673695 (hereinafter referred to as "NEXT LEVEL" individually or "DEFENDANTS" collectively) is a Nonprofit Corporation operated by Steve Briscoe and formed under the laws of California. NEXT LEVEL is a private entity that describes itself as a Football Mentoring program and is located at 3927 Hummingbird Dr., Antioch, California 94509. PLAINTIFFS allege that NEXT LEVEL is legally responsible and liable for the incidents giving rise to this Complaint and injuries and damages herein set forth. NEXT LEVEL is liable for its conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission. NEXT LEVEL is also liable for the actions of its employees, agents, or independent contractors, through vicarious or imputed liability, *respondeat superior.*

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

17. STEVE BRISCO (hereinafter referred to as "BRISCO" individually or "DEFENDANTS" collectively) is the owner and operator of NEXT LEVEL. PLAINTIFFS believe that BRISCO is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. BRISCO is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

18. ISAIAH SANDOVAL (hereinafter referred to as "SANDOVAL" individually or "DEFENDANTS" collectively) is a male adult and former husband of SAMANTHA BARNES. SANDOVAL has no legal custody right to parent PHILLIP III and was only connected with PHILLIP III through association with SAMANTHA. PLAINTIFFS believe that SANDOVAL is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. SANDOVAL is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

19. EDWARD WONG (hereinafter referred to as "WONG" individually or "DEFENDANTS" collectively) was the Board President of DISTRICT at all relevant times. PLAINTIFFS believe that WONG is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. WONG is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

20. TRICIA OSBORNE (hereinafter referred to as "OSBORNE" individually or "DEFENDANTS" collectively) was an agent of DISTRICT and worked at MISSION as the school's principal. PLAINTIFFS believe that OSBORNE is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. OSBORNE is liable for her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

21. CHAD JOHNSON (hereinafter referred to as "JOHNSON" individually or "DEFENDANTS" collectively) was an agent of DISTRICT and worked at MISSION as the Head Football Coach. PLAINTIFFS believe that JOHNSON is legally responsible and liable for the conduct alleged in this Complaint, and the resultant injuries and damages herein set forth. JOHNSON is liable for his personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act or omission.

22. PLAINTIFFS are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 20 inclusive, and therefore PLAINTIFFS sue those Defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their names and capacities when ascertained. PLAINTIFFS are informed and believe and thereupon allege that each of the fictitious Defendants are responsible in some manner for the occurrences alleged herein.

**STATEMENT OF FACTS**

**FAMILY BACKGROUND**

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

23. PHILLIP III is an outstanding football player, but the primary concern of his sole surviving parent, FATHER, along with his maternal grandparents, GRANDMA and GRANDPA, is not his athletic achievements but the kind of person he becomes.

24. PHILLIP III lived in Sacramento with his mother, SAMANTHA, and his new stepfather, SANDOVAL.

25. His FATHER resided nearby in Folsom, California, and shared parenting duties and custody rights with SAMANTHA.

26. SAMANTHA and FATHER had a court-ordered agreement in place to share 50/50 custody of PHILLIP III. (Exhibit A- Custody Agreement)

27. GRANDMA and GRANDPA lived nearby in Herald California and actively participated in raising PHILLIP III.



28. Under the custody and the care of SAMANTHA, FATHER, GRANDMA and GRANDPA, PHILLIP III developed into a young star student-athlete, known not only for his talent on the field but also for his academic achievements and well-mannered demeanor.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

29. While in Sacramento, PHILLIP III's talent became undeniable, attracting attention from coaches and scouts far beyond his local high school.

30. SANDOVAL, a convicted felon, gambler, drug user, and money-hungry stepfather, brokered a deal and devised a scheme to capitalize on the talents of PHILLIP III. (Exhibit B- Criminal Record)

31. SANDOVAL brokered a deal with BRISCO, one of PHILLIP III's trainers and NEXT LEVEL, a nonprofit company owned by BRISCO, to send PHILLIP III to attend Bishop Alemany in Southern California without FATHER'S knowledge or consent.

32. BRISCO, SANDOVAL, and NEXT LEVEL brokered the deal knowing it would violate the shared custody agreement between SAMANTHA and FATHER.

33. BRISCO and NEXT LEVEL received compensation for this transaction, fully aware that Bishop Alemany has a record of prior incidents involving unlawful sports recruitment practices, in direct violation of California Interscholastic Federation Rules.

34. SAMANTHA, SANDOVAL, and PHILLIP III then abruptly moved to Los Angeles, California without notifying FATHER, directly violating the parents' custody agreement.

35. While the move promised SAMANTHA, SANDOVAL and PHILLIP III housing, direct compensation to SAMANTHA and SANDOVAL, and potential NIL deals for PHILLIP III, it also brought consequences.

