Bryan M. Sullivan, State Bar Number 209743
  *bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Defendant
KLUTCH SPORTS GROUP
(erroneously sued as Klutch Sports)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES,<br><br>        Plaintiffs,<br><br>        vs.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE; and DOES 1-20 in their individual and official capacities, et al.,<br><br>        Defendants. | Case No. 4:24-cv-05545-JST<br><br>**DEFENDANT KLUTCH SPORTS GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>[*[Proposed] Order filed concurrently herewith*]<br><br>Date:     March 20, 2025<br>Time:    2:00 P.M.<br>Ctrm.:   6<br><br>*Judge:   Hon. Judge Jon S. Tigar* |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

1    **TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS**

2    **OF RECORD HEREIN:**

3    **PLEASE TAKE NOTICE** that on March 20, 2025 at 2:00 P.M., or as soon thereafter as the matter

4    may be heard in Courtroom 6 of the above-entitled Court, located at 1301 Clay Street, 2nd Floor,

5    Oakland, California 94612, Defendant Klutch Sports Group (erroneously sued as Klutch Sports)

6    ("Klutch") hereby moves this Court for an order dismissing Plaintiffs Phillip Bell Jr., Lorna Barnes,

7    and Anthony Barnes' (collectively "Plaintiffs") First Amended Complaint ("FAC") as against the

8    Klutch, without leave to amend, for failure to state a claim pursuant to Federal Rule of Civil

9    Procedure Rules 12(b)(6) (the "Motion").

10        This Motion is brought on the grounds that Plaintiffs have not, and cannot, plead a viable

11   claim against Klutch for Negligence (third cause of action), Negligent Infliction of Emotional

12   Distress (sixth cause of action), Intentional Infliction of Emotional Distress (seventh cause of

13   action), or Unjust Enrichment (eighth cause of action).

14        This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and

15   Authorities, all pleadings and files in this matter, and upon such further oral or documentary

16   evidence as may be presented to the Court at, or prior to, the hearing on this Motion.

17

18                                  Respectfully submitted,

19   Dated:  January 23, 2025              EARLY SULLIVAN WRIGHT

20                                          GIZER & McRAE LLP

21

22                              By:  /s/ Zachary C. Hansen

23                                   Bryan M. Sullivan
                                     Zachary C. Hansen
24                                   Attorneys for Defendant
                                     KLUTCH SPORTS GROUP
25                                   (erroneously sued as Klutch Sports)

26

27

28


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.     INTRODUCTION: ....................................................................................................1

II.    RELEVANT FACTUAL BACKGROUND ...............................................................3

III.   ARGUMENT .............................................................................................................5

     A.    STANDARDS ON A MOTION TO DISMISS ..............................................5

     B.    PLAINTIFFS' THIRD CAUSE OF ACTION FOR NEGLIGENCE IS FATALLY DEFECTIVE ....................................................................................6

           1.    *Klutch Does Not Owe A Duty of Care to Plaintiffs* ............ 6

           2.    *Klutch Did Not Engage In Any Conduct That Breached Any Duty Owed to Plaintiffs* ............................... 9

           3.    *Klutch's Representation of Bell Did Not Cause Any Harm to Plaintiffs* ................................................................ 9

     C.    PLAINTIFFS' SIXTH CAUSE OF ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED ......................................................................................................10

     D.    PLAINTIFFS' SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED ............................................................................10

     E.    PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT SHOULD BE DISMISSED ..........................................................12

IV.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND ...................13

V.     CONCLUSION .......................................................................................................14

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page**

3

4

## <u>CASES</u>

5

*Acri v. Varian Associates, Inc.*,
   114 F.3d 999, 1001 (9th Cir. 1997)...................................................................... 2

6

7

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*,
   744 F.3d 595, 600 (9th Cir. 2014) ...................................................................... 13

8

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009) ...................................................................................... 5

9

10

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753, 762 (9th Cir. 2015) ...................................................................... 12

11

*Belen v. Ryan Seacrest Prods., LLC*,
   65Cal. App 5th 1145, 1165 (2021) ...................................................................... 10

12

13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) ...................................................................................... 5

14

*Bily v. Arthur Young & Co.*,
   3 Cal.4th 370, 397 (1992) ..................................................................................... 7

15

16

*Burns v. Neiman Marcus Group, Inc.*,
   173 Cal.App.4th 479 (2009) .................................................................................. 7

17

*Cabral v. Ralphs Grocery Co.*,
   51 Cal.4th 764, 768 (2011) .................................................................................... 7

18

19

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336, 337-338 (9th Cir. 1996) ................................................................... 5

20

*Carlsen v. Koivumaki*,
   227 Cal.App.4th 879, 896 (2014) ........................................................................ 11

21

22

*Carnegie-Mellon University v. Cohill*,
   484 U.S. 343, 350 n.7 (1988) ................................................................................ 2

23

*Carrico v. City & Cnty. of San Francisco*,
   656 F.3d 1002, 1008 (9th Cir. 2011) ................................................................... 13

