ILLOVSKY GATES & CALIA LLP
Kevin Calia (State Bar No. 227406)
kevin@illovskygates.com
Eva Schueller (State Bar No. 237886)
eschueller@illovskygates.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

*Attorneys for Defendants*
*Steve Briscoe and*
*Next Level Sports & Academics Foundation*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES. | Case No. 3:24-cv-05545-JST |
| Plaintiffs. | **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) BY DEFENDANTS STEVE BRISCOE AND NEXT LEVEL SPORTS & ACADEMICS FOUNDATION** |
| v. | |
| SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE AND DOES 1-20 in their individual and official capacities. | Date:   March 20, 2025<br>Time:   2:00 p.m.<br>Ctrm:   6<br>Judge:  Hon. Jon S. Tigar |
| Defendants. | |

## NOTICE OF MOTION

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 20, 2025 at 2:00 P.M., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, located at 1301 Clay Street, 2nd Floor, Oakland, California 94612, Defendants Steve Briscoe and Next Level Sport & Academics Foundation ("Next Level") will and hereby do move this Court for an order dismissing the First Amended Complaint filed by Plaintiffs Phillip Bell Jr., Lorna Barnes, and Anthony Barnes (collectively, "Plaintiffs") as against Briscoe and Next Level, without leave to amend, for failure to state a claim pursuant to Federal Rule of Civil Procedure Rules 12(b)(6) (the "Motion").

This Motion is brought on the grounds that Plaintiffs have not, and cannot, plead a viable claim against Briscoe or Next Level for Negligence (third cause of action), Negligent Infliction of Emotional Distress (sixth cause of action), Intentional Infliction of Emotional Distress (seventh cause of action), or Unjust Enrichment (eighth cause of action).

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, and such further oral or documentary evidence as may be presented to the Court at, or prior to, the hearing on this Motion.

Dated: January 24, 2025

By: _/s/Kevin Calia_____
    Kevin Calia

ILLOVSKY GATES & CALIA LLP
Kevin Calia (State Bar No. 227406)
kevin@illovskygates.com
Eva Schueller (State Bar No. 237886)
eschueller@illovskygates.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

*Attorneys for Defendants Steve Briscoe and Next Level Sports & Academics Foundation*

1

**TABLE OF CONTENTS**

2   I.     INTRODUCTION ........................................................................................................1

3   II.    RELEVANT FACTUAL BACKGROUND ...........................................................2

4   III.   ARGUMENT ..............................................................................................................6

5       A.  STANDARDS ON A MOTION TO DISMISS ...........................................6

6       B.  IF THE COURT DISMISSES THE FEDERAL CLAIMS, IT SHOULD DECLINE TO
           EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS ..7

7

8       C.  PLAINTIFFS' NEGLIGENCE CLAIM AGAINST BRISCOE AND NEXT LEVEL
           SHOULD BE DISMISSED ...........................................................................7

9           1.  Neither Briscoe Nor Next Level Owe Plaintiffs A Duty of Care ...............8

10           2.  Neither Briscoe Nor Next Level Engaged In Any Conduct That Breached Any Duty
11               Owed to Plaintiffs ...........................................................................10

12           3.  Plaintiffs Fail to Allege Facts Showing that Briscoe or Next Level Caused Them Any
               Harm ...............................................................................................11

13

14      D.  PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM
           AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED ....................12

15      E.  PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
16           AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED ....................12

17      F.  PLAINTIFFS' UNJUST ENRICHMENT CLAIM AGAINST BRISCOE AND NEXT
           LEVEL SHOULD BE DISMISSED ...........................................................14

18   IV.   CONCLUSION...........................................................................................15

19

20

21

22

23

24

25

26

27

28

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

1

# TABLE OF AUTHORITIES

2

**Cases**

3
4
*Acri v. Varian Associates, Inc.*,
   114 F.3d 999 (9th Cir. 1997) ................................................................................7

5
*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................6

6
7
*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ................................................................................14

8
*Ballard v. Uribe*,
   41 Cal. 3d 564 (1986) ............................................................................................8

9
10
*Belen v. Ryan Seacrest Prods., LLC*,
   65 Cal. App 5th 1145 (2021) ..............................................................................12

11
12
*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................6

13
14
*Bily v. Arthur Young & Co.*,
   3 Cal. 4th 370 (1992) ............................................................................................8

15
*Burns v. Neiman Marcus Group, Inc.*,
   173 Cal. App. 4th 479 (2009) ...............................................................................8

16
17
*Cabral v. Ralphs Grocery Co.*,
   51 Cal. 4th 764 (2011) ..........................................................................................8

18
19
*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ..................................................................................6

20
*Carlsen v. Koivumaki*,
   227 Cal. App. 4th 879 (2014) .............................................................................12

21
22
*Carnegie-Mellon University v. Cohill*,
   484 U.S. 343 (1988)................................................................................................7

23
24
*Christensen v. Super. Ct.*,
   54 Cal. 3d 868 (1991) ..........................................................................................13

25
*Corales v. Bennett*,
   567 F.3d 554 (9th Cir. 2009) ......................................................................7, 8, 10

