DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:   (559) 206-2410
Facsimile:    (559) 570-0126

Attorneys for Defendants, SADDLEBACK
VALLEY UNIFIED SCHOOL DISTRICT;
EDWARD WONG, TRICIA OSBORNE, and
CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES,<br><br>Plaintiffs,<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG, TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, and DOES 1-20 in their individual and official capacities,<br><br>Defendants. | Case No. 3:24-cv-05545-JCS<br><br>**MEMORADUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT'S PRAYER FOR PUNITIVE DAMAGES**<br><br>ORAL ARGUMENT REQUESTED<br><br>Date: March 20, 2025<br>Time: 2:00 P.M.<br>Ctrm.: 6<br><br>Assigned to: Hon. Judge Jon S. Tigar |

## I.   INTRODUCTION

Plaintiffs' First Amended Complaint alleges a violation of Plaintiffs' Fourteenth Amendment rights by Defendants Saddleback Valley Unified School District; Edward Wong, Tricia Osborne, and Chad Johnson ("DISTRICT DEFENDANTS"). The full objection to the deficiencies of the First Amended Complaint is fully discussed in the contemporaneously filed Motion to Dismiss. However, the subject of this motion pertains squarely upon Plaintiffs' improperly asserted claims for punitive damages against DISTRICT DEFENDANTS, who were all state actors performing in their official capacities. As a matter of law, Plaintiffs' First Amended Complaint is

incurably impertinent, immaterial, and contains other substantial flaws, which make the claims for punitive damages improper. DISTRICT DEFENDANTS thereby move to strike Plaintiffs' prayer for punitive damages pursuant to Federal Rule of Civil Procedure 12(f).

Federal Rule of Civil Procedure, Rule12(f) allows this Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike's purpose is "to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." (See also, *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017).) Throughout the First Amended Complaint, Plaintiffs have failed to sufficiently plead their claim for punitive damages, and moreover, DISTRICT DEFENDANTS are immune from punitive liability for claims arising within their official capacities. Thus, the Motion to Strike must be granted.

## II.   FACTUAL BACKGROUND

Plaintiffs, PHILLIP BELL JR., LORNA BARNES, and ANTHONY BARNES (hereinafter "Plaintiffs") filed the Complaint against Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("DISTRICT") is a public entity formed under the laws of California and is located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691. (RJN: Plaintiffs' First Amended Complaint ("FAC") ¶ 13). As set forth in Plaintiffs' First Amended Complaint, the District and Defendants, EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("DISTRICT DEFENDANTS") all are sued in their official capacities, and all events that gave rise to the alleged claims happened within the boundaries of the Saddleback Valley Unified School District. (RJN: "FAC" ¶ 13, 19, 20, 21, 116). Plaintiffs allege that the DISTRICT DEFENDANTS failed to act in accordance with official DISTRICT policies. (RJN: "FAC" ¶113.)

Throughout the First Amended Complaint, Plaintiffs fail to plead sufficient facts that are material, pertinent, and relevant to establish all causes of action regarding the Fourteenth Amendment violations, and state law violations against the DISTRICT DEFENDANTS, as described in the contemporaneously filed Motion to Dismiss. Therefore, Plaintiffs' prayer for punitive damages against the DISTRICT DEFENDANTS is baseless, and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## III. LEGAL STANDARD

Pursuant to Rule 12(f), this Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. P. 12(f).) A "redundant" matter is comprised "of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." (*Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).) An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." (*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07, 711 (1990)).) The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).) Generally, motions to strike affirmative defenses "are disfavored and infrequently granted." (*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).)

## IV. ARGUMENT

### A. Public Entities cannot be held liable for Punitive Damages

It is well established in California Law that a public entity may not be held liable for punitive damages under Government Code Section 818. Moreover, Federal Courts have consistently upheld that punitive damages are not permissible against public entities in Federal causes of action either, including civil rights causes of action. (See, *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990, 998 (N.D. Cal. 2005).) As such, the public entity cannot be held liable for punitive damages.

