1

2

3

4

5

**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone:  (916) 448-7888
Facsimile:   (916) 448-6888
Email: scottd@sdnlaw.com

6

7

8

9

**FAGEN FRIEDMAN & FULFROST LLP**
DIANE MARSHALL-FREEMAN, SBN: 115960
621 Capitol Mall, Suite 1525
Sacramento, CA 95814
Telephone: (916) 443-0000
Email: dmarshall-freeman@f3law.com

10

Attorneys for Defendant
CALIFORNIA INTERSCHOLASTIC FEDERATION

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

15

PHILLIP BELL JR.; LORNA BARNES; and
ANTHONY BARNES,

16

          Plaintiffs,

17

     v.

18

19

20

21

22

23

SADDLEBACK VALLEY UNIFIED
SCHOOL DISTRICT; KLUTCH SPORTS;
CALIFORNIA INTERSCHOLASTIC
FEDERATION; NEXT LEVEL SPORTS &
ACADEMICS; ISAHIA SANDOVAL;
EDWARD WONG; TRICIA OSBORNE;
CHAD JOHNSON; STEVE BRISCOE; AND
DOES 1-20 in their individual and official
capacities,

          Defendants.

Case No.:  4:24-cv-05545-JST

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT CALIFORNIA
INTERSCHOLASTIC FEDERATION'S
MOTION TO DISMISS  PLAINTIFFS' FIRST
AMENDED COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE,
RULE 12(B)(6)**

**[Fed. R. Civ. P. 12(b)(6)]**

Date:        March 27, 2025
Time:        2:00 PM
Judge:       Jon S. Tigar
Courtroom:   6

Action Filed:  08/20/2024

24

25

26

27

///

28

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE, RULE 12(B)(6)

## I.  INTRODUCTION

The California Interscholastic Federation's (hereinafter "CIF") Motion to Dismiss should be granted because Plaintiffs PHILLIP BELL, JR., LORNA BARNES, and ANTHONY BARNES' (collectively "Plaintiffs") Complaint fails to state sufficient facts to support Plaintiffs' ninth cause of action under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) (hereinafter "Monell claim"). Plaintiffs have failed to alleged a CIF policy that interfered with Plaintiffs' alleged Fourteenth Amendment right to familial association. The motion should be granted on the further grounds that Plaintiffs have not pled sufficient facts to demonstrate a causal link between any CIF conduct and the alleged deprivation of a constitutional right, let alone that the conduct was a motivating force. Finally, the motion should be granted because Plaintiffs' Complaint does not state sufficient facts to show that CIF caused them harm due to a failure to train its staff.

Plaintiffs are the biological father and grandparents of Phillip Bell III ("Student"), a high school athlete who left his prior high school and home in Sacramento with his biological mother and enrolled in a Southern California high school. Plaintiffs contend that Defendants interfered with their familial relationship with Student. With respect to the CIF, an organization specifically devoted to enacting and enforcing rules related to participation in athletics, this interference is undefined, without a factual basis, and Plaintiffs have provided no facts linking any conduct of CIF with their alleged harm.

## II.  STATEMENT OF RELEVANT FACTS

### A.    Procedural Background

The instant action was filed on August 20, 2024, (*See ECF No. 1*) Plaintiffs alleged seven causes of action for: 1) Violation of the Fourteenth Amendment – Interference with a Familial Relationship (42 U.S.C. § 1983); 2) Monell claim (42 U.S.C. 0167 1983); 3) Negligence; 4) Negligence – Respondeat Superior; 5) Intentional Infliction of Emotional Distress – Respondeat Superior; 6) Negligent Infliction of Emotional Distress; and 7) Intentional Infliction of Emotional Distress. In their original Complaint, Plaintiffs did not include CIF as a Defendant. On January 6, 2025, this Court issued a Notice that an Initial Case Management Conference was set to be heard on March 25, 2025, at 2:00 p.m. before the Honorable Jon S. Tigar.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)

The CIF was included as a Defendant when Plaintiffs filed their First Amended Complaint on November 22, 2024, (*See ECF No. 27*). While Plaintiffs' causes of action were expanded from seven to nine, only the ninth cause of action entitled "Monell (42 U.S.C. § 1983) (Ratification and Failure to Train) Plaintiffs v. CIF," applies to the CIF. The CIF was served with a Summons and Plaintiffs' First Amended Complaint on December 13, 2024 (ECF No. 27). Following a meet and confer with counsel, the parties agreed that a responsive pleading or motion would be due on February 10, 2025. (*See Decl. of J. Scott Donald,* ¶ 2.) On January 16, 2025, counsel for CIF provided a comprehensive letter outlining deficiencies in Plaintiffs' Complaint and the basis for a proposed 12(b)(6) motion. (*See Donald Decl* ¶4) On January 17, 2025, counsel for CIF had a phone call with Plaintiffs' counsel where a further attempt to meet and confer with respect to either amending their Complaint or dismissing CIF was discussed without resolution, necessitating this motion. (*See Donald Decl.* ¶ 5)

**B.    Plaintiffs' Factual Allegations**

According to facts alleged in Plaintiffs' First Amended Complaint, Plaintiff Phillip Bell, Jr. and Student's mother, Samantha Barnes, held joint custody of Student through a custody order dated October 16, 2015. (*See ECF No. 27,* ¶ 26) Prior to moving to Southern California with his mother, Student attended Christian Brothers High School in Sacramento. (*See ECF No. 27,* ¶ 47) At the time Student moved with his mother, Student's mother and father had a court-ordered agreement in place to share a 50/50 custody of Phillip III. (*See ECF No. 27*, ¶ 26). Plaintiffs allege that approximately nine months after the move to Los Angeles, Student's mother died. (*See ECF No. 27,* ¶ 58.)

Plaintiffs allege that Student participated in the sport of football in the fall of 2023 for Mission High School and then "re-enrolled" for his senior year in the Spring of 2024. (*See ECF No. 27,* ¶ 74) Plaintiffs allege that after Student had already been enrolled at Mission High School for a year but before he began his final year of high school, and second year at Mission High School, Plaintiffs "reached out to CIF for assistance and asked that an investigation be performed and CIF refused to cooperate." (*See ECF No. 27,* ¶ 104.) Plaintiffs have incorporated by reference to their First Amended Complaint emails from counsel to CIF officials that begin on August 20, 2024 and end on November 1, 2024. As alleged in their Complaint through the first email referenced dated August 20, 2024, Plaintiffs' counsel provided the following:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)

1
2
3
4

> "Rich Shear,
>
> Thank you for taking the time to discuss the matter involving Phillip Bell, III and Mission Viejo High School last week. Per our conversation, you stated that if I provided the information you would investigate to determine if there were violations of CIF's blue book.

5
6

> I have attached the Complaint that was filed in Federal Court yesterday, which contains all of the facts. I also have attached the Court Order mentioned within the Complaint.

7
8
9
10
11

> Based on Saddleback Valley Unified School District policy, Phillip Bell, III should not have been registered for this year's school year because he does not have a legal guardian that lives in the District. Furthermore, Phillip Bell, III has not been at Mission Viejo High School for over a year, which means that he should not be eligible to compete in athletics without an active address in the District. Lastly, Phillip Bell, III is still a minor and has been traveling across state lines without the consent of his guardian."
> (*See ECF No. 27-6, pg. 3 of 4*)

12    Plaintiffs allege that in response to receiving this information from Plaintiffs, presumably through

13   their attorney, the CIF "failed to act." (*See ECF No. 27*, ¶ 105.)

14    Plaintiffs contend that CIF officials including James Perry and Mike West, as well as other

15   individuals who have no identifiable relationship to the CIF, "Expressly adopted official policy to ignore

16   the CIF rules and 'put the child first' and that by acting pursuant to the alleged expressly adopted official

17   policy to ignore the CIF rules and 'put the child first,' Defendant CIF caused a deprivation of Plaintiffs'

18   rights." (*See ECF. 27*, ¶¶ 170-177.)

19        **C.    California Interscholastic Federation and Its Role in High School Sports**

20        The CIF is a voluntary, non-profit organization authorized by the California legislature to govern

21   regional and statewide secondary school interscholastic athletics. Ed. Code §§ 33353, 35179. Member

22   schools of the CIF include public, private, and charter schools totaling more than 1,600 school members.

23   Plaintiffs have incorporated by reference the entirety of the CIF's Constitution and Bylaws through

24   which the organization governs its member schools' interscholastic athletic programs "related to the

25   eligibility for participation and, interscholastic athletic programs among and between member schools."

26   Ed. Code § 33353.

27        The CIF is dedicated to the promotion of educationally-based athletics and equitable competition

28   among its more than 1,600 member schools. In order to meet these goals, the CIF has adopted rules

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)

1   governing student interscholastic athletic eligibility, including transfer rules, which have been

2   referenced as CIF bylaws in Plaintiffs' First Amended Complaint. (*See ECF No. 27,* ¶ 14)  More

3   specifically, Plaintiffs' First Amended Complaint references CIF Bylaw 510 which is attached in its

4   entirety to the Declaration of J. Scott Donald. (*See ECF No. 27,* ¶ 88). A defendant may attach to a

5   12(b)(6) motion documents referred to in the Complaint to show they do not support plaintiff's claim.

6   *Bryant v. Avado Brands, Inc*. (11th Cir. 1999) 187 F. 3d. 1271, 1260, FN. 16.  Relevant to the

7   consideration of this Court, Bylaw 510 entitled "**Undue Influence, Pre-Enrollment Contact,**

8   **Disclosing Pre-Enrollment Contact, Athletically Motivated Transfers**" states:

9           "A. The use of undue influence by any person(s) to secure or retain a
10          student or their parent(s)/guardian(s)/caregiver as residents may cause the
            student to be ineligible for high school athletics for a period of one (1) year
11          and shall jeopardize the standing of that high school in the CIF. …"

12                    **III.   LEGAL STANDARD FOR MOTION TO DISMISS**

13          Under Federal Rule of Civil Procedure 12 (b)(6), the District Court may dismiss a complaint that

14  lacks "a cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri*

15  *v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990). To survive a 12(b)(6) Motion to

16  Dismiss, the complaint must plausibly state a claim for relief on its face. *Bell Atlantic v. Twombly*, 550

17  U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that

18  allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). When considering the motion, the District Court "accept[s]

20  all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to

21  the Non-moving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3rd 895, 899-900 (9th

22  Cir. 2007). The District Court, however, will disregard conclusory allegations and allegations that are

23  product of unreasonable deductions and inferences. *Sprewell v. Golden State Warriors*, 266 F.3rd 979,

24  988 (9th Cir. 2001).

25          In considering a motion pursuant to Fed. R. Civ. Proc. 12(b)(6), a court need not accept as true

26  unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell*

27  *v. Golden State Warriors*, 266 F. 3d. 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.

28  2d. 618, 624 (9th Cir. 1981). Further, "[C]onclusory allegations of law and unwarranted inferences are

1   insufficient to defeat a motion to dismiss for failure to state a claim." *In Re Stac Elecs. Sec. Litig.*, 89 F.

2   3d. 1399, 1403 (9th Cir. 1996) (Quoting *In Re Verifone Secs. Litig.*, 11 F.3d. 865, 868 (9th Cir. 1993).

3   Here, as argued in further detail below, Plaintiffs' ninth cause of action fails to state a valid claim

4   and therefore Defendant CIF's motion should be granted. Plaintiffs' claim under Monell fails to allege

5   that CIF followed a policy required under Monell and its progeny that was intended to deprive persons

6   including Plaintiffs of a constitutional right. Plaintiffs' Complaint further fails because there are no facts

7   pled that provide a cognizable link between any alleged acts of CIF and Plaintiffs' alleged harm. Even if

8   assumed to be true, the factual circumstances giving rise to any alleged interference with a familial

9   relationship between the Plaintiffs and their son/grandson are implausible.

## IV.    LEGAL ARGUMENT

### A.    Plaintiffs' Complaint Fails to State Sufficient Facts That CIF Followed a Policy As That Term is Defined in Monell

13  In order to satisfy the pleading requirements for a Monell cause of action a plaintiff must show

14  that 1) the plaintiff was deprived of a constitutional right; 2) the defendant had a policy or custom; 3) the

15  policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and 4) the

16  policy or custom was the moving force behind the constitutional violation. *MABE v. San Bernardino*

17  *County*, 237 F. 3d. 1101, 1110-11 (9th Cir. 2001).

18  Allegations concerning Monell liability based on the existence of a policy are subject to the

19  pleading requirements of Twombly/Iqbal. *Brown v. County of Mariposa* 1:18-cv-01541-LJO-SAB (9).

20  As the Court in *Brown* instructs, "…even in the context of a Monell claim, a complaint 'may not simply

21  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to

22  give fair notice and to enable the opposing party to defend itself effectively, 'and' the factual allegations

23  that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require

24  the opposing party to be subjected to the expense of discovery and continued litigation.'" *AE ex rel.*

25  *Hernandez v. County of Tulare* 666 F.3d. 631, 637 (9th Cir. 2012) quoting *Starr v. Baca* 652 F.3d. 1202,

26  1216 (9th Cir. 2011). While the *Brown* case is an unpublished opinion, it is instructive with respect to

27  the Ninth Circuit's treatment of pleading requirements where Plaintiffs rely on an unsupported

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE, RULE 12(B)(6)

allegation that a municipality has engaged in an unwritten policy that operates to deprive a plaintiff of a constitutional right. As the *Brown* court notes:

> "'Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.'" [Trevino v Gates, 99 F.3d. 911, 918]"

In the First Amended Complaint, Plaintiffs allege that the CIF followed an "expressly adopted official policy to ignore the CIF rules and 'put the child first.'" (*See ECF No. 27* ¶ 172)  Plaintiffs further offer the conclusory allegation that Defendant's official policy or widespread or longstanding practice or custom caused the deprivation of Plaintiffs' rights. (*See ECF No. 27* ¶ 173)

Plaintiffs' pleading begs the question with regard to whether the policy alleged is written (as might be inferred by the use of the term express) or an unwritten custom simply "to ignore the CIF rules". Based on what is pled and contained in the content of the emails attached to Plaintiffs' pleading, the only inference that can be drawn is that upon receiving a copy of Plaintiffs' original Complaint, CIF officials did not act on the information provided. More specifically, CIF did not conduct an investigation into Plaintiffs' allegations. This decision, however it was made, to not pursue an investigation is not conduct consistent with a policy under Monell. Plaintiffs may have been dissatisfied with the CIF's response, but there are no facts pled which allege that the CIF's conduct followed an expressly adopted official policy or long-standing practice, custom or a de facto policy. Where courts have allowed Monell claims to proceed at the motion to dismiss stage, Plaintiffs have pled multiple incidents of alleged violations. *Moland v. City of Ceres,* 1:16-cv-01073-LJO-SKO, 2016 WL6094830, at 5 (E.D. Cal. Oct. 18, 2016)

**B.    Plaintiffs Have Not Pled Sufficient Facts to Show Causation**

Under  Monell, a municipality is liable only if the plaintiff can establish that the defendant "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. County of Los Angeles* 477 F.3d. 652, 667 (9th Cir. 2007) quoting *Monell*, 436 U.S. at 694-95. In other words, a plaintiff must identify specific policies or practices that caused plaintiff's alleged constitutional injury.  In the instant matter, there are no facts pled that establish a causal relationship between the alleged conduct of the CIF and the Plaintiffs' harm. While Plaintiffs offer the

7

conclusion that their familial relationship was interfered with by the CIF conduct, the only conduct identified is a failure to investigate allegations of undue influence levied against Student's high school under CIF Bylaw 510. Plaintiffs do not provide any facts nor would one expect there to be any in existence that plausibly support that the CIF was somehow able to interfere with a nebulous and undefined right that Plaintiffs have characterized as "interference with familial relationship."

In considering the facts pled, it seems inconceivable that any act or omission of the CIF caused Plaintiffs' alleged harm. In the first place, there are no facts to support a conclusion that as a result of anything the CIF did, Student transferred from Northern California to Southern California with one of his two biological parents. There are no facts pled that CIF had any notice of a custody order defining the rights of Student's parents until after Student had already enrolled at Mission Viejo High School. Finally, as noted in Bylaw 510, even if the CIF had notice of a transfer to Mission Viejo by Student that was in violation of Bylaw 510, the only outcome of such a finding would be that Student would have been ineligible to play football in the fall of 2024.

C.    **Plaintiffs' Complaint Fails to Plead Sufficient Facts to Support the Claim for Failure to Train**

To prevail on a claim for failure to train, Plaintiffs must show that the CIF was "deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights. *Flores v. County of L.A*., 758 F. 3d. 1154, 1159 (9th Cir. 2014) citing *Connick v. Thompson*, 563 U.S. 51, 59 (2011). Under *Connick*, a plaintiff must allege facts to show that the official (in this case, CIF employees) disregarded [the] known or obvious consequences " '…that a particular omission in their training program [would cause] [municipal] employees to violate citizens' constitutional rights.'" *Connick*, 563 U.S. at 61. Under *Connick*, the issue is not only whether or not was adequate but whether such inadequate training can justifiably be said to represent municipal policy. *Id.* at 390. Finally, *Connick* has held that a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. *Connick,* 563 U.S. at 62.

In applying the *Connick* standard, the 9th Circuit has recognized that a plaintiff must allege that 1) the existing training program is inadequate in relation to the tasks the particular employee must

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)

1   perform; 2) the failure to train amounts to deliberate indifference to the rights of persons with whom the

2   employees come into contact with; and 3) that the inadequacy of the training actually caused a purported

3   constitutional deprivation. *Merritt v. County of Los Angeles* 875 F. 2d. 765, 770 (9th Cir. 1989).

4        In the instant matter, Plaintiffs offer the conclusory statement that James Perry, Mike West,

5   Wong, Osborne and Johnson acted pursuant to an expressly adopted official policy to ignore CIF rules

6   and "put the child first." (*See ECF No. 27,* ¶ 172) Plaintiffs further contend that training policies of the

7   CIF were not adequate to prevent violations of law by James Perry, Mike West, Wong, Osborne and

8   Johnson and the training policies of Defendant CIF did not prepare Wong, Osborne and Johnson to

9   handle the usual and recurring situations with which she was required to manage. (*See ECF No. 27,*

10  ¶ 174)

11       It should be noted that as pled, only James Perry and Mike West are affiliated with the CIF.

12  Edward Wong is identified as a school board president for Saddleback Valley Unified School District

13  and Tricia Osborne and Chad Johnson are employees of the District as a school principal and high

14  school football coach. As pled, Plaintiffs' conclusory allegations provide no facts that show James Perry

15  and Mike West in their capacity with the CIF received inadequate training that in some way, shape or

16  form actually caused Plaintiffs' alleged deprivation of a familial relationship.

17                          **V.  CONCLUSION**

18       Based on the foregoing, it is respectfully requested that this Court sustain the CIF's 12(b)(6)

19  motion as to the Ninth Cause of Action without leave to amend.

20

21  Dated:  February 10, 2025                SPINELLI, DONALD & NOTT

22

23                                          By: _____// *J. Scott Donald*_____

24                                              J. SCOTT DONALD
                                                Attorneys For Defendant
25                                              CALIFORNIA INTERSCHOLASTIC
                                                FEDERATION
26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE, RULE 12(B)(6)