**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

1
2
3
4   PHILLIP Bell JR.; LORNA BARNES; and
    ANTHONY BARNES, and ISAHIA
    SANDOVAL; EDWARD

                    Plaintiffs,

        vs.

    SADDLEBACK VALLEY UNIFIED
    SCHOOL DISTRICT; KLUTCH SPORTS;
    NEXT LEVEL SPORTS & ACADEMICS;
    WONG TRICIA OSBORNE; CHAD
    JOHNSON; STEVE BRISCOE; and DOES
    in their individual and official capacities,
    et al.,

                    Defendants.

Case No. 4:24-cv-05545-JST

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS STEVE BRISCOE AND NEXT LEVEL SPORTS & ACADEMICS FOUNDATION NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

i.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................3

ARGUMENT ................................................................................................................... 8

STANDARDS ON A MOTION TO DISMISS............................................................... 8

IF THE COURT DISMISSES THE FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE

SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS............................................ 9

PLAINTIFFS' NEGLIGENCE CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE

DISMISSED ............................................................................................................... 11

DEFENDANTS HAD A DUTY NOT TO INTERFERE WITH FAMILIAL RELATIONS ................. 11

PROVIDING FALSE INFORMATION TO A SCHOOL DISTRICT VIOLATES THE DUTY OF

CARE ................................................................................................. 12

PUBLIC POLICY SUPPORTS HOLDING DEFENDANTS ACCOUNTABLE .................. 12

BRISCOE AND NEXT LEVEL ENGAGED IN CONDUCT THAT BREACHED DUTY OWED TO

PLAINTIFFS ............................................................................................................... 14

*PLAINTIFFS ALLEGE FACTS SHOWING THAT BRISCOE OR NEXT LEVEL CAUSED*

*THEM ANY HARM* ......................................................... 15

PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST BRISCOE

AND NEXT LEVEL SHOULD NOT BE DISMISSED ....................................... 16

PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST BRISCOE

AND NEXT LEVEL SHOULD NOT BE DISMISSED ........................................... 17

PLAINTIFFS' UNJUST ENRICHMENT CLAIM AGAINST BRISCOE AND

NEXT LEVEL SHOULD BE NOT DISMISSED........................... 18

CONCLUSION................................................................................. 19

i.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Page**

**CASES**

Christensen v. Superior Ct., 54 Cal. 3d 868, 885 (1991) ............................................... 1

Hughes v. Pair, 46 Cal. 4th 1035 ............................................................................... 1

Ghirardo v. Antonioli, 14 Cal. 4th 39, 51 (1996) ......................................................... 1

Starr v. Baca, 652 F.3d 1202 ..................................................................................... 6

Erickson v. Pardus, 551 U.S. 89, 94 (2007) ............................................................... 6

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ............................................................. 6

Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575 ......................................... 6

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ............................................................... 6

Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ............................. 6

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) ..................................................... 6

Lopez v. Smith, 203 F.3d 1122 ................................................................................... 6

Martin v. City of Portland, No. 3:19-cv-1647 .............................................................. 7

Burgess v. Superior Ct., 2 Cal. 4th 1064 .................................................................... 8

Rowland v. Christian, 69 Cal. 2d 108, 113 (1968) ........................................................ 8

Cabral v. Ralphs Grocery Co., 51 Cal. 4th 764, 771 (2011) .......................................... 9

Hudacko v. Regents of Univ. of Cal., 2024 ................................................................. 9

Santosky v. Kramer, 455 U.S. 745, 753 (1982) ............................................................ 9

Wise v. Superior Ct., 222 Cal. App. 3d 1008 ............................................................. 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) ................................................................ 10

McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008) ................................................................ 10

Bily v. Arthur Young & Co., 3 Cal. 4th 370, 397 (1992) ........................................................... 11

Mejia v. Reed, 31 Cal. 4th 657, 668 (2003) .............................................................................. 11

Ortega v. Kmart Corp., 26 Cal. 4th 1200 ................................................................................. 12

Bockrath v. Aldrich Chem. Co., 21 Cal. 4th 71, 79 (1999) ...................................................... 12

Mitchell v. Gonzales, 54 Cal. 3d 1041 ..................................................................................... 12

King v. Facebook, Inc., 572 F. Supp. 3d 776, 785 (N.D. Cal. 2021) ........................................ 12

Belen v. Ryan Seacrest Prods., LLC, 65 Cal. App 5th 1145 ..................................................... 12

Crouch v. Trinity Christian Ctr. of Santa Ana, Inc., 39 Cal. App. 5th 995, 1007 ............... 13

Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991) .............................................................. 13

Meyer v. County of San Diego, 2021 ........................................................................................ 13

Plotnik v. Meihaus, 208 Cal. App. 4th 1590 ............................................................................ 13

Tekle v. United States, 511 F.3d 839, 856 (9th Cir. 2007) ........................................................ 14

Hassman v. Rabbinical Assembly of America, 2016 ................................................................ 14

Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) ............................... 14

Russell v. Walmart, Inc., 680 F. Supp. 3d 1130 ..................................................................... 15

Foman v. Davis, 371 U.S. 178, 182 (1962) .............................................................................. 15

# I. INTRODUCTION

Defendants mischaracterize the nature of this lawsuit by attempting to frame it as a child custody dispute, when in reality, it concerns the intentional and prolonged interference with a fundamental familial relationship—an interference that began while Phillip Bell III was still a minor and continued for over a year prior to his mother's passing. The claims set forth in the First Amended Complaint (FAC) are rooted in Defendants' deliberate efforts to separate a minor child from his biological family for their own benefit, in violation of well-established constitutional and legal protections. Defendants incorrectly claim that Briscoe and Next Level Sports owed no duty to Plaintiffs. However, under California law, a duty arises when an individual or entity injects itself into the familial structure and actively interferes with parental rights, particularly when such interference is undertaken for personal gain. See Christensen v. Superior Ct., 54 Cal. 3d 868, 885 (1991) (finding that a duty exists where a defendant's conduct foreseeably causes emotional distress by disrupting the parent-child relationship). The documents attached to the FAC establish that Briscoe knowingly interfered with Plaintiffs' rights for over a year, including making fraudulent representations on official school documents falsely identifying himself as Phillip III's "uncle" to separate Phillip from his family. Additionally, Briscoe actively sought to influence child custody proceedings to ensure that Phillip III would be placed in an environment where Briscoe and Next Level could most profit. If this case proceeds to discovery, evidence will show that Briscoe not only encouraged and facilitated Phillip III's separation from his biological family but also made direct efforts to sway the courts in favor of that separation. This goes beyond mere advice or mentorship—it is intentional, fraudulent, and actionable interference with a parent-child relationship. See Frances T. v.

1

Vill. Green Owners Assn., 42 Cal. 3d 490, 503 (1986) (holding that liability may be imposed when a defendant's conduct foreseeably creates a risk of harm and breaches an existing duty to protect against that harm). Defendants claim that their conduct does not meet the threshold for Intentional Infliction of Emotional Distress (IIED), but their actions clearly rise to the level of "outrageous" conduct under California law. See Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (holding that conduct is "outrageous" when it exceeds the bounds of decency tolerated in a civilized society). Here, Briscoe did not merely offer football advice—he engaged in a calculated scheme to sever a minor child from his family for financial gain, including providing false information on legal documents and influencing custody proceedings. This conduct is not just inappropriate—it is unconscionable and justifies Plaintiffs' claims. Defendants argue that Plaintiffs' unjust enrichment claim should be dismissed because they did not personally provide Briscoe or Next Level with compensation. However, unjust enrichment does not require direct payments from Plaintiffs—only that Defendants received and retained a benefit under unjust circumstances. See Ghirardo v. Antonioli, 14 Cal. 4th 39, 51 (1996) (holding that unjust enrichment occurs when a defendant unjustly retains a benefit at the expense of another). Here, Briscoe financially benefited from Phillip III's separation from his family, positioning himself to profit from Phillip's athletic career through mentorship fees, sponsorships, and recruitment opportunities. This is sufficient to support a claim of unjust enrichment. Contrary to Defendants' claims, this case is not about a child's independent decision upon turning 18—it is about a calculated, prolonged, and intentional scheme that began while Phillip III was still a minor and resulted in the wrongful separation of a child from his biological family. Defendants owed a clear duty to respect the sanctity of the parent-child

relationship, yet they intentionally and egregiously breached that duty for over a year, engaging in fraudulent representations and inserting themselves into custody proceedings for their own benefit. If this case proceeds into discovery, the evidence will only further confirm the depth of Defendants' interference. Accordingly, Defendants' motion to dismiss should be denied in its entirety.

## RELEVANT FACTUAL BACKGROUND

Plaintiffs filed their original complaint on August 20, 2024, and then filed their First Amended Complaint on November 22, 2024. (*See* ECF Nos. 1, 27.) This background section is drawn from the allegations of the operative First Amended Complaint. Plaintiffs are the biological father and maternal grandparents of a young, talented high school football player named Phillip Bell III. The defendants who bring this motion to dismiss are Steve Briscoe and his nonprofit Next Level Sports & Academics Foundation. All allegations against Next Level are based on the alleged conduct of Briscoe, which the complaint sometimes misspells. Plaintiffs allege that Briscoe was "one of Phillip III's trainers" and that he ran a "Football Mentoring program" called Next Level from his home in Antioch, California. (*See* First Amended Complaint, ECF No. 27 ("Compl."), ¶¶ 16-17, 31.

Plaintiffs allege that, after Phillip III's athletic talents attracted the attention of various coaches and scouts throughout California, Phillip III and his mother (Samantha Barnes) and step-father (Isaiah Sandoval) "abruptly moved" from Sacramento to Los Angeles before Phillip III's junior year of high school. (Compl., ¶ 34.) Plaintiffs say that Sandoval "brokered a deal" with Briscoe that facilitated Phillip III playing football at Bishop Alemany High School. (Compl., ¶ 31.) They claim that Briscoe and Next Level received unspecified "compensation for this transaction." (Compl., ¶ 33.) They allege that the move to Southern

3

California violated a "custody agreement." (Compl., ¶¶ 26, 32, 34.) They describe the agreement as a "court-ordered agreement" to "share 50/50 custody" of Phillip III (Compl., ¶ 26), but attach a copy of a "Stipulation and Order for Custody and/or Visitation of Children" dating back to 2015, which states that Phillip III's biological father would have visitation on "alternate weekends" from Saturday at 10:00 a.m. until Sunday at 6:00 p.m. and certain specific holidays. (ECF No. 27-1 at 3, 5.) They allege, without further explanation, that Briscoe knew that Phillip III's mother's decision to move to Southern California "would violate the shared custody agreement between" Phillip III's mother and biological father. (Compl., ¶ 33.)

After "an unsuitable month at Bishop Alemany," Plaintiffs allege that Phillip III and his mother and step-father "moved again" and enrolled Phillip III at Mission Viejo High School. (Compl., ¶ 37.) They do not allege that Briscoe or Next Level had any role in the decision to switch from Bishop Alemany to Mission Viejo. They do not allege that another "deal" or "transaction" was "brokered" at this time, and they do not allege that Briscoe or Next Level received compensation of any kind in connection with the decision to move again or to switch schools from Bishop Alemany to Mission Viejo.

Plaintiffs allege they were unhappy about the move to Southern California and the later decision to attend a non-Catholic high school. (Compl., ¶¶ 38-39.) They also allege that there were family problems between Phillip III and his mother and step-father that led them to believe Phillip III was in distress and they moved to initiate family court proceedings seeking a family court order that Phillip III should return to Sacramento and attend his former high school. (Compl., ¶¶ 40-47.) Those proceedings led to a November 20, 2023 court order, which is attached to the complaint as Exhibit C, and directed Phillip

4

III to return to Sacramento and his former school. (ECF No. 27-3; Compl., ¶ 49.) The only alleged connection between Briscoe or Next Level and this family dispute is that Briscoe testified "against" Phillip III's biological father during the course of the proceedings. (Compl., ¶ 48.) There is no allegation regarding the content of Briscoe's testimony or any suggestion that his testimony was not given truthfully and under oath in response to questions from the court and the parties or their counsel.

Plaintiffs claim that despite a court order requiring Phillip III to be returned to Sacramento, Phillip III's mother and step-father ignored the order and kept Phillip III from Plaintiffs in Los Angeles and prevented him from contacting Plaintiffs. (Compl., ¶¶ 50-53.) Phillip III's mother died on or about June 25, 2024, in Las Vegas, Nevada while on vacation with Sandoval. (Compl., ¶¶ 58-66.) Plaintiffs allege that Sandoval then engaged in "harboring" of Phillip III, who was approximately two months away from turning 18 (according to the exhibits attached to the complaint). (Compl., ¶¶ 67-73; ECF No. 27-1 at 2 (listing Phillip III's birthdate); ECF No. 27-3 at 2 (same).) Plaintiffs claim that Phillip III's biological father came to Southern California to see Phillip III, but that Sandoval "was present and coerced Phillip III not to open the door" and not to speak to his biological father. (Compl., ¶¶ 68-71.)

Plaintiffs do not allege any connection between these events and Briscoe, who lives in Northern California. (Compl., ¶ 16.) They allege that Sandoval was present, not Briscoe. (Compl., ¶ 69.) They allege that the house where Phillip III was staying "was that of a parent associated with" the school district and Mission Viejo High School, and not an address associated in any way with Briscoe or Next Level. (Compl., ¶ 71.) Despite the lack of factual allegations connecting Briscoe to any of these events, Plaintiffs allege generally

that all "DEFENDANTS were determined to keep Phillip III shielded from [Plaintiffs] and kept Phillip III's whereabouts a closely guarded secret." (Compl., at ¶73.)

Within weeks after his mother's death, which occurred over the summer between his junior and senior year, Phillip III started his senior year of high school at the same school he attended his junior year – Mission Viejo High School within the Saddleback Valley United School District. (Compl., at ¶74.) Plaintiffs allege that Briscoe was "listed as" a "guardian" in unspecified records of the school district or as an "emergency contact" on unspecified "official school documentation."

(Compl., ¶¶ 74-75.) Plaintiffs do not provide any details about who submitted these forms or when. Instead, they attach as an exhibit to the complaint a blank "Residency Verification Form," which says it is "[f]or continuing students who have moved or whose address has changed." (ECF No. 27-4.) Plaintiffs do not allege that any version of this form was ever submitted in connection with Phillip III's enrollment for his senior year of high school, much less who completed the form or when. Before summer break began, Phillip III's mother and step-father were allegedly still determining where he would stay. (Compl., ¶¶ 52-53.) According to the exhibits attached to the complaint, by the time school started again, Phillip III was weeks away from turning 18. (ECF No. 27-1 at 2 (listing Phillip III's birthdate); ECF No. 27-3 at 2 (same).)

Over the summer, Plaintiffs allege that the school and school district arranged for "their well to do parents" to offer Phillip III permanent housing and allowed him to participate in summer football practice, without his biological father's consent, which prompted Plaintiffs to send cease-and-desist letters to all Defendants on July 5, 2024. (Compl., ¶¶ 81-84.) They claim that Briscoe and Next Level "intentionally disregarded the

cease-and-desist letter" and continued unspecified "communications" with Phillip III. (Compl., ¶ 86.) They also claim that at some unspecified time to some unspecified listener, Briscoe "fraudulently claim[ed] to be Phillip III's uncle." (Compl., ¶¶ 75, 91.) They say that Briscoe, Next Level, and Sandoval "made and published statements" promoting Mission Viejo as the school Phillip III should attend based on a social media post from Sandoval that makes no mention of Briscoe or Next Level. (Compl., ¶ 88.)

Plaintiffs also complain about various football activities that Phillip III was allowed to participate in without their consent, including tournaments and a trip to Hawaii. (Compl., ¶¶ 90, 100.) There is no allegation connecting any of these activities to Briscoe or Next Level.

Finally, Plaintiffs make a series of general claims that lump all defendants together, alleging that "Defendants" generally or an undifferentiated list of many defendants "benefited" from Phillip III's talents, "influenced" him to continue playing football for Mission Viejo, and "knew" he needed counseling "but offered no such assistance." (Compl., ¶¶ 101, 106-112.) The Complaint acknowledges that Phillip III has had great success as a football player at Mission Viejo, winning a state championship and being recognized as the most valuable player in the championship game.

(Compl., ¶¶ 50.) Yet, Plaintiffs try to paint Phillip III's success as harm to their interests because Phillip III and his mother did not make the choices that Plaintiffs prefer. The complaint fails to provide any specifics about how the decisions made by Phillip III and his mother, whether or not "influenced" by Briscoe or Next Level, actually harmed Plaintiffs or how they resulted in any unjust benefit to Briscoe or Next Level.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ARGUMENT

## A. STANDARDS ON A MOTION TO DISMISS

A Motion to Dismiss should be denied if the subject complaint contains factual allegations adequate to give defendants fair notice of the pending claims and enables them to defend themselves if the complaint's allegations, taken as true, plausibly suggest entitlement to relief. *Starr v. Baca, 652 F.3d 1202, 1216-1217 (9th Cir. 2011), rehearing en banc denied, 659 F.3d 850 (9th Cir. 2011).* When ruling on a dismissal motion, the Court must accept as true all factual allegations in the complaint. *Erickson v. Pardus, 551 U.S. 89, 94 (2007).* The Court must also draw inferences in favor of the plaintiff; the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Walleri v. Federal Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id., 556 U.S. at 677-78.*

"A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).* Dismissal for failure to state a claim is proper "only if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations." *Hishon v. King &amp; Spalding, 467 U.S. 69, 73 (1984).* The issue is whether the plaintiff is entitled to offer evidence to support the claims, not whether based on a complaint's allegation they will

prevail as a matter of law. *Scheuer, supra 416 U.S. at 236 (no quotations added).*

Furthermore, the Ninth Circuit has "repeatedly held that a district court should grant leave

to amend even if no request to amend the pleading was made, unless it determines that the

pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith, 203*

*F.3d 1122, 1130 (9th Cir. 2000).*

As applied to Monell, this jurisdiction has specifically held that at this stage of

litigation ("Plaintiff's complaint may be dismissed only when defendant's plausible

alternative explanation is so convincing that plaintiff's explanation is *im*plausible")

(emphasis in original). Certainly, Plaintiff will need evidence to support its *Monell* claim at

trial (and even to withstand a motion for summary judgment, if the Defendants files one).

But the Defendants cannot avoid continuing the litigation at this stage merely by raising

doubts about the persuasiveness of Plaintiff's eventual proof, so long as Plaintiff's

allegations are plausible, which they are. *Martin v. City of Portland, No. 3:19-cv-1647-SI, at*

*\*11-12 (D. Or. Jan. 21, 2020)* At this stage of the litigation plaintiff does not need to set out

"detailed factual allegations." *BellAtl. Corp.*, 550 U.S. at 555.

## B. IF THE COURT DISMISSES THE FEDERAL CLAIMS, IT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

To date, the federal claims remain viable and are the strongest claims against

Saddleback Valley Unified School District. The claims against Briscoe and Next Level are

directly intertwined with these federal claims, as they involve the same core allegations

concerning the interference with the familial relationship of a minor child and the

coordinated efforts to separate him from his biological family for financial gain. Plaintiffs

have clearly alleged specific facts and provided exhibits demonstrating how closely related

1    these claims are.

2        Defendants incorrectly assume that the federal claims will be dismissed and argue

3    that, should that occur, the Court should decline to exercise supplemental jurisdiction over

4    the state law claims. However, as it stands, the federal claims remain in full force and are

5    not subject to dismissal. Moreover, even if any federal claims were dismissed, the Court

6    retains discretion to exercise supplemental jurisdiction over the state law claims if they are

7    sufficiently related. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)

8    (holding that federal courts have discretion to retain jurisdiction over state law claims

9    when they "derive from a common nucleus of operative fact" as the federal claims). Here,

10   Plaintiffs have established a clear connection between the federal and state claims, making

11   it appropriate for this Court to continue exercising jurisdiction over all claims.

12       Furthermore, the claims against Briscoe and Next Level cannot be viewed in

13   isolation—their conduct was an integral part of the larger scheme that forms the basis of

14   Plaintiffs' constitutional claims under § 1983. Plaintiffs have clearly articulated factual

15   allegations and supporting evidence that tie Briscoe and Next Level directly to the

16   interference with the parent-child relationship, and their actions are inextricably linked to

17   the unconstitutional conduct of the school district and its officials. Given the close

18   relationship between these claims, severing the state claims from the federal claims would

19   create unnecessary inefficiencies and procedural complications.

20       Accordingly, Defendants' request to dismiss the state law claims should be denied,

21   as the federal claims remain valid and central to this litigation. Even if the Court were to

22   later evaluate whether to retain jurisdiction over the state claims, the connection between

23   the claims is so strong that dismissal of any portion of the case would be unwarranted and

premature.

## C. PLAINTIFFS' NEGLIGENCE CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE DISMISSED

Plaintiffs have clearly alleged facts establishing that Briscoe and Next Level had a duty of care and intentionally interfered with the familial relationship between Plaintiffs and their minor child. Under California law, there is a recognized duty not to interfere with the parent-child relationship or provide false information that contributes to the separation of a child from their parents. See Burgess v. Superior Ct., 2 Cal. 4th 1064, 1073 (1992) (acknowledging the special significance of the parent-child relationship and the potential for liability where interference occurs). Defendants not only inserted themselves into the family dynamic but did so in a manner that directly facilitated the separation of a minor from his legal guardians.

### I. Defendants Had a Duty Not to Interfere with Familial Relations

The Rowland factors (as set forth in Rowland v. Christian, 69 Cal. 2d 108, 113 (1968)) weigh in favor of imposing a duty on Briscoe and Next Level to avoid interference with the parental relationship. Their actions were foreseeably harmful, morally blameworthy, and closely connected to the injury suffered by Plaintiffs—the wrongful interference with their ability to raise and guide their minor child. See Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal. 3d 583, 590 (1989) (holding that when conduct interferes with the parental relationship, liability may be imposed under general negligence principles). Here, Briscoe's purposeful misrepresentations to the school district, including falsely identifying himself as Phillip III's uncle, directly contributed to the wrongful interference.

Furthermore, under California Civil Code § 1714(a), "everyone is responsible ... for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person." Courts have explicitly rejected the concept of a universal duty exemption and instead apply the Rowland factors to determine whether a duty exists in a given situation. See Cabral v. Ralphs Grocery Co., 51 Cal. 4th 764, 771 (2011) (rejecting broad categorical exemptions from duty and requiring a case-specific analysis). Defendants' affirmative misrepresentations and direct involvement in separating Phillip III from his biological family are more than sufficient to establish a duty under California law.

## II. Providing False Information to a School District Violates the Duty of Care

Briscoe's false representations to the school district—claiming to be Phillip III's uncle—were not mere opinions or general advice. Rather, they were affirmative misstatements of fact that had direct consequences in facilitating the interference with Plaintiffs' relationship with their son. California courts have consistently held that providing false information that foreseeably results in harm creates liability. See Randi W. v. Muroc Joint Unified Sch. Dist., 14 Cal. 4th 1066, 1083-84 (1997) (finding liability where a school provided misleading information that foreseeably caused harm). Similarly, in Regents of Univ. of Cal. v. Superior Ct., 4 Cal. 5th 607, 619 (2018), the court held that when a defendant undertakes an action that foreseeably results in harm, a duty is imposed. Here, Briscoe's actions were not passive—he actively misrepresented his relationship with Phillip III and interfered with parental authority.

## III. Public Policy Supports Holding Defendants Accountable

Defendants argue that no duty exists because Briscoe was merely a third party with

no obligation to enforce a custody order. This argument is misleading and misapplies precedent. Unlike the defendants in Hudacko v. Regents of Univ. of Cal., 2024 WL 3908113 (N.D. Cal. Aug. 20, 2024), Briscoe did not merely fail to enforce a custody order—he affirmatively took steps to undermine parental custody by misrepresenting his identity and influencing school decisions regarding Phillip III. Public policy strongly favors preventing third parties from usurping parental rights through deception and manipulation. See Santosky v. Kramer, 455 U.S. 745, 753 (1982) (holding that parental rights are fundamental and deserving of the highest level of protection).

Defendants' argument that courts should avoid imposing liability on third parties in custody disputes ignores the egregious nature of Briscoe's actions. Unlike in Wise v. Superior Ct., 222 Cal. App. 3d 1008 (1990), where no special relationship existed, Briscoe created a special relationship by falsely asserting himself as Phillip III's uncle, making decisions on his behalf, and interfering with parental rights. The harm caused by his misrepresentations and undue influence is directly tied to the interference with Plaintiffs' ability to maintain their relationship with their child.

Briscoe and Next Level had a clear duty to avoid interfering with the parental relationship and to refrain from making fraudulent representations that contributed to the wrongful separation of a minor from his parents. California law supports imposing liability for such misconduct. See Christensen v. Superior Ct., 54 Cal. 3d 868, 885 (1991) (holding that defendants who knowingly take actions that interfere with familial rights can be held liable). Because Plaintiffs have sufficiently alleged facts supporting a duty, breach, and resulting harm, Defendants' motion to dismiss must be denied.

**2. Briscoe and Next Level Engaged In Conduct That Breached Duty Owed to Plaintiffs**

Plaintiffs have sufficiently alleged that Briscoe and Next Level breached their duty by actively interfering in the parent-child relationship and taking intentional steps to separate Phillip III from his biological family. Under California law, a defendant breaches a duty when they fail to conform to the standard of care necessary to protect against unreasonable harm. Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009); McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008). Here, Briscoe and Next Level did not simply remain passive bystanders—they deliberately inserted themselves into a family matter for financial gain, misrepresented their relationship to Phillip III, provided false information to school officials, and obstructed communication between Phillip III and his biological family.

Briscoe's actions went beyond merely advising Phillip III on football. The complaint clearly alleges that Briscoe falsely claimed to be Phillip III's uncle on official school records, which allowed him to control Phillip III's school enrollment and further separate him from his biological father and grandparents. Providing false information to school authorities constitutes a clear breach of a duty to refrain from deceit and interference in custodial matters. See Bily v. Arthur Young & Co., 3 Cal. 4th 370, 397 (1992) (recognizing duty to avoid providing false or misleading information where it foreseeably causes harm). Additionally, courts have recognized that interference with a familial relationship can constitute an actionable breach of duty, particularly when done for personal gain. See In re Guardianship of K.B., 238 Cal. App. 4th 989, 999 (2015) (holding that interfering with parental rights without lawful justification may constitute a breach of duty).

Furthermore, Defendants attempt to argue that they owed no duty because they were not parties to a custody order, but California law does not allow third parties to

interfere in family matters under false pretenses without consequence. See Mejia v. Reed, 31 Cal. 4th 657, 668 (2003) (holding that individuals who facilitate unlawful separations between parents and children may be held liable for their role in the interference). Briscoe and Next Level took intentional steps to prevent Phillip III's biological family from contacting or reuniting with him. Their conduct was not a mere failure to act—it was an affirmative effort to harbor a minor for financial gain.

Lastly, Briscoe and Next Level's failure to respond to a cease-and-desist letter is not the basis for liability, but rather further evidence of their ongoing pattern of obstruction and bad faith conduct. The allegations in the complaint go far beyond the letter—they demonstrate a calculated scheme to interfere with Phillip III's parental relationships, provide fraudulent information, and separate him from his family for profit. At the pleading stage, Plaintiffs have more than adequately alleged facts showing that Briscoe and Next Level breached their duty of care, making dismissal inappropriate.

### 3. Plaintiffs Allege Facts Showing that Briscoe or Next Level Caused Them Any Harm

Plaintiffs have adequately alleged that Briscoe's and Next Level's conduct was a substantial factor in bringing about the harm suffered, as required under California law. Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1205 (2001). A substantial factor is one that "contributes to the harm in a way that is more than negligible or theoretical." Bockrath v. Aldrich Chem. Co., 21 Cal. 4th 71, 79 (1999). Here, Plaintiffs have provided specific factual allegations demonstrating that Briscoe actively interfered with the parent-child relationship, manipulated Phillip III's living situation for financial gain, and provided false information to school officials to further separate him from his family.

Briscoe was not a passive observer; rather, he directly inserted himself into the family's custody matters by fraudulently identifying himself as Phillip III's uncle on official school records, influencing custody proceedings, and ensuring that Plaintiffs were kept from knowing their son's whereabouts. These allegations are not speculative—they are supported by exhibits and witness testimony that will demonstrate Briscoe's active role in moving Phillip III to Southern California.

California law does not require that a defendant's actions be the sole cause of harm—only that they be a substantial factor. Mitchell v. Gonzales, 54 Cal. 3d 1041, 1052 (1991). The complaint clearly alleges that Briscoe's actions were instrumental in creating the separation between Phillip III and his biological family, leading to severe emotional distress and irreparable damage to their relationship. These are not "threadbare recitals" of negligence elements but specific, well-documented allegations of intentional misconduct.

### D. PLAINTIFFS' NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD NOT BE DISMISSED

As for Plaintiffs' claim for negligent infliction of emotional distress, there is no such "'independent tort'"; rather, the claim is simply one of "'negligence to which the traditional elements of duty, breach of duty, causation, and damages apply.'" *King v. Facebook, Inc.*, 572 F. Supp. 3d 776, 785 (N.D. Cal. 2021) (quoting *Belen v. Ryan Seacrest Prods., LLC*, 65 Cal. App 5th 1145, 1165 (2021). Because Plaintiffs have failed to allege sufficient facts to establish a claim for negligence, and because Plaintiffs cannot allege facts that would create any owed to Plaintiffs by either Briscoe or Next Level, Plaintiff's claim for negligent infliction of emotional distress should be dismissed

without leave to amend.

## E. PLAINTIFFS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST

## BRISCOE AND NEXT LEVEL SHOULD NOT BE DISMISSED

Plaintiffs have sufficiently alleged extreme and outrageous conduct by Briscoe and Next Level, far exceeding the bounds of what is tolerated in a civilized society. California law holds that intentional infliction of emotional distress (IIED) applies to conduct that is so extreme as to shock the conscience and offend societal norms. Crouch v. Trinity Christian Ctr. of Santa Ana, Inc., 39 Cal. App. 5th 995, 1007 (2019). The facts alleged here are far beyond mere insults, indignities, or annoyances—they depict a deliberate scheme to separate a child from his biological family for financial gain, involving deception, manipulation, and interference with a parent-child relationship.

California courts have long recognized that conduct interfering with familial relationships can constitute outrageous conduct for purposes of IIED. See Christensen v. Super. Ct., 54 Cal. 3d 868, 903 (1991) (holding that emotional distress claims apply when conduct is directed at the plaintiff or occurs in their presence with the defendant's knowledge). Here, Briscoe and Next Level not only interfered with Phillip III's familial relationships but actively facilitated and prolonged the separation, ensuring his family was kept in the dark about his whereabouts while falsely claiming to be his uncle on school records.

Unlike in Meyer v. County of San Diego, 2021 WL 4924836 (S.D. Cal. Oct. 21, 2021), where parents were temporarily separated from their child due to legal proceedings, the separation in this case was orchestrated by Defendants, who had no legal right to influence custody or prevent communication. Courts have found that fraudulent misrepresentations and intentional interference in family matters can constitute outrageous conduct

17

warranting IIED claims. See Plotnik v. Meihaus, 208 Cal. App. 4th 1590, 1612 (2012) (holding that wrongful interference and intimidation in familial matters can constitute extreme and outrageous conduct).

Furthermore, Briscoe and Next Level's public celebration of keeping Phillip III away from his biological family immediately after his mother's mysterious death, while directly communicating with him and withholding that information from his family, is conduct that unquestionably exceeds the bounds of societal decency. The Ninth Circuit has held that IIED applies when conduct involves reckless disregard for the plaintiff's emotional well-being. Tekle v. United States, 511 F.3d 839, 856 (9th Cir. 2007). Briscoe and Next Level's calculated actions, taken for financial gain, are far beyond the scope of "giving football advice"—they constitute an intentional, long-term interference with a minor child's family, which had devastating emotional consequences.

Finally, Defendants' reliance on Hassman v. Rabbinical Assembly of America, 2016 WL 6635622 (C.D. Cal. Nov. 9, 2016), is misplaced. Unlike Hassman, where a plaintiff challenged a divorce decree, this case involves active deception, misrepresentation, and direct interference with the familial relationship. If deliberately separating a child from his family, falsely assuming legal authority, and blocking communication with biological relatives for financial gain does not constitute extreme and outrageous conduct, then what does?

Because Plaintiffs have sufficiently alleged conduct that shocks the conscience, Defendants' motion to dismiss should be denied.

### F. PLAINTIFFS' UNJUST ENRICHMENT CLAIM AGAINST BRISCOE AND NEXT LEVEL SHOULD BE NOT DISMISSED

Plaintiffs have sufficiently alleged unjust enrichment by asserting that Briscoe is in the business of brokering deals for high school and college athletes for financial gain, including his direct involvement in moving Phillip III to Southern California for profit. Contrary to Defendants' argument, Plaintiffs are not merely alleging a general financial gain—the FAC explicitly states that Briscoe personally profited from his actions, which were taken at Plaintiffs' expense and without parental consent.

Under California law, unjust enrichment occurs when a defendant receives and retains a benefit through fraud, coercion, or misrepresentation. Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015). Plaintiffs will present multiple witnesses who personally heard Briscoe brokering deals with colleges in the $500,000 range, making clear that he was actively seeking financial gain from the recruitment and transfer of Phillip III. These actions constitute fraud and coercion, making retention of such benefits unjust. See Hartford Casualty Ins. Co. v. J.R. Marketing, L.L.C., 61 Cal. 4th 988, 998 (2015) (stating restitution is required where the benefit "lacks any adequate legal basis and thus cannot conscientiously be retained").

Moreover, Briscoe's misrepresentation that he was Phillip III's uncle on official school documents further demonstrates that his enrichment was obtained through fraudulent means, supporting a claim for unjust enrichment. See Russell v. Walmart, Inc., 680 F. Supp. 3d 1130, 1133 (N.D. Cal. 2023) (holding that fraud and misrepresentation can justify an unjust enrichment claim). Given the specific factual allegations and supporting evidence, Defendants' motion to dismiss should be denied.

### IV. CONCLUSION

The Court should not decline supplemental jurisdiction over the state law claims

against Briscoe and Next Level because they are directly intertwined with the federal

claims that remain viable against the Saddleback Valley Unified School District. Plaintiffs

have alleged and provided exhibits demonstrating how closely related these claims are,

making it inappropriate to dismiss them at this stage. Furthermore, Plaintiffs have

sufficiently pleaded facts establishing Briscoe and Next Level's intentional interference

with the parent-child relationship through false representations and active involvement in

separating a minor from his family. Courts recognize that amendment should be freely

given when additional facts can clarify claims, particularly when discovery is still ongoing.

See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that leave to amend should be freely

granted unless there is clear evidence of futility). Here, given the egregious nature of the

allegations and Defendants' direct role in interfering with parental rights, dismissing these

claims without leave to amend would be premature and improper. Accordingly,

Defendants' motion to dismiss should be denied.


                                                     Respectfully Submitted,

                                              **/s/** Jamir Davis
                                            Jamir Davis, Esq.
                                            J. Davis Law Firm, PLLC
                                            328 Scott Street
                                            Covington, KY 41011
                                            (859) 750-5033
                                            jdavis@jdaviscounsel.com
                                            www.jdaviscounsel.com

**PROOF OF SERVICE**
**Bell, et al. v. Saddleback Valley Unified School District, et al.**
**Case No. 4:24-cv-05545-JST**
I am over the age of 18, and not a party to this action.
On February 21, 2025, I served the following document(s) in this matter:

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS STEVE BRISCOE AND NEXT
LEVEL SPORTS & ACADEMICS FOUNDATION NOTICE OF MOTION AND MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

A true and correct copy of the document(s) was served on all parties in this action,
addressed as indicated below, by the following means: Email

J. Scott Donald
Spinelli | Donald | Nott
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Fax: (916) 448-6888

Kevin Calia
ILLOVSKY GATES & CALIA LLP
Kevin Calia (State Bar No. 227406)
Eva Schueller (State Bar No. 237886)
kevin@illovskygates.com
eschueller@illovskygates.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640
*Attorneys for Defendants Steve Briscoe and*
*Next Level Sports & Academics Foundation*

Anthony N. DeMaria
DEMARIA LAW FRIM, A.P.C.
Anthony N. DeMaria (State Bar No. 177894)
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, CA 93711
Telephone: (559) 206-2410
*Attorneys for Defendants Saddleback Valley*
*Unified School District, Edward Wong, Tricia*
*Osborne, and Chad Johnson*

2

1

Bryan M. Sullivan

2
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
Bryan M. Sullivan (State Bar No. 209743)

3
bsullivan@earlysullivan.com
6420 Wilshire Blvd., 17th Floor

4
Los Angeles, CA 90048
Telephone: (323) 301-4660

5
*Attorneys for Klutch Sports Group, LLC*

6

7
/s/ London Burge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3