1  Bryan M. Sullivan, State Bar Number 209743
   *bsullivan@earlysullivan.com*
2  Zachary C. Hansen, State Bar Number 325128
   *zhansen@earlysullivan.com*
3  EARLY SULLIVAN WRIGHT
   GIZER & McRAE LLP
4  6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
5  Telephone: (323) 301-4660
   facsimile: (323) 301-4676
6
   Attorneys for Defendant
7  KLUTCH SPORTS GROUP
   (erroneously sued as Klutch Sports)
8

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES,<br><br>        Plaintiffs,<br><br>vs.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE; and DOES 1-20 in their individual and official capacities, et al.,<br><br>        Defendants. | Case No. 4:24-cv-05545-JST<br><br>**DEFENDANT KLUTCH SPORTS GROUP'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Date:   March 27, 2025<br>Time:  2:00 P.M.<br>Ctrm.:  6<br><br>*Judge:*   Hon. Judge Jon S. Tigar |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

The crux of Plaintiffs Phillip Bell Jr.'s, Lorna Barnes', and Anthony Barnes' (collectively "Plaintiffs") opposition to Defendant Klutch Sports Group's (erroneously sued as Klutch Sports) ("Klutch") motion to dismiss is that, by entering into a contract to represent Phillip Bell III ("Bell III"), Klutch provided Bell III with the financial ability to avoid communicating with Plaintiffs in violation of the custody order, which only applied to Philip Bell Jr., Bell III's father, and not the other two Plaintiffs. However, Klutch cannot be held liable for doing what it had every legal right to do—enter into an agreement with Bell III to memorialize Bell's decision to have Klutch represent him for the negotiation of marketing deals, and then heed its client's instruction for Klutch to not communicate with Plaintiffs. *See Dryden v. Tri-Valley Growers*, 65 Cal.App.3d 990 (1977) ("[I]t is well settled that no actionable wrong is committed where, as here, the defendant's conduct consists of something which he had an absolute right to do").

In making their argument, Plaintiffs intentionally misstate California law that minors can only enter into certain contracts. To the contrary, it is the exact opposite. California Family Code § 6700 states that "[e]xcept as provided in Section 6701, a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance...." California Family Code § 6701 provides that certain contracts with minors are void (giving a delegation of power and making contracts relating to real property or any personal property not in the immediate control of the minor), none of which are applicable here. Even so, § 6701 does not state those contracts are illegal—rather, they are void. Given these California statutes, Plaintiffs' reliance on the custody order is entirely misplaced because Klutch was not a party to the action giving rise to that order, which does not regulate a minor's ability to enter into a contract under § 6700 subject to the minor's right to disaffirmance or those contracts that are void under § 6701.

By Plaintiffs' own admission, Klutch did nothing more than fulfill its contractual obligations to Bell III, and Klutch cannot be held liable for engaging in actions that it had a legal right to do.[1]

---

[1] Notably, Plaintiffs are seeking damages only for the 8 week time period between Bell III's

## II.     ARGUMENT

Notably, Plaintiffs' Opposition has two significant errors relating to the standards on a motion to dismiss. First, Plaintiffs rely upon outdated law in citing to *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) for the "no set of facts" standard that has been expressly discredited by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny: The "'no set of facts' language has been questioned, criticized, and explained away … [t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[2] *Twombly*, 550 U.S. at 562-563. Second, Plaintiffs improperly attached three extraneous exhibits to their Opposition which were not attached to the Complaint and is therefore relying on facts not plead in the Complaint. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) (such new facts are irrelevant for purposes of a Rule 12(b)(6) motion to dismiss.).

### A.     KLUTCH'S CONTRACT WITH BELL III WAS LEGALLY ENTERED INTO PURSUANT TO CALIFORNIA LAW.

Plaintiffs' argument that it was illegal for Klutch to enter into a contract with a minor. (Opposition at 8:3-13) is fatally flawed because it grossly misstates California law. California Family Code § 6700 provides: "Except as provided in Section 6701, a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance…." California Family Code § 6710 provides: "Except as otherwise provided by statute, a contract of a minor may be disaffirmed

---

mother's death on June 25, 2024 (see First Amended Complaint ("Complaint"), at ¶¶58-64) and Bell III turning 18, the age of majority, on August 30, 2024. (*Id.* at Ex. A, p. 2.) It is highly unlikely that any court would find that any issues arising during this short time period before the age of majority would constitute "interference" with a custody order, which is likely the reason this case is not being brought in the family court to enforce that custody order.

[2] Klutch notes that Exhibit "A" to Plaintiffs' Opposition (ECF Dkt. No. 58-1) appears to be a text exchange between Plaintiffs' attorney of record in this case and Bell III's mother regarding legal advice provided in relation to this matter (i.e., agreeing to review Bell III's contract with Klutch before this lawsuit was filed), which may be grounds for disqualification of Plaintiffs' attorney in this case.

by the minor before majority or within a reasonable time afterwards or, in case of the minor's death within that period, by the minor's heirs or personal representative." The right to disaffirmance is how the law protects minors in a contract. *I.B. ex rel. Fife v. Facebook, Inc.*, 905 F.Supp.2d 989, 1004-1005) (citing 5 *Williston on Contracts* § 9:10 (4th ed. 2011)).

Under California Family Code § 6701, a minor cannot do the following: (1) give a delegation of power; (2) make a contract relating to real property or any interest therein; or (3) make a contract relating to any personal property not in his or her immediate possession or control. Such contracts are void from the start and require no act of disaffirmance. None of these types of agreements is at issue here. As with the purpose of the disaffirmance right, making these certain contracts void is how the law protects the rights and interests of minors in a contract. *See id*. Indeed, this Court has recognized the foregoing law in *Lopez v. Kmart Corporation*, 2015 WL 2062606, at *4-5 (N.D. Cal. May 4, 2015), stating:

> California law plainly provides that a minor has the capacity to contract, with the exception of those contracts specifically prohibited. *See* Cal. Civ. Code § 1557 ("[T]he capacity of a minor to contract is governed by Division 11 (commencing with Section 6500) of the Family Code."); Cal. Family Code § 6700 ("Except as provided in Section 6701, a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance[.]").

*Lopez* further stated that disaffirmance "may be made by any act or declaration" indicating intent to disaffirm; in other words, "express notice to the other party is unnecessary," (*Celli v. Sports Car Club of Am., Inc.*, 29 Cal.App.3d 511, 517 (1972)), and "[n]o specific language is required to communicate an intent to disaffirm[.]" *Berg v. Traylor,* 148 Cal.App.4th 809, 820 (2007).

Plaintiffs have failed to assert any legitimate argument as to why these well-founded principles do not apply to the agreement between Klutch and Bell III. Klutch's contract with Bell III is entirely legal under California law and Plaintiffs' arguments to the contrary are without merit.

### B.  PLAINTIFFS' NEGLIGENCE CLAIMS ARE FATALLY FLAWED

The crux of Plaintiffs' argument supporting their negligence claim is that Klutch owed them a duty not to interfere with their legally protected parental rights (although such rights only exist in Philip Bell, Jr.). That argument is a misapplication of the *Rowland* factors in an attempt to manufacture a legal duty where one does not exist.

In this regard, Plaintiffs argue that "Klutch knowingly provided financial resources that facilitated the child's absence from the jurisdiction" and that Klutch's conduct is "morally blameworthy … because it directly undermined a judicially recognized custody order." (Opposition, at 7:9-13, 7:20-22.) There is nothing remotely "morally blameworthy" about Klutch entering into a legal, consensual, arm's length agreement with someone that has a unilateral right to disaffirm said contract pursuant to Family Code § 6700. *See Dryden*, 65 Cal.App.3d 990 ("[I]t is well settled that no actionable wrong is committed where, as here, the defendant's conduct consists of something which he had an absolute right to do"); Cal. Fam. Code §§ 6700, 6701, 6710.

Plaintiffs further argue their claimed harm was foreseeable because "Klutch's actions facilitated and encouraged the minor's absence from Northern California". (Opposition, at 10:14-20.) For these same reasons, there is no connection between Klutch's actions of legally entering a contract with Bell III and the harm Plaintiffs claim to have suffered. *See Dryden*, 65 Cal.App.3d 990; Cal. Fam. Code §§ 6700, 6701, 6710.

In an attempt to distinguish the facts of *Hudacko v. Regents of University of California*, 2024 WL 3908113 (N.D. Cal. Aug. 20, 2024), a case analogous to this case, Plaintiffs argue Klutch "directly facilitated the breach of a court order." (Opposition, at 9:8-10.) However, Plaintiffs fail to explain who Klutch helped breach the custody order and how Klutch purportedly directly facilitated a breach of a custody arrangement, to which they were not a party, by entering into a lawful, consensual contract with Bell III. Again, Plaintiffs ignore that no actionable wrong is committed where Klutch's conduct consists of something which it had an absolute right to do. *Dryden*, 65 Cal.App.3d 990; Cal. Fam. Code §§ 6700, 6701, 6710. Klutch's only duty here, contractual or otherwise, was to Bell III and not to Plaintiffs whatsoever.

Plaintiffs further argue that Klutch breached a duty by declining to communicate with them (at Bell III's instruction) about the terms of the contract or obtain their consent. This argument is contrary to California law permitting a party to contract with a minor subject to disaffirmance without any requirement of parental consent or to communicate with the contracting minor's parent. Cal. Fam. Code §§ 6700, 6701, 6710. Indeed, this Court in *I.B. ex rel. Fife,* 905 F.Supp.2d at 1000,

denied a parent's claim to disaffirm their child's contract with Facebook because the right of disaffirmance is the minor's personal right. If a parent cannot disaffirm a contract for a minor, then there is no duty to communicate with the parent or obtain their consent in entering a contract with a minor. And, nothing in the custody order changes the lack of such statutory language. *See* Cal. Fam. Code §§ 6700, 6701, 6710; *I.B. ex rel. Fife,* 905 F.Supp.2d at 1000.

Assuming, *arguendo*, that Plaintiffs had established both a duty and a breach on Klutch's part (they have not), Plaintiffs' argument that, by entering into the contract with Bell III, Klutch ensured the financial resources necessary to violate the custody order, is unsupportable. This argument is tantamount to claiming that any employer that employs and pays a minor is "morally blameworthy" for giving that minor a financial ability to challenge their parents, and is therefore liable when that minor uses their income to defy their parents' wishes. Such an argument strains credulity. Plaintiffs then ask the question: "If this does not establish causation, then what does?" (Opposition, at 14:24.) To start with, an actual and proximate causal connection between the harm suffered (which seems to be a moving target here) and wrongful conduct of Klutch, could establish such causation, a connection which Plaintiffs cannot show because it does not exist here.

Plaintiffs' cited cases are inapplicable to this situation. Plaintiffs cite *Burgess v. Superior Court*, 2 Cal.4th 1064, 1073 (1992), for the proposition that the interference with parental rights is a cognizable harm that gives rise to a duty of care that is applicable to this case. However, that case is inapposite here because it involved a claim by a mother against the doctor who negligently delivered her child and harmed both mother and child to whom the doctor owed duties. Plaintiffs also cite to *In re Marriage of Condon*, 62 Cal.App.4th 533, 548 (1998) for the proposition that "interference with a custody order may give rise to tort liability." But that case does not involve a third party being held liable for interfering with a court order as a tort. Rather, it involves a court order permitting one partner moving to a foreign country in direct violation of the Court order. (*See id.*) Finally, Plaintiff cites *Regents of Univ. of Cal. v. Superior Court*, 4 Cal.5th 607, 619 (2018) for the proposition that Klutch's actions exacerbated a foreseeable harm. But that case involved a direct relationship between the plaintiff, a university student, and the university in which the plaintiff sued the university for injuries by another student suffering from schizophrenia during a university class

and that the university had knowledge of the risk from the student with schizophrenia. *Id.* That court specifically found the university setting crucial in rendering its opinion. *Id.* Plaintiffs simply do not have any legal support for their negligence claim against Klutch.

Additionally, Plaintiffs' Negligent Infliction of Emotional Distress claim, which is based on the same foregoing arguments and facts, likewise fails.

Simply put, no version of the facts alleged in the Complaint support the conclusion that Klutch is liable for negligence in any way here, especially considering that Bell III turned 18 eight weeks after his mother died. (*See*, *supra*, fn. 1.)

### C. KLUTCH'S ENTERING A LEGAL CONTRACT WITH A MINOR WAS NOT EXTREME AND OUTRAGEOUS CONDUCT JUSTIFYING A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To support their IIED claim, Plaintiffs rely on a grossly exaggerated version of events that make it seem as if Klutch kidnapped Bell III, and forbade him from interacting with Plaintiffs. In doing so, Plaintiffs claim that Klutch's conduct in entering into a routine, consensual, entirely legal contract with Bell III caused "trauma" to Plaintiffs that was worse than that which was suffered by the plaintiff in *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991), a case that involved the desecration of the human remains of plaintiff's family member. By no means would Klutch's conduct, as alleged in the Complaint, be considered even remotely improper, let alone extreme and outrageous, especially considering Klutch had a legal right to enter into a contract with Bell III. *See Dryden*, 65 Cal.App.3d 990; Cal. Fam. Code §§ 6700, 6701, 6710. Bell III did not want Klutch to have any contact with Plaintiffs, and that was Bell III's decision to make.

California law is clear that "[a] defendant's conduct is considered to be outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. [internal citations omitted] 'Liability for IIED does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Crouch v. Trinity Christian Ctr. of Santa Ana, Inc.*, 39 Cal.App.5th 995, 1007 (2019) (internal quotations omitted); *Kassa v. BP W. Coast Prods., LLC*, 2008 WL 3494677 at *8 (N.D. Cal. Aug. 12, 2008) (stating that, "[f]or better or worse, 'civilized community' tolerates run-of-the-mill breaches of contract; such conduct is not sufficiently 'extreme

and outrageous' for a claim of intentional infliction of emotional distress"). Plaintiffs' conclusory assertions that the Defendants in general (not even Klutch specifically) engaged in "extreme and outrageous conduct against" Plaintiffs does not make it so. Plaintiffs cannot even allege any substantive interactions whatsoever between Plaintiffs and Klutch, beyond Klutch heeding Bell III's instruction for Klutch to decline Plaintiffs' request to meet, let alone any interactions that could be considered extreme and outrageous.

Declining to speak to Plaintiffs at the direction of Bell III, Klutch's client, is not extreme and outrageous conduct under any applicable law. It is simply Klutch satisfying its obligations to its client, Bell III. As a result, Plaintiffs have failed to state a claim against Klutch for IIED and this cause of action should be dismissed without leave to amend.

### D. KLUTCH WAS NOT UNJUSTLY ENRICHED

"'To allege unjust enrichment as an independent cause of action, a plaintiff must show that a defendant received and unjustly retained a benefit at the plaintiff's expense.'" *Russell v. Walmart, Inc.*, 680 F.Supp.3d 1130, 1133 (N.D. Cal. 2023) (quoting *ESG, Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038-39 (9th Cir. 2016)); *see also Regents of Univ. of Cal. v. LTI Flexible Prods., Inc.*, 2021 WL 4133869, *10 (N.D. Cal. Sept. 10, 2021) ("Under California law, '[i]t must ordinarily appear that the benefits were conferred by mistake, fraud, coercion or request; otherwise, though there is enrichment, it is not unjust.'") (quoting *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Ass'n*, 205 Cal.App.3d 1415, 1422 (1988)).

Without asserting any legal authority whatsoever, Plaintiffs' theory is that Klutch was unjustly enriched because it profited in the normal course of business of representing a minor athlete in obtaining marketing deals and commissioning such deals. Under Plaintiff's theory, every company profiting from a contract with a minor is being unjustly enriched, which is entirely illogical and probably why Plaintiff failed to assert any actual legal authority in an attempt to support its baseless argument.

Moreover, Plaintiffs argue that Klutch's conduct constitutes unjust enrichment based on principles of fraud, coercion, and undue influence, all while ignoring the absence of any facts supporting these allegations in the Complaint and that such an argument is for Bell III to make and

could have been resolved by Bell III in disaffirming the contract with Klutch under Family Code § 6710, which Bell III did not do.  Plaintiffs have also not alleged how Klutch was unjustly enriched at Plaintiffs' expense.  Plaintiffs cannot do this because they were not entitled to any benefit nor did they lose anything from a contract between Klutch and Bell III.

There is simply no version of the facts as alleged which would support a cause of action for unjust enrichment by Plaintiffs and against Klutch.

### III.  PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND

Nothing in Plaintiffs' opposition provides any reason to believe that there exists a version of facts here that will overcome longstanding California legal precedent or common sense.  As such, there is no amendment Plaintiffs can make which will cure the fatal defects in their Complaint as against Klutch and this Court is justified in denying leave to amend on that basis.  *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 298 (9th Cir. 1990); *see also Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("A district court may dismiss a complaint without leave to amend if 'amendment would be futile.'")).

### IV.  CONCLUSION

For the reasons set forth herein, as well as those presented in Klutch's Motion to Dismiss and upon oral argument, Plaintiffs' Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any claim against Klutch upon which relief can be granted, and leave to amend should be denied.

Respectfully submitted,

Dated:  February 28, 2025

EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP

By:  */s/ Zachary C. Hansen*
Bryan M. Sullivan
Zachary C. Hansen
Attorneys for Defendant
KLUTCH SPORTS GROUP
(erroneously sued as Klutch Sports)



# PROOF OF SERVICE

**Bell III, et al. v. Saddleback Valley Unified School District, et al.**
**Case No. 4:24-cv-05545-JST**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 6420 Wilshire Boulevard, 17th Floor, Los Angeles, CA 90048.

On February 28, 2025, I served true copies of the following document(s) described as **DEFENDANT KLUTCH SPORTS GROUP'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 28, 2025, at Los Angeles, California.

/s/ April Wright
APRIL WRIGHT

# SERVICE LIST

Bell III, et al. v. Saddleback Valley Unified School District, et al.
Case No. 4:24-cv-05545-JST

| | |
|---|---|
| J. Scott Donald<br>SPINELLI \| DONALD \| NOTT<br>300 University Avenue, Suite 100<br>Sacramento, CA 95825<br>Telephone: (916) 448-7888<br>Fax: (916) 448-6888<br>E-Mail: scottd@sdnlaw.com<br><br>*Attorney for Defendant CALIFORNIA INTERSCHOLASTIC FEDERATION* | Jamir Davis, Esq.<br>J. DAVIS LAW FIRM, PLLC<br>328 Scott Street<br>Covington, KY 41011<br>(859) 750-5033<br>E-Mail: jdavis@jdaviscounsel.com<br><br>*Attorney for Plaintiffs PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES* |
| Kevin Calia<br>ILLOVSKY GATES & CALIA LLP<br>Kevin Calia (State Bar No. 227406)<br>Eva Schueller (State Bar No. 237886)<br>1611 Telegraph Ave., Ste. 806<br>Oakland, CA 94612<br>Telephone: (415) 500-6640<br>E-Mail: kevin@illovskygates.com<br>eschueller@illovskygates.com<br><br>*Attorneys for Defendants STEVE BRISCOE AND NEXT LEVEL SPORTS & ACADEMICS FOUNDATION* | Valery Nechay<br>LAW OFFICE OF VALERY NECHAT<br>Law Chambers Building<br>345 Franklin St.<br>San Francisco, CA 94102<br>415-652-8569<br>Fax: 19012340862<br>E-Mail: valerynechaylaw@gmail.com<br><br>*Attorney for Plaintiffs PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES* |

Anthony N. DeMaria
DEMARIA LAW FRIM, A.P.C.
Anthony N. DeMaria (State Bar No. 177894)
1684 W. Shaw Ave., Ste. 101
Fresno, CA 93711
Telephone: (559) 206-2410
E-Mail: ademaria@demarialawfirm.com

*Attorneys for Defendants SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, EDWARD WONG, TRICIA OSBORNE, AND CHAD JOHNSON*