DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
*ademaria@demarialawfirm.com*
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:     (559) 206-2410
Facsimile:     (559) 570-0126

Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES. <br><br> Plaintiffs, v. <br><br> SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, AND DOES 1-20 in their individual and official capacities. <br><br> Defendants. | Case No. 4:24-CV-05545-JST <br><br> **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Date: March 20, 2025 <br> Time: 2:00 P.M. <br> Ctrm.: 6 <br><br> Assigned to: Hon. Judge Jon S. Tigar |

# TABLE OF CONTENTS

**SECTION** **PAGE**

I. INTRDOCUTION TO REPLY……………………………………………………………...1

II. LAW AND ARGUMENT………………………………………………………………….2

    A. Plaintiffs Fail to Establish That The Northern District Is The Proper Venue For Defendants Under 28 U.S.C. § 1391(b)……………………………………………….2

    B. Plaintiffs' Opposition Is Vague And Fails To State A Claim For Every Cause Of Action…………………………………………………………………………………...5

        1. Plaintiffs fail to state a claim for the First Cause of Action for Violation of the Fourteenth Amendment……………………………………………………5

        2. Plaintiffs fail to state a claim for the Second and Ninth Causes of Action for *Monell*……………………………………………………………………………6

        3. Plaintiffs fail to state a claim for the Third Cause of Action for Negligence…..8

        4. Plaintiffs fail to state a claim for the Fourth Cause of Action for Negligence under Respondeat Superior……………………………………………………….9

        5. Plaintiffs fail to state a claim for the Fifth Cause of Action for IIED………...10

        6. Plaintiffs fail to state a claim for the Sixth Cause of Action for NIED……….12

        7. Plaintiffs fail to state a claim for the Seventh Cause of Action for IIED……..12

        8. Plaintiffs fail to state a claim for the Eighth Cause of Action for Unjust Enrichment……………………………………………………………………..14

III. CONCLUSION……………………………………………………………………………..15

# TABLE OF AUTHORITIES

**CASES**                                                            **PAGE**

*Astiana v. Hain Celestial Grp., Inc.*,
    783 F.3d 753 (9th Cir. 2015) ·········································· 14

*C.A. v. William S. Hart Union High Sch. Dist.*,
    53 Cal.4th 861 (2012) ··········································· 8,9,10

*Calonge v. City of San Jose*
    523 F.Supp.3d 1101, 1105 (N.D. Cal. 2021) ························· 6

*Christensen v. Superior Ct.*,
    820 P.2d 181, 202 (1991) ············································ 14

*City of Oklahoma City v. Tuttle*
    471 U.S. 808, 821 (1985) ········································ 6,7,8

*Dawn D. v. Superior Court*,
    17 Cal. 4th 932, 938 (1998) ······································ 13,14

*Ess v. Eskaton Properties, Inc.*,
    97 Cal. App. 4th 120, 131 (2002) ································· 11

*Gutzalenko v. City of Richmond* (N.D. Cal. 2024)
    723 F.Supp.3d 748, 756. ············································ 6

*Jones v. Community Redevelopment Agency of City of Los Angeles* (9th Cir. 1984)
    733 F.2d 646, 649. ··················································· 5

*Knuttel v. Omaze, Inc.*
    572 F.Supp.3d 866, 869 (N.D. Cal. 2021) ························· 1,2,3

*McCue v. South Fork Union Elementary School* (E.D. Cal. 2011)
    766 F.Supp.2d 1003, 1009. ········································· 6

*Mitchell v. County of Contra Costa*
    600 F.Supp.3d 1018, 1028 (N.D. Cal. 2022) ······················· 7

*Porter v. Osborn*,
    546 F.3d 1131, 1137 (9th Cir. 2008). ······························ 6

*Pembaur v. City of Cincinnati* (1986)
    475 U.S. 469, 481–482. ............................................................................... 7

*Rubio v. Monsanto Company*
    181 F.Supp.3d 746, 763 (C.D. Cal. 2016) ................................................... 4

*Saunders v. USAA Life Insurance Company* (N.D. Cal. 2014)
    71 F.Supp.3d 1058, 1059–1060. ................................................................ 4

*Segura v. City of La Mesa*
    647 F.Supp.3d 926, 940 (S.D. Cal. 2022) ................................................... 7

*Troxel v. Granville*
    530 U.S. 57 (2000) ..................................................................................... 5

*Trevino v. Gates*
    99 F.3d 911, 918 (9th Cir. 1996) ............................................................ 6,7

**STATUTES**

Federal Rule of Civil Procedure 12(b)(3) ............................................... 1,2,15

Federal Rule of Civil Procedure 12(b)(6) ............................................... 1,2,15

28 U.S.C. § 1391(b)(1) ................................................................................. 1,2

28 U.S.C. § 1391(b)(2) ............................................................................ 1,2,3,4

28 U.S.C.§ 1404 ............................................................................................ 3,4

28 U.S.C.§ 1404(a) .......................................................................................... 4

Cal Gov't Code § 815 ..................................................................................... 12

Cal Gov't Code § 815.2(a) ............................................................................. 12

## I. INTRODUCTION TO REPLY

Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Individual Defendants"), submit this Reply Brief in response to Plaintiffs' Opposition in Defendants' Motion to Dismiss Pursuant to Rule 12(b)(3) and 12(b)(6).

Plaintiffs' Opposition completely misses the mark as to each of the separate grounds for the Motion to Dismiss. In response to Defendants' motion for dismissal due to the improper venue, and the request to transfer the venue to the Central District, Plaintiffs merely realleged that United States District Court for the Northern District of California is the proper venue on the basis that the custody agreement is established in San Francisco, California, and Plaintiffs live in the Northern District of California and claim (Opposition at page 10.) Plaintiffs' residency is wholly irrelevant and not a determining factor for venue under 28 U.S.C. § 1391(b)(1). Plaintiffs further make the conclusory statement that Plaintiffs meet the burden to establish that the Northern District is the proper venue under 28 U.S.C. § 1391(b)(2) given the substantial connection to the Northern District. (Opposition at page 11.) When determining whether the venue is proper under 28 U.S.C. § 1391(b)(2), the court will focus on the Defendants' activities, not Plaintiffs'. (See, *Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866, 869 (N.D. Cal. 2021).) The establishment of custody agreement is indeed Plaintiffs' activity. As most of the alleged unlawful activities occurred within the Central District, it is reasonable to infer that most witnesses can be found in Central District rather than Northern District, thereby better serving the interests of justice and promoting access to and convenience for witnesses. Furthermore, Plaintiffs have failed to state a claim for every cause of action against Defendants. Thus, the Court should dismiss without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(3) and Federal Rule of Civil Procedure 12(b)(6).

Furthermore, Plaintiffs have failed to state a claim under Rule 12(b)(6) for any of their causes of action, which include both federal and state law claims. Plaintiffs' Section 1983 claims fail because Plaintiffs failed to establish that Defendants' conduct was carried out under color of state law and deprived Plaintiffs of constitutional rights. The Monell claims similarly fail because Plaintiffs failed to establish that there is a direct causal link between a municipal policy or custom

and the alleged constitutional deprivation. In addition, Plaintiffs' state law claims are unsupported by both facts and legal precedent, conclusory in nature, and/or legally barred. Thus, the Court should dismiss without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(3) and Federal Rule of Civil Procedure 12(b)(6).

## II.    LAW AND ARGUMENT

### A. Plaintiffs Fail To Establish That The Northern District Is The Proper Venue For Defendants Under 28 U.S.C. § 1391(b)

Plaintiffs' opposition simply realleged that United States District Court for the Northern District of California is the proper venue on the basis that the violation of the custody orders occurred in San Francisco, California, and Plaintiffs live in the Northern District of California (Opposition at page 10.) Under 28 U.S.C. § 1391(b)(1), **venue is proper in any district where a defendant "resides."** (*Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866, 870 (N.D. Cal. 2021).) A corporate defendant resides in a district if they have engaged in intentional conduct "expressly aimed" towards a district that caused "harm that the defendant [knew was] likely to be suffered" there. (*Id.*) Thus, Plaintiffs' residency is not the determining factor for venue under 28 U.S.C. § 1391(b)(1).

Plaintiffs further make the conclusory statement that Plaintiffs meet the burden to establish that the Northern District is the proper venue under 28 U.S.C. § 1391(b)(2) given the substantial connection to the Northern District. (Opposition at page 11.) In the case of *Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866 (N.D. Cal. 2021), the court emphasized that "under 28 U.S.C. § 1391(b)(2), **venue is proper in the district where 'a substantial part of the events or omissions giving rise to the claim occurred.' This substantiality inquiry focuses on the 'relevant activities of the defendant, not of the plaintiff**.' (*Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995). And '[o]nly the events that directly give rise to a claim are relevant.' *Lawler v. Tarallo*, No. C 13-03284 MEJ, 2013 WL 5755685, at *3 (N.D. Cal. Oct. 23, 2013) (simplified)." (*Knuttel v. Omaze, Inc* 572 F.Supp.3d 866, 869. (N.D. Cal. 2021).) (**Emphasis added**.) "**Venue is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute.** *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir.

1994). As a result, **the venue inquiry focuses on the defendant's activities**, not the plaintiff's. *Woodke*, 70 F.3d at 985." (*Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866, 870 (N.D. Cal. 2021).) (**Emphasis added**.)

      Here, Plaintiffs' Opposition asserts that there is a substantial connection to the Northern District as the alleged existing custody agreement is established in the Northern District. (Opposition at page 10.) However, any custody agreement would solely relate to Plaintiffs' activities, and not the Defendants, making it irrelevant to the venue analysis. When determining whether the venue is proper under 28 U.S.C. § 1391(b)(2), the court will focus on the Defendants' activities, not the Plaintiffs'. (See, *Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866, 870 (N.D. Cal. 2021).) Plaintiffs incorrectly assert a vague and conclusory statement that two of Co-defendants' actions are central to Plaintiffs' claims and then established the substantial connection. (Opposition at page 10.) Indeed, per Plaintiffs' own FAC, all events leading to the Complaint happened within the boundaries of the Saddleback Valley Unified School District, which is within the Central District, and the alleged unlawful actions including the alleged violation of custody agreement conducted and performed by Defendants also incurred within the boundaries of the Saddleback Valley Unified School District. (See Plaintiffs' FAC at ¶¶ 74, 76, 90, 93-94, 96-100, 101, 113, 116-119.) Courts must look "not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim.". (*Knuttel v. Omaze, Inc.* 572 F.Supp.3d 866, 870 (N.D. Cal. 2021), Citing *Norsworthy v. Diaz*, 20-CV-01859-JST, 2020 WL 10965424, at *2 (N.D. Cal. June 10, 2020) (simplified).).

      Here, Plaintiffs allegations of Defendants' conduct, including alleged events that District making the decision to enroll Phillip III at Mission Viejo High School without Plaintiffs' consent, failing to disclose to Plaintiffs the address of Phillip III; interfering with Plaintiffs' rights by making promises to Phillip III that he would be able to participate in football even if he did not have any consent from Plaintiffs.(See Opposition at page 3, 7) The FAC asserts that all these alleged events that are purported to give rise to this action occurred in the Central District trigger Plaintiffs' claims against Defendants. Given that Defendants' activities occurred in Orange County, falling the jurisdiction of Central District rather than Northern District, there is substantial connection to Central District. Thus, Plaintiffs fail to state that the Northern District is the proper venue for

Defendants under 28 U.S.C. § 1391(b)(2).

Moreover, Plaintiffs make the conclusory statement that the transfer of venue will inconvenience other parties and unidentified witnesses. (Opposition at page 11.) Plaintiffs further allege that co-defendants Steve Briscoe and Next Level Sports & Academics are based in the Northern District (Opposition at page 10) and Co-defendant Klutch Sports' registered agent in Sacramento, California, which is geographically closer to the Northern District than the Central District. (Opposition at page 11.) The purpose of 28 U.S.C.§ 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." (*Saunders v. USAA Life Insurance Company* 71 F.Supp.3d 1058, 1059–1060 (N.D. Cal. 2014)*; Citing Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964).) In the present case, Plaintiffs claim nine causes of action: three federal claims and six state claims and all of them filed against the Defendant District and/or District Individual Defendants. Throughout Plaintiffs' First Amended Complaint, Plaintiffs' alleged factual basis for their causes of action almost all occurred in within the Central District. Thus, it can be reasonably inferred that most witnesses, including, but not limited to, other students, administrators, counselors, teachers, coaches, and neighbors[1], would be found in the Central District rather than the Northern District. In assessing whether the convenience of the witnesses favors transfer, the Court must consider both the location and number of witnesses each side has and the relative importance of those witnesses. (*Rubio v. Monsanto Company* (C.D. Cal. 2016) 181 F.Supp.3d 746, 763, [Internal Citation Omitted].) A district court may transfer an action to a different district court under 28 U.S.C. § 1404(a). Section 1404(a) permits a court to transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice," so long as the action could have been filed in the transferee district in the first instance. (*Rubio v. Monsanto Company* (C.D. Cal. 2016) 181 F.Supp.3d 746, 759) The district court must "adjudicate motions for transfer [of venue] according to an individualized, case-by-case consideration of convenience and fairness." (*Rubio v. Monsanto Company* 181 F.Supp.3d 746, 759 (C.D. Cal. 2016); citing *Jones v. GNC Franchising, Inc.*, 211

---

[1] It is important to note that discovery has not yet begun and actual witnesses' identities are unknown at this time.

F.3d 495, 498 (9th Cir.2000).) Given that the majority of events took place within the Central District, it is reasonable to infer that most witnesses would be found in the Central District, thereby ensuring fairness and serving the interests of justice. As such, Defendants are entitled to dismiss for the improper venue and request for transfer of venue.

**B. Plaintiffs' Opposition Is Vague And Failed To State A Claim For Every Cause Of Action**

   **1. Plaintiffs fail to state a claim for the First Cause of Action for Violation of the Fourteenth Amendment.**

Plaintiffs' Opposition merely reiterates the allegations made in the First Amended Complaint. Plaintiffs still failed to state sufficient facts that District Individual Defendants acting under the authorities of the state law exceeded those authorities. Furthermore, Plaintiffs misapply the case of *Troxel v. Granville* (2000) 530 U.S. 57. In the case of *Troxel v. Granville* (2000) 530 U.S. 57, it addresses the issue that whether a specific state law that allowed third parties to seek visitation rights—despite parental objections—violated parents' fundamental constitutional rights under the Due Process Clause of the Fourteenth Amendment. (*Ibid.*) Here, no state law or statute identified by Plaintiffs. There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights. (*Jones v. Community Redevelopment Agency of City of Los Angeles* 733 F.2d 646, 649 (9th Cir. 1984), citing *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir.1976).) In the present action, first, Plaintiffs fail to state any facts that individual defendants acting under the authority of the state law exceeded those authorities or constitute the state action. Second, no fact suggests in the opposition or pleadings that the conduct authorized by state law subjected the plaintiff to a deprivation of constitutional rights. (*Ibid*.)

Furthermore, Plaintiffs must allege with at least some degree of particularity overt acts which Defendants engaged in that support Plaintiffs' claim. (*Jones v. Community Redevelopment Agency of City of Los Angeles* 733 F.2d 646, 649 (9th Cir. 1984), [Internal quotation omitted]) "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." (*Ibid*.) Plaintiffs' alleged facts fail to constitute "some degree of particularity overt acts which defendants engaged in" that support the plaintiffs' claims. If a plaintiff

1 is asserting a § 1983 claim for deprivation of their right to familial association under the Fourteenth
2 Amendment, they must show that the official's conduct "shocks the conscience." (*Porter v. Osborn*,
3 546 F.3d 1131, 1137 (9th Cir. 2008).) "A plaintiff can show that an official's conduct 'shocks the
4 conscience' by showing deliberate indifference or a purpose to harm. The deliberate indifference
5 test applies only when actual deliberation is practical." (*Calonge v. City of San Jose* 523 F.Supp.3d
6 1101, 1105 (N.D. Cal. 2021), [Internal citation omitted].) Furthermore, "[M]ere negligence by state
7 officials in the conduct of their duties resulting in temporary interference with familial rights does
8 not trigger the substantive due process protections of the Fourteenth Amendment." (*McCue v. South
9 Fork Union Elementary School* 766 F.Supp.2d 1003, 1009 (E.D. Cal. 2011).) Here, Plaintiffs'
10 opposition merely make the conclusory statement that the alleged actions "shocks the conscience".
11 No sufficient facts suggest that the Individual Defendants committed the alleged actions with actual
12 deliberation or a purpose to harm. Plaintiffs baselessly allege that Defendants' behavior deprived
13 Plaintiffs' constitutional rights. A plaintiff must allege that they suffered a specific injury and show
14 a causal relationship between the defendant's conduct and the injury suffered. (*Gutzalenko v. City
15 of Richmond*) 723 F.Supp.3d 748, 756 (N.D. Cal. 2024.) Plaintiffs' opposition fails to state sufficient
16 facts that there is a causal relationship between the defendant's conduct and the injury suffered.

17 **2. Plaintiffs fail to state a claim for the Second and Ninth Causes of Action for *Monell*.**

18 Similarly, Plaintiffs' opposition merely reiterates the allegations in Plaintiffs' first Amended
19 Complaint for the Dismissal of Second and Ninth causes of action for *MONELL* claim under 42
20 U.S.C. § 1983. Plaintiffs' opposition alleges that the District maintained an unofficial policy or
21 longstanding practice of "putting the child first," contravening official policies and Plaintiffs'
22 constitutional rights. (Opposition at page 15.) Plaintiffs' opposition is both vague and unintelligible.
23 The alleged unofficial policy or longstanding practice of "putting the child first" that Plaintiffs rely
24 on is far more nebulous, and a good deal further removed from the constitutional violation, than was
25 the policy in *Monell*. (*See, City of Oklahoma City v. Tuttle* 471 U.S. 808, 821 (1985).) Furthermore,
26 "absent a formal governmental policy, plaintiff must show a longstanding practice or custom which
27 constitutes the standard operating procedure of the local government entity". (*Trevino v. Gates* 99
28 F.3d 911, 918 (9th Cir. 1996) holding modified by *Navarro v. Block* 250 F.3d 729 (9th Cir. 2001).)

"The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that conduct has become a traditional method of carrying out policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984); see also, *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir.1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir.1989) (manner of one arrest insufficient to establish policy)." (*Ibid*.)

Here, Plaintiffs make boilerplate allegations that are conclusory, vague and lacked sufficient factual support. Specifically, Plaintiffs fail to prove the existence of a widespread practice that, is so permanent and well settled as to constitute a custom or usage with the force of law. (*Mitchell v. County of Contra Costa* 600 F.Supp.3d 1018, 1028 (N.D. Cal. 2022). [internal citation omitted]) Most importantly, "to sufficiently establish a Monell claim, Plaintiff must show the municipal action was the moving force behind the alleged constitutional violation. *Canton*, 489 U.S. at 385, 109 S.Ct. 1197 (a plaintiff must establish 'a **direct causal link between a municipal policy or custom and the alleged constitutional deprivation**')." (*Segura v. City of La Mesa* 647 F.Supp.3d 926, 940 (S.D. Cal. 2022). [**Emphasis Added**]) To meet the "moving force" requirement, a plaintiff "must show both causation-in-fact and proximate causation." (*Ibid*. Citing *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Plaintiffs merely allege "formulaic recitation" of causation found to be insufficient to prove the causation. (See *Segura v. City of La Mesa* 647 F.Supp.3d 926, 940 (S.D. Cal. 2022).)

Furthermore, Plaintiffs' argument based on the case of *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) is misplaced. In the case of *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), the court emphasizes that "not every decision by municipal officers automatically subjects the municipality to § 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion." (*Pembaur v. City of Cincinnati* 475 U.S. 469, 481–482 (1986).) The requirement of

7
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, that municipal liability under § 1983 can only be imposed for injuries inflicted pursuant to Government "policy or custom," makes it clear that, at the least, that requirement was intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers. (*City of Oklahoma City v. Tuttle* 471 U.S. 808, 809 (1985).) Plaintiffs' vague and conclusory allegations are insufficient to establish a viable cause of action against the District under *Monell*.

**3. Plaintiffs fail to state a claim for the Third Cause of Action for Negligence.**

Plaintiffs' Opposition fails to overcome the fundamental flaw in their negligence claim: the duty of care arising from a school's special relationship with their students flows exclusively to students, not to their parents or grandparents. Plaintiffs clearly concede in their opposition that schools "have a 'special relationship' with their students, obligating them to use reasonable measures to protect students from foreseeable harm." (Plaintiffs' Opposition at p. 16.) A school's obligation to use reasonable measures to protect students from foreseeable harm does not create a parallel duty to their parents or grandparents. The duty recognized in *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal.4th 861 (2012), exists only by virtue of the special relationship between schools and their students. This duty to protect students from foreseeable harm does not create a corresponding duty to parents to ensure compliance with CIF regulations or enforce their parental rights in family disputes. Plaintiffs' attempt to reframe the District's obligations to students as a parallel duty owed to their parents is unsupported by California law.

The purported actions that Plaintiffs allege, such as enrolling Philip Bell III, facilitating his participation in athletics, overseeing his daily activities, or providing him housing and sustenance, do not constitute a failure to protect the student from foreseeable harm. Plaintiffs' reliance on alleged violations of CIF and District policies or court orders is misplaced, as these issues do not fall within the scope of the special duty of care recognized in *C.A. v. William S. Hart Union High School District, supra.,* and Plaintiffs fail to explain how the District's alleged noncompliance with these external policies equates to a breach of a duty of care to the student under the special relationship doctrine. Plaintiffs do not allege that the District exposed Phillip Bell III to any danger or failed to

intervene in a foreseeable risk of harm to him. Instead, they are attempting to use the student-focused duty of care as a basis for their own negligence claim against the District. Defendant reiterates that a special relationship between a school and its students does not impose any obligation on the district to protect parents or any other off-campus third parties from emotional distress or to ensure their mental or emotional well-being.

Further, Plaintiffs misrepresent their own allegations in their Opposition. Plaintiffs' Opposition makes conclusory claims that the District's actions resulted in "significant emotional and psychological harm to both Plaintiffs and Phillip Bell III." (Plaintiffs' Opposition at p.16, citing FAC ¶ 137.) However, Paragraph 137 of the First Amended Complaint alleges harm only to Plaintiffs themselves, not Phillip Bell III. Plaintiffs are not bringing claims on behalf of Phillip Bell III, nor is Phillip Bell III a plaintiff in this case. Plaintiffs' attempt to reference harm to the student in their Opposition is misleading and inconsistent with their own Complaint. Because Plaintiffs fail to establish that the District breached a duty of care owed to the student and instead base their negligence claim on alleged harm to themselves, despite having no legal basis for such a duty, their Third Cause of Action must be dismissed.

**4. Plaintiffs fail to state a claim for the Fourth Cause of Action for Negligence under Respondeat Superior.**

Plaintiffs' Opposition fails to establish that the District or its agents breached any duty of care owed to Plaintiffs, nor does it cure the fundamental defect in their claim: the duty of care arising from a school's special relationship flows exclusively to students, not to their parents or guardians. Plaintiffs again concede that school personnel have a special duty to use reasonable measures to protect students from foreseeable harm, but also attempt to expand this duty beyond its legal scope by claiming that the duty "extends to actions that may interfere with the custodial rights of parents." (Plaintiffs' Opposition at pp.18-19.) However, Plaintiffs provide no statutory or case authority whatsoever to support such an expansion of a school's legal duty to protect students from foreseeable harm. The duty recognized in *C.A. v. William S. Hart Union High School District*, *supra.*, is explicitly limited to protecting students from foreseeable harm at the hands of third parties acting negligently or intentionally, not asserting parental rights or private custody arrangements on

parents' behalf. (*C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal.4th 861, 869 (2012).)

Plaintiffs claim that the District's legal counsel "explicitly acknowledged" a duty by allegedly assuring Plaintiffs' counsel that no staff member would contact Phillip Bell III without parental consent. (Plaintiffs' Opposition at p.18.) Yet, Plaintiffs fail to specify which legal duty the District and its agents allegedly assumed as a result. Plaintiffs reference an email from the District's legal counsel stating that the District employees "are not currently in communication with Philip." (FAC ¶ 89.) Plaintiffs provide no legal basis establishing how such statements subsequently imposed a legally enforceable duty on the District and its agents. Even if such assurances were made, as Plaintiffs allege, they do not alter the principle that a school's duty owing to its special relationship with its students runs solely to students, not their parents. Plaintiffs' Opposition is filled with numerous conclusory allegations of duties purported to have been violated by the District and its agents, yet none of which are properly identified or supported under any legal authority. Further, none of these alleged duties have any relation to school officials' special relationship with students and their duty to use reasonable measures to protect students from foreseeable harm.

Finally, Plaintiffs' Opposition fails to address Defendants' argument that the District is not liable for negligent hiring, retention, or supervision, as set forth in the Motion to Dismiss. Plaintiffs offer no argument in opposition to Defendants' position that Plaintiffs failed to plead any facts showing that the District or its agents had any knowledge of a particular risk of harm or of an agent's propensity for wrongful conduct. Because Plaintiffs fail to identify a legally cognizable duty allegedly assumed by the District and its agents, and fail to provide any legal support for the duties they claim the District and its agents assumed, Plaintiffs' Fourth Cause of Action for Negligence under Respondeat Superior must be dismissed.

**5. Plaintiffs fail to state a claim for the Fifth Cause of Action for IIED.**

Plaintiffs' Opposition fails to establish that the District or its agents engaged in extreme and outrageous conduct that exceeds all bounds of that usually tolerated in a civilized community, nor does it allege facts demonstrating an intent by the District and its agents to cause or a reckless disregard for the probability of causing severe emotional distress. Plaintiffs merely restate the same conclusory allegations that the District's actions were extreme and outrageous.

Plaintiffs cite no statute, case law, or legal doctrine demonstrating that the District's alleged conduct meets the high legal standard for IIED. Plaintiffs allege in their opposition that the District's conduct was extreme and outrageous because it allowed Sandoval, who was allegedly involved in Samantha's death, to have unsupervised contact with Phillip Bell III, enrolled him in school, and facilitated his travel without notifying Plaintiffs. (Plaintiffs' Opposition at pp.19-20.) However, Plaintiffs reference no authorities nor cite a single case where conduct comparable to the District's alleged actions was deemed extreme and outrageous under California law.

Plaintiffs claim that the District acted with reckless disregard of the high probability of causing severe emotional distress to Plaintiffs. (Plaintiffs' Opposition at p.20.) "[W]hen the plaintiff's claim is based on alleged recklessness, it is generally, if not always, required that the plaintiff be present at the time the outrageous conduct occurred." (*Ess v. Eskaton Properties, Inc.*, 97 Cal. App. 4th 120, 131 (2002) (citing *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 906 (1991)).) Plaintiffs do not allege that they were present when any of the District's alleged actions took place, nor do they establish that the District's conduct amounted to a reckless disregard of the probability of causing emotional distress. Plaintiffs argue that Defendants were aware of their concerns regarding Sandoval and the existing court order mandating that Philip III reside in Northern California, yet allegedly concealed his whereabouts, listed Sandoval as a guardian, and facilitated his travel. (Plaintiffs' Opposition at p. 23.) However, Plaintiffs conflate an alleged disregard for their custodial rights with reckless disregard for the probability of causing severe emotional distress. The standard for reckless disregard under IIED is not whether a defendant simply knew the plaintiff opposed certain actions but whether the defendant acted with conscious disregard of the probability that such actions would cause severe emotional distress. Plaintiffs fail to allege that Defendants engaged in any conduct with knowledge that it would likely cause Plaintiffs the type of severe emotional distress required for IIED, rather than mere frustration or disagreement. Plaintiffs' failure to cite any cases comparable to the District's alleged actions further demonstrates the insufficiency of their claim for IIED.

Because Plaintiffs fail to allege extreme and outrageous conduct, fail to establish reckless disregard for the probability of causing severe emotional distress, failed to show that the conduct

was directed at Plaintiffs or occurred in their presence, and provide no authorities demonstrating that the District's alleged actions meet the standard for IIED, Plaintiffs' Fifth Cause of Action for IIED under Respondeat Superior must be dismissed.

**6. Plaintiffs fail to state a claim for the Sixth Cause of Action for NIED.**

Plaintiffs' Opposition fails to overcome the deficiencies in their claim for Negligent Infliction of Emotional Distress. Plaintiffs continue to rely only on conclusory allegations while failing to establish that the District or its agents owed them a duty of care, breached any such duty, or caused them harm. Again, Plaintiffs correctly state that schools have a "special relationship" with their students which obligates them to take reasonable measures to protect students from harm. (Plaintiffs' Opposition at p.21.) Plaintiffs fail to address the key issue: there is no special relationship between the District and a student's parents that imposes upon the District a duty to protect the parents from foreseeable harm by third parties. As the District has reiterated numerous times, the duty arising from a school's special relationship with its students flows exclusively to students, not their parents or grandparents. Plaintiffs cite no authority extending this duty to parents, nor do they explain how the alleged actions of the District violated any duty owed directly to Plaintiffs. Plaintiffs attempt to rely on the special duty that school districts owe to their students in order to assert claims against the school on their own behalf, but fail to provide any legal basis for this argument.

Moreover, Plaintiffs fail to overcome the District's statutory immunity under California Government Code § 815. While Plaintiffs attempt to rely on California Government Code § 815.2(a) to impose vicarious liability on the District's agents, this argument fails because they have not established that any individual District employee committed a negligent act beyond mere conclusory allegations. Without facts to support negligent conduct by the District or its agents, there is no basis for NIED, and Plaintiffs' reliance on § 815.2(a) is unavailing.

Because Plaintiffs have failed to show that the District or its agents owed them a duty, failed to overcome the District's statutory immunity, and failed to establish any underlying negligence by the District or its agents, their Sixth Cause of Action for NIED must be dismissed.

**7. Plaintiffs fail to state a claim for the Seventh Cause of Action for IIED.**

As the District has stated in the Motion to Dismiss, Plaintiffs' Seventh Cause of Action for

IIED fails for the same reason as its Fifth Cause of Action for IIED. Plaintiffs' Opposition fails to establish that the District or its agents engaged in extreme and outrageous conduct or that Defendants acted with reckless disregard for the probability of causing severe emotional distress. Again, Plaintiffs rely on conclusory allegations without providing any legal authorities that support their claim for IIED.

Plaintiffs allege that the District's conduct was extreme and outrageous because it placed Phillip Bell III in close proximity of Sandoval, enrolled him in school, concealed his location, and facilitated his travel to Hawaii for a football game. (Plaintiffs' Opposition at p.23.) However, as in the Fifth Cause of Action, Plaintiffs cite no legal authority whatsoever establishing that actions comparable to those alleged here have ever been found to constitute extreme and outrageous conduct under California law. Moreover, Plaintiffs' Opposition mischaracterizes the allegations in their own Complaint. Plaintiffs claim in their Opposition that the District's agents "directly endangered Philip III's safety" as a basis for extreme and outrageous conduct. (Plaintiffs' Opposition at p.22.) Plaintiffs' FAC, however, contains no allegations that the District or its agents directly endangered Philip III's physical safety. Instead, the FAC focuses on allegations that the District enrolled him in school, listed Sandoval as a guardian, facilitated his travel to Hawaii, and failed to notify Plaintiffs of his whereabouts. (FAC alleges that the district facilitated his enrollment, allowed him to play football, allowed him to travel to Hawaii, and violated Plaintiffs' parental custodial rights by concealing his whereabouts. (FAC ¶¶ 74, 93, 96, 100.) Plaintiffs attempt to elevate these allegations in their Opposition by now claiming that the District "directly endangered" Philipp III, but this allegation appears only in their Opposition and not in the FAC.

As stated above, Plaintiffs also fail to establish that Defendants and their agents acted with reckless disregard of the probability of causing severe emotional distress. Plaintiff cites the case of *Dawn D. v. Superior Court*, 17 Cal. 4th 932, 938 (1998), which is a parental and paternity case having nothing whatsoever to do with IIED. Plaintiffs claim that interfering with "a parent's right to the care and custody of their child" is inherently directed at the parent and cites *Dawn D., supra.*, to support this proposition. However, *Dawn D., supra.,* does not make this assertion in the context of tort law or IIED, nor does it define what qualifies as conduct "directed at" a party for the purposes

of IIED. *Dawn D., supra.,* does not establish that alleged interference with parental rights automatically satisfies the requirement that extreme and outrageous conduct be "directed at the plaintiff or occur in the presence of a plaintiff of whom the defendant is aware." (*Christensen v. Superior Ct.*, 820 P.2d 181, 202 (1991).)

As in the Fifth Cause of Action, because Plaintiffs fail to allege extreme and outrageous conduct, fail to establish reckless disregard for the probability of causing severe emotional distress, failed to show that the conduct was directed at Plaintiffs or occurred in their presence, and provide no authorities demonstrating that the District's alleged actions meet the standard for IIED, Plaintiffs' Seventh Cause of Action for IIED against the District's agents must be dismissed.

**8. Plaintiffs fail to state a claim for the Eighth Cause of Action for Unjust Enrichment.**

Plaintiffs' Opposition fails to overcome the defects in their Eighth Cause of Action for Unjust Enrichment as Plaintiffs themselves concede that California law does not recognize unjust enrichment as an independent cause of action. Despite this, Plaintiffs attempt to reframe their claim as one for quasi-contract, arguing that the District and its agents unjustly profited from Phillip Bell III's athletic talents by enrolling him in football without their consent. (Plaintiffs' Opposition at p.24.) However, Plaintiffs fail to allege any facts demonstrating that Defendants' alleged enrichment was unjust or that the alleged enrichment came at Plaintiffs' personal expense.

"[Unjust enrichment and restitution] describe a theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" (*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 756 (9th Cir. 2015).) Plaintiffs make no allegations of fraud, coercion, or mistake that would justify restitution. The Opposition merely repeats the conclusory claim that Defendants unjustly retained benefits at Plaintiffs' expense while alleging only that Defendants used Phillip III's talents, skills, abilities, and likeness to sell tickets and merchandise, and that Phillip III was a minor who did not receive fair compensation. (Plaintiffs' Opposition at p.24.) However, these allegations do nothing to explain how Defendants' alleged enrichment came at Plaintiffs' expense. The mere allegation that Phillip III may not have been compensated in a manner that Plaintiffs deem fair does not create a claim for unjust enrichment on Plaintiffs' behalf. Plaintiffs fail to allege any facts that they, not Phillip III, were financially harmed or deprived of a

benefit to which they themselves were legally entitled. This suggests that Plaintiffs' grievance is not that the District was unjustly enriched, but rather that they did not personally receive a share of the purported benefits.

Moreover, Plaintiffs' claim for unjust enrichment is completely devoid of any legal support. Plaintiffs cite no statutory authority or any case law that is even remotely similar to support their conclusory assertions that the instant case should be construed as one for quasi-contract. Plaintiffs' Opposition states that "a court may construe the cause of action as a quasi-contract claim seeking restitution" but fails to elaborate any further as to the circumstances under which a court should take such an action. Because Plaintiffs fail to establish a legally recognized cause of action, provide no factual basis to demonstrate that Defendants' alleged enrichment was unjust, offer no legal support for their assertions, and seek restitution for themselves rather than for Phillip III, Plaintiffs' Eighth Cause of Action for Unjust Enrichment must be dismissed.

### III. CONCLUSION

FAC is incurably implausible and speculative, and contains other substantial flaws. Defendants respectfully request it be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(3) and Federal Rule of Civil Procedure 12(b)(6).

Dated: February 28, 2025                                          DeMaria Law Firm, APC

By: /S/Anthony N. DeMaria
Anthony N. DeMaria
Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON