DeMaria Law Firm, APC
Anthony N. DeMaria, #177894
*ADemaria@demarialawfirm.com*
1684 W. Shaw Ave. Suite 101
Fresno, California 93711
Telephone:    (559) 206-2410
Facsimile:    (559) 570-0126

Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES,<br><br>Plaintiff,<br><br>v.<br><br>SADDLEBACK VALLEY UNFIIED SCHOOL DISTRICTT; JLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG, TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, and DOES 1-20 in their individual capacities,<br><br>Defendants. | Case No. 4:24-CV-05545-JST<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT'S PRAYER FOR PUNITIVE DAMAGES** |

# TABLE OF CONTENTS

**SECTION**                                                              **PAGE**

TABLE OF CONTENTS………………………………………………………………..…ii

TABLE OF AUTHORITIES…………………………………………………………...iii

I. INTRDOCUTION TO REPLY………………………………………………...1

II. ARGUMENT……………………………………………………………………2

    A. Plaintiffs have Failed to Meet Federal and California Legal Standard for Punitive Damages Against Public Employees Sued in Their Personal Capacities, and Thus Cannot Seek Punitive Damages Against DISTRICT DEFENDANTS…………..2

    B. District Defendants Have Qualified Immunity And Therefore Punitive Damages Are Not Allowed Against Them.……………………………………………...5

        1. The Individual Defendants Are All Entitled To Qualified Immunity Because Interference With A Familial Relationship Under 42 U.S.C. § 1983 As Alleged Under These Circumstances Fails To Meet The Standard Of Review………….6

    C. MOTION TO STRIKE IS PROPERLY BROUGHT TO STRIKE PUNITIVE DAMAGE ALLEGATIONS FROM THE PLAINTIFF'S FIRST AMENDED COMPLAINT……………………………………………………………………...9

        1. PUNITIVE DAMAGE ALLEGATIONS MUST BE STRICKEN FROM THE FAC AS THEY DO NOT MEET THE HEIGHTENED PLEADING STANDARD UNDER EITHER FEDERAL OR STATE LAW……………..10

III. CONCLUSION…………………………………………………………………..11

**TABLE OF AUTHORITY**

**CASES**                                                                                                      **PAGE**

*Anderson v. Creighton*, 483 U.S. 635, 640……………………………………………………..…..9

*Anschutz Entertainment Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643 (2009)………..…….10

*Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003)…………………………………….4

*Booke v. Cnty. of Fresno*, 98 F. Supp. 3d 1103, 1131 (E.D. Cal. 2015)…………………………..9,10

*Caffe v. Frey*, 789 F.3d 1030 (2015)……………………………………………………………….5

*Darby v. City of Torrance*, 810 F.Supp. 271, 272 (1992)………………………………….……….9

*Doe v. Heck*, 327 F.3d 492, 518 (7th Cir. 2003)…………………………………………………...6

*Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974)…………..……...5

*Engquist v. Oregon Dep't of Agric*., 553 U.S. 591, 595 (2008)…………………………………….3

*Ex parte Young* 209 U.S. 123, 159-60 (1908)……………………………………………...……..6

*Gregoire v. Biddle*, 177 F.2d 579, 581 (Cal.App.2d 1949), cert. denied……………….…..……..7

*Hafer v. Melo*, 502 U.S. 21 (1991)………………………………………………………...………5

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)……………………………………………..6,7,8

*Hunter v. Bryant*, 502 U.S. 224, 227……………………………………………………………….9

*Monell v. Dept of Soc.Services of City of New York*, 436 U.S 658, 690 (1978)…………………..4

*Mitchell v. Forsyth*, 472 U.S. 511, 526……………………………………………………………8

*Naffe v. Frey*, 789 F.3d 1030 (2015)……………………………………………………………….5

*Pearson v. Callahan*, 555 U.S. 223, 236……………………………………………………...6,8

*Perkins v. Superior Court* 117 Cal.App.3d 1, 6 (1981)…………………………………………2,4

*Simba v. Fenty*  754 F.Supp.2d 19 (D.D.C. 2010)……………………………………..……….9

*Smith v. Sup.Ct.,* 10 Cal.App.4th 1033, 1041-1042 (1992)………………………………..…..10

*Smith v. Wade*, 461 U.S. 30, 56 (1983)…………………………………………………………3,4

*Troxel v. Granville*, 530 U.S. 57, 66 (2000)……………………………………………………..8

*Visalia Unified School Dist. v. Superior Court*, 43 Cal.App.5th 563 (2019)……………..……3

*West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)………………………..5

iii

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT'S PRAYER FOR PUNITIVE DAMAGES

**STATUTES**                                                           **PAGE**

42 U.S.C Sect. 1983……………………………………………………………..2,3,4, 5,6,9, 10, 11

California Civil Code Section 3294………………………………………………………………..1

Eleventh Amendment to the U.S. Constitution……………………………………...………5.6

Federal Rules of Civil Procedure 12(f)…………………………………………….…..…..1,11

Government Code Section 818……………………………………………………...……..2,3,4

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT'S PRAYER FOR PUNITIVE DAMAGES

### I. INTRODUCTION TO REPLY

Plaintiffs' First Amended Complaint alleges a violation of Plaintiffs' Fourteenth Amendment rights by Defendants Saddleback Valley Unified School District; Edward Wong, Tricia Osborne, and Chad Johnson ("DISTRICT DEFENDANTS"). The subject of this motion pertains squarely upon Plaintiffs' improperly asserted claims for punitive damages against DISTRICT DEFENDANTS, who were all state actors performing duties in their official capacities. As a matter of law, Plaintiffs' First Amended Complaint fails to allege sufficient facts that support their claim for punitive damages. DISTRICT DEFENDANTS thereby moved to strike Plaintiffs' prayer for punitive damages pursuant to Federal Rules of Civil Procedure 12(f).

Plaintiffs' Opposition fails to demonstrate any facts that would support either a federal or California claim for punitive damages. Again, California Civil Code Section 3294 only permits punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example by the way of punishing the defendant." Plaintiffs' Opposition improperly argues that DISTRICT DEFENDANTS actions far exceed mere policy disputes or administrative oversights, and that such acts by DISTRICT DEFENDANTS were orchestrated intentionally to prevent a parent from contacting a minor child for financial gain, a type of conduct that justifies punitive damages. However, the First Amended Complaint does not contain any such allegations regarding a conspiracy or intentional scheme orchestrated by the DISTRICT DEFENDANTS to prevent a minor from contacting his parents in exchange for monetary gains. Moreover, Plaintiffs argue in their opposition that DISTRICT DEFENDANTS interfered with a parent's rights to familial association. Yet, Plaintiffs do not allege any "circumstances of aggravation or outrage, such as spite or malice, or evil motive" on the part of the DISTRICT DEFENDANTS. Therefore, DISTRICT DEFENDANTS' Motion to Strike punitive damages should be granted.

///

///

///

## II. ARGUMENT

**A. Plaintiffs have Failed to Meet Federal and California Legal Standard for Punitive Damages Against Public Employees Sued in Their Personal Capacities, and Thus Cannot Seek Punitive Damages Against DISTRICT DEFENDANTS**

In their Opposition to the Defendants' Motion to Strike, Plaintiffs claim public entities, specifically school districts, can be held liable for punitive damages and are not entirely immune from punitive damages as there are "exceptions under both federal and California law." (Opposition to Defendant's Motion to Strike, p. 8: lines 21-23.) Plaintiffs argue that while California Government Code § 818 generally prohibits punitive damages against public entities, this prohibition does not extend to individual officials or employees of the entity who are sued in their personal capacities. Although this statement is partially correct, under Government Code Section 818, Plaintiffs cannot superficially rely on simply naming individual employees in their personal capacities to simply seek punitive damages. Plaintiffs fail to allege any specific actions by these individual district employees, except for general allegations, that could possibly support an award of punitive damages. Under California Civil Code Section 3294, punitive damages may be awarded where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice. (Cal. Civ. Code §. 3294) Thus, Plaintiffs cannot seek punitive damages against them based solely on their employment with a public entity. Plaintiffs misstate the California legal standard of punitive damages under Government Code Section 818, the standard permits individual employees can be held personally liable for such conduct if and only if their conduct meets the legal standard of oppression, fraud, or malice as defined in Sect. 3294. (Cal.Civ.Code § 3294). In addition, the Federal standard for punitive damages against District employees in their individual capacities, under 42 U.S.C Sect. 1983 requires Plaintiffs to plead sufficient facts that demonstrate reckless or callous indifference to constitutional rights by the District employees. (42 U.S.C Sect. 1983). Plaintiffs have failed to plead sufficient facts in their First Amended Complaint, nor have they asserted in their Opposition, which demonstrate an entitlement to punitive damages. Simply making a conclusory statement that DISTRICT DEFENDANTS' conduct as "intentional, willful" is patently insufficient to claim punitive damages under both, California and Federal laws. (*Perkins v. Superior Court* 117 Cal.App.3d 1, 6 (1981).)

|   |   |
|---|---|
| 1 | Finally, it is well established, California Government Code Section 818 explicitly bars the |
| 2 | imposition of punitive damages against public entities, including school districts. (*Visalia Unified* |
| 3 | *School Dist. v. Superior Court*, 43 Cal.App.5th 563 (2019).) This statute applies "notwithstanding |
| 4 | any other provision of law," indicating a strong legislative intent to protect public entities from |
| 5 | punitive damages. (*Visalia Unified School Dist. v. Superior Court*, 43 Cal.App.5th 563 (2019).) |
| 6 | Plaintiffs' Opposition to the Defendants' Motion to Strike improperly blends Federal and |
| 7 | California standards for punitive damages against district employees in an unintelligible manner. |
| 8 | Plaintiffs begin, and cite *Engquist v Oregon Dept of Agriculture*, (Opposition to Defendant's Motion |
| 9 | to Strike, p. 8: lines 27-28) which is not only irrelevant but also immaterial to the facts of this case. |
| 10 | In *Engquist*, the issue of punitive damages arose solely because the plaintiff claimed discrimination |
| 11 | against her public employer, Oregon Department of Agriculture, when plaintiff was fired for |
| 12 | arbitrary reasons. Plaintiff in that case alleged a "class-of-one" equal protection violation, which the |
| 13 | Supreme Court blatantly rejected as an argument and stated the class-of-one theory is inapplicable |
| 14 | to public employment, essentially limiting the ability of an employee to sue government employer |
| 15 | for discrimination based on being singled out as an individual. Moreover, plaintiff was not awarded |
| 16 | punitive damages based on such a claim despite the jury initially finding in plaintiff's favor. |
| 17 | (*Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 595 (2008).) |
| 18 | Plaintiffs then cite California Civil Code § 3294(a) (Opposition to Defendant's Motion to Strike, |
| 19 | p. 9: lines 3-4) which allows punitive damages to be awarded against an individual only if plaintiff |
| 20 | proves by clear and convincing evidence that individual defendant engaged in that conduct with |
| 21 | malice, oppression, or fraud. Plaintiffs seek to import the standard for awarding punitive damages |
| 22 | against district employees in their individual capacities under 42 USC Sect. 1983 (citing *Smith v.* |
| 23 | *Wade*, 461 U.S. 30, 56 (1983).) Even if it is assumed that the Smith standard applies to an award of |
| 24 | punitive damages in our case, Plaintiffs have failed to establish their right to such damages. The |
| 25 | Supreme Court in *Smith* held that a "jury may be permitted to assess punitive damages in an action |
| 26 | under Sect. 1983 when defendants conduct is show to be motivated by evil motive or intent, or when |
| 27 | it involves reckless or callous indifference to the federally protected rights of others." (461 U.S at |
| 28 | 56.) Plaintiffs present no evidence showing that punitive damages should be awarded based on |

conduct directed at them, or any evidence of a federally protected right. While the Court in *Smith* determined it was not necessary to show actual malice for punitive damages under Section 1983, its intent standard required "recklessness in its subjective form" by the defendant. Thus, under *Smith*, the defendant must possess "subjective consciousness" of a risk of injury and a "criminal indifference to civil obligations" (*Id* at 536). Plaintiffs have failed to show that an award of punitive damages would be proper, even if such standards apply to this case. Nevertheless, Plaintiffs' argument is without merit, given the facts of this case. There are no facts in Plaintiffs' First Amended Complaint that allege that Defendants were motivated by evil motive or intent, or reckless or oppressive as to support punitive damages. Instead, Plaitniffs have simply built their entire argument on conclusory allegations. Conclusory allegations without supporting evidence are insufficient to support a claim for punitive damages. (*Perkins v. Superior Court* 117 Cal.App.3d 1, 6 (1981).)

Plaintiffs then argue that California Government Code Sect.818 shields public entities from direct punitive damages, it does not bar punitive damages where a public employees wrongful conduct was ratified or approved by entity's highest officials, citing *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003) and *Monell v. Dept of Soc.Services of City of New York*, 436 U.S 658, 690 (1978). In *Monell*, the Supreme Court held that while local governments could be sued under Sect. 1983 for civil rights violations caused by official policies, punitive damages are not available against a municipality because the purpose of such claims is to deter future misconduct. While *Monell* expanded the scope and established that a plaintiff can sue a local government for damages under 42 U.S.C Sect. 1983 for violation of constitutional rights due to government policy, custom, or practice, it did not address punitive damages against the local government. Punitive damages may be awarded against an individual defendant found guilty of federal civil rights violations when the jury finds that the defendant's behavior was driven by evil motive or intent or involved a reckless or callous indifference to constitutional rights. (42 U.S.C Sect. 1983.) Plaintiffs erroneously cite federal case law to support California Government Code § 818 and fail to actually present arguments that demonstrate egregious misconduct that was motivated by reckless or callous indifference to constitutional rights by district employees that would support Plaintiffs' claims for punitive damages, as required by law.

4

1   Based on these above-mentioned principles, punitive damages against individual public
2   employees in their personal capacities require a showing of oppression, fraud, or malice, which
3   Plaintiffs have failed to establish, under California law, as well as Federal standard for punitive
4   damages against public employees in their personal capacities under Sect. 1983 which requires a
5   showing or either evil motive or intent, or reckless or callous indifference to federally protected
6   rights. As such, Defendants requests that this Court grant the motion to strike punitive damages.

**B. District Defendants Have Qualified Immunity And Therefore Punitive Damages Are Not Allowed Against Them.**

In their Opposition to the Defendants' Motion to Strike, Plaintiffs contend that they have asserted claims against the District Defendants in both their official and individual capacities, thereby making punitive damages available against them personally. However, Plaintiffs' Complaint fails to meet the necessary criteria for stating a claim under 42 U.S.C. § 1983, which requires a plaintiff to: (1) allege a violation of a right secured by the Constitution or federal law, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. (*West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Naffe v. Frey*, 789 F.3d 1030 (2015)).

Plaintiffs' mere allegation that the District Defendants acted under color of law is insufficient to meet these requirements. For a claim under § 1983 to succeed, the factual allegations must give rise to the reasonable inference that the individual defendants, while acting in their official capacity, caused harm to the Plaintiffs while carrying out their duties under state law. (*Caffe v. Frey*, 789 F.3d 1030 (2015)). The Plaintiffs' generalized statements about the Defendants' actions do not meet this standard, as they fail to show how the alleged deprivation occurred as a result of actions taken under color of state law. Thus, Plaintiff's allegations do not rise to the level required to establish a valid claim under § 1983.

Moreover, even if public officials can be sued in their individual capacities, the Eleventh Amendment bars suits in federal court by private parties seeking to impose liability on state officials for actions that would require payment from the state treasury. (*Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974); *Hafer v. Melo*, 502 U.S. 21 (1991)). In the present case,

Plaintiffs' Prayer for Relief seeks general and special damages, along with costs of suit and attorney's fees, all of which would ultimately be paid from public funds in the state treasury. Whether the claims are against the District or the individual District Defendants, Plaintiffs are effectively seeking to impose a financial burden on the state treasury, which the Eleventh Amendment prohibits. As such, the District Defendants are entitled to qualified immunity, and Plaintiffs request for punitive damages is unavailable as a matter of law.

Additionally, Plaintiffs have relied on *Ex parte Young* to support their claims, but that case addresses the doctrine of absolute immunity, which is not the basis of the Defendants' argument here. (*Ex parte Young* 209 U.S. 123, 159-60 (1908).) Defendants agree that there is no absolute immunity for punitive damages, but instead, are asserting that public officials may be entitled to qualified immunity. The distinction is crucial: qualified immunity shields public officials from liability for civil damages unless they violated a constitutional right that was clearly established at the time of the alleged conduct (*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Therefore, Plaintiffs' reliance on *Ex parte Young* is misplaced, as it does not address the qualified immunity defense asserted by Defendants in this case. For the reasons outlined above, the District Defendants are entitled to qualified immunity, and the Plaintiffs' claims for punitive damages are legally insufficient and should be dismissed.

**1. The Individual Defendants Are All Entitled To Qualified Immunity Because Interference With A Familial Relationship Under 42 U.S.C. § 1983 As Alleged Under These Circumstances Fails To Meet The Standard Of Review.**

Qualified immunity does not only refer to the exercise of force, but rather to the exercise of the discretion afforded to the party owing a duty to the other and the statute from which the claim arises. The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. (*Pearson v. Callahan*, 555 U.S. 223, 236.) Interference with a parent's right to make decisions regarding their student without justification, (*Doe v. Heck*, 327 F.3d 492, 518 (7th Cir. 2003)), obviously necessitates the exercise of discretion. Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known. (*Harlow v. Fitzgerald*, 457 U.S. 800, 818.) The resolution of immunity questions inherently requires a balance between the evils inevitable in any available alternative. (*Harlow v. Fitzgerald*, 457 U.S. 800, 813.) There are social costs the Defendant carries in exercising its duty of care, which include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence that comes from the fear of being sued which "dampen[s] the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties." (*Gregoire v. Biddle*, 177 F.2d 579, 581 (Cal.App.2d 1949), cert. denied, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950*). Harlow v. Fitzgerald*, 457 U.S. 800, 814.)

    Plaintiff erroneously argues that the parents explicitly communicated their concerns in writing, making it clear that they did not consent to the school's involvement. (Opposition to Defendant's Motion to Strike, p. 14: lines 21-22.) The Plaintiff is unrealistic about the responsibility he placed on school officials caring for his child. That is because the student is a minor child and children cannot exercise their own rights, even if they have acquired the ability to do so. That the student's only living parent is more than 400 miles away from the student's whereabouts, (FAC, p. 27: lines 11-12), increases the need for more discretion on the part of school officials caring for the student. While the school has made accommodations to support that arrangement, the Plaintiff has necessarily ceded more discretion and control to school officials. While the Plaintiff and no parent would like to see another individual usurp their coveted parental rights, any reasonable person who left their minor child in the care of school officials while residing more than 400 miles from the parental home would need to be reasonable and understand that school officials will need to exercise more discretion in how the District satisfies its duty of care to the student in the parent's absence, even if it contradicts the parent's desire and without consultation justified by the amount of decisions and judgments that need to be made daily in a minor child's life. Moreover, a student-athlete carries a greater burden of responsibility than other students and decisions about nutrition, sleep habits, exercise, training, and competition need to be made quickly and often change if circumstances arise.

    Plaintiff complains that the District initially assured the Plaintiff that it would not interfere, yet it continued to do so. The Plaintiff misunderstood. Despite the student's precarious position, the

7

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' FIRST AMENDED COMPLAINT'S PRAYER FOR PUNITIVE DAMAGES

District still owes the student a duty of care because he attends their school district. The noninterventionist strategy the Plaintiff requested from the District can only be carried out within the bounds of the District's duty of care; the Plaintiff clearly perceived the bounds to extend to the depths of his desire. That is not the law. That duty is not a duty the Defendant owes to the Plaintiff. The child here requires more care from school officials because his parent is not readily available to exercise his parental judgment and authority in the milieu of decisions that make up a growing child's day. Just because the child's need exceeds the care school officials typically provide other students, does not mean the school officials can ignore the student. This creates a conflict and a burden to navigate for the District. The balance in *Harlow* is directly applicable to the Plaintiff's situation because it underscores the need for an assessment of any available alternatives to evaluate the balance between the inevitable evils in each decision-making model.

While the Plaintiff further argues that he even provided written objections and personally visited the school to communicate his concerns directly with school officials, that those concerns were dismissed once again, he does not provide with what specificity or practicality he provided his written guidance. (MTS Opposition, p. 14: lines 24-26.) The Plaintiff in its Opposition fails to satisfy that burden of proof to show that it can meet the standard for a finding that the District nor the remaining individuals cloak fault apportioned to them with the garb of governmental immunity because it failed to show a deliberate disregard for parental authority and decision-making rights. (*Troxel v. Granville*, 530 U.S. 57, 66 (2000).) Instead, the Plaintiff merely underscored the delicate *Harlow* balancing test the court must employ to determine that the current arrangements cause more harm to the interests of the child, than under the model proposed by the Plaintiff. Finally, given that the District and its officials have not breached the duty of care to the student under the *Harlow* balancing test, Qualified Immunity attaches to the District and its officials, agents, and employees.

Given the volume of judicial resources that are required to calculate the two-pronged *Saucier's* test, that renders it essentially an academic exercise because in many cases it is plain that a constitutional right is not *clearly established* but far from obvious whether in fact there is such a right. Which is in fact why Qualified immunity is "an immunity from suit rather than a mere defense to liability." (*Mitchell v. Forsyth*, 472 U.S. 511, 526; *Pearson v. Callahan*, 555 U.S. 223, 237.) The

mere threat of the cost of litigation would paralyze any school official from acting in discretion, even when there is a child whose circumstances warrant the employ of an alternative arrangement. Qualified immunity is a doctrine designed with a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery," so that the mere pendency of litigation does not hinder or prejudice public officials in their employment, ability to obtain financing, and participate in society without undue or misplaced judgment. (*Anderson v. Creighton*, 483 U.S. 635, 640, n. 2.) Accordingly, "[the court has] repeatedly […] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." (*Hunter v. Bryant*, 502 U.S. 224, 227.) For these reasons, the District is immune from this suit under the doctrine of qualified immunity, Title 42 U.S.C. § 1983, and under California law, so the court should strike all of the Plaintiff's references to punitive damages because the perpetuity of that ongoing false statement prejudices the District in its defense given the malice required for punitive damages and the far cry here from that unmet standard.

### C. MOTION TO STRIKE IS PROPERLY BROUGHT TO STRIKE PUNITIVE DAMAGE ALLEGATIONS FROM THE PLAINTIFF'S FIRST AMENDED COMPLAINT.

Plaintiffs have inappropriately asserted punitive damages against the individual defendants in the First Amended Complaint, and therefore, a prayer for punitive damages may properly be reached by means of a Rule 12(f) motion to strike. (See *Darby v. City of Torrance*, 810 F.Supp. 271, 272 (1992).) Under the motion to strike rule, any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter may be stricken in order to avoid the time, effort, and expense necessary to litigate spurious issues. (*Simba v. Fenty* 754 F.Supp.2d 19 (D.D.C. 2010).)

In the Opposition to the Defendants' Motion to Strike, Plaintiffs argue that they used the correct standard to plead the punitive damages against the individual Defendants and that those allegations were appropriately pleaded. However, Plaintiffs' allegations regarding punitive damages do not meet the heightened legal standard requirement under either Federal or California law. Under Federal law, "Punitive damages may be awarded in 42 U.S.C. § 1983 cases if a defendant's conduct is driven by an evil motive or intent, or when it involves a reckless or callous indifference to the constitutional rights of others." (*Booke v. Cnty. of Fresno*, 98 F. Supp. 3d 1103, 1131 (E.D. Cal.

2015).) Plaintiffs allege "malicious, extreme, outrageous, wanton, or oppressive conduct by defendants" (FAC, ¶¶132, 139, 152); however, not only Plaintiffs apply California law standard to the alleged Federal cause of action, they also do not plead any facts to support this blanket allegation.

Plaintiffs' FAC's and Opposition arguments do not withstand the heightened pleading standard required under both Federal and California law. The allegation that individual Defendants were engaging in "malice and oppression" because they followed the California Education Code with regard to their student and student's activities is certainly not sufficient to establish "evil motive or intent" or "reckless indifference". As detailed in the Defendants' Motion to Strike and in this Reply, Plaintiffs' improper, baseless and inappropriate references to punitive damages against individual Defendants must be stricken from the First Amended Complaint.

### 1. PUNITIVE DAMAGE ALLEGATIONS MUST BE STRICKEN FROM THE FAC AS THEY DO NOT MEET THE HEIGHTENED PLEADING STANDARD UNDER EITHER FEDERAL OR STATE LAW.

Plaintiffs allege in their Opposition to the Defendants' Motion to Strike that they apply the correct legal standard to assert punitive damages against individual Defendants in this action. However, Plaintiffs confusion of both the Federal and State legal standards in the FAC and, at the same time, do not plead any facts to meet the heightened legal standard under either Federal or State law. Under Federal law, "Punitive damages may be awarded in 42 U.S.C. § 1983 cases if a defendant's conduct is driven by an evil motive or intent, or when it involves a reckless or callous indifference to the constitutional rights of others." (*Booke v. Cnty. of Fresno*, 98 F. Supp. 3d 1103, 1131 (E.D. Cal. 2015).) Plaintiffs allege "malicious, extreme, outrageous, wanton, or oppressive conduct by defendants" (FAC, ¶¶132, 139, 152), which is a California standard. Furthermore, Plaintiff applies California law standard to the alleged Federal cause of action and does not plead any facts to support this blanket allegation under either Federal or California law. Under California law, ***absent specific alleged facts***, mere conclusory allegations of malice, oppression, fraud, intent to injure, and/or disregard of the plaintiff's rights are insufficient as a matter of law to state a demand for punitive damages. (See *Smith v. Sup.Ct.,* 10 Cal.App.4th 1033, 1041-1042 (1992); *Anschutz Entertainment Group, Inc. v. Snepp*, 171 Cal.App.4th 598, 643 (2009) [allegations that defendant's conduct was intentional, willful, malicious, performed with ill will toward plaintiffs, and in

conscious disregard of plaintiffs' rights did not satisfy specific pleading requirement].) As such, Plaintiffs' FAC and Opposition arguments do not withstand the heightened pleading standard required under both Federal and California law. Therefore, no punitive damages can be sought against Defendants, either under the 42 U.S.C. § 1983 or under California law, and all of the Plaintiffs' references to the punitive damages must be stricken from the FAC.

### III.  CONCLUSION

Plaintiffs' First Amended Complaint improperly asserts punitive damages against Defendants SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON who are all state officials acting in their official capacities. Furthermore, Plaintiffs fail to allege sufficient facts to support a claim for punitive damages. Accordingly, DISTRICT DEFENDANTS respectfully request that Plaintiffs' prayer for punitive damages be struck pursuant to Federal Rules of Civil Procedure 12(f).

Dated: February 28, 2025                                  DeMaria Law Firm, APC

By: ___/s/ *Anthony N. DeMaria*___
Anthony N. DeMaria
Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON