**SPINELLI, DONALD & NOTT**
A Professional Corporation
J. SCOTT DONALD, SBN: 158338
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888
Facsimile: (916) 448-6888
Email: scottd@sdnlaw.com

**FAGEN FRIEDMAN & FULFROST LLP**
DIANE MARSHALL-FREEMAN, SBN: 115960
621 Capitol Mall, Suite 1525
Sacramento, CA 95814
Telephone: (916) 443-0000
Email: dmarshall-freeman@f3law.com

Attorneys for Defendant
CALIFORNIA INTERSCHOLASTIC FEDERATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE; AND DOES 1-20 in their individual and official capacities,<br><br>　　　Defendants. | Case No.: 4:24-cv-05545-JST<br><br>**DEFENDANT CALIFORNIA INTERSCHOLASTIC FEDERATION'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:　　　　March 27, 2025<br>Time:　　　　2:00 PM<br>Judge:　　　Jon S. Tigar<br>Courtroom:　6<br><br>Action Filed: 08/20/2024 |

///

///

## I. INTRODUCTION

Plaintiffs opposition to Defendant California Interscholastic Federation's (hereinafter "CIF") 12(b)(6) Motion to Dismiss either ignores or at best fails to acknowledge the glaring disconnect between the alleged acts or omissions of CIF personnel and Plaintiffs' alleged harm. The CIF, its Sections and its staff have a clearly defined role related to high school athletics under the California Education Code including §§ 33353 and 35179. Plaintiffs acknowledge that through its bylaws, CIF has oversight responsibilities with respect to the eligibility requirements to participate in high school athletics. However, they fail to accept that the CIF does not have responsibility beyond a determination of eligibility and certainly has no authority to remove a student from a given school, city, or part of the state and no authority to ensure compliance with a custody order.

As will be discussed in greater detail below, Plaintiffs' Opposition only highlights their inability to plead a cognizable claim against the CIF under Monell 42 U.S.C. § 1983. Rather, Plaintiffs ignore legal precedent related to the pleading standards of a Monell claim including a failure to identify a policy or custom that amounted to deliberate indifference to Plaintiffs' constitutional rights; plead sufficient facts to show the policy or custom was the moving force behind the alleged constitutional violation; or plead sufficient facts to show that CIF failed to train its personnel. These deficiencies are all grounds to dismiss.

## II. LEGAL ARGUMENT

### A. Plaintiffs' First Amended Complaint Does Not Plead a Cognizable Policy Under Monell

Plaintiffs sole cause of action against CIF is under Plaintiffs' Ninth Cause of Action brought under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). To satisfy the pleading requirements for a Monell cause of action, a plaintiff must plead sufficient facts that if proven show that 1) the plaintiff was deprived of a constitutional right; 2) the defendant had a policy or custom; 3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and 4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, 237 F. 3d. 1101, 110-11 (9th Cir.) As set forth in its moving papers, the CIF's 12(b)(6) Motion to Dismiss Plaintiffs' Ninth Cause of Action is based on several deficiencies including

a failure by Plaintiffs to properly satisfy the second element, that the CIF had a **policy or custom** as that element has been defined in applicable case law. Unfortunately, Plaintiffs' opposition relies heavily on the conclusions contained in the First Amended Complaint and contradiction, rather than providing the court any authority or factual demonstration that a policy and/or custom is properly pled.

Plaintiffs rely on the conclusive language contained in the Complaint to argue that the express policy followed by the CIF is that the CIF "expressly adopted official policy to ignore CIF rules and 'put the child first.'" [sic]  *See* ECF Doc. 68, p.9:8-9. Despite the fact that this policy makes no sense as articulated in either Plaintiffs' Opposition or the complaint, Plaintiffs conclude that the CIF has been given "fair notice of Plaintiffs' claim." *See* ECF Doc. 68, p.8:24-26. Without authority, Plaintiffs contend that a properly pled Monell claim does not require exhaustive factual detail but only requires sufficient allegations to give the Defendant fair notice of the claim and allow for meaningful discovery. *See* ECF Doc. 68, p. 8:24-26.

Plaintiffs incorrectly state the pleading standard that requires sufficient facts to allege either a formal governmental policy or absent that being pled, a long-standing practice or custom which constitutes the standard operating procedure of the local government entity. *Trevino v. Gates,* 99 F. 3d. 911, 918. Plaintiffs appear to recognize Trevino's controlling authority on this issue and admit that in those instances where there is an allegation of a long-standing policy or custom as opposed to alleging the existence of a formal governmental policy, Plaintiffs must do more than simply conclude that a long-standing practice or custom constituting the standard operating procedure for the local government existed at the time of the alleged harm. *Trevino* supra, 918. However, as *Trevino* further instructs, liability for an improper custom may not be predicated on isolated or sporadic instances, but instead must be based on practices that are of a sufficient duration, frequency and consistency that illustrate for an objective observer that the conduct in question is a **traditional** method of that entities policy. *Id.* at 918. The only facts alleged describing a CIF custom are conclusory and vague but according to Plaintiffs should be enough to "suggest a longstanding practice by CIF of disregarding its own regulations when convenient." *See* ECF Doc. 68, p.9:21-22. This conclusion is not adequate and is contrary to the *Trevino* holding. Nor is it supported by the pleading itself that describes a single instance

where no investigation was performed following Plaintiffs' attorney's request. One incident does not constitute a long-standing practice.

B. **Plaintiffs Have Failed to Plead Sufficient Facts to Show That the Alleged Policy or Custom Was a Moving Force Behind an Alleged Constitutional Violation**

The parties agree that in order to impose liability on a local government entity under Monell, a plaintiff's pleading must demonstrate that defendant's policy or custom was the moving force behind the constitutional violation. *Monell* 436 U.S. at 694; *Galen v. County of Los Angeles*, 477 F. 3d. 652, 667, (9th Cir. 2007). Plaintiffs argue that the CIF's failure to enforce Bylaw 510 interfered with their familial relationship because it allowed Student to transfer from Student's high school in Sacramento to a high school in Southern California. *See* ECF Doc. 68, p.10:18-21. This conclusion exposes a factual leap between the underlying acts and omissions attributed to the CIF staff by Plaintiffs in the First Amended Complaint and Plaintiffs' alleged harm. In their pleading, Plaintiffs claim that CIF personnel were put on notice by Plaintiffs' attorney of potential bylaw violations. However, the First Amended Complaint and the exhibits attached show the only contact between the CIF and Plaintiffs occurred after Student had already transferred …twice. Presumably, Plaintiffs seek to infer that had CIF investigated the allegations contained in the original complaint filed by Plaintiffs' attorney and provided to CIF staff on August 20, 2024, after Student had already transferred to first Bishop Alemany High School and then Mission Viejo High School, CIF would have discovered one of Student's transfers was in violation of Bylaw 510. One must further infer then, that Plaintiffs' believe that had CIF conducted its investigation they would have found Student ineligible for participation in football for whatever may have remained of his eligibility and that this determination by CIF officials would have somehow compelled Student to return to Sacramento.[1]

Plaintiffs' opposition fails to address the logical incongruity of their claim in the face of the facts as Plaintiffs have pled them. Further, Plaintiffs ignore the other inconsistencies that block any conceivable path toward an amendment that cures their inherent deficiencies. For instance, as reflected

---

[1] As set forth in CIF Bylaw 510 B, a student who becomes ineligible under this bylaw is ineligible for all CIF competition and Plaintiff would not have been able to participate as a football player in Sacramento.

in Bylaw 510, the only penalty that could have been imposed on Student by the CIF or its member school were limited to the eligibility to participate in sport as to Student and penalties against the athletic program such as forfeitures against the member school. The CIF has no jurisdiction over any of the other individuals or entities referenced in Plaintiffs' First Amended Complaint. Simply put, even if the CIF had been put on notice that Student's transfer was in violation of Bylaw 510 at the time the initial transfer was made, the limit of its jurisdiction and authority has no bearing on Plaintiffs' familial rights with Student.

### C. Plaintiffs Have Not Pled Sufficient Facts That CIF Failed to Train Employees

The CIF and Plaintiffs again agree on the controlling law concerning the pleading requirements to establish that a government entity failed to train subordinates and the lack of that training was the actual cause of the constitutional harm or deprivation of rights. *Flores v. County of Los Angeles*, 758 F. 3d. 1154, 1159 (9th Cir. 2014) citing *Connick v. Thompson*, 563 U.S. 51, 59 (2011) However, while Plaintiffs acknowledge *Flores* and *Connick* as controlling authority, nothing has been pled to show a particular omission in the CIF's training program intended to violate Plaintiffs' alleged "right to familial association." *Connick* 563, U.S. at 61. Plaintiffs have failed to plead facts that the CIF had a pattern of similar constitutional violations by untrained employees. *Connick* at 62. As noted above, Plaintiffs' claim that the offending action by the CIF was a failure to investigate Student's transfer (one of which both post dated Plaintiffs' separation from Student) but allegedly failed to do so. One incident does not constitute "a pattern of similar violations" as defined by *Connick*.

Plaintiffs wholly ignore the 9th Circuit's additional requirements to establish a claim for failure to train under *Connick*, a plaintiff must plead facts that show 1) the existing training program is inadequate in relation to the tasks the particular employee must perform; 2) the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes in contact with; and 3) the inadequacy of the training actually caused a purported constitutional deprivation. *Merritt v. County of Los Angeles* 875 F.2d 765, 770 (9th Cir. 1989). Plaintiffs' opposition simply offers the conclusions of fact that are present in their Complaint. One can only conclude that there are no facts supporting the existence of a pattern of behavior by CIF employees or a reflection of that pattern through it's employees' decision-making processes. One can only assume that as pled, training of the employees of

the CIF had absolutely nothing to do with why no investigation was undertaken after Plaintiffs' counsel requested one on the basis of allegations contained in a pleading.

### III.   CONCLUSION

Where the allegations against the CIF under Monell are concerned, there does not appear to be a plausible basis under which the CIF may be held liable for an interference with familial relationships between Plaintiffs and Student. The facts as pled can only lead to the conclusion that there is not a plausible basis under the circumstances giving rise to Plaintiffs' alleged harm. Under the authorities provided above, this Court is respectfully requested to dismiss Plaintiffs' Ninth Cause of Action against the CIF without leave to amend.

Respectfully submitted,

Dated:  March 7, 2025                                SPINELLI, DONALD & NOTT

By:   *// J. Scott Donald*
          J. SCOTT DONALD
          Attorneys For Defendant
          CALIFORNIA INTERSCHOLASTIC
          FEDERATION

6

DEFENDANT CALIFORNIA INTERSCHOLASTIC FEDERATION'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(B)(6)