DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:    (559) 206-2410
Facsimile:    (559) 570-0126

Attorneys for Defendants, SADDLEBACK
VALLEY UNIFIED SCHOOL DISTRICT;
EDWARD WONG, TRICIA OSBORNE, and
CHAD JOHNSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs.<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE AND DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**DEFENDANTS' SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ADDITIONS TO THE PARTIES PREVIOUSLY SUBMITTED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  March 25, 2025<br>Time: 2:00 pm<br>Judge: Honorable Jon S. Tigar |

Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON, submit the following additions to the parties previously submitted Case Management Conference Statement. The parties submitted without these additions and these Defendants' signature. For reference, the additions have been bolded for the Court's review.

## 1. Jurisdiction & Service

Plaintiffs' First Amended Complaint asserts federal question jurisdiction and brings claims under 42 U.S.C. § 1983 against the school district, school district officials and the California Interscholastic Federation ("CIF"). Those defendants have moved to dismiss the federal claims. Plaintiffs also assert state law claims against additional defendants. Those defendants have moved to dismiss the state law claims. The school district defendants have moved to transfer the case to the Central District of California given that a majority of the potential witnesses with respect to Phillip III's attendance at Mission Viejo High School are located in Orange County.

Plaintiffs firmly object to the transfer of venue. Plaintiff Phillip Bell Jr. resides in the Northern District, and Defendants Steve Briscoe and Next Level are also located in the Northern District. The only defendant in Southern California is the School District. Moreover, this case originated in the Northern District, as the initial custody order at issue was issued in San Francisco. Furthermore, Defendants CIF and Klutch Sports have addresses of record in Sacramento, California, which is in close proximity to the Northern District and further supports that venue is proper there.

Isaiah Sandoval has not been served. All other defendants have either been served with the summons and complaint or stipulated to waive service of the summons and complaint.

## 2. Facts

**Plaintiffs' position**

Phillip III, a talented student-athlete and football player, initially thrived under the shared custody of his father (Phillip Bell Jr.) and mother (Samantha Barnes) in Sacramento, California. When Samantha married Sandoval, tensions rose as Sandoval with the help of Steve Briscoe and Next Level arranged for Phillip III to attend a high school in Southern California, violating the

1

DISTRICT DEFENDANTS' ADDITIONS TO THE PARTIES PREVIOUSLY SUBMITTED
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 4:24-cv-05545-JST

1   shared custody agreement. Father, who had hoped Phillip III would attend a Catholic school, was not

2   consulted about this move, which promised financial compensation and potential NIL (name, image,

3   likeness) deals for Phillip III.

4        Briscoe and Next Level orchestrated and facilitated the transfer of Phillip Bell III to a school

5   in Southern California.  As a result of brokering the deal Briscoe and Next Level were compensated.

6   Following his relocation to Los Angeles with Samantha and Sandoval, Phillip III's well-being

7   significantly deteriorated due to Sandoval's alleged drug use, domestic violence, and neglectful living

8   conditions, which included instances of physical abuse and food deprivation. Distressed, Phillip III

9   frequently called Father and his grandparents (Lorna and Anthony) for help. Alarmed, Father and the

10  grandparents filed a court petition to bring Phillip III back to Sacramento, which the court granted,

11  ordering his return to his former Catholic high school after his first semester in Los Angeles. Despite

12  this, Samantha and Sandoval with the help of Briscoe and Next Level concealed Phillip III's location

13  and disregarded the court order.

14       Following Samantha's death under suspicious circumstances, Sandoval attempted to retained

15  control over Phillip III, with help from several defendants. District officials at Mission High School,

16  aware of the court order, facilitated Phillip III's continued enrollment and took measures to hide him

17  from Father and his grandparents. Sandoval, Briscoe, and Next Level profited off of Phillip III and

18  his contractual NIL arrangement with Klutch Sports without Father's knowledge or consent.

19       Defendants, including school District officials and Klutch Sports, worked to alienate Phillip

20  III from his biological family, providing housing, financial resources, and other inducements to keep

21  him in Los Angeles. Despite a cease-and-desist letter, they continued to promote Phillip III's athletic

22  career, even taking him on out-of-state trips and offering luxury living situations. Throughout,

23  Defendants allegedly failed to provide Phillip III the counseling he needed following Samantha's

24  death, despite being aware of the situation.

25       Plaintiffs claim that the defendants exploited Phillip III's athletic potential and violated both

26  legal and ethical obligations, causing significant emotional distress for Phillip III and further strain on

27  his relationship with his biological family.

28

**Defendants' position**

**Saddleback Valley Unified School District ("District") and District Defendants contend that as a matter of law, District and individual District Defendants did not violate any of the alleged Plaintiffs' rights as at all times Defendants exercised the authority imposed by the state with regard to the student at Mission Viejo High School. Defendants also contend that District and District Defendants did not owe or were in breach of any duty of care to Plaintiffs since the District's and individual Defendants' statutory duty to ensure that students are safe does not extend to third parties that are off campus, nor does it include a duty to protect the mental or emotional well-being of a student's parents and grandparents. The entirety of District Defendant's position is fully briefed in the motion to dismiss and motion to strike.**

The CIF contends that no act or omission of the CIF and its employees was a cause of Plaintiffs' alleged harm. Defendant Klutch Sports Group (erroneously sued as Klutch Sports) ("Klutch") contends that it entered into a lawful, consensual, arms-length agreement with Phillip III to which Plaintiffs were not parties, nor were they contemplated thereby. Klutch contends that no act or omission of Klutch was a cause of Plaintiffs' alleged harm.

Defendants Steve Briscoe and Next Level Sports & Academics contend that Phillip III and his mother made their own decisions about where to live and where Phillip III would play football. Briscoe did not advise Phillip III to attend Mission Viejo or cause him to do so. Briscoe did not receive any compensation for the advice and mentorship that he provided to Phillip III and his mother and neither Briscoe nor Next Level has any contractual right to any compensation related to Phillip III's decision about where to attend high school or college or to enter into any contract related to his football career. Briscoe did not complete any forms related to Phillip III's enrollment at Mission Viejo for either his junior or senior year. He also did not tell anyone that he was biologically related to Phillip III. Briscoe and Next Level contend that no act or omission on their part was a cause of any harm that Plaintiffs allege that they suffered.

DISTRICT DEFENDANTS' ADDITIONS TO THE PARTIES PREVIOUSLY SUBMITTED
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 4:24-cv-05545-JST

### 3. Legal Issues

Issues include: whether the First Amended Complaint plausibly states a claim for a violation of Section 1983 against the school district, school district officials, or CIF; whether the Court should exercise supplemental jurisdiction over the state law claims if the federal claims are dismissed; whether any defendant owed Plaintiffs a duty of care; whether any defendant breached any such duty of care; whether any defendant's conduct was the proximate cause of any injury to Plaintiffs; whether any defendant's conduct met the required standard for outrageous conduct that would give rise to a claim of emotional distress; whether Plaintiffs have adequately alleged extreme emotional distress; whether Plaintiffs' unjust enrichment can be brought as a separate cause of action; whether Phillip III's grandparents (who did not have custody of him) have standing to bring any of their claims; and whether any claims for injunctive relief are moot given Phillip III is no longer a minor.

Plaintiffs do not believe there are any deficiencies in the claims asserted in the First Amended Complaint and contend that all claims are sufficiently pled to survive Defendants' Rule 12(b)(6) motion to dismiss. The First Amended Complaint plausibly states claims for violations of Section 1983 against the school district, district officials, and CIF. Furthermore, Plaintiffs submit that the state law claims are properly before the Court, and supplemental jurisdiction remains appropriate. Plaintiffs have adequately alleged facts demonstrating that Defendants owed and breached duties of care, proximately caused injury, engaged in outrageous conduct, and caused extreme emotional distress. Additionally, Plaintiffs' unjust enrichment claim is properly pled as a separate cause of action. The grandparents have standing to bring their claims based on their direct involvement and injuries, and Plaintiffs' claims for injunctive relief are not moot.

### 4. Motions

Defendants have filed motions to dismiss **and a motion to strike with regard to the** First Amended Complaint and those motions were set to be heard on March 27, 2025 and have now been submitted without argument.  The school district and school district officials sought dismissal or transfer of the case to the Central District of California given that the witnesses with respect to Phillip

III's attendance at Mission Viejo are located in Orange County.  The parties anticipate that there will also be motions for summary judgment if the case advances beyond the pleadings.

Plaintiffs will file an opposition to any motion to transfer venue, as they strongly oppose such a move. The initial issues giving rise to this case, including the custody order and key events, occurred in the Northern District, making venue proper. Additionally, Plaintiffs will seek leave to amend should the Court find any deficiencies in the First Amended Complaint, as they are prepared to address any concerns raised and ensure the claims are fully and properly pled.

**5.  Amendment of Pleadings**

Plaintiffs filed a First Amended Complaint on November 22, 2024.  No other amendments of the pleadings are expected at this time.

**6.  Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The parties are taking steps to preserve evidence and will continue to have discussions regarding a plan for discovery in this action.

**7.  Disclosures**

The parties have not yet made initial disclosures and request that the time for making initial disclosures be extended until the pleadings in this matter are set.

**8.  Discovery**

No discovery has occurred yet.  The parties continue to discuss a proposed discovery plan.

**9.  Class Action**

This is not a class action.

**10. Related Cases**

None.

**11. Relief**

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

District Defendants have submitted a motion to strike as to Plaintiffs' First Amended Complaint's prayer for relief.

**12. Settlement and ADR**

Based on the parties' discussions to date, the parties do not believe that settlement discussions would be fruitful in advance of the anticipated motions to dismiss and at least some preliminary discovery.

**13. Other References**

The parties do not currently believe the case is suitable for referral to arbitration or a special master.

**14. Narrowing of Issues**

The parties believe that the most consequential issues are raised in the motions to dismiss that were scheduled to be heard on March 27, 2025 and have been submitted without argument.

**15. Expedited Trial Procedure**

At this time, the case does not appear to be the type that could be handled under expedited trial procedures.

**16. Scheduling**

Particularly in light of the school district defendants' motion, which contends that this case should proceed in the Central District rather than the Northern District, Defendants believe that the Court should wait to set a schedule for this matter until after the pleadings are set.

Plaintiffs respectfully request that the Court assist in setting the scheduling order based on the Court's availability and the complexities presented by the number of parties involved. Plaintiffs maintain that venue is proper in the Northern District and believe this case will remain before this Court. Accordingly, Plaintiffs request that a scheduling order be set now so that the parties may proceed to discovery without further delay.

**17. Trial**

Plaintiffs **and the District Defendants demand a jury trial.** The Plaintiffs estimate that trial could last 3-5 days. **The District Defendants estimate 10 days for any such trial.**

**18. Disclosure of Non-party Interested Entities or Persons**

The parties do not currently believe there is there is any conflict or interest (other than the named parties) to be disclosed.

**19. Professional Conduct**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District.

**20. Other**

None.

Dated: March 18, 2025

Respectfully submitted,

By: */s/ Anthony N. DeMaria*
    Anthony N. DeMaria

DEMARIA LAW FRIM, A.P.C.
Anthony N. DeMaria (State Bar No. 177894)
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, CA 93711
Telephone: (559) 206-2410

*Attorneys for Defendants Saddleback Valley*
*Unified School District, Edward Wong, Tricia*
*Osborne, and Chad Johnson*

DISTRICT DEFENDANTS' ADDITIONS TO THE PARTIES PREVIOUSLY SUBMITTED
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
Case No.: 4:24-cv-05545-JST