J. DAVIS LAW FIRM, PLLC
Jamir Davis, Esq. (*pro hac vice*)
jdavis@jdaviscounsel.com
106 Winding Way, Unit C
Covington, KY 41011
Telephone: (859) 750-5033

Valery Nechay (State Bar No. 314752)
valery@nechaylaw.com
Attorney at Law
Law Chambers Building
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 652-8569

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs.<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE AND DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: June 17, 2025<br>Time: 2:00 pm<br>Judge: Honorable Jon S. Tigar |

1. **Jurisdiction & Service**

Plaintiffs' First Amended Complaint asserts federal question jurisdiction and brings claims under 42 U.S.C. § 1983 against the school district, school district officials and the California Interscholastic Federation ("CIF"). Those defendants have moved to dismiss the federal claims. Plaintiffs also assert state law claims against additional defendants. Those defendants have moved to dismiss the state law claims. The school district defendants have moved to transfer the case to the Central District of California given that a majority of the potential witnesses with respect to Phillip III's attendance at Mission Viejo High School are located in Orange County.

Plaintiffs firmly object to the transfer of venue. Plaintiff Phillip Bell Jr. resides in the Northern District, and Defendants Steve Briscoe and Next Level are also located in the Northern District. The only defendant in Southern California is the School District. Moreover, this case originated in the Northern District, as the initial custody order at issue was issued in San Francisco. Furthermore, Defendants CIF and Klutch Sports have addresses of record in Sacramento, California, which is in close proximity to the Northern District and further supports that venue is proper there.

Isaiah Sandoval has not been served. All other defendants have either been served with the summons and complaint or stipulated to waive service of the summons and complaint.

2. **Facts**

**Plaintiffs' position**

Phillip Bell III, a highly talented student-athlete and football player, initially thrived under a joint custody arrangement between his biological parents, Phillip Bell Jr. and Samantha Barnes, in Sacramento, California. However, after Ms. Barnes married Isaiah Sandoval, a series of actions orchestrated by Sandoval, Steve Briscoe, and Next Level led to Phillip III's relocation to Southern California, where he was enrolled at Mission Viejo High School without his father's consent and in violation of the existing custody agreement.

This relocation was not only unauthorized but strategically executed to position Phillip III for athletic exposure, NIL (Name, Image, and Likeness) opportunities, and ultimately, financial exploitation by the Defendants. Briscoe and Next Level brokered the transfer, arranged housing and

school enrollment, and were compensated as a result. The father was never consulted—despite being a legal guardian—and had intended for his son to continue his education at a Catholic high school in Sacramento.

Following the move to Los Angeles, Phillip III's living conditions deteriorated drastically, as he was exposed to alleged domestic violence, drug use, and neglect by Sandoval. He called his father and grandparents frequently, expressing fear and asking for help. In response, the family filed for emergency court intervention, which resulted in a court order directing Phillip III to return to Sacramento. Despite this clear directive, Sandoval, Briscoe, and Next Level actively concealed his location, preventing enforcement of the court's order.

Tragically, after Samantha Barnes passed away under suspicious circumstances, Phillip III remained in Southern California—a minor without a custodial parent or legal guardian present, and without the consent of his biological father. His continued enrollment at Mission Viejo High School occurred in direct violation of school district and CIF (California Interscholastic Federation) policies, which require verified parental consent and lawful guardianship for minor student-athletes.

Instead of facilitating a lawful reunification with his father, district officials knowingly enabled the concealment, providing housing, resources, and support to keep Phillip in Southern California. During this time, Klutch Sports and affiliated entities began financially benefiting from Phillip III's athletic performance through NIL endorsements—all without notice to, or consent from, his biological family.

Despite the issuance of a cease-and-desist letter, Defendants continued to promote Phillip III's brand, take him on out-of-state trips, and place him in luxury accommodations—all while actively alienating him from his family and depriving him of emotional support, counseling, and stability after the death of his mother.

At all times relevant, Phillip Bell III was a minor. He was residing without a lawful guardian, and decisions regarding his education, housing, and commercial endorsements were made by individuals without legal authority to do so. The Defendants intentionally violated Plaintiffs' rights to

familial association, exploiting Phillip III's athletic potential for their own financial gain, while permanently severing his connection to his biological family.

Today, Phillip Bell III is a student-athlete at Ohio State University on a full athletic scholarship, but he has no communication with his father or extended family. His biological relatives have missed the most critical, life-defining years of his development—moments that can never be recovered. The Defendants' conduct has caused profound and irreversible harm, not only to the Plaintiffs' parental rights but to the emotional and psychological well-being of the minor they exploited. Plaintiffs seek full accountability for the Defendants' unlawful conduct and the irreparable harm caused by their willful, profit-driven interference with a protected family relationship.

**Defendants' position**

Saddleback Valley Unified School District ("District") and District Defendants contend that as a matter of law, District and individual District Defendants did not violate any of the alleged Plaintiffs' rights as at all times Defendants exercised the authority imposed by the state with regard to the student at Mission Viejo High School. Defendants also contend that District and District Defendants did not owe or were in breach of any duty of care to Plaintiffs since the District's and individual Defendants' statutory duty to ensure that students are safe does not extend to third parties that are off campus, nor does it include a duty to protect the mental or emotional well-being of a student's parents and grandparents. The entirety of District Defendant's position is fully briefed in the motion to dismiss and motion to strike.

The CIF contends that no act or omission of the CIF and its employees was a cause of Plaintiffs' alleged harm.

Defendant Klutch Sports Group (erroneously sued as Klutch Sports) ("Klutch") contends that it entered into a lawful, consensual, arms-length agreement with Phillip III to which Plaintiffs were not parties, nor were they contemplated thereby.  Klutch owed no duty of care to Plaintiffs and therefore Klutch did not breach any duty of care owed to Plaintiffs.  Klutch further contends that Plaintiffs have never had any relationship with Klutch, nor has Klutch ever interacted with Plaintiffs outside of declining their attempts to meet with Klutch, pursuant to Klutch's client, Phillip III's,

explicit instructions. All of Klutch's actions in this matter were undertaken at the direction of their client, Phillip III. Klutch contends that no act or omission of Klutch was a cause of Plaintiffs' alleged harm.

Defendants Steve Briscoe and Next Level Sports & Academics contend that Phillip III and his mother made their own decisions about where to live and where Phillip III would play football. Briscoe did not advise Phillip III to attend Mission Viejo or cause him to do so. Briscoe did not receive any compensation for the advice and mentorship that he provided to Phillip III and his mother and neither Briscoe nor Next Level has any contractual right to any compensation related to Phillip III's decision about where to attend high school or college or to enter into any contract related to his football career. Briscoe did not complete any forms related to Phillip III's enrollment at Mission Viejo for either his junior or senior year. He also did not tell anyone that he was biologically related to Phillip III. Briscoe and Next Level contend that no act or omission on their part was a cause of any harm that Plaintiffs allege that they suffered.

### 3. Legal Issues

Issues include: whether the First Amended Complaint plausibly states a claim for a violation of Section 1983 against the school district, school district officials, or CIF; whether the Court should exercise supplemental jurisdiction over the state law claims if the federal claims are dismissed; whether any defendant owed Plaintiffs a duty of care; whether any defendant breached any such duty of care; whether any defendant's conduct was the proximate cause of any injury to Plaintiffs; whether any defendant's conduct met the required standard for outrageous conduct that would give rise to a claim of emotional distress; whether Plaintiffs have adequately alleged extreme emotional distress; whether Plaintiffs' unjust enrichment can be brought as a separate cause of action; whether Phillip III's grandparents (who did not have custody of him) have standing to bring any of their claims; and whether any claims for injunctive relief are moot given Phillip III is no longer a minor.

Plaintiffs do not believe there are any deficiencies in the claims asserted in the First Amended Complaint and contend that all claims are sufficiently pled to survive Defendants' Rule 12(b)(6) motion to dismiss. The First Amended Complaint plausibly states claims for violations of Section

1983 against the school district, district officials, and CIF. Furthermore, Plaintiffs submit that the state law claims are properly before the Court, and supplemental jurisdiction remains appropriate. Plaintiffs have adequately alleged facts demonstrating that Defendants owed and breached duties of care, proximately caused injury, engaged in outrageous conduct, and caused extreme emotional distress. Additionally, Plaintiffs' unjust enrichment claim is properly pled as a separate cause of action. The grandparents have standing to bring their claims based on their direct involvement and injuries, and Plaintiffs' claims for injunctive relief are not moot.

**4. Motions**

Defendants have filed motions to dismiss and a motion to strike with regard to the First Amended Complaint and those motions were set to be heard on March 27, 2025 and have now been submitted without argument.  The school district and school district officials sought dismissal or transfer of the case to the Central District of California given that the witnesses with respect to Phillip III's attendance at Mission Viejo are located in Orange County.  The parties anticipate that there will also be motions for summary judgment if the case advances beyond the pleadings.

Plaintiffs will file an opposition to any motion to transfer venue, as they strongly oppose such a move. The initial issues giving rise to this case, including the custody order and key events, occurred in the Northern District, making venue proper. Additionally, Plaintiffs will seek leave to amend should the Court find any deficiencies in the First Amended Complaint, as they are prepared to address any concerns raised and ensure the claims are fully and properly pled.

**5. Amendment of Pleadings**

Plaintiffs filed a First Amended Complaint on November 22, 2024.  No other amendments of the pleadings are expected at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The parties are taking steps to preserve evidence and will continue to have discussions regarding a plan for discovery in this action.

**7. Disclosures**

The parties have not yet made initial disclosures and request that the time for making initial disclosures be extended until the pleadings in this matter are set.

**8. Discovery**

No discovery has occurred yet. The parties continue to discuss a proposed discovery plan.

**9. Class Action**

This is not a class action.

**10. Related Cases**

None.

**11. Relief**

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

District Defendants have submitted a motion to strike as to Plaintiffs' First Amended Complaint's prayer for relief.

**12. Settlement and ADR**

Based on the parties' discussions to date, the parties do not believe that settlement discussions would be fruitful in advance of the Court's ruling on the pending motions to dismiss and at least some preliminary discovery related to any claims that survive a motion to dismiss.

**13. Other References**

The parties do not currently believe the case is suitable for referral to arbitration or a special master.

**14. Narrowing of Issues**

The parties believe that the most consequential issues are raised in the motions to dismiss that were scheduled to be heard on March 27, 2025 and have been submitted without argument.

**15. Expedited Trial Procedure**

At this time, the case does not appear to be the type that could be handled under expedited trial procedures.

**16. Scheduling**

Particularly in light of the school district defendants' motion, which contends that this case should proceed in the Central District rather than the Northern District, Defendants believe that the Court should wait to set a schedule for this matter until after the pleadings are set.

Plaintiffs are increasingly concerned with the potential for evidentiary spoilage given the nature of the claims and the number of Defendants involved. To ensure this case can be fairly litigated on its merits, Plaintiffs respectfully request that the Court immediately open discovery. Access to discovery is essential to preserve relevant evidence and to identify the full scope of the individuals and entities involved in the unlawful conduct.

Plaintiffs also respectfully request that the Court assist in setting a scheduling order at the earliest opportunity, based on the Court's availability and the procedural posture of the case. Plaintiffs maintain that venue is proper in the Northern District of California and believe this matter will remain before this Court. Accordingly, Plaintiffs urge the Court to enter a scheduling order so that the parties may proceed to discovery without further delay.

**Trial**

Plaintiffs and the District Defendants demand a jury trial.  The Plaintiffs estimate that trial could last 3-5 days. The District Defendants estimate 10 days for any such trial.  To the extent that any claims in this action need to be resolved at a trial, Defendants Klutch, Steve Briscoe, and Next Level believe that Plaintiffs' estimate of 3-5 days for any such trial will be more than adequate.

**17. Disclosure of Non-party Interested Entities or Persons**

The parties do not currently believe there is there is any conflict or interest (other than the named parties) to be disclosed.

**18. Professional Conduct**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District.

**19. Other**

None.

| | | |
|---|---|---|
| 1 | Dated: June 10, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | By: /s/Jamir Davis_____<br>　　　Jamir Davis | By: /s/Kevin Calia_____<br>　　　Kevin Calia |
| 4 | J. DAVIS LAW FIRM, PLLC | ILLOVSKY GATES & CALIA LLP |
| 5 | Jamir Davis, Esq. (*pro hac vice*)<br>jdavis@jdaviscounsel.com | Kevin Calia (State Bar No. 227406)<br>kevin@illovskygates.com |
| 6 | 106 Winding Way, Unit C<br>Covington, KY 41011 | Eva Schueller (State Bar No. 237886)<br>eschueller@illovskygates.com |
| 7 | Telephone: (859) 750-5033 | 1611 Telegraph Ave., Ste. 806<br>Oakland, CA 94612 |
| 8 | Valery Nechay (State Bar No. 314752) | Telephone: (415) 500-6640 |
| 9 | valery@nechaylaw.com<br>Attorney at Law | *Attorneys for Defendants Steve Briscoe and* |
| 10 | Law Chambers Building<br>345 Franklin St. | *Next Level Sports & Academics Foundation* |
| 11 | San Francisco, CA 94102 | |
| 12 | *Attorneys for Plaintiffs* | |
| 13 | By: /s/ Anthony N. DeMaria_____<br>　　　Anthony N. DeMaria | By: /s/ Zachary C. Hansen_____<br>　　　Zachary C. Hansen |
| 14 | | |
| 15 | DEMARIA LAW FRIM, A.P.C.<br>Anthony N. DeMaria (State Bar No. 177894) | EARLY SULLIVAN WRIGHT GIZER &<br>　MCRAE LLP |
| 16 | ademaria@demarialawfirm.com<br>1684 W. Shaw Ave., Ste. 101 | Bryan M. Sullivan (State Bar No. 209743)<br>bsullivan@earlysullivan.com |
| 17 | Fresno, CA 93711<br>Telephone: (559) 206-2410 | Zachary C. Hansen (State Bar No. 325128)<br>zhansen@earlysullivan.com |
| 18 | | 6420 Wilshire Blvd., 17th Floor<br>Los Angeles, CA 90048 |
| 19 | *Attorneys for Defendants Saddleback Valley Unified School District, Edward Wong, Tricia Osborne, and Chad Johnson* | Telephone: (323) 301-4660 |
| 20 | | *Attorneys for Klutch Sports Group, LLC* |
| 21 | By: /s/ J. Scott Donald_____<br>　　　J. Scott Donald | |
| 22 | | |
| 23 | SPINELLI, DONALD & NOTT<br>J. Scott Donald (State Bar No. 158338) | |
| 24 | scottd@sdnlaw.com<br>300 University Avenue, Suite 100 | |
| 25 | Sacramento, CA 95825<br>Telephone: (916) 448-7888 | |
| 26 | *Attorneys for Defendant California* | |
| 27 | *Interscholastic Federation* | |
| 28 | | |

**SIGNATURE ATTESTATION**

I, Zachary C. Hansen, am the ECF user whose identification and password are being used to file the foregoing JOINT CASE MANAGEMENT CONFERENCE STATEMENT. In compliance with Local Rule 5-1(h)(3), I hereby attest that all party signatories hereto concur in this filing's content and have authorized this filing.

*/s/ Zachary C. Hansen*
Zachary C. Hansen