36. BRISCO and NEXT LEVEL violated CIF Rule 510 by exercising undue influence—defined as any act, gesture, or communication (including accepting material or financial inducement to attend a CIF-member school for the purpose of engaging in CIF competition, regardless of the source). Specifically, they used monetary compensation and promises to influence PHILLIP III and SAMANTHA to transfer schools.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

37. After an unsuitable month at Bishop Alemany, SANDOVAL and SAMANTHA moved again and enrolled PHILLIP III at MISSION without FATHER'S knowledge or consent.

38. FATHER always intended that PHILLIP III attend a Catholic high school and did not want PHILLIP to attend a public high school.

39. While attending MISSION, the bond between PHILLIP III, FATHER, GRANDMA, and GRANDPA became strained, deepening the rift between them caused by the distance.

40. While in Los Angeles, SANDOVAL'S drug abuse, physical abuse of SAMANTHA and verbal abuse of PHILLIP III escalated significantly, and their tumultuous relationship began to take a toll on PHILLIP III.

41. GRANDMA and GRANDPA would visit SAMANTHA to find that there was no food in the home, alcohol that was easily accessible, and little to no furniture throughout the house.

42. In the first month of being in the Los Angeles area SAMANTHA filed two police reports in Trabuco Canyon, California against SANDOVAL for domestic violence. (Exhibit C, Police Reports)

43. Friends and family would hear SANDOVAL make comments such as, "You think you are going to leave me once PHILLIP III becomes successful?" "I'll kill you all."

44. Disturbed and in tears, PHILLIP III would call his FATHER and GRANDMA and GRANDPA, begging to leave Los Angeles.

45. PHILLIP III would report the abuse and drug use to GRANDMA and GRANDPA stating, "They are doing it again."

46. Hearing PHILLIP III's cry for help FATHER, GRANDMA and GRANDPA traveled to Los Angeles to meet with PHILLIP III, only to find him uncommunicative and a shadow of his former self.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

47. Recognizing the warning signs, FATHER and GRANDMA and GRANDPA immediately filed a legal action in Superior Court of California, requesting that PHILLIP III be returned to Sacramento to attend his old Catholic High School, Christian Brothers.

48. In an attempt to continue his scheme to broker deals on behalf of PHILLIP III, BRISCO and NEXT LEVEL testified against FATHER at the custody hearing.

49. After reviewing all the evidence, which included testimony from PHILLIP III, the Judge ordered SAMANTHA and SANDOVAL to return PHILLIP III to FATHER in Sacramento immediately after his first semester at MISSION. (Exhibit D, County of Sacramento Court Order)

50. However, in his first semester at MISSION, PHILLIP III helped the football team capture a Division I-A State Football Championship and in the state title game, PHILLIP III was recognized as the most valuable player.

51. DISTRICT, seeing the talent that PHILLIP III brought to the school, was aware of the Court Order to have PHILLIP III return to Christian Brothers, but ignored it.

52. SAMANTHA and SANDOVAL also ignored the Court's order and kept PHILLIP III hidden in the Los Angeles area, instructing him not to contact any of his other family members.

53. SAMANTHA and SANDOVAL would move PHILLIP III from house to house, out of reach of FATHER, GRANDMA, GRANDPA, and all other biological family members.

54. SAMANTHA would then enter PHILLIP III into a contractual relationship with KLUTCH, a Los Angeles-based sports agency.

55. KLUTCH would begin to manage the NIL deals and profits for PHILLIP III.

56. FATHER was not aware of PHILLIP III's contractual relationship with KLUTCH nor did FATHER consent to it.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

57. Shortly thereafter, tragedy struck.

**SAMANTHA'S DEATH**

58. Approximately nine months after the move to Los Angeles, SAMANTHA died under suspicious circumstances.

59. On or about June 25th, 2024, SAMANTHA and SANDOVAL were allegedly vacationing in Las Vegas, Nevada.

60. SAMANTHA, a type 1 diabetic, was without her medicine and was supplied cocaine by SANDOVAL.

61. Almost immediately thereafter SAMANTHA became very ill.

62. SAMANTHA began vomiting to the point of becoming lethargic.

63. Instead of seeking medical assistance, SANDOVAL left SAMANTHA in their hotel room alone for over 6 hours.

64. SANDOVAL allegedly returned later and found SAMANTHA dead.

65. SANDOVAL left Las Vegas almost immediately, taking all of SAMANTHA'S bank cards and thousands of dollars in casino chips.

66. The next day SANDOVAL went shopping with SAMANTHA'S bank card spending nearly a thousand dollars on items at a Footlocker in Los Angeles.

**HARBORING OF A MINOR**

67. PHILLIP III was distraught over his mother's death and called FATHER in tears.

68. When FATHER learned of the news, he immediately flew to Los Angeles in an attempt to locate his son PHILLIP III.

69. PHILLIP III provided his FATHER his address but when FATHER arrived at the address SANDOVAL was present and coerced PHILLIP III not to open the door.

14

70. FATHER was completely denied access to PHILLIP III.

71. The address where SANDOVAL was harboring PHILLIP III was that of a parent associated with DISTRICT and MISSION.

72. Unfortunately, this would just be the beginning of the complex web of secrecy and control of PHILLIP III after his mother's death.

73. DEFENDANTS were determined to keep their rising star, shielded him from his FATHER GRANDMA and GRANDPA, and kept PHILLIP III whereabouts a closely guarded secret.

74. DISTRICT and MISSION immediately decided to re-enroll PHILLIP III in school for his senior year with SANDOVAL and BRISCO listed as his guardians. They did this despite knowing it violated DISTRICT's policy because FATHER was the only parent with custody rights lived over 400 miles away from the DISTRICT. (Exhibit E - SVUSD Residency Verification Form)

75.  BRISCO and NEXT LEVEL also intentionally interfered with the PLAINTIFFS' custodial rights by fraudulently claiming to be PHILLIP III's uncle and providing contact information to MISSION so that PHILLIP would have an emergency contact on official school documentation.

76. DISTRICT and MISSION then publicly promoted a Go Fund Me page started by SANDOVAL to assist SANDOVAL in raising money to harbor PHILLIP III from FATHER, GRANDMA and GRANDPA.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

77. SANDOVAL claimed that the funds would be used for SAMANTHA'S funeral expenses and children even though DISTRICT and MISSION knew SANDOVAL was not PHILLIP'S father.



(Photo displays SANDOVAL's Go Fund Me page)

78. In support of SANDOVAL, KLUTCH donated a substantial amount to the go fund me page.



16

(Photo displays $1,000 KLUTCH donation to SANDOVAL Go Fund Me)

79. The funds from the Go Fund Me account were directly used to move SANDOVAL and PHILLIP III from hotel room to hotel room until MISSION and DISTRICT could find them permanent housing.

80. SANDOVAL did not use any of the funds from the Go Fund Me for SAMANTHA'S funeral and demanded that GRANDMA and GRANDPA pay for all expenses.

81. DISTRICT, OSBORNE, and WONG did not provide notice to PLAINTIFFS or hold a hearing of any kind to determine if PHILLIP III should remain at MISSION but instead purposefully refused to communicate with FATHER GRANDMA and GRANDPA.

82. DISTRICT and MISSION planned for their well to do parents to offer PHILLIP III permanent housing without consent.

83. DISTRICT and MISSION also allowed PHILLIP III to participate in summer football practice without consent from FATHER.

84. After learning of this, on July 5, 2024, FATHER, GRANDPA and GRANDMA sent a cease-and-desist letter to all DEFENDANTS asking them not to have contact with PHILLIP III and to notify them of PHILLIP III's whereabouts. (See Exhibit C, Cease and Desist Letter)

85. The cease-and-desist letter reiterated to all DEFENDANTS that SANDOVAL had no legal parental rights to PHILLIP III and that PHILLIP III needed to be returned to his biological family.

86. BRISCO and NEXT LEVEL intentionally disregarded the cease-and-desist letter and continued communications with PHILLIP III.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

87. The fraudulent misrepresentation by BRISCO and NEXT LEVEL aided MISSION in its scheme to re-enroll PHILLIP III without proper consent in violation of the CIF regulation, California Law, DISTRICT policy, and United States Constitution.

88. Upon receiving the cease-and-desist letters, BRISCO, NEXT LEVEL, and SANDOVAL actively made and published statements promoting MISSION as the school PHILLIP III should attend, breaking the CIF Undue Influence Rule 510 and perpetuating violations of the custody agreement.



(Photo of SANDOVAL'S Instagram story post cease-and-desist).

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*



89. On July 9, 2024, General counsel for the DISTRICT and WONG confirmed receipt of the cease-and-desist letter sent to OSBORNE and affirmed that DISTRICT and MISSION would comply with PLAINTIFFS request.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

---------- Forwarded message ----------
From: **Alefia E. Mithaiwala** <Alefia.Mithaiwala@aalrr.com>
Date: Tue, Jul 9, 2024 at 2:31 PM
Subject: P. Bell/SVUSD [AALRR-CERRITOS.005650.00141.FID1446806]
To: jdavis@jdaviscounsel.com <jdavis@jdaviscounsel.com>

Mr. Davis,

Please be advised that I represent Saddleback Valley USD with respect to matters involving Phillip Bell III. Please direct all future communication to my attention. The District is in receipt of your July 5, 2024 communication to Principal Osborne. Please be advised District employees are not currently in communication with Phillip and have been directed to refrain from communicating with him at this time.

Thank you,

**Alefia E. Mithaiwala** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
20 Pacifica, Suite 1100, Irvine, California 92618
Direct (949) 536-2232 • Main (949) 453-4260 • Fax (949) 453-4262
alefia.mithaiwala@aalrr.com | website | subscribe

(Photo of email receipt DISTRICT confirmation)

90. However, on July 16, 2024, DISTRICT employees were in fact in communication with

PHILLIP III and posted footage of PHILLIP III on social media participating in a 7-on-7

football tournament with the MISSION team.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

1
2
3
4
5
6
7
8
9
10
11
12
13



14   (Photo depicts PHILLIP III on July 16, 2024, 7v7 tournament)

15   91. MISSION, DISTRICT, OSBORNE, JOHNSON and WONG were all aware of SAMANTHA's

16        death, SANDOVAL's lack of custodial rights, BRISCO's fraudulent claim of relation to

17        PHILLIP III, but still allowed PHILLIP III to enroll in classes at MISSION for the 2024-2025

18

19        school year without parental consent.

20   92. PLAINTIFFS were devastated by the blatant disregard of the cease-and-desist letter by

21        DISTRICT and WONG especially considering that they could not locate PHILLIP III, they

22

23        knew PHILLIP III was in close proximity to SANDOVAL and they believed SANDOVAL to

24        be responsible for the death of SAMANTHA.

25   93. Even after being made aware of all the facts, DISTRICT, WONG, MISSION, SANDOVAL,

26        BRISCO, OSBORNE and JOHNSON and others, in direct violation of California law, the court

27

28

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

order, and CIF regulations, allowed PHILLIP III to continue playing football without PLAINTIFFS permission, further complicating an already strained relationship.

94. DISTRICT, OSBORNE, and JOHNSON continued to meet with PHILLIP III to influence him away from PLAINTIFFS.

95. Fed up with DEFENDANTS' interference with their relationship with PHILLIP III, PLAINTIFFS traveled to Los Angeles to meet with DISTRICT, OSBORNE, and JOHNSON to discuss PHILLIPS whereabouts.

96. DURING meetings with OSBORNE and JOHNSON it was disclosed that they were aware of PHILLIP III's location but refused to share it with PLAINTIFFS.

97. JOHNSON admitted to having PHILLIP III over to his home for dinner and that he was arranging for families to house and care for PHILLIP III.

98. JOHNSON intentionally interfered with PLAINTIFFS' rights by making promises to PHILLIP III that he would be able to participate in football even if he did not have any consent from PLAINTIFFS.

99. JOHNSON knew that his actions violated CIF regulations and California law but continued to act with impunity.

100. DISTRICT, WONG, JOHNSON, and OSBORNE then took PHILLIP III and SANDOVAL 2,400 miles across state lines on a trip to Hawaii for a televised football game without PLAINTIFFS' consent.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*



(Photo features SANDOVAL and PHILLIP III in Hawaii after participation in football game)

101.    DEFENDANTS used the influence of trips to Hawaii, opportunities to live with

millionaires, clothing, housing, fame, fortune, and other resources to persuade PHILLIP III not

to have contact with PLAINTIFFS.

102.    After SAMANTHA's death, KLUTCH continued to profit from PHILLIP III's success even

though he was a minor and had no parental oversight.

103.    PLAINTIFFS reached out to KLUTCH in an attempt to discuss PHILLIP III's NIL deal and

KLUTCH flat out refused to have any discussion with PLAINTIFFS.

104.    PLAINTIFFS reached out to CIF for assistance and asked that an investigation be performed

and CIF refused to cooperate.

105.    CIF knew DISTRICT was not abiding by CIF rules and failed to act.

106.    CIF, DISTRICT, WONG, NEXT LEVEL, KLUTCH, BRISCO, SANDOVAL, OSBORNE,

and JOHNSON all benefited from the talents, skills, abilities, name, image and likeness of

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

PHILLIP III at the expense of PLAINTIFFS and told PHILLIP III not to communicate with PLAINTIFFS

107.    DISTRICT, WONG, NEXT LEVEL, KLUTCH, BRISCO, OSBORNE, WONG, and JOHNSON all knew that PHILLIP III was supposed to undergo court ordered counseling and needed counseling to mend the relationship with PLAINTIFFS but offered no such assistance.

108.    DISTRICT, WONG, NEXT LEVEL, KLUTCH, BRISCO, OSBORNE, and JOHNSON knew that PHILLIP III needed counseling to cope with the death of SAMANTHA and SANDOVAL'S involvement in that but offered no such assistance.

109.    DEFENDANTS harbored PHILLIP III from PLAINTIFFS and benefited from PHILLIP III's talent, fame, and fortune in direct violation of CIF regulations, California law, and the United States Constitution and Common Law.

110.    KLUTCH outright refused to communicate with PLAINTIFFS and continued contact with PHILLIP III, SANDOVAL, and BRISCO in a plot to keep PHILLIP III in Los Angeles and profit from PHILLIP III's likeness.

111.    If PHILLIP III was an average student who never played football DEFENDANTS would have never offered him opportunities to live with millionaires, clothing, housing, fame, fortune, and other resources to persuade PHILLIP III not to have contact with PLAINTIFFS and to stay at MISSION.

112.    Further, if PHILLIP III was an ordinary student, DEFENDANTS would not have violated district policies by offering the student such profound benefits.

113.    DISTRICT and WONG were aware of the "Put the student first" policy implemented by MISSION, OSBORNE, and JOHNSON and their failure to act in accordance with official DISTRICT policies thereby ratifying the behavior or OSBORNE and JOHNSON.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

114.    CIF officals JAMES PERRY and MIKE WEST were notified a second time of the

violations of CIF rules by DISTRICT and failed to take any action which allowed WONG,

MISSION, DISTRICT, JOHNSON, and OSBORNE to intentionally interfere with the parental

rights of PLAINTIFFS. (Exhibit F, CIF emails)

**FIRST CAUSE OF ACTION**

**(Violation of the Fourteenth Amendment – Interference with a Familial Relationship)**

**(42 U.S.C. § 1983)**

**ALL PLAINTIFFS v. WONG, OSBORNE, JOHNSON, and DOES 1-20**

115.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein.

116.    At all relevant times mentioned herein, WONG, OSBORNE, JOHNSON, and DOES 1-20

acted under the color of law when performing their official duties. At all relevant times

PLAINTIFFS had an established custodial and companionship interest with PHILLIP III that

was confirmed by a custody order issued by the Superior Court of California.

117.    WONG, OSBORNE, JOHNSON, and DOES 1-20 deprived PLAINTIFFS of their rights

under the United States Constitution to family integrity, familial association, and the right of

PLAINTIFFS to direct the upbringing of PHILLIP III.

118.    WONG, OSBORNE, JOHNSON, and DOES 1-20 developed and implemented a plan to

prevent PLAINTIFFS from contacting their minor child by enrolling PHILLIP III without

consent in violation of DISTRICT policy, allowing PHILLIP to participate in the dangerous

sport of football will out consent from PLAINTIFFS, housing PHILLIP III and offering

PHILLIP III clothing, travel, fame, fortune, and other resources to persuade PHILLIP III not to

have contact with PLAINTIFFS. WONG, OSBORNE, JOHNSON, and DOES 1-20 behavior

shock the conscience and offends the community's sense of fair play and decency.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

119.    The actions of WONG, OSBORNE, JOHNSON, and DOES 1-20 were taken without proper procedure and in direct violation of a court order. Furthermore, the actions were the direct and proximate cause of PLAINTIFF'S rights under the United States Constitution because it resulted in PLAINTIFFS being separated from PHILLIP III.

120.    In actions as alleged above, WONG, OSBORNE, JOHNSON, and DOES 1-20 have acted with malice or reckless indifference to the rights of PLAINTIFFS, thereby entitling PLAINTIFFS to an award of punitive damages against DISTRICT.

121.    By reason of the conduct of WONG, OSBORNE, JOHNSON, and DOES 1-20 as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the present action. PLAINTIFFS are therefore entitled to reasonable attorney's fees and litigation expenses incurred in bringing this action

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### MONELL
### OFFICAL POLICY, FINAL ACT OF POLICY MAKER, & FAILURE TO TRAIN
### (42 U.S.C. § 1983)
### ALL PLAINTIFFS v. DISTRICT

122.    PLAINTIFFS incorporate the paragraphs 1 through 114, as though fully reproduced herein.

123.    At all relevant times mentioned herein, OSBORNE, JOHNSON and DOES 1-20, acted under the color of law when performing official duties.

124.    The acts of OSBORNE JOHNSON and DOES 1-20 deprived the PLAINTIFFS of particular rights under the United States Constitution because they interfered with PLAINTIFFS' right to associate with their minor child.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

125.    OSBORNE, JOHNSON and DOES 1-20 acted pursuant to an expressly adopted

official policy to ignore the DISTRICT bylaws and "put the child first" which was a

widespread or longstanding practice or custom of the defendant DISTRICT.

126.    The Defendant DISTRICT's official policy or widespread or longstanding practice

or custom caused the deprivation of the PLAINTIFFS' rights by DISTRICT; that is, the

DISTRICT's official policy or widespread or longstanding practice or custom is so

closely related to the deprivation of the PLAINTIFFS' rights as to be the moving force

that caused the ultimate injury.

127.    OSBORNE, JOHNSON and DOES 1-20 also had final policy making authority from

defendant District concerning these acts.

128.    The training policies of the Defendant DISTRICT were not adequate to prevent

violations of law by OSBORNE, JOHNSON and the training policies of the Defendant

DISTRICT did not prepare OSBORNE and JOHNSON to handle the situations with

which they were required to manage.

129.    DISTRICT'S behavior was a direct and proximate cause of PLAINTIFF'S rights under the

United States Constitution because it resulted in PLAINTIFFS being separated from PHILLIP

III.

130.    In actions as alleged above, OSBORNE, JOHNSON and DOES 1-20 have acted with malice

or reckless indifference to the rights of PLAINTIFFS, thereby entitling PLAINTIFFS to an

award of punitive damages against DISTRICT.

131.    By reason of the conduct of DISTRICT as alleged herein, PLAINTIFFS have necessarily

retained attorneys to prosecute the present action. PLAINTIFFS are therefore entitled to

reasonable attorney's fees and litigation expenses incurred in bringing this action

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

### (Common Law)

### ALL PLAINTIFFS v. OSBORNE, JOHNSON, BRISCO, SANDOVAL, and DOES 1-20

### (INDIVIDAL CAPCITY)

### ALL PLAINTIFFS v. NEXT LEVEL, and KLUTCH

132.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

133.    OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH, and DOES 1-20 owed PLAINTIFFS a duty to use reasonable care while engaging with PLAINTIFFS' minor child.

134.    OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH, and DOES 1-20 breached this duty of care by developing and implementing a plan to harbor PHILLIP III away from PLAINTIFFS, by failing to comply with the court order, concealing PHILLIP III's whereabouts from PLAINTIFFS, allowing PHILLIP III to participate in football without PLAINTIFFS' consent, and failing to keep PLAINTIFFS informed in PHILLIP's education and contractual obligations.

135.    OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH, and DOES 1-20 were negligent and breached their duty by advising PHILLIP III to violate a court order, offered PHILLIP III the opportunity to live with millionaire families and offered PHILLIP III

clothing, housing, travel, fame, fortune, and other resources to persuade PHILLIP III not to have contact with PLAINTIFFS.

136.    These negligent acts directly and proximately caused PLAINTIFFS' harm.

137.    As a direct and proximate result of said OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH and DOES 1-20's negligence, PLAINTIFFS sustained mental and emotional injuries and PLAINTIFFS have sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial.

138.    By reason of the conduct of OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH, and DOES 1-20 as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the present action.

WHEREFORE, JOHN prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**NEGLIGENCE - RESPONDEAT SUPERIOR**

**ALL PLAINTIFFS. v. DISTRICT, WONG, and OSBORNE (OFFICIAL CAPACITY)**

139.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

140.    DISTRICT, WONG, and OSBORNE owed PLAINTIFFS a duty to use reasonable care while engaging with PLAINTIFFS' minor child PHILLIP III.

141.    DISTRICT, WONG, and OSBORNE failed to use reasonable care that a reasonably careful school district and school principal should use under similar circumstances. DISTRICT, WONG, and OSBORNE allowed JOHNSON to continue contact with PHILLIP III, register PHILLIP III for football in violation of DISTRICT policy, offer PHILLIP III housing, and take

PHILLIP III across state lines without consent from PLAINTIFFS. DISTRICT and WONG allowed OSBORNE to continue communication with PHILLIP III in direct violation of the cease and desist, register PHILLIP III for classes against DISTRICT policy, and have non legal guardians on PHILLIP III official school documentation without PLAINTIFFS permission in violation of DISTRICT policy.

142.    At all times mentioned herein, OSBORNE, JOHNSON, and DOES 1-20 were acting within the course and scope of their employment and/or agency with DISTRICT, WONG, and OSBORNE. As such, DISTRICT, WONG, and OSBORNE are liable in respondent superior for the injuries caused by the acts and omissions of OSBORNE and JOHNSON pursuant to California Common Law in the negligent hiring, retention, and supervision of its employees and/or contractors.

143.    As an actual and proximate result of DISTRICT, WONG, and OSBORNE and negligence and mental injuries and emotional injuries sustained by PLAINTIFFS, PLAINTIFFS have sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial.

144.    By reason of the conduct of DISTRICT, WONG, and OSBORNE as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the present action.

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-**
**(RESPONDEAT SUPERIOR)**

**ALL PLAINTIFFS v. DISTRICT, WONG, and OSBORNE**

145.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

146.    The present action is brought pursuant to the Common Law of California, and as a public entity and public employees, DISTRICT, WONG, and OSBORNE are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, OSBORNE, JOHNSON, and DOES 1-20 were acting within the course and scope of their employment and/or agency with DISTRICT, WONG, and OSBORNE. As such, Defendants DISTRICT, WONG, and OSBORNE are liable in respondent superior for the injuries caused by the acts and omissions of OSBORNE, JOHNSON, and DOES 1-20.

147.    DISTRICT and WONG perpetuated extreme and outrageous conduct against PLAINTIFFS by allowing OSBORNE to continue communication with PHILLIP III in direct violation of the cease and desist, allowing her to register PHILLIP III for classes against DISTRICT policy, and by allowing SANDOVAL and BRISCO to be added as primary contacts to school documentation without PLAINTIFFS permission in violation of DISTRICT policy.

148.    DISTRICT, WONG, and OSBORNE allowed JOHNSON to continue contact with PHILLIP III, register PHILLIP III for football in violation of DISTRICT policy, offer PHILLIP III housing, and take PHILLIP III across state lines without consent from PLAINTIFFS.

149.    At all times mentioned herein, OSBORNE, JOHNSON, and DOES 1-20 were acting within the course and scope of their employment and/or agency with DISTRICT, WONG, and OSBORNE. As such, DISTRICT, WONG, and OSBORNE are liable in respondent superior for the injuries caused by the acts and omissions of OSBORNE and JOHNSON pursuant to California Common Law in the negligent hiring, retention, and supervision of its employees and/or contractors.

150.    As an actual and proximate result of DISTRICT, WONG, and OSBORNE and negligence and mental injuries and emotional injuries sustained by PLAINTIFFS, PLAINTIFFS have

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

1   sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in

2   an amount to be determined at trial.

3   151.    By reason of the conduct of DISTRICT, WONG, and OSBORNE as alleged herein,

4   PLAINTIFFS have necessarily retained attorneys to prosecute the present action.

5           WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (ALL PLAINTIFFS v. DISTRICT, OSBORNE, JOHNSON, WONG and DOES 1-20)

### (ALL PLAINTIFFS v. BRISCO, SANDOVAL, NEXT LEVEL, and KLUTCH)

152.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein

except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or

oppressive conduct by defendants, and any and all allegations requesting punitive damages.

153.    In the alternative, PLAINTIFFS alleges DEFENDANTS negligent actions and/or negligent

failure to act within the scope and course of their responsibilities as adults as set forth herein-

above approximately cause severe physical injury and serious emotional distress to

PLAINTIFFS.

154.    The present action is brought pursuant to the laws of California. DEFENDANTS and DOES

1-20 are liable for injuries caused by their acts or omissions to the same extent as a private

person. At all times mentioned herein, DEFENDANTS and DOES 1-20 were acting as adults

individually or in the course of their employment.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

155.    DEFENDANTS' negligence was a substantial factor in causing PLAINTIFFS serious

emotional distress including both mental and emotional suffering, fright, nervousness, anxiety,

worry, shock, humiliation, and shame.

WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (ALL PLAINTIFFS v. OSBORNE, JOHNSON, and DOES 1-20)

## (ALL PLAINTIFFS v. BRISCO, SANDOVAL, NEXT LEVEL, and KLUTCH)

156.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein.

157.    The present action is brought pursuant to Common Law of California, as a public entity and

public employees, OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH

and DOES 1-20 are liable for injuries caused by their acts or omissions to the same extent as a

private person. At all times mentioned herein, OSBORNE, JOHNSON, BRISCO,

SANDOVAL, NEXT LEVEL, KLUTCH and DOES 1-20 were acting within the course and

scope of their employment and/or individually. As such, DISTRICT and WONG are liable in

respondeat superior for the injuries caused by the acts and omissions of OSBORNE, JOHNSON

and DOES 1-20.

158.    OSBORNE, JOHNSON, BRISCOE, SANDOVAL, NEXT LEVEL, KLUTCH and DOES

1-20 perpetuated extreme and outrageous conduct against PLAINTIFFS by developing and

implementing a plan to harbor PHILLIP III away from PLAINTIFFS,  failing to comply with

the court order, concealing PHILLIP III's whereabouts from PLAINTIFFS, allowing PHILLIP

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

III to participate in football without PLAINTIFFS' consent, and failing to keep PLAINTIFFS informed in PHILLIP's education and contractual obligations.

159.    PLAINTIFFS have a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH and DOES 1-20, inclusive.

160.    These acts directly and proximately caused PLAINTIFF'S harm.

161.    As a direct and proximate result of said OSBORNE, JOHNSON, BRISCO, SANDOVAL, NEXT LEVEL, KLUTCH and DOES 1-20 negligence, PLAINTIFFS sustained mental and emotional injuries and PLAINTIFFS have sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial.

162.    By reason of the conduct of DISTRICT, WONG, and OSBORNE as alleged herein, PLAINTIFFS have necessarily retained attorneys to prosecute the present action. WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### PLAINTIFFS v. DISTRICT, KLUTCH, JOHNSON, BRISCOE &NEXT LEVEL

163.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein.

164.    DISTRIC, KLUTCH, BRISCOE, and NEXT LEVEL benefited from talents, name, image, and likeness of PHILLIP III while he was a minor.

165.    DISTRICT, KLUCTCH, BRISCOE, and NEXT LEVEL knowingly used PHILLIP III talents, skills, abilities, and likeness to sell tickets, merchandise, to promote DEFENDANTS' Brands and to market other goods and services.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

166.    DISTRICT, KLUTCH, BRISCOE, and NEXT LEVEL were unjustly enriched because at the time of the benefit PHILLIP III was a minor and did not receive fair compensation.

167.    DISTRICT, KLUTCH, BRISCOR, and NEXT LEVEL were unjustly enriched at the expense of the PLAINTIFFS

168.    DISTRICT, KLUTCH, BRISCOE, and NEXT LEVEL actions were the direct cause of the unjust enrichment, and they should be required to make restitution to PLAINTIFFS.

WHEREFORE, PLAINTIFFS prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**MONELL**
**(42 U.S.C. § 1983)**

**(RATIFICATION, & FAILURE TO TRAIN)**
**PLAINTIFFS v. CIF**

169.    PLAINTIFFS incorporate paragraphs 1 through 114, as though fully reproduced herein.

170.    At all relevant times mentioned herein, JAMES PERRY, MIKE WEST, WONG, OSBORNE, JOHNSON and DOES 1-20, acted under the color of law when performing official duties.

171.    The acts of JAMES PERRY, MIKE WEST, WONG, OSBORNE, and JOHNSON deprived the PLAINTIFFS of particular rights under the United States Constitution because they interfered with PLAINTIFFS' right to associate with their minor child.

172.    JAMES PERRY, MIKE WEST, WONG, OSBORNE, and JOHNSON acted pursuant to an expressly adopted official policy to ignore the CIF rules and "put the child first," which was a widespread and longstanding practice or custom of JAMES PERRY, MIKE WEST, WONG, OSBORNE, and JOHNSON.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

173.     The defendants JAMES PERRY, MIKE WEST, WONG, OSBORNE, and

JOHNSON official policy or widespread or longstanding practice or custom caused the

deprivation of the PLAINTIFFS' rights by CIF; that is, the JAMES PERRY, MIKE

WEST, WONG, OSBORNE, and JOHNSON's official policy or widespread or

longstanding practice or custom is so closely related to the deprivation of the

PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

174.     The training policies of the defendant CIF were not adequate to prevent violations of law by

JAMES PERRY, MIKE WEST, WONG, OSBORNE, and JOHNSON and the training policies

of Defendant CIF did not prepare WONG, OSBORNE, and JOHNSON to handle the usual and

recurring situations with which she was required to manage.

175.     CIF ratified WONG, OSBORNE, and JOHNSON acts, that is, CIF knew of and specifically

made a deliberate choice to approve WONG, OSBORNE, and JOHNSON's acts and the basis

for it.

176.     The Defendant CIF was deliberately indifferent to the substantial risk that its policies were

inadequate to prevent violations of law by WONG, OSBORNE, and JOHNSON.

177.     The acts of Defendant CIF caused the deprivation of the PLAINTIFFS' rights; that is,

Defendant CIF's acts were so closely related to the deprivation of the PLAINTIFFS' rights as to

be the moving force that caused the ultimate injury.

178.     The failure of the defendant CIF to prevent violations of law by WONG, OSBORNE, and

JOHNSON and to provide adequate training caused the deprivation of the PLAINTIFFS' rights.

179.     In actions as alleged above, WONG, OSBORNE, and JOHNSON have acted with malice or

reckless indifference to the rights of PLAINTIFFS, thereby entitling PLAINTIFFS to an award

of punitive damages against CIF.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

180.    By reason of the conduct of CIF as alleged herein, PLAINTIFFS have necessarily retained

attorneys to prosecute the present action. PLAINTIFFS are therefore entitled to reasonable

attorney's fees and litigation expenses incurred in bringing this action

WHEREFORE, PLAINTIFFS pray for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFFS HEREBY DEMAND A JURY TRIAL.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray that the Court grant relief, as follows:

For general damages in a sum according to proof.

For special damages, including but not limited to, past, present, and/or future wage loss,

medical expenses, and other special damages to be determined according to proof;

For punitive and/or exemplary damages against DEFENDANTS in a sum according to

proof;

For preliminary and permanent injunctive relief according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C.

§794(a);

For all other relief to which the Court deems just and proper.

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

**Date: November 22, 2024,**

1
2                              **Respectfully Submitted,**
3
                                 **/s/** Jamir Davis
4                                Jamir Davis, Esq.
5                                J. Davis Law Firm, PLLC
                                 106 Winding Way, Unit C
6                                Covington, KY 41011
7                                (859) 750-5033
                                 jdavis@jdaviscounsel.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*

**Proof of Service**

I, Jamir Davis, am a citizen of the United States. I am over the age of 18 years old and am not a party to the within action.:

**FIRST AMENDED COMPLAINT:**

**Violation of the Fourteenth Amendment - Interference with a Familial Relationship 42 U.S.C. § 1983;**

*Monell* **claim 42 U.S.C. § 1983;**

**Negligence;**

**Negligence - Respondeat Superior;**

**Intentional Infliction of Emotional Distress - Respondeat Superior;**

**Negligent Infliction of Emotional Distress; and**

**Intentional Infliction of Emotional Distress**

**BY ELECTRONIC MAIL: I caused the document(s) to be filed electronically via ECF. I did not receive a notification that the electronic transmission was unsuccessful.**

Executed on **November 22, 2024,**

*PHILLIP BELL JR. v. SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al. – FAC*