24

*Corales v. Bennett*,
   567 F.3d 554, 572 (9th Cir. 2009) ...................................................................... 6, 9

25

26

*Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*,
   39 Cal.App.5th 995, 1007 (2019) ........................................................................ 11

27

*Dryden v. Tri-Valley Growers*,
   65 Cal.App.3d 990 (1977) ...................................................................................... 7

28

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

*ESG, Cap. Partners, LP v. Stratos,*
  828 F.3d 1023, 1038-39 (9th Cir. 2016) ........................................................ 12

*Faulks v. Wells Fargo & Company,*
  231 F.Supp.3d 387 (N.D. Cal. 2017) ........................................................... 6

*Gardner v. Martino,*
  563 F.3d 981, 990 (9th Cir. 2009) ............................................................... 6

*Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.,*
  61 Cal.4th 988, 998 (2015) .......................................................................... 12

*Hegyes v. Unjian Enterprises, Inc.,*
  234 Cal.App.3d 110 (1991) .......................................................................... 6

*Hudacko v. Regents of University of California,*
  2024 WL 3908113 (N.D. Cal Aug. 20, 2024) ............................................. 7

*Iqbal,*
  556 U.S. at 678 ............................................................................................ 5

*Jones v. Grewe,*
  189 Cal.App.3d 950, 954 (1987) ................................................................. 6

*Kassa v. BP W. Coast Prods., LLC,*
  2008 WL 3494677 at *8 (N.D. Cal. Aug. 12, 2008) ................................... 11

*King v. Facebook, Inc.,*
  572 F.Supp.3d 776 (N.D. Cal. 2021) .......................................................... 10

*Landry v. Select Portfolio Servicing, Inc.,*
  2017 WL 3614423, at *1205 (C.D. Cal. Aug. 22, 2017) ............................ 10

*Lopez v. Smith,*
  203 F.3d 1122, 1127 (9th Cir. 2000) ........................................................... 6

*Mandel v. Hafermann,*
  503 F.Supp.3d 946 (N.D. Cal. 2020) .......................................................... 10

*McGarry v. Sax,*
  158 Cal.App.4th 983, 994 (2008) ............................................................ 6, 9

*McNaboe v. Safeway Inc.,*
  2016 WL 80553 at *6, (N.D. Cal. Jan. 7, 2016) ........................................ 11

*Navarro v. Block,*
  250 F.3d 729, 732 (9th Cir. 2001) ............................................................... 6

*Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n,*
  205 Cal.App.3d 1415, 1422 (1988) ............................................................. 12

*Papasan v. Allain,*
  478 U.S. 265, 286 (1986) ............................................................................. 5

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*Quelimane Co. v. Stewart Title Guaranty Co.*,
    19 Cal.4th 26, 57 (1998)...........................................................................................6

*Reddy v. Litton Industries, Inc.*,
    912 F.2d 291, 298 (9th Cir. 1990)..........................................................................13

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
    2021 WL 4133869, *10 (N.D. Cal. Sept. 10, 2021)..............................................12

*Rowland v. Christian*,
    69 Cal.2d 108 (1968)............................................................................................7, 8

*Russell v. Walmart, Inc.*,
    680 F.Supp.3d 1130, 1133 (N.D. Cal. 2023) .........................................................12

*T.H. v. Novartis Pharm. Corp.*,
    4 Cal.5th 145, 163 (2017).........................................................................................7

*Twombly*,
    550 U.S. at 557 ........................................................................................................5

*Union Pacific Railroad Company v. Superior Court of Madera County*,
    105 Cal.App.5th 838 (2024)......................................................................................7

*Vasilenko v. Grace Family Church*,
    3 Cal.5th 1077, 1083 (2017).....................................................................................8

*Wise v. Superior Court*,
    222 Cal.App.3d 1008 (1990)....................................................................................7

*Yurick v. Superior Court*,
    209 Cal.App.3d 1116, 1124-25, 1129 (1989) ........................................................11


**STATUTES**

28 U.S.C. § 1367 ...........................................................................................................2

42 U.S.C. § 1983 ...........................................................................................................2

Cal. Civ. Code § 1714 ...................................................................................................7


**OTHER AUTHORITIES**

55 Cal. Jur. 3d Restitution § 2 (2015) ........................................................................12


**RULES**

Fed. R. Civ. P. 12 ...............................................................................................2, 5, 6, 14

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Fed. R. Civ.P. 8 .................................................................................................................. 5



**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.    <u>INTRODUCTION:</u>

3        This case arises from a family dispute over a highly talented high school football player,

4    Phillip Bell III ("Bell"), brought by the father, Plaintiff Phillip Bell Jr. ("Bell's Father"), and

5    Plaintiffs Lorna Barnes ("L. Barnes"), and Anthony Barnes ("A. Barnes"), who are Bell's maternal

6    grandparents (collectively "Plaintiffs"), who have been excluded from Bell's life and football career

7    by Bell's mother.  Instead of addressing the issue in the family court, where such a dispute belongs,

8    Plaintiffs filed the First Amended Complaint ("FAC") against non-family members who are

9    involved in Bell's football career, including the school district where Bell currently plays football,

10   an advisor to high school football players who is providing services to Bell, and Defendant Klutch

11   Sports Group (erroneously sued as Klutch Sports) ("Klutch"), who merely represented the high

12   school football player for endorsement deals.  The only reason to drag these third parties into what

13   should be a custody dispute is as a means to extort a benefit from the third parties who are involved

14   in Bell's football career.  The Court should not tolerate Plaintiffs' actions here to litigate a custody

15   dispute in Federal Court against a party, Klutch, who has no relationship with Plaintiffs, was not

16   involved in any custody dispute, and never even interacted with Plaintiffs outside of declining their

17   attempts to meet with Klutch.

18        Plaintiffs' FAC alleges four fatally defective claims against Klutch: Negligence (third cause

19   of action), Negligent Infliction of Emotional Distress (sixth cause of action), Intentional Infliction

20   of Emotional Distress (seventh cause of action), and Unjust Enrichment (eighth cause of action).

21   Plaintiffs' negligence claim fails to establish any duty that Klutch owed to Plaintiffs, because none

22   exists given that Klutch's only involvement here was to represent Bell in endorsement deals and had

23   no involvement with Plaintiffs.  Moreover, Plaintiffs fail to allege that Klutch breached any duty to

24   Plaintiffs or caused any harm to Plaintiffs, nor can they credibly make such allegations, since

25   Plaintiffs were not in any contractual, legal, or special relationship with Klutch such that any duty

26   was imposed.  Plaintiffs' negligent infliction of emotional distress claim is also fatally defective as

27   it is dependent on the meritless negligence claim.  As for the claim for intentional infliction of

28   emotional distress, Plaintiffs have failed to allege any conduct by Klutch that was extreme and

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

1   outrageous, as required to maintain such a claim.  All of Klutch's actions in this matter were

2   undertaken at the direction of their client, Bell (the only party involved in this matter to whom

3   Klutch *did* have a duty).  Simply heeding a client's wishes that Klutch decline to meet with the

4   parent and grandparents of a client is not extreme and outrageous conduct.

5       Finally, Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs fail to

6   allege, and cannot establish, that Klutch unjustly retained a benefit at Plaintiffs' expense through

7   mistake, fraud, coercion, or request.  This is the real crux of the case—Plaintiffs want a portion of

8   the income or benefits that could be derived from Bell's football career and have sued every entity

9   who might possibly benefit from Bell's football career to obtain what they believe should be their

10  portion, despite the fact that these third parties are all providing services to Bell (not Plaintiffs) to

11  support Bell's football career.

12      Also, the only federal claims asserted in the FAC are violation of the Fourteenth Amendment

13  and violation of 42 U.S.C. § 1983, which are brought against defendants other than Klutch.  If the

14  Court dismisses the federal claims pursuant to motions filed by the other defendants, it may decline

15  to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. §

16  1367(c)(3).  In the "usual case" where all federal claims "are eliminated before trial, the balance of

17  factors … will point toward declining to exercise jurisdiction over the remaining state-law

18  claims."  *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting

19  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Given the early stage of these

20  proceedings, if the sole federal claims are dismissed, this will be the usual case where considerations

21  of economy, convenience, fairness, and comity do not warrant this Court addressing the merits of

22  the state law claims.

23      Accordingly, Plaintiffs' factual allegations in the FAC pled in support of the causes of action

24  against Klutch do not establish any claim upon which relief may be granted in favor of Plaintiffs

25  and therefore Plaintiffs' insufficient allegations do not satisfy the pleading standard required to

26  survive the instant Motion and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Moreover, leave

27  to amend should not be granted because the facts necessary to satisfy the applicable pleading

28  standards here simply do not exist and Plaintiffs are unable to retroactively manufacture sufficient

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  facts to rectify these fatal flaws.

2  **II.      RELEVANT FACTUAL BACKGROUND**

3          Plaintiffs filed their original complaint on August 20, 2024, and then filed their FAC on

4  November 22, 2024.  (*See* Dkt. Nos. 1, 27.)  Plaintiffs, who are the father and maternal grandparents

5  of a young, talented high school football player named Phillip Bell III ("Bell"), allege that after

6  Bell's athletic talents attracted the attention of various coaches and scouts throughout California,

7  Bell's mother and step-father entered into agreements with several co-defendants for Bell to move

8  from Sacramento to Los Angeles to play football at Mission Viejo High School.  (*See* Dkt. No. 27

9  ("FAC"), at ¶¶23-46.)  Plaintiffs allege that Bell's mother, Samantha Barnes ("Bell's Mother"), and

10  step-father, Defendant Isaiah Sandoval ("Sandoval"), violated the custody arrangement between

11  Bell's Mother and Bell's Father by moving him to Los Angeles without Plaintiffs' knowledge and,

12  following concerns for Bell's well-being, initiated a custody proceeding requesting that Bell be

13  returned to Sacramento and the Judge in that case granted Plaintiffs' requested relief.  (FAC, at

14  ¶¶40-49.)  Plaintiffs claim that despite a court order requiring Bell to be returned to Sacramento,

15  Bell's Mother and Sandoval ignored that order and hid Bell from Plaintiffs in Los Angeles and

16  prevented him from contacting Plaintiffs.  (*Id.*, at ¶¶50-53.)  Thereafter, Plaintiffs allege that Bell's

17  Mother entered Bell into a contractual relationship with Klutch for Klutch to begin to manage the

18  endorsement deals and profits for Bell, and that Bell's Father was not aware of this contractual

19  relationship, nor did he consent to it.  (*Id.*, at ¶¶54-56.)

20          Bell's Mother died on or about June 25, 2024, in Las Vegas, Nevada under suspicious

21  circumstances while on vacation with Sandoval.  (FAC, at ¶¶58-66.)  Thereafter, Plaintiffs allege

22  that Sandoval engaged in harboring of Bell, a minor at that time, and shielded him from Bell's Father

23  when he traveled to Los Angeles to contact his son.  (*Id.*, at ¶¶ 67-73.)  In this regard, Plaintiffs

24  allege generally that all "DEFENDANTS were determined to keep [Bell] shielded from [Plaintiffs]

25  and kept [Bell's] whereabouts a closely guarded secret." (*Id.*, at ¶73.)  Following the death of Bell's

26  Mother, Bell began his senior year of high school at the same school he attended his junior year –

27  Mission Viejo High School ("MVHS") within the Defendant Saddleback Valley United School

28  District ("District").  (*Id.*, at ¶74.)  Meanwhile, Sandoval set up a Go Fund Me page following Bell's

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  Mother's death and Plaintiffs claim Klutch donated "a substantial amount" to that fund and that

2  those funds were used by Sandoval and Bell for living expenses, rather than funeral expenses for

3  Bell's Mother.  (*Id*., at ¶¶76-80.)

4      Plaintiffs allege that the District and MVHS then arranged for "their well to do parents" to

5  offer Bell permanent housing and allowed him to participate in summer football practice, without

6  Bell's Father's consent, which prompted Plaintiffs to send a cease and desist letter to all Defendant

7  on July 5, 2024, which was disregarded by specifically named Defendants Steve Briscoe ("Briscoe")

8  and Next Level Sports & Academics ("Next Level").  (FAC, at ¶¶81-86.)  Plaintiffs then assert a

9  series of allegations that some of the other Defendants misrepresented unspecified facts, violated

10 the cease and desist letter by contacting Bell and allowing him to play football for MVHS, and also

11 violated the custody agreement for Bell, as well as various other California Regulations.  (*Id*., at

12 ¶¶86-94.)  Plaintiffs then describe how they traveled to Los Angeles to meet with various Defendants

13 (not Klutch) regarding Bell's whereabouts, that those other Defendants refused to disclose Bell's

14 whereabouts, interfered with Plaintiffs' rights by allowing Bell to participate in football, and took

15 Bell on a trip to Hawaii for a televised football game.  (*Id*., at ¶¶95-100.)  Notably, none of the

16 foregoing allegations are asserted against Klutch specifically.  (*Id*., at ¶¶81-100.)

17     Plaintiffs claim generally, and without any specificity, that all Defendants "used the

18 influence of trips to Hawaii, opportunities to live with millionaires, clothing, housing, fame, fortune,

19 and other resources to persuade [Bell] not to have contact with" Plaintiffs.  (FAC, at ¶101.)  Plaintiffs

20 vaguely allege that following Bell's Mother's death in late June 2024, Klutch continued to profit

21 from Bell's success despite being a minor, and that when Plaintiffs contacted Klutch to discuss its

22 representation of Bell, Klutch refused to talk to Plaintiffs.  (*Id*., at ¶¶102-103.)  Plaintiffs then

23 generally allege that various Defendants, including Klutch, (i) "benefited from the talents, skills,

24 abilities, name, image and likeness of [Bell] at the expense of" Plaintiffs; (ii) "knew that [Bell] was

25 supposed to undergo court ordered counseling" needed to mend that relationship with Plaintiffs,

26 "but offered no such assistance"; (iii) "knew that [Bell] needed counseling to cope with the death"

27 of Bell's Mother "but offered no such assistance"; and (iv) "harbored [Bell] from [Plaintiffs] and

28 benefited from [Bell's] talent, fame and fortune" in violation of various laws.  (*Id*., at ¶¶106-109.)

1  Plaintiffs further allege that Klutch "outright refused" to communicate with Plaintiffs and continued

2  to contact Bell, Sandoval, and Briscoe "in a plot to keep [Bell] in Los Angeles and profit from

3  [Bell's] likeness." (*Id.*, at ¶110.)  Finally, Plaintiffs allege that if Bell had been "an ordinary student"

4  Defendants generally would not have violated district policies by offering a student such benefits.

5  (*Id.*, at ¶112.)

6      Exhibit A to the FAC (Dkt. No. 27-1) shows that Bell's date of birth is August 30, 2006,

7  which means he turned 18 (the age of majority) on August 30, 2024 – ten days after this case was

8  initiated.  (FAC, at Ex. A, p. 2.)

9  **III.    ARGUMENT**

10          **A.    STANDARDS ON A MOTION TO DISMISS**

11      A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

12  pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under Rule

13  12(b)(6), the court construes the allegations in the complaint in the light most favorable to the non-

14  moving party and takes as true all material allegations in the complaint.  *See Cahill v. Liberty Mut.*

15  *Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  Even under the liberal pleading standard of Rule

16  8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

17  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

18  do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S.

19  265, 286 (1986)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, to survive a motion to

20  dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its

21  face." *Id.* at 570.  Conclusory allegations are insufficient.  *See Iqbal*, 556 U.S. at 678.

22      "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

23  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

24  678 (citation omitted).  "The plausibility standard is not akin to a probability requirement, but it asks

25  for more than a sheer possibility that a defendant has acted unlawfully. … When a complaint pleads

26  facts that are merely consistent with a defendant's liability, it stops short of the line between

27  possibility and plausibility of entitlement to relief."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557)

28  (internal quotation marks omitted).  Dismissal is proper "where there is no cognizable legal theory

1  or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*,

2  250 F.3d 729, 732 (9th Cir. 2001).

3      If a Rule 12(b)(6) motion to dismiss is granted, the court should grant leave to amend unless

4  it determines that the complaint could not possibly be cured by the allegation of other facts. *Lopez*

5  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *Gardner v. Martino,* 563 F.3d 981, 990

6  (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the

7  litigation by permitting further amendment.").

8  **B.     PLAINTIFFS' THIRD CAUSE OF ACTION FOR NEGLIGENCE IS**

9  **FATALLY DEFECTIVE**

10      "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

11  conform to a certain standard of conduct for the protection of others against unreasonable risks

12  (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

13  between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

14  (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158

15  Cal.App.4th 983, 994 (2008)). Here, Plaintiffs have not alleged and cannot allege any facts

16  supporting this cause of action against Klutch.

17  *1.     Klutch Does Not Owe A Duty of Care to Plaintiffs*

18      "The threshold element of a cause of action for negligence is the existence of a duty to use

19  due care toward an interest of another that enjoys legal protection against unintentional

20  invasion." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal.4th 26, 57 (1998); *see also Faulks*

21  *v. Wells Fargo & Company*, 231 F.Supp.3d 387 (N.D. Cal. 2017) ("Existence of a duty of care owed

22  by a defendant to a plaintiff is a prerequisite to establish a claim for negligence under California

23  law"). "Whether this essential prerequisite to a negligence cause of action has been satisfied in a

24  particular case is a question of law to be resolved by the court." *Quelimane Co.*, 19 Cal.4th at 57;

25  *see also Ballard v. Uribe*, 41 Cal. 3d 564, 572 n.6 (1986) ("The existence of a duty of care is a

26  question of law.") A complaint which lacks allegations of *fact* to show that a legal duty of care was

27  owed is fatally defective. *Hegyes v. Unjian Enterprises, Inc.*, 234 Cal.App.3d 110 (1991); *Jones v.*

28  *Grewe*, 189 Cal.App.3d 950, 954 (1987).

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

California law establishes the general duty of each person to exercise, in his or her activities, reasonable care for the safety of others. Cal. Civ. Code § 1714(a); *Cabral v. Ralphs Grocery Co.*, 51 Cal.4th 764, 768 (2011) (citing Cal. Civ. Code § 1714(a)); *T.H. v. Novartis Pharm. Corp.*, 4 Cal.5th 145, 163 (2017) (same). No actionable wrong is committed where defendant's conduct consists of something which he had an absolute right to do. *Dryden v. Tri-Valley Growers*, 65 Cal.App.3d 990 (1977). Courts use the "concept of duty to limit generally the otherwise potentially infinite liability which would follow from every negligent act." *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 397 (1992). Notably, "California courts have explicitly rejected the concept of universal duty." *Burns v. Neiman Marcus Group, Inc.*, 173 Cal.App.4th 479 (2009).

To determine whether a duty exists, courts in California consider the following factors, known as the "*Rowland* factors":

> the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Rowland v. Christian*, 69 Cal.2d 108 (1968). Social policy must at some point intervene to delimit negligence liability even for foreseeable injury. *Union Pacific Railroad Company v. Superior Court of Madera County*, 105 Cal.App.5th 838 (2024). Importantly, one owes no duty to control the conduct of a third person to prevent him from causing physical harm to another, absent a special relationship between defendant and either person whose conduct needs to be controlled or the foreseeable victim of that conduct. *Wise v. Superior Court*, 222 Cal.App.3d 1008 (1990).

In particular, the facts of *Hudacko v. Regents of University of California*, 2024 WL 3908113 (N.D. Cal Aug. 20, 2024) are informative here. In *Hudacko*, the parents of a minor were embroiled in a custody dispute regarding the minor, with the central issue being whether the minor would be allowed to seek gender reassignment treatment. *Id*. After the mother was granted custody to make such medical decisions and sought such treatment from the University of California, San Francisco, the plaintiff father sued the Regents of the University of California for implementing a policy under

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

1  which "it may accept money in exchange for performing gender identity related surgery on a minor

2  child without obtaining necessary consent[.]"  *Id*. at *2.  In support of his negligence theory, the

3  plaintiff father asserted the defendant owed him a duty of care to refrain from such conduct without

4  the consent of the plaintiff.  *Id*.  However, the court found that no such duty was owed to the plaintiff

5  and held plaintiff's allegations "[did] not sufficiently allege that any of the defendants owed plaintiff

6  a duty of care imposed on them as a matter of law or that arises out of the relationship between

7  plaintiff and defendant."  *Id*. at *16.

8         The same reasoning can be applied here.  Plaintiffs allege that Klutch owed Plaintiffs "a duty

9  to use reasonable care while engaging with [Plaintiffs'] minor child."  (FAC, at ¶133.)  As such,

10  Plaintiffs are alleging that Klutch owed them a direct duty of care, as opposed to a duty of care to

11  Bell.  However, Klutch's contractual relationship with Bell in no way conferred a duty of care on

12  Klutch that was owed to Plaintiffs as a result of any special relationship between them, nor do

13  Plaintiffs articulate any such duty of care or any such special relationship because none exists.  An

14  application of the *Rowland* factors to this case results in the same conclusion because they simply

15  do not apply to the facts here.  In particular, there was no foreseeable harm to Plaintiffs based on

16  Klutch's contractual relationship with Bell and Plaintiffs have alleged no cognizable injury they

17  suffered as a result of Klutch's conduct.  In fact, the majority of the factual allegations of conduct

18  that form the basis of Plaintiffs' claims are directed at other Defendants than Klutch against whom

19  Plaintiffs' allegations amount to "You entered into a contractual relationship with my son/grandson,

20  through which he materially benefited, during a time when we did not have contact with him due to

21  a family dispute and we therefore were unable to benefit from that relationship ourselves."  Such

22  vague, generalized assertions of "facts" are insufficient to confer a legal duty on Klutch under the

23  *Rowland* factors such that "carving out an entire category of cases from [the] general duty rule is

24  justified by clear considerations of policy."  *Vasilenko v. Grace Family Church*, 3 Cal.5th 1077,

25  1083 (2017) (internal quotations omitted).  Accordingly, under applicable California law, Plaintiffs

26  have failed to allege that Klutch owed any duty of care to Plaintiffs personally based on a contractual

27

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

relationship between Bell and Klutch.[1]

**2.   *Klutch Did Not Engage In Any Conduct That Breached Any Duty Owed to Plaintiffs***

To state a claim for negligence, a plaintiff must state facts showing the defendant failed to conform to a certain standard of conduct for the protection of others against unreasonable risks  (i.e., breach of duty).   *Corales*, 567 F.3d at 572 (quoting *McGarry v. Sax*, 158 Cal.App.4th 983, 994 (2008)).  Here, there are no factual allegations showing that Klutch breached any duty to Plaintiffs. In this regard, Plaintiffs' factual claims against Klutch are limited to broadly alleging that all Defendants, including Klutch:

> [B]reached their duty of care by developing and implementing a plan to harbor [Bell] away from [Plaintiffs], by failing to comply with the court order, concealing [Bell's] whereabouts from [Plaintiffs], allowing [Bell] to participate in football without [Plaintiffs'] consent, and failing to keep [Plaintiffs] informed in [Bell's] education and contractual obligations.
> …
> [And] breached their duty by advising [Bell] to violate a court order, offered [Bell] the opportunity to live with millionaire families and offered [Bell] clothing, housing, travel, fame, fortune, and other resources to persuade [Bell] not to have contact with [Plaintiffs].

(FAC, at ¶¶134-135.)  However, such a claim is unsupported as against Klutch by any facts asserted directly at Klutch beyond generalized, unspecific assertions against all Defendants jointly.  Plaintiffs cannot even articulate a duty that Klutch owed to them specifically, let alone how Klutch breached any such non-existent duty.  As such, Plaintiff's cause of action for negligence fails for this reason as well.

**3.   *Klutch's Representation of Bell Did Not Cause Any Harm to Plaintiffs***

A plaintiff must demonstrate causation for purposes of a negligence claim by showing that "the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing

---

[11] The fact that Klutch entered into an agreement with Bell when Bell was a minor is irrelevant. Nothing precludes someone entering into a contract with a minor.  Rather, that party bears the risk that the minor will disavow the contract.



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5800047.2                                          9                                          Case No. 3:24-cv-05545-JST

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

1  about the plaintiff's harm." *Landry v. Select Portfolio Servicing, Inc.*, 2017 WL 3614423, at *1205

2  (C.D. Cal. Aug. 22, 2017).    Here, even assuming that Plaintiffs have adequately pled each of the

3  other negligence elements (they have not), the FAC does not allege sufficient facts stating that

4  Klutch's breach was a substantial factor in bringing about Plaintiffs' alleged harm.    Instead,

5  Plaintiffs' allegations that Klutch breached any purported legal duty and caused any resulting

6  damages are the definition of conclusory.    In this respect, Plaintiffs merely allege that "[t]hese

7  negligent acts directly and proximately caused [Plaintiffs'] harm." (FAC, at ¶136.) Such conclusory

8  statements without any supporting facts against Klutch falls woefully short of the standard required

9  to survive a motion to dismiss.

10      **C.    PLAINTIFFS'   SIXTH   CAUSE   OF   ACTION   FOR   NEGLIGENT**

11            **INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED**

12        As for Plaintiffs' claim for negligent infliction of emotional distress, there is no such

13  "'independent tort'"; rather, the claim is simply one of "'negligence to which the traditional

14  elements of duty, breach of duty, causation, and damages apply.'" *King v. Facebook, Inc.*, 572

15  F.Supp.3d 776 (N.D. Cal. 2021) (quoting *Belen v. Ryan Seacrest Prods., LLC*, 65Cal. App 5th 1145,

16  1165 (2021); *Mandel v. Hafermann*, 503 F.Supp.3d 946 (N.D. Cal. 2020) (dismissing negligent

17  infliction of emotional distress claim).    Because Plaintiffs have failed to allege sufficient facts to

18  establish a claim for negligence, this cause of action necessarily fails and should be dismissed

19  without leave to amend.

20      **D.    PLAINTIFFS'   SEVENTH   CAUSE   OF   ACTION   FOR   INTENTIONAL**

21            **INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED**

22        Plaintiff's cause of action for intentional infliction of emotional distress ("IIED") fails

23  because Plaintiffs failed to allege (nor can they allege) that Klutch's conduct was extreme and

24  outrageous.    The elements of a claim for IIED are as follows:

25            (1) extreme and outrageous conduct by the defendant with the
              intention of causing, or reckless disregard of the probability of
26            causing, emotional distress; (2) the plaintiff's suffering severe or
              extreme emotional distress; and (3) actual and proximate causation of
27            the emotional distress by the defendant's outrageous conduct....
              Conduct to be outrageous must be so extreme as to exceed all bounds

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

> of that usually tolerated in a civilized community. The defendant must have engaged in conduct intended to inflict injury or engaged in with the realization that injury will result.

*Carlsen v. Koivumaki*, 227 Cal.App.4th 879, 896 (2014) (internal quotations omitted). "A defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. [internal citations omitted] 'Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal.App.5th 995, 1007 (2019) (internal quotations omitted); *see, e.g.*, *McNaboe v. Safeway Inc.*, 2016 WL 80553 at *6, (N.D. Cal. Jan. 7, 2016) (stating that "[t]here is nothing, as a matter of law, extreme and outrageous about the act of terminating an employee on the basis of unproven or false or even malicious accusations"); *Kassa v. BP W. Coast Prods., LLC*, 2008 WL 3494677 at *8 (N.D. Cal. Aug. 12, 2008) (stating that, "[f]or better or worse, 'civilized community' tolerates run-of-the-mill breaches of contract; such conduct is not sufficiently 'extreme and outrageous' for a claim of intentional infliction of emotional distress"); *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1124-25, 1129 (1989) (holding that allegations by an employee that her supervisor called her senile and a liar in front of coworkers on numerous occasions was not outrageous conduct as a matter of law).

Once again, Plaintiffs' factual allegations in this regard are asserted against numerous Defendants generally, and state in conclusory fashion that such Defendants:

> [P]erpetuated extreme and outrageous conduct against [Plaintiffs] by developing and implementing a plan to harbor [Bell] away from [Plaintiffs], failing to comply with the court order, concealing [Bell's] whereabouts from [Plaintiffs], allowing [Bell] to participate in football without [Plaintiffs'] consent, and failing to keep [Plaintiffs] informed in [Bell's] education and contractual obligations.

(FAC, at ¶158.)    For the same reasons the generalized, conclusory allegations were insufficient to establish a breach on behalf of Klutch, these same allegations are insufficient to establish extreme and outrageous conduct on behalf of Klutch specifically.  Indeed, Plaintiffs cannot even allege any substantive interactions between Plaintiffs and Klutch, beyond heeding Bell's instruction for Klutch to decline Plaintiffs' request to meet, let alone one that could be considered extreme and outrageous. Declining to speak to Plaintiffs at the direction of Klutch's client is not extreme and outrageous

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  conduct under the applicable law. As a result, Plaintiffs have failed to state a claim against Klutch

2  for IIED and this cause of action should be dismissed without leave to amend.

3  **E.**  **PLAINTIFFS' EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT**

4  **SHOULD BE DISMISSED**

5  "'To allege unjust enrichment as an independent cause of action, a plaintiff must show that

6  a defendant received and unjustly retained a benefit at the plaintiff's expense.'" *Russell v. Walmart,*

7  *Inc.*, 680 F.Supp.3d 1130, 1133 (N.D. Cal. 2023) (quoting *ESG, Cap. Partners, LP v. Stratos*, 828

8  F.3d 1023, 1038-39 (9th Cir. 2016)).  "Restitution is not mandated merely because one person has

9  realized a gain at another's expense. Rather, the obligation arises when the enrichment obtained

10 lacks any adequate legal basis and thus 'cannot conscientiously be retained.'" *Hartford Casualty*

11 *Ins. Co. v. J.R. Marketing, L.L.C.*, 61 Cal.4th 988, 998 (2015) (quoting Restatement (Third) of

12 Restitution & Unjust Enrichment § 1 cmt. b (Am. L. Inst. 2011)).  Thus, restitution generally

13 requires "that a defendant has been *unjustly* conferred a benefit 'through mistake, fraud, coercion,

14 or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis

15 added) (quoting 55 Cal. Jur. 3d Restitution § 2 (2015)).  In other words, it is not enough that the

16 plaintiff provided the defendant with a beneficial service; the plaintiff must also allege that the

17 defendant unjustly secured that benefit through qualifying conduct.  *See Russell*, 680 F.Supp.3d at

18 1133. Absent a qualifying mistake, fraud, coercion, or request by the defendant, there is no injustice.

19 *Id.* (citing *Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, 2021 WL 4133869, *10 (N.D. Cal.

20 Sept. 10, 2021) ("Under California law, '[i]t must ordinarily appear that the benefits were conferred

21 by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.'")

22 (quoting *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1422 (1988))).

23 Here, Plaintiffs' FAC is completely devoid of any factual allegations sufficient to establish

24 that Klutch unjustly retained any benefit at Plaintiffs' expense.  In fact, the words "unjustly retained"

25 do not even appear in the FAC.  Once again, Plaintiffs' allegations are limited to conclusory

26 assertions that Klutch, along with several other Defendants generally, "were unjustly enriched

27

28

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1   because at the time of the benefit [Bell] was a minor and did not receive fair compensation[2]. …

2   [And] were unjustly enriched at the expense of [Plaintiffs]."  (FAC, at ¶¶166-167.)  Setting aside

3   the fact that these insufficient allegations amount to a claim that Plaintiffs wanted to financially

4   benefit from Bell's athletic talents and are upset because they did not, these allegations do not satisfy

5   the applicable pleading standard required to survive a motion to dismiss.  As such, the Court should

6   dismiss Plaintiff's eighth cause of action for unjust enrichment as against Klutch without leave to

7   amend.

8   **IV.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND**

9        Leave to amend should be denied when any proposed amendment would be futile.  *See*

10  *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 298 (9th Cir. 1990); *see also Airs Aromatics, LLC v.*

11  *Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting

12  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("A district court

13  may dismiss a complaint without leave to amend if 'amendment would be futile.'")  Further, a "party

14  cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding."

15  *Id.* (internal quotations and citations omitted). Plaintiffs are bound by their allegations.

16       Plaintiffs cannot retroactively manufacture facts to be able to rectify the fatal flaws in their

17  insufficient factual allegations in order to survive a motion to dismiss.  Specifically, Plaintiffs cannot

18  invent a duty that Klutch would owe Plaintiffs personally or manufacture facts to establish causation,

19  neither can Plaintiffs create facts establishing extreme and outrageous conduct on behalf of Klutch

20  when none exists, nor can they retroactively manufacture facts establishing a benefit that Klutch

21  unjustly received by way of its conduct.  Accordingly, any amendment to the FAC would be futile

22  and therefore the Court should not allow leave for Plaintiffs to amend the FAC.

23       ///

24       ///

25       ///

26

27  ---
    [2] This claim is entirely nonsensical because Klutch, like all agencies, is compensated with a percentage of its client's earnings, so Klutch was incentivized to negotiate the highest possible endorsement income for Bell.

28


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**DEFENDANT KLUTCH SPORTS GROUP'S MOTION TO DISMISS**

V.    **CONCLUSION**

For the reasons set forth herein, as well as those presented upon oral argument, Plaintiffs' FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim against Klutch upon which relief can be granted, and leave to amend should be denied.

Respectfully submitted,

Dated:  January 23, 2025                    EARLY SULLIVAN WRIGHT
                                            GIZER & McRAE LLP


                                        By:  /s/ Zachary C. Hansen
                                            Bryan M. Sullivan
                                            Zachary C. Hansen
                                            Attorneys for Defendant
                                            KLUTCH SPORTS GROUP
                                            (erroneously sued as Klutch Sports)