26
27
*Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*,
   39 Cal. App. 5th 995 (2019) ...............................................................................12

28

*Dryden v. Tri-Valley Growers*,
    65 Cal. App. 3d 990 (1977) ....................................................................................8

*ESG, Cap. Partners, LP v. Stratos*,
    828 F.3d 1023 (9th Cir. 2016) ..............................................................................14

*Faulks v. Wells Fargo & Company*,
    231 F. Supp. 3d 387 (N.D. Cal. 2017) ....................................................................8

*Gardner v. Martino*,
    563 F.3d 981 (9th Cir. 2009) ..................................................................................7

*Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.*,
    61 Cal. 4th 988 (2015) ..........................................................................................14

*Hassman v. Rabbinical Assembly of America*,
    2016 WL 6635622 (C.D. Cal. Nov. 9, 2016)..........................................................14

*Hegyes v. Unjian Enterprises, Inc.*,
    234 Cal. App. 3d 1103 (1991) ................................................................................8

*Hudacko v. Regents of University of California*,
    2024 WL 3908113 (N.D. Cal. Aug. 20, 2024) ........................................................9

*Jones v. Grewe*,
    189 Cal. App. 3d 950 (1987) ..................................................................................8

*Kassa v. BP W. Coast Prods., LLC*,
    2008 WL 3494677 (N.D. Cal. Aug. 12, 2008) ......................................................13

*King v. Facebook, Inc.*,
    572 F. Supp. 3d 776 (N.D. Cal. 2021) ..................................................................12

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ................................................................................7

*McGarry v. Sax*,
    158 Cal. App. 4th 983 (2008) ........................................................................7, 8, 10

*McNaboe v. Safeway Inc.*,
    2016 WL 80553 (N.D. Cal. Jan. 7, 2016) ..............................................................13

*Meyer v. County of San Diego*,
    2021 WL 4924836 (S.D. Cal. Oct. 21, 2021) ..................................................13, 14

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..................................................................................6

*Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*,
    205 Cal. App. 3d 1415 (1988) ..............................................................................14

*Ortega v. Kmart Corp.*,
   26 Cal. 4th 1200 (2001) ........................................................................................11

*Quelimane Co. v. Stewart Title Guaranty Co.*,
   19 Cal. 4th 26 (1998) ............................................................................................8

*Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*,
   2021 WL 4133869 (N.D. Cal. Sept. 10, 2021) ..................................................14

*Rowland v. Christian*,
   69 Cal. 2d 108 (1968) ........................................................................................8, 9

*Russell v. Walmart, Inc.*,
   680 F. Supp. 3d 1130 (N.D. Cal. 2023) ..............................................................14

*T.H. v. Novartis Pharm. Corp.*,
   4 Cal. 5th 145 (2017) ............................................................................................8

*Union Pacific Railroad Company v. Superior Court of Madera County*,
   105 Cal. App. 5th 838 (2024) ...............................................................................9

*Vasilenko v. Grace Family Church*,
   3 Cal. 5th 1077 (2017) ........................................................................................10

*Wise v. Superior Court*,
   222 Cal. App. 3d 1008 (1990) ..............................................................................9

*Yurick v. Superior Court*,
   209 Cal. App. 3d 1116 (1989) ............................................................................13

**Statutes**

28 U.S.C. § 1367(c)(3) ....................................................................................................7

42 U.S.C. § 1983 ............................................................................................................7

Cal. Civ. Code § 1714(a) ...............................................................................................8

**Other Authorities**

55 Cal. Jur. 3d Restitution § 2 (2015) ..........................................................................14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a child custody dispute reimagined as a federal civil rights lawsuit. Not only that, but the child in dispute (Phillip Bell III or Phillip III) turned 18 months ago and approximately two months after his mother's death. Under California law, Phillip III can now make his own decisions about whether to have a relationship with Plaintiffs—his biological father and maternal grandparents.

Tagging along with the meritless federal claims, asserted against the school district where Phillip III attends school and district officials, are state law claims against a wide array of people and organizations that Plaintiffs seek to blame for Phillip III's decision not to live with his biological father during the weeks between his mother's death and his 18th birthday or Phillip III's decision about where to play football during his senior year of high school, which began approximately two weeks before his 18th birthday. The Court should decline to exercise supplemental jurisdiction over the state law claims or dismiss them on the merits.

In particular, the amended complaint fails to state a claim against Steve Briscoe or his nonprofit corporation (Next Level Sports & Academics Foundation), the defendants who bring this motion to dismiss. The amended complaint purports to bring claims against these defendants for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and unjust enrichment. But the paltry facts alleged regarding Briscoe and Next Level are insufficient to plausibly state a claim with respect to any of those causes of action.

The negligence-based claims fail because the facts alleged in the complaint do not plausibly show that Briscoe or Next Level owed Plaintiffs a duty of care, engaged in conduct that breached any such duty, or proximately caused any decision by Phillip III or his mother that was a violation of the relevant child custody order. Briscoe had no duty to enforce a family court order dictating how Phillip III's parents should share custody or where Phillip III would attend school. Briscoe had a First Amendment right to give whatever advice he chose about the pros and cons of Phillip III playing football at any particular high school or college and to introduce Phillip III and his mother to anyone associated with any of those schools, whether or not he received compensation for his efforts. Moreover, Briscoe did not proximately cause any injury because Phillip III and his mother made their

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

1  own decisions about whether to follow Briscoe's advice, where to live, where to go to school, and

2  whether to abide by family court orders to which neither Briscoe nor Next Level were parties.

3       The intentional infliction of emotional distress claim also fails for similar reasons.  Nothing

4  Briscoe or Next Level allegedly did meets the legal definition of "outrageous" conduct.  Giving

5  advice about football and making introductions to football coaches is not the type of extreme

6  misconduct that exceeds the bounds usually tolerated in a civil society, even if Phillip III and his

7  mother made decisions that violated a child custody order during the period before Phillip III turned

8  18.  Nor have Plaintiffs alleged facts to plausibly show that they suffered extreme emotional distress

9  or that any conduct by Briscoe or Next Level was the proximate cause of any such distress.

10       Lastly, Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs have failed

11  to allege facts to plausibly show that either Briscoe or Next Level ever received a benefit from

12  Plaintiffs or unjustly retained any such benefit at Plaintiffs' expense.  The facts alleged in the

13  complaint do not show that Briscoe or Next Level ever had any relationship or interactions with

14  Plaintiffs.  Rather, Briscoe and Next Level provided football mentoring services to Phillip III and his

15  mother.  To the extent Briscoe or Next Level ever received any compensation (which they deny),

16  there are no allegations showing that any compensation came from Plaintiffs.

17       For these reasons, the Court should either decline to exercise supplemental jurisdiction over

18  the state law claims or dismiss them for failure to state a claim.

19  **II.    RELEVANT FACTUAL BACKGROUND**

20       Plaintiffs filed their original complaint on August 20, 2024, and then filed their First

21  Amended Complaint on November 22, 2024.  (*See* ECF Nos. 1, 27.)  This background section is

22  drawn from the allegations of the operative First Amended Complaint.  Plaintiffs are the biological

23  father and maternal grandparents of a young, talented high school football player named Phillip Bell

24  III.  The defendants who bring this motion to dismiss are Steve Briscoe and his nonprofit Next Level

25  Sports & Academics Foundation.  All allegations against Next Level are based on the alleged conduct

26  of Briscoe, which the complaint sometimes misspells.  Plaintiffs allege that Briscoe was "one of

27  Phillip III's trainers" and that he ran a "Football Mentoring program" called Next Level from his

28  home in Antioch, California.  (*See* First Amended Complaint, ECF No. 27 ("Compl."), ¶¶ 16-17, 31.)

Plaintiffs allege that, after Phillip III's athletic talents attracted the attention of various coaches and scouts throughout California, Phillip III and his mother (Samantha Barnes) and step-father (Isaiah Sandoval) "abruptly moved" from Sacramento to Los Angeles before Phillip III's junior year of high school. (Compl., ¶ 34.) Plaintiffs say that Sandoval "brokered a deal" with Briscoe that facilitated Phillip III playing football at Bishop Alemany High School. (Compl., ¶ 31.) They claim that Briscoe and Next Level received unspecified "compensation for this transaction." (Compl., ¶ 33.) They allege that the move to Southern California violated a "custody agreement." (Compl., ¶¶ 26, 32, 34.) They describe the agreement as a "court-ordered agreement" to "share 50/50 custody" of Phillip III (Compl., ¶ 26), but attach a copy of a "Stipulation and Order for Custody and/or Visitation of Children" dating back to 2015, which states that Phillip III's biological father would have visitation on "alternate weekends" from Saturday at 10:00 a.m. until Sunday at 6:00 p.m. and certain specific holidays. (ECF No. 27-1 at 3, 5.) They allege, without further explanation, that Briscoe knew that Phillip III's mother's decision to move to Southern California "would violate the shared custody agreement between" Phillip III's mother and biological father. (Compl., ¶ 33.)

After "an unsuitable month at Bishop Alemany," Plaintiffs allege that Phillip III and his mother and step-father "moved again" and enrolled Phillip III at Mission Viejo High School. (Compl., ¶ 37.) They do not allege that Briscoe or Next Level had any role in the decision to switch from Bishop Alemany to Mission Viejo. They do not allege that another "deal" or "transaction" was "brokered" at this time, and they do not allege that Briscoe or Next Level received compensation of any kind in connection with the decision to move again or to switch schools from Bishop Alemany to Mission Viejo.

Plaintiffs allege they were unhappy about the move to Southern California and the later decision to attend a non-Catholic high school. (Compl., ¶¶ 38-39.) They also allege that there were family problems between Phillip III and his mother and step-father that led them to believe Phillip III was in distress and to initiate family court proceedings seeking a family court order that Phillip III should return to Sacramento and attend his former high school. (Compl., ¶¶ 40-47.) Those proceedings led to a November 20, 2023 court order, which is attached to the complaint as Exhibit C, and directed Phillip III to return to Sacramento and his former school. (ECF No. 27-3; Compl., ¶ 49.)

1    The only alleged connection between Briscoe or Next Level and this family dispute is that

2    Briscoe testified "against" Phillip III's biological father during the course of the proceedings.

3    (Compl., ¶ 48.)  There is no allegation regarding the content of Briscoe's testimony or any suggestion

4    that his testimony was not given truthfully and under oath in response to questions from the court and

5    the parties or their counsel.

6    Plaintiffs claim that despite a court order requiring Phillip III to be returned to Sacramento,

7    Phillip III's mother and step-father ignored the order and kept Phillip III from Plaintiffs in Los

8    Angeles and prevented him from contacting Plaintiffs.  (Compl., ¶¶ 50-53.)

9    Phillip III's mother died on or about June 25, 2024, in Las Vegas, Nevada while on vacation

10   with Sandoval.  (Compl., ¶¶ 58-66.)  Plaintiffs allege that Sandoval then engaged in "harboring" of

11   Phillip III, who was approximately two months away from turning 18 (according to the exhibits

12   attached to the complaint).  (Compl., ¶¶ 67-73; ECF No. 27-1 at 2 (listing Phillip III's birthdate);

13   ECF No. 27-3 at 2 (same).)  Plaintiffs claim that Phillip III's biological father came to Southern

14   California to see Phillip III, but that Sandoval "was present and coerced Phillip III not to open the

15   door" and not to speak to his biological father.  (Compl., ¶¶ 68-71.)

16   Plaintiffs do not allege any connection between these events and Briscoe, who lives in

17   Northern California.  (Compl., ¶ 16.)  They allege that Sandoval was present, not Briscoe.  (Compl., ¶

18   69.)  They allege that the house where Phillip III was staying "was that of a parent associated with"

19   the school district and Mission Viejo High School, and not an address associated in any way with

20   Briscoe or Next Level.  (Compl., ¶ 71.)  Despite the lack of factual allegations connecting Briscoe to

21   any of these events, Plaintiffs allege generally that all "DEFENDANTS were determined to keep

22   Phillip III shielded from [Plaintiffs] and kept Phillip III's whereabouts a closely guarded secret."

23   (Compl., at ¶73.)

24   Within weeks after his mother's death, which occurred over the summer between his junior

25   and senior year, Phillip III started his senior year of high school at the same school he attended his

26   junior year – Mission Viejo High School within the Saddleback Valley United School District.

27   (Compl., at ¶74.)  Plaintiffs allege that Briscoe was "listed as" a "guardian" in unspecified records of

28   the school district or as an "emergency contact" on unspecified "official school documentation."

4

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

(Compl., ¶¶ 74-75.)  Plaintiffs do not provide any details about who submitted these forms or when. Instead, they attach as an exhibit to the complaint a blank "Residency Verification Form," which says it is "[f]or continuing students who have moved or whose address has changed."  (ECF No. 27-4.) Plaintiffs do not allege that any version of this form was ever submitted in connection with Phillip III's enrollment for his senior year of high school, much less who completed the form or when. Before summer break began, Phillip III's mother and step-father were allegedly still determining where he would stay.  (Compl., ¶¶ 52-53.)  According to the exhibits attached to the complaint, by the time school started again, Phillip III was weeks away from turning 18.  (ECF No. 27-1 at 2 (listing Phillip III's birthdate); ECF No. 27-3 at 2 (same).)

Over the summer, Plaintiffs allege that the school and school district arranged for "their well to do parents" to offer Phillip III permanent housing and allowed him to participate in summer football practice, without his biological father's consent, which prompted Plaintiffs to send cease-and-desist letters to all Defendants on July 5, 2024.  (Compl., ¶¶ 81-84.)  They claim that Briscoe and Next Level "intentionally disregarded the cease-and-desist letter" and continued unspecified "communications" with Phillip III.  (Compl., ¶ 86.)  They also claim that at some unspecified time to some unspecified listener, Briscoe "fraudulently claim[ed] to be Phillip III's uncle."  (Compl., ¶¶ 75, 91.)  They say that Briscoe, Next Level, and Sandoval "made and published statements" promoting Mission Viejo as the school Phillip III should attend based on a social media post from Sandoval that makes no mention of Briscoe or Next Level.  (Compl., ¶ 88.)

Plaintiffs also complain about various football activities that Phillip III was allowed to participate in without their consent, including tournaments and a trip to Hawaii.  (Compl., ¶¶ 90, 100.)  There is no allegation connecting any of these activities to Briscoe or Next Level.

Finally, Plaintiffs make a series of general claims that lump all defendants together, alleging that "Defendants" generally or an undifferentiated list of many defendants "benefited" from Phillip III's talents, "influenced" him to continue playing football for Mission Viejo, and "knew" he needed counseling "but offered no such assistance."  (Compl., ¶¶ 101, 106-112.)  The Complaint acknowledges that Phillip III has had great success as a football player at Mission Viejo, winning a state championship and being recognized as the most valuable player in the championship game.

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

1   (Compl., ¶¶ 50.)  Yet, Plaintiffs try to paint Phillip III's success as harm to their interests because

2   Phillip III and his mother did not make the choices that Plaintiffs prefer.  The complaint fails to

3   provide any specifics about how the decisions made by Phillip III and his mother, whether or not

4   "influenced" by Briscoe or Next Level, actually harmed Plaintiffs or how they resulted in any unjust

5   benefit to Briscoe or Next Level.

6   **III.   ARGUMENT**

7         **A.     STANDARDS ON A MOTION TO DISMISS**

8         A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

9   pleadings fail to state a claim upon which relief can be granted.  On a motion to dismiss under Rule

10  12(b)(6), the court construes the allegations in the complaint in the light most favorable to the non-

11  moving party and takes as true all material allegations in the complaint.  *See Cahill v. Liberty Mut.*

12  *Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996).  Even under the liberal pleading standard of Rule

13  8(a)(2), however, a plaintiff's obligation to provide the "'grounds' of his 'entitle[ment] to relief'

14  requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of

15  action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up); *see also*

16  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, to survive a motion to dismiss, a plaintiff must

17  allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "Threadbare

18  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

19  suffice."  *See Iqbal*, 556 U.S. at 678.

20        "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

21  to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

22  Although the plausibility standard is "not akin to a 'probability requirement,'" it "asks for more than

23  a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Thus, "[w]hen a complaint

24  pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

25  possibility and plausibility of entitlement to relief.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

26  Dismissal is proper "where there is no cognizable legal theory or an absence of sufficient facts

27  alleged to support a cognizable legal theory."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

28

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

1    If a Rule 12(b)(6) motion to dismiss is granted, a plaintiff will be given leave to amend unless

2    the Court determines that the defects in the complaint cannot be cured by the allegation of additional

3    facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *Gardner v. Martino,* 563 F.3d

4    981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong

5    the litigation by permitting further amendment.").

### B.    IF THE COURT DISMISSES THE FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

8    The only federal claims asserted in the Complaint are civil rights claims brought under 42

9    U.S.C. § 1983 against a school district, school district officials, and the California Interscholastic

10   Federation, i.e., against defendants other than Briscoe and Next Level.  Briscoe and Next Level

11   anticipate that those defendants will move to dismiss the federal claims.  If the Court dismisses the

12   federal claims, it may decline to exercise supplemental jurisdiction over the remaining state law

13   claims.  28 U.S.C. § 1367(c)(3).  In the "usual case" where all federal claims "are eliminated before

14   trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining

15   state-law claims."  *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc)

16   (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Given the early stage

17   of these proceedings, if the sole federal claims are dismissed, this will be the usual case where

18   considerations of economy, convenience, fairness, and comity do not warrant this Court investing its

19   time in addressing the merits of the state law claims.

20   Nevertheless, in the event the Court decides to exercise its discretion to consider the state law

21   claims, or does not dismiss all of the federal claims, the Court should dismiss the state law claims

22   asserted against Briscoe and Next Level for the reasons that follow.

### C.    PLAINTIFFS' NEGLIGENCE CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED

25   "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

26   conform to a certain standard of conduct for the protection of others against unreasonable risks

27   (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

28   between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

1   (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158

2   Cal. App. 4th 983, 994 (2008)).  Here, Plaintiffs have not alleged and cannot allege any facts

3   supporting this cause of action against Briscoe or Next Level.

### 1.    *Neither Briscoe Nor Next Level Owed Plaintiffs A Duty of Care*

5   "The threshold element of a cause of action for negligence is the existence of a duty to use

6   due care toward an interest of another that enjoys legal protection against unintentional

7   invasion." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 57 (1998); *see also Faulks*

8   *v. Wells Fargo & Company*, 231 F. Supp. 3d 387, 408 (N.D. Cal. 2017) ("Existence of a duty of care

9   owed by a defendant to a plaintiff is a prerequisite to establish a claim for negligence" under

10  California law).  "Whether this essential prerequisite to a negligence cause of action has been

11  satisfied in a particular case is a question of law to be resolved by the court." *Quelimane Co.*, 19 Cal.

12  4th at 57; *see also Ballard v. Uribe*, 41 Cal. 3d 564, 572 & n.6 (1986) ("The existence of a duty of

13  care is a question of law.")  A complaint that lacks factual allegations showing that defendants owed

14  a legal duty of care to plaintiffs should be dismissed.  *Hegyes v. Unjian Enterprises, Inc.*, 234 Cal.

15  App. 3d 1103, 1111 (1991); *Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (1987).

16  California law establishes the general duty of each person to exercise, in his or her activities,

17  reasonable care for the safety of others.  Cal. Civ. Code § 1714(a); *Cabral v. Ralphs Grocery Co.*, 51

18  Cal. 4th 764, 768 (2011) (citing Cal. Civ. Code § 1714(a)); *T.H. v. Novartis Pharm. Corp.*, 4 Cal. 5th

19  145, 163 (2017) (same).  No actionable wrong is committed where defendant's conduct consists of

20  something which he had an absolute right to do.  *Dryden v. Tri-Valley Growers*, 65 Cal. App. 3d

21  990, 996 (1977).  Courts use the "concept of duty to limit generally the otherwise potentially infinite

22  liability which would follow from every negligent act." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370,

23  397 (1992).  Notably, "California courts have explicitly rejected the concept of universal duty."

24  *Burns v. Neiman Marcus Group, Inc.*, 173 Cal. App. 4th 479, 487 (2009).

25  To determine whether a duty exists, courts in California consider the following factors, known

26  as the "*Rowland* factors":

27          the foreseeability of harm to the plaintiff, the degree of certainty that the
28          plaintiff suffered injury, the closeness of the connection between the
            defendant's conduct and the injury suffered, the moral blame attached to

8

> the defendant's conduct, the policy of preventing future harm, the extent
> of the burden to the defendant and consequences to the community of
> imposing a duty to exercise care with resulting liability for breach, and
> the availability, cost, and prevalence of insurance for the risk involved.

*Rowland v. Christian*, 69 Cal. 2d 108, 113 (1968).  Social policy must at some point intervene to delimit negligence liability even for foreseeable injury.  *Union Pacific Railroad Company v. Superior Court of Madera County*, 105 Cal. App. 5th 838, 858 (2024).  Importantly, there is generally no duty to control the conduct of a third person to prevent him from causing harm to another, absent a special relationship between defendant and either person whose conduct needs to be controlled or the foreseeable victim of that conduct.  *Wise v. Superior Court*, 222 Cal. App. 3d 1008, 1013 (1990).

In particular, the facts of *Hudacko v. Regents of University of California*, 2024 WL 3908113 (N.D. Cal. Aug. 20, 2024) are informative here.  In *Hudacko*, the parents of a minor were embroiled in a custody dispute regarding their minor child, with the central issue being whether the minor would be allowed to seek gender reassignment treatment.  *Id.* at *1.  This issue was addressed in a custody order that allowed the mother to seek certain treatment without the father's consent and prohibited certain other treatment before the minor turned 18.  *Id.* at *1-2.  A further dispute arose about whether a procedure performed on the minor was permitted or prohibited and the father sued a wide variety of third parties—doctors and hospitals and attorneys who knew of the custody order and had been involved in the decision to perform the disputed procedure—for tort claims, including negligence-based claims.  *Id.* at *2.  The father asserted that these defendants owed him a duty of care to refrain from conduct which allegedly violated the custody order without his consent.  *Id.* at *16.  The court, however, found that these defendants did not owe any duty to the father, "who was not their client, nor [a] third party in a transaction that was intended to benefit him."  *Id.*

The same reasoning can be applied here.  Plaintiffs allege that Briscoe and Next Level owed Plaintiffs "a duty to use reasonable care while engaging with [Plaintiffs'] minor child."  (Compl., ¶ 133.)  As such, Plaintiffs are alleging that Briscoe and Next Level owed them a direct duty of care, as opposed to a duty of care to Phillip III.  Briscoe giving advice to Phillip III and his mother about Phillip III playing football in high school and college, however, could not create a duty of care owed to Plaintiffs or any special relationship between Plaintiffs and Briscoe or Next Level.  An application of the *Rowland* factors to this case results in the same conclusion because they simply do not apply to

9

the facts here.  Plaintiffs' vague, generalized assertions of "facts" are insufficient to confer a legal duty on Briscoe or Next Level under the *Rowland* factors such that "carving out an entire category of cases from [the] general duty rule is justified by clear considerations of policy."  *Vasilenko v. Grace Family Church*, 3 Cal. 5th 1077, 1083 (2017) (internal quotations omitted).

In particular, Phillip III and his parents are not the only family to have a dispute over a child custody issue involving where a child should live or what school a child should attend.  We have family law courts and law enforcement professionals and complex systems to resolve such disputes.  Phillip III's mother was a party to the family court proceedings and orders.  (Compl., ¶ 49.)  Briscoe was a mere witness who gave testimony during the proceedings.  (Compl., ¶ 48.)  He had no duty to attempt to force Phillip III or his mother to comply with any order or to refrain from giving advice about the pros and cons of playing football at different high schools or colleges based on mere knowledge of the court order.  Public policy strongly weighs against imposing liability on every third party who is aware of a custody order to take it upon themselves to enforce the order (or influence others to comply with the order) on pain of being sued for tort claims if they are unable or unwilling to coerce independent actors to comply with the order.  Enforcing such family court orders is better left to the well-developed systems for seeking a contempt ruling or seeking aid from trained law enforcement professionals.  Accordingly, the Court should rule, as a matter of law, that neither Briscoe nor Next Level owed any duty of care to Plaintiffs and dismiss their negligence-based claims against Briscoe and Next Level with prejudice.

### 2.    *Neither Briscoe Nor Next Level Engaged In Any Conduct That Breached Any Duty Owed to Plaintiffs*

To state a claim for negligence, a plaintiff must state facts showing the defendant failed to conform to a certain standard of conduct for the protection of others against unreasonable risks (i.e., that the defendant breached a duty owed to the plaintiff).  *Corales*, 567 F.3d at 572 (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994 (2008)).  Here, there are no factual allegations showing that either Briscoe or Next Level breached any duty to Plaintiffs.  Plaintiffs' allegations against Briscoe and Next Level are limited to broadly alleging that an undifferentiated list of many defendants, including Briscoe and Next Level, breached a supposed duty by "developing and implementing a plan to

harbor" Phillip III, "failing to comply with a court order" to which they were not parties, "concealing" Phillip III's whereabouts, "allowing" Phillip III "to participate in football" without Plaintiffs consent, failing to keep Plaintiffs' informed about Phillip III, advising Phillip III to "violate a court order," or influencing Phillip III to play football for Mission Viejo against Plaintiffs' wishes. (Compl., ¶¶ 134-135.)

None of those generalized and conclusory allegations explains how either Briscoe or Next Level specifically had any relationship with Plaintiffs or how their specific actions failed to conform to some standard of conduct necessary to protect Plaintiffs. Plaintiffs' laundry list of generalized allegations appears to concede that there was no breach during the period before Phillip III's mother died, when it was her responsibility to care for Phillip III and to work out any custody issues through the family court process. During the brief period between the death of Phillip III's mother and him reaching the age of majority, there are no allegations of any relationship or interactions between Plaintiffs and Briscoe or Next Level. At most, Plaintiffs' attorney sent Briscoe and Next Level a "cease-and-desist" letter, and Plaintiffs are offended that Briscoe and Next Level supposedly ignored the letter. (Compl., ¶¶ 84-86.) A party cannot create a duty, or manufacture a breach, by having their lawyer send a letter to a stranger. Plaintiff's negligence claim against Briscoe and Next Level should be dismissed for failure to allege facts plausibly showing a breach of any duty to Plaintiffs.

### 3.     Plaintiffs Fail to Allege Facts Showing that Briscoe or Next Level Caused Them Any Harm

A plaintiff must demonstrate causation for purposes of a negligence claim by showing that "the defendant's breach of its duty to exercise ordinary care was a substantial factor in bringing about the plaintiff's harm." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). Here, even assuming that Plaintiffs have adequately pled each of the other negligence elements (they have not), the complaint does not allege sufficient facts stating that either Briscoe's or Next Level's conduct was a substantial factor in bringing about Plaintiffs' alleged harm. Instead, Plaintiffs' allegations that either Briscoe or Next Level breached any purported legal duty and caused any resulting damages are exactly the "threadbare recitals" of elements that courts routinely find insufficient to state a claim. In this respect, Plaintiffs merely allege that "[t]hese negligent acts directly and proximately caused

[Plaintiffs'] harm."  (Compl., ¶ 136.)  Such conclusory statements without any supporting facts

against either Briscoe or Next Level do not meet the well-established standard required to survive a

motion to dismiss.

### D.   PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED

As for Plaintiffs' claim for negligent infliction of emotional distress, there is no such

"'independent tort'"; rather, the claim is simply one of "'negligence to which the traditional elements

of duty, breach of duty, causation, and damages apply.'"  *King v. Facebook, Inc.*, 572 F. Supp. 3d

776, 785 (N.D. Cal. 2021) (quoting *Belen v. Ryan Seacrest Prods., LLC*, 65 Cal. App 5th 1145, 1165

(2021).  Because Plaintiffs have failed to allege sufficient facts to establish a claim for negligence,

and because Plaintiffs cannot allege facts that would create any owed to Plaintiffs by either Briscoe

or Next Level, Plaintiff's claim for negligent infliction of emotional distress should be dismissed

without leave to amend.

### E.   PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED

Plaintiff's claim for intentional infliction of emotional distress should be dismissed because

Plaintiffs failed to allege (and cannot allege) that either Briscoe's or Next Level's conduct was

extreme and outrageous.  The elements of a claim for intentional infliction of emotional distress are:

> (1) extreme and outrageous conduct by the defendant with the intention
> of causing, or reckless disregard of the probability of causing, emotional
> distress; (2) the plaintiff's suffering severe or extreme emotional distress;
> and (3) actual and proximate causation of the emotional distress by the
> defendant's outrageous conduct.... Conduct to be outrageous must be so
> extreme as to exceed all bounds of that usually tolerated in a civilized
> community. The defendant must have engaged in conduct intended to
> inflict injury or engaged in with the realization that injury will result.

*Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 896 (2014) (cleaned up).  "A defendant's conduct is

considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a

civilized community.  Liability for intentional infliction of emotional distress does not extend to mere

insults, indignities, threats, annoyances, petty oppressions, or other trivialities."  *Crouch v. Trinity

Christian Ctr. of Santa Ana, Inc.*, 39 Cal. App. 5th 995, 1007 (2019) (cleaned up); *see, e.g., McNaboe*

*v. Safeway Inc.*, 2016 WL 80553, at *6 (N.D. Cal. Jan. 7, 2016) ("terminating an employee on the basis of unproven or false or even malicious accusations" not "outrageous"); *Kassa v. BP W. Coast Prods., LLC*, 2008 WL 3494677, at *8 (N.D. Cal. Aug. 12, 2008) ("[f]or better or worse, 'civilized community' tolerates run-of-the-mill breaches of contract; such conduct is not sufficiently 'extreme and outrageous' for a claim of intentional infliction of emotional distress"); *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1124-25, 1129 (1989) (allegations by an employee that her supervisor repeatedly called her senile and a liar in front of coworkers was not "outrageous" as a matter of law).

In an effort plead "outrageous" conduct, Plaintiffs rely on the same generalized and conclusory list of allegations alleged against an undifferentiated group of several defendants that they assert constitute a breach of a supposed duty to them (discussed above). (*Compare* Compl., ¶ 158 *with* Compl., ¶ 134.) Because those generalized allegations are insufficient to establish a breach of any duty by Briscoe or Next Level, they certainly cannot meet the higher standard of pleading "outrageous" conduct on behalf of either Briscoe or Next Level. Giving advice about playing football in high school and college and making introductions to football coaches is not the type of extreme and outrageous conduct that exceeds the bounds usually tolerated in a civil society, even if Phillip III or his mother made decisions (whether based on the advice or not) that violated a child custody order. Moreover, the advice and introductions cannot constitute intentional infliction of claim because those services were not provided to Plaintiffs or intentionally directed at them. *See Christensen v. Super. Ct*., 54 Cal. 3d 868, 903 (1991) ("It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware."). Because Plaintiffs have not alleged (and cannot allege) that either Briscoe or Next Level directed "outrageous" conduct at them, their claims for intentional infliction of emotional distress should be dismissed without leave to amend.

Plaintiffs' claim also should be dismissed because Plaintiffs have not alleged facts to plausibly show that they actually suffered extreme emotional distress or that any conduct by Briscoe or Next Level was the proximate cause of any such distress. An interruption of a family relationship, by itself, is not enough to plausibly show that Plaintiffs actually suffered severe emotional distress caused by Briscoe or Next Level. *See Meyer v. County of San Diego*, 2021 WL 4924836, at *2, 11

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

(S.D. Cal. Oct. 21, 2021) (finding plaintiffs had not adequately alleged severity of distress even though they had been removed from their minor child for many months, pending the outcome of juvenile dependency proceedings, while the child was hospitalized and subjected to various tests and medical procedures, including an "invasive swallow test," without their consent); *Hassman v. Rabbinical Assembly of America*, 2016 WL 6635622, at *1, 6 (C.D. Cal. Nov. 9, 2016) (dismissing claim based on alleged failure to help plaintiff challenge an allegedly invalid divorce decree that had awarded sole custody to plaintiff's spouse).

### F.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense." *Russell v. Walmart, Inc.*, 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023); *see also ESG, Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (9th Cir. 2016).  "Restitution is not mandated merely because one person has realized a gain at another's expense.  Rather, the obligation arises when the enrichment obtained lacks any adequate legal basis and thus 'cannot conscientiously be retained.'" *Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C.*, 61 Cal. 4th 988, 998 (2015) (quoting Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. b (Am. L. Inst. 2011)).  Thus, restitution generally requires "that a defendant has been *unjustly* conferred a benefit 'through mistake, fraud, coercion, or request.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (emphasis added) (quoting 55 Cal. Jur. 3d Restitution § 2 (2015)).  Absent a benefit conferred to the defendant because of mistake, fraud, coercion, or request by the defendant, there is no injustice.  *See Russell*, 680 F. Supp. 3d at 1133 (citing *Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, 2021 WL 4133869, at *10 (N.D. Cal. Sept. 10, 2021) ("Under California law, '[i]t must ordinarily appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.'") (quoting *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal. App. 3d 1415, 1422 (1988)).

Here, Plaintiffs' complaint is missing any factual allegations sufficient to establish that either Briscoe or Next Level unjustly retained any benefit at Plaintiffs' expense.  Plaintiffs' allegations are

14

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST

1  limited to conclusory assertions that Briscoe and Next Level, along with several other Defendants

2  generally, "were unjustly enriched because at the time of the benefit" Phillip III "was a minor and did

3  not receive fair compensation" or that Defendants generally "were unjustly enriched at the expense

4  of" Plaintiffs.  (Compl., ¶¶ 166-167.)  This type of "threadbare recital" of an element of the claim is

5  not sufficient to satisfy the pleading standard or to survive a motion to dismiss.  As such, the Court

6  should dismiss Plaintiff's eighth cause of action for unjust enrichment as against Briscoe and Next

7  Level without leave to amend.

8  **IV.    <u>CONCLUSION</u>**

9         For these reasons, the Court should either decline to exercise supplemental jurisdiction over

10  the state law claims asserted against Briscoe and Next Level or should dismiss those claims, without

11  leave to amend, because the facts alleged fail to state any claim against Briscoe or Next Level and it

12  would be futile to allow an amendment here.

14   Dated: January 24, 2025                          Respectfully submitted,

16                                                    By:  */s/Kevin Calia*_____
                                                          Kevin Calia

17                                                    ILLOVSKY GATES & CALIA LLP
18                                                    Kevin Calia (State Bar No. 227406)
                                                      kevin@illovskygates.com
19                                                    Eva Schueller (State Bar No. 237886)
                                                      eschueller@illovskygates.com
20                                                    1611 Telegraph Ave., Ste. 806
                                                      Oakland, CA 94612
21                                                    Telephone: (415) 500-6640

22                                                    *Attorneys for Defendants Steve Briscoe and*
23                                                    *Next Level Sports & Academics Foundation*

DEFENDANTS STEVE BRISCOE AND NEXT LEVEL'S MOTION TO DISMISS
Case No.: 3:24-cv-05545-JST