### B. The District Defendants Are Immune From Claims Under the Eleventh Amendment

In the present case, Plaintiffs allege that the DISTRICT DEFENDANTS acted in their official capacities upholding the District and its policies adopted by the Board of Trustees. (RJN: "FAC" ¶ 13, 19, 20, 21, 113, 116) To the extent that Plaintiffs attempt to allege that the individually name DISTRICT DEFENDANTS had individual liability outside of their official capacities, such claim fails. Plaintiffs' entire allegations in the First Amended Complaint relate to the Special

Relationship created in the Defendants' official capacities. However, the special relationship exists between the student and the district, not the district and the student's parents. The most a district may be responsible for is providing notice of particular circumstances for a parent regarding their child's, who is in their custody, condition. (See, *Phyllis v. Superior Ct.*, 183 Cal. App. 3d 1193 (Ct. App. 1986).) As such, a district and its employees can only be held liable for damages outside of its special relationship duties when they have been properly plead, which is not the case in this matter. (See, *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 870, 270 P.3d 699, 705 (2012).) As such, when a duty or harm is outside of the control of this special relationship the district and its employees cannot be found liable. (See, *Whooley v. Tamalpais Union High Sch. Dist.*, 399 F. Supp. 3d 986, 1001 (N.D. Cal. 2019) [Which discussed no duty may be imposed to prevent a student's suicide as it was not reasonably foreseeable].) As such, Plaintiffs have failed to plead any duty to hold any of the named individual defendants liable and as such the claim for punitive damages must be stricken.

As established in *Wells v. Bd. of Trustees of California State Univ., infra.*, a state university and its officers, acting in their official capacity, were entitled to Eleventh Amendment immunity from 42 U.S.C.A. § 1983 claims. (*Wells v. Bd. of Trustees of California State Univ.* 393 F. Supp. 2d 990 (N.D. Cal. 2005). In *Wells,* a former university track coach sought monetary relief and punitive damages for alleged retaliation based on his exercise of free speech rights. (U.S.C.A. Const.Amends. 1, 11; 42 U.S.C.A. § 1983.) The Court held that California State University and its officers acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions: "Defendant CSU is an instrumentality of the State of California." (*Jackson v. Hayakawa*, 682 F.2d 1344, 1349–50 (9th Cir.1982).) Thus, the DISTRICT DEFENDANTS who were agents/employees of the District, acting in their official capacity are entitled to Eleventh Amendment immunity from § 1983 actions." (*Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005).)

### C. Punitive Damages Are Unavailable Against State Officials

Plaintiffs seek to obtain punitive damages against the DISTRICT DEFENDANTS in their official and individual capacities. (RJN: "FAC" ¶ 13, 19, 20, 21, 113, 116) However, as was held

in *Well*s punitive damages are not available in suits under 42 U.S.C.A. § 1983 against government entities. (42 U.S.C.A. § 1983. *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005).) Here, Plaintiffs assert violation of Fourteenth Amendment under 42 U.S.C. § 1983 by Interference with a Familial Relationship. Plaintiffs allege that the DISTRICT DEFENDANTS acted under the color of law when performing their official duties (RJN: "FAC" ¶ 13, 19, 20, 21, 113, 116) and thus, are acting on behalf of the State. Accordingly, the punitive damages prayer must be stricken as to the DISTRICT DEFENDANTS.

### C. Punitive Damages Are Unavailable Against the District Defendants

It is well established that state officials acting in their official capacities are immune from punitive damages. (*Will v. Mich. Dep't of State Police*, 491 U.S 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996.).) Here, the Plaintiffs claim punitive damages against the DISTRICT DEFENDANTS in their official and individual capacities. This claim fails for the reasons below.

### D. *The Individual Defendants Are All Entitled to Qualified Immunity*

Even if this Court determines that Plaintiff's Complaint does state claims for relief under the theories alleged, each of the individually named DISTRICT DEFENDANTS is entitled to qualified immunity, and for this reason the claims against them should be dismissed without leave to amend. The defense of qualified immunity protects "governmental officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (*Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).) The issue of qualified immunity is one to be determined by a Court at the earliest possible stage of litigation. (*Anderson v. Creighton*, 483 U.S. 635, 646 n.6. 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987).) As noted by the Ninth Circuit in *Thorsted v. Kelly*, 858 F. 2d 571 (9th Cir., 1988), since qualified immunity is an immunity from suit, "it is essential that 'insubstantial claims' be resolved as quickly as possible." (*Id.* at 575.)

The qualified immunity test is a two-part inquiry. Initially, the Court must decide if the facts alleged show the official's conduct violated a constitutional right and then whether the right was clearly established. (*Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).)

As the Ninth Circuit noted in *Brewster v. Board of Education*, 149 F.3d 971, 977 (9th Cir. 1988), "qualified immunity provides a protection to government officers that is quite far-reaching. Indeed, it safeguards 'all but the plainly incompetent or those who knowingly violate the law.'" "[I]f officers of reasonable competence could disagree on th[e] issue [whether a chosen course of action is constitutional], immunity should be recognized." (*Id.* at 977.) Moreover, "[t]he test allows ample room for reasonable error on the part of the [governmental official]." (*Ibid.*) The second step of the analysis examines the defendant's awareness. "[T]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (*Saucier*, 533 U.S. at 202.)

These authorities confirm that the individually named DISTRICT DEFENDANTS in this litigation are entitled to qualified immunity. When conclusory, blanket assertions of discrimination are set aside, all that is left in the Complaint allegations as to the individually named DISTRICT DEFENDANTS is that they supposedly were to disregard the Policy adopted by the Board of Trustees. However, as explained in Harlow, individual officials were entitled to qualified immunity from civil liability. The doctrine of qualified immunity shields public officials performing discretionary functions from personal liability under certain circumstances. (See *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).) As the Supreme Court explained in *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful **official** action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." (*Id.* at 635, 107 S.Ct. at 3036 (citations omitted) (quoting *Harlow*, 457 U.S. at 818, 819, 102 S.Ct. at 2738, 2738–2739).)

**E. Plaintiffs Failed to Allege Facts That Are Material or Pertinent For Punitive Damages**

Punitive damages are an exceptional damage, and it is a rare case that affords them. This Complaint alleges violations of 42 U.S.C. 1983, but not for excessive force or violence, and not against law enforcement.

These facts do not support the high standard for punitive damages. While, in a section 1983 case, for conduct that is "a reckless or callous disregard, or indifference to, the rights or safety of

others" (*Smith v. Wade*, 461 U.S. 30, 33 (1983), the cases show that a level of conduct far in excess of policy arguments are required. In *Dang v. Cross*, 422 F.3d 800 (9th Cir. 2005), the court addressed the standard for punitive damages in a section 1983 case. Referring to the model instructions, the 9th Circuit noted that an act is malicious if accompanied by spite, ill will or a grudge (*Id.* at 805), and is oppressive if it violates plaintiff's rights with "unnecessary harshness or severity", including "taking advantage of someone weakness, disability of misfortune" of the plaintiff (*Id.* at 805), or reckless and callous disregard for the safety of another (*Id.* at 806). The Dang court cited to *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993), where the 9th Circuit held that "a jury may be permitted to assess punitive damages in an action under section 1983 either when a defendant's conduct was driven by evil motive or intent, or when it involved reckless or callous indifference to the constitutional rights of others".

There is nothing in the pleadings before the court that could remotely rise to such a punitive level as to the DISTRICT DEFENDANTS, and Plaintiffs have alleged facts that are immaterial, and impertinent under Rule 12(f) requirements.

## V. CONCLUSION

Plaintiffs' First Amended Complaint improperly asserts punitive damages against Defendants SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON who are all state officials acting in their official capacities and who are accordingly immune from punitive damages. Furthermore, Plaintiffs fail to allege sufficient facts to support a claim for punitive damages. Accordingly, DISTRICT DEFENDANTS respectfully request that Plaintiffs' prayer for punitive damages be struck pursuant to Federal Rules of Civil Procedure 12(f).

///
///
///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: January 24, 2025 | DeMaria Law Firm, APC |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Anthony N. DeMaria |
| 5 | | Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON |