DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:   (559) 206-2410
Facsimile:   (559) 570-0126

Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs,<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, and DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:   September 11, 2025<br>Time:   2:00 P.M.<br>Ctrm.:   6<br><br>Assigned to: Hon. Judge Jon S. Tigar |

## I. INTRODUCTION TO REPLY

Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Individual Defendants"), submit this Reply Brief in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Plaintiffs' Opposition fails to cure the deficiencies identified in Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Plaintiffs fail to state a viable Second Cause of Action against the District for a *Monell* claim under any recognized theory of liability, including official policy or custom, failure to train, or a final policymaker's decision (*Monell v. Dept. of Social Services* 436 U.S. 658 (1978)). Plaintiffs' Eighth Cause of Action for unjust enrichment also fails as to Defendant, Chad Johnson because the Complaint alleges no facts demonstrating that he personally derived, received, or retained any benefit from Plaintiffs. Furthermore, Plaintiffs have improperly pleaded the Tenth Cause of Action for civil conspiracy as it is in excess of the Court's leave to amend. This Court's Order resolving motions to dismiss and motion to strike expressly limited the scope by which Plaintiffs could file a second amended complaint to "solely cure the deficiencies identified in this order" (ECF No. 85, p. 22:21-22). Plaintiffs exceeded that leave by attempting to assert a new cause of action that was neither contemplated by the Court's ruling nor permitted under the Order. In any event, the allegations are insufficient to state a conspiracy claim under § 1983 as Plaintiffs fail to plead specific facts showing the existence of an agreement and any wrongful acts in furtherance of that agreement causing damage. The Court should dismiss without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LAW AND ARGUMENT

**A. Plaintiffs fail to state the Second Cause of Action for the *Monell* claim.**

Plaintiffs' opposition reiterates the alleged facts in Plaintiffs' Second Amended Complaint for Dismissal of Second Cause of Action for *Monell* claim under 42 U.S.C. § 1983. However, Plaintiffs' Opposition does not cure the pleading defects in the Second Cause of Action and the *Monell* claim remains legally insufficient. Plaintiffs' Opposition relies on "sweeping allegations" rather than pleading any specific policy or custom attributable to the District. Plaintiffs' assertion

1

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

that here exists an unwritten practice of 'ignoring District bylaws' and 'putting the child first' by prioritizing athletic success over legal parental rights and purportedly amounting to a persistent, widespread de facto policy (See Plaintiffs' opposition ECF No. 104, p.11: 26-28.) is entirely conclusory. The alleged unofficial policy or longstanding practice is far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* (*See, City of Oklahoma City v. Tuttle* 471 U.S. 808, 821 (1985)). No fact suggests that such alleged practice is "persistent and widespread" and within the meaning of the *Monell* claim under the longstanding practice and custom theory. Moreover, Plaintiffs have not alleged sufficient facts to sustain a *Monell* claim based on "failure to train." Likewise, Plaintiffs' attempt to invoke the final policymaker theory fails, as no sufficient facts indicate that there is a District official with final policy making authority ratified or approved the alleged conducts affirmatively. Plaintiffs' allegations, even if taken as true, do not establish any of the three *Monell* theories—official policy/custom, failure to train, or a final policymaker's decision.

      **1. Plaintiffs fail to state *Monell* claim under "Official Policy or Custom" Theory.**

Plaintiffs' opposition fails to rebut the Defendant District arguments in the Motion to Dismiss Plaintiffs' Second Amended Complaint that Plaintiffs' allegations are "sweeping allegations". "Plaintiff must do more than allege in a conclusory fashion that the County maintains an unwritten policy or custom of permitting the types of wrongs Plaintiff experienced" (See *Tulare*, 666 F.3d at 637–38; *Brown v. Cty. of San Bernardino*, No. EDCV 20-1304 JGB (SHKx), 2021 WL 99722, at *4, 2021 U.S. Dist. LEXIS 7043, at *11 (C.D. Cal. Jan. 8, 2021) (**Courts have repeatedly rejected sweeping allegations of policies and customs in the absence of facts supporting their existence and applicability**.) (collecting cases); *A.B. v. City of Santa Ana*, No. SA CV 18-1553-DOC (ADS), 2019 WL 1578380, at *4, 2019 U.S. Dist. LEXIS 65691, at *11 (C.D. Cal. Feb. 11, 2019) (Plaintiffs 'bare assertion' that Defendants have an ongoing unlawful policy or practice, without more, does not suffice to state a claim for relief.); *Warner v. Cty. of San Diego*, No. 10cv1057 BTM(BLM), 2011 WL 662993, at *4, 2011 U.S. Dist. LEXIS 14312, at *10 (S.D. Cal. Feb. 14, 2011) (dismissing *Monell* claim that consisted of mere formulaic recitations of the existence of unlawful policies, customs, or habits.) (*Segura v. City of La Mesa* 647 F.Supp.3d 926, 936 (S.D.

Cal. 2022)). "Plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee" (*Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989); *see also Duenas v. Cty. of Riverside*, No. EDCV 21-1645 (SPx), 2022 WL 2167601, at *4, 2022 U.S. Dist. LEXIS 103666, at *10 (C.D. Cal. Apr. 7, 2022) (Allegations of a single occurrence of an alleged constitutional violation do not equate to a policy or custom.); *Naranjo v. City of Redwood City*, No. 19-cv-01549-YGR, 2019 WL 3842074, at *8 n.14, 2019 U.S. Dist. LEXIS 138528, at *19 n.4 (N.D. Cal. Aug. 15, 2019) (With respect to customs and practices, liability may not be premised on an isolated incident).

      Plaintiffs alleged that the individual Defendants acted pursuant to an expressly adopted official policy to ignore the District bylaws and "put the child first" which was allegedly a widespread or longstanding practice or custom of the defendant District and is alleged to have been so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury (Plaintiffs' Second Amended Complaint ("SAC") ¶¶152-153). However, in Plaintiffs' opposition, Plaintiffs do not content that there is an official policy but allege that the District's practice -ignoring District bylaws and "putting the child first" in a manner that prioritized athletic success over legal parental rights—is so persistent and widespread and it became the District's de facto policy (ECF No. 104, p. 11 : 26-28). Plaintiffs' opposition emphasizes the alleged facts of GoFundMe campaign, alleged Johnson's statements, and the alleged vice principal's inaction to intervene (ECF No. 104, p. 11: 8-23). However, these alleged facts fail to sufficiently state that such alleged practice—ignoring District bylaws and "putting the child first" in a manner that prioritized athletic success over legal parental rights—was so persistent and widespread and can constitute the custom. "An unwritten policy or custom must be so persistent and widespread that it constitutes a **permanent and well settled practice**. *Monell*, *supra* at 691, (internal quotation marks omitted). **Liability for improper custom may not be predicated on isolated or sporadic incidents**; it must be founded upon practices of sufficient duration, frequency and consistency that conduct has become a **traditional method of carrying out policy**" (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *Gonzalez v. Cnty. of Merced,* 289 F. Supp. 3d 1094, 1099 (E.D. Cal. 2017)). A

longstanding practice or custom must constitute the standard operating procedure of the local governmental entity (*Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 977 (C.D. Cal. 2023)). Courts have consistently held that isolated or sporadic incidents do not constitute a "custom" for *Monell* purposes, and liability requires practices to be sufficiently widespread, permanent, and well-settled to have the force of law. Here, no facts suggest that such practice was so "persistent and widespread as to practically have the force of law" or "constitute the standard operating procedure of the local governmental entity" (See *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *Brewster v. City of Los Angeles*, 672 F. Supp. 3d 872, 977 (C.D. Cal. 2023)). When one must resort to inference, conjecture and speculation to explain events, the challenged practice is not of sufficient duration, frequency and consistency to constitute an actionable policy or custom (*Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)). The complaint must contain sufficient factual allegations to plausibly suggest a policy or custom, as opposed to merely random, unconnected acts of misconduct (*Est. of Osuna v. Cnty. of Stanislaus*, 392 F. Supp. 3d 1162, 1174 (E.D. Cal. 2019)). Plaintiffs' Opposition does nothing more than assert conclusively that the conduct alleged was not "isolated or sporadic," attempting to distinguish *Estate of Osuna, supra*. Such bare assertions are inadequate and insufficient to establish any widespread policy, custom, or practice attributable to the District.

    **2. Plaintiffs fail to state the *Monell* claim under the "Failure to Train" Theory.**

Plaintiffs' opposition alleged that JOHNSON's statements—expressing that he would have killed SANDOVAL if related to SAMANTHA—combined with his admitted knowledge in that BRISCOE and SANDOVAL were "bad guys" and his refusal to intervene, illustrate a deliberate disregard for basic constitutional rights (ECF No. 104, p. 12: 7-11). Plaintiffs' opposition further alleged that the vice principal's corroborating presence, her knowledge of the events, and her choice to support rather than stop JOHNSON's conduct further highlight the complete absence of adequate training to prevent interference in custodial rights (ECF No. 104, p. 12: 11-15). Plaintiffs' allegations are unintelligible and ambiguous. First, "[A] single incident is generally insufficient to infer a policy of inadequate training" (See *Hyde v. City of Willcox*, 23 F.4th 863, 875 (9th Cir. 2022)). Second, while plaintiffs attempt to plead that the incident is the type of the "patently

obvious" situation (ECF No. 104, p. 12: 19-22), these alleged facts are insufficient to plead the deliberate indifference. "Single acts may trigger municipal liability where fault and causation" were clearly traceable to a municipality's legislative body or some other authorized decisionmaker (*Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021), citing *Board of Commissioners of Bryan Cnty.* v. *Brown*, 520 U.S. 397, 406 (1997)). Failure to train may constitute a basis for *Monell* liability where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees (*Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021), citing *City of Canton v. Harris*, 489 U.S. 379, 388 (1989)). Mere negligence will not suffice to show *Monell* liability (*Ibid*). To allege a failure to train, a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees (*Ibid.*). A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train (*Connick v. Thompson*, 563 U.S. 51, 61 (2011)). The Court states that only in rare circumstances, where the unconstitutional consequences of failing to train may be so plainly obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations (*Connick v. Thompson*, 563 U.S. 51, 64 (2011)).

Plaintiffs' allegations fail to support a reasonable inference of a municipal training policy that amounts to a deliberate indifference to constitutional rights and/or the constitutional injury would not have resulted if the municipality properly trained their employees (See *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021)). The allegations that Johnson allegedly stated he would kill someone, his knowledge of "bad guy" or refused to intervene cannot be inferred to reflect an inadequate training or indicate the plainly obvious unconstitutional consequences of failing to train. Moreover, "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train" (*Connick v. Thompson* 563 U.S. 51, 62 (2011) citing *Board of Commissioners of Bryan Cnty.* v. *Brown*, 520 U.S. 397, 409 (1997) (emphasis added)). "Policymakers' continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may

1  establish the conscious disregard for the consequences of their action—the 'deliberate
2  indifference'—necessary to trigger municipal liability" (citations omitted) (*Ibid*). Without notice
3  that a course of training is deficient in a particular respect, decisionmakers can hardly be said to
4  have deliberately chosen a training program that will cause violations of constitutional rights
5  (*Connick v. Thompson* 563 U.S. 51, 62 (2011)). Plaintiffs here fail to allege a pattern of similar
6  violations that would place the District on notice of a training deficiency.

       **3. Plaintiffs fail to state *Monell* claim under "Final Policy Maker's Decision" Theory**

"To prove Monell liability based on ratification, the plaintiff must show that the final policymaker in question had '**knowledge of the constitutional violation and actually approve[d] of it.** A mere failure to overrule a subordinate's actions, without more, is insufficient to support a section 1983 claim' (*Lytle v. Carl,* 382 F.3d 978, 987 (9th Cir.2004)). The final policymaker's response to the subordinate's unconstitutional conduct **must amount to more than acquiescence**; **he or she must have affirmatively approved both the subordinate's decision and the basis for it"** (*Kyles v. Baker*, 72 F. Supp. 3d 1021, 1044 (N.D. Cal. 2014) (emphasis added)). Plaintiffs' opposition alleges that based on Second Amended Complaint and Exhibit "E" during the conversation between JOHNSON and Father, the vice principal was present, heard the entire exchange—including JOHNSON's admissions and threats—and voiced no disagreement (ECF 104, p. 12: 27-28, p.13:1-2.). And relied on these alleged facts, Plaintiffs makes the conclusory statement that the vice principal supported JOHNSON'S position (*Ibid*.). Plaintiffs' assertions fail to state the viable *Monell* Claim under the "Final Policy Maker's Decision" theory as the Courts have repeatedly recognized, **the final policymaker**'s response to the subordinate's unconstitutional conduct must amount to more than acquiescence; **he or she must have affirmatively approved both the subordinate's decision and the basis for it** (See *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir.2004), *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *Kyles v. Baker*, 72 F. Supp. 3d 1021, 1044 (N.D. Cal. 2014)). Moreover, municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered (*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "Not every decision by municipal officers automatically subjects the municipality to § 1983 liability" (*Ibid*). Plaintiffs fail to cite any authority supporting

the proposition that the vice principal or any other individuals possessed final policymaking authority on behalf of the District, nor do they explain what specific final policymaking authority, if any, these individuals held in the relevant subject matter (See *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999)). Municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question (*Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986); see *City of Oklahoma City v. Tuttle* 471 U.S. 808, 821 (1985) ("'policy' generally implies a course of action consciously chosen from among various alternatives")). "**A policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification.** Instead, a plaintiff must prove that the policymaker **approved of the subordinate's act**. For example, it is well-settled that a policymaker's **mere refusal to overrule a subordinate's completed act does not constitute approval**" (*Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (Emphasis added)). Thus, Plaintiffs' assertions are insufficient to support a *Monell* claim under the "final policymaking decision" theory of liability.

### B. Plaintiffs Have Failed To State A Claim For The Eighth Cause Of Action.

Plaintiffs' Opposition fails to overcome the defects in their Eighth Cause of Action for Unjust Enrichment against Defendant, JOHNSON. "The elements of a claim of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another'" (*Yan Guo v. Kyani, Inc.* 311 F.Supp.3d 1130, 1152 (C.D. Cal. 2018), citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000)). To recover for unjust enrichment, it must be shown that the, "defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct" (citation omitted) (*Yan Guo v. Kyani, Inc.* 311 F.Supp.3d 1130, 1152 (C.D. Cal. 2018.)). Plaintiffs' opposition alleges that Defendant JOHNSON's career success is tied to wins, championships, and the performance of key players and without the BELL III, JOHNSON's chances of achieving that level of recognition would have been significantly diminished (ECF 104, p.14:3-16.). Plaintiffs further allege that BELL III was himself the benefit to Defendant JOHNSON (ECF 104, p.14: 17-28.). Plaintiffs' allegations are speculative, vague and insufficient to sustain a cause of action for unjust enrichment. In California, there is not a standalone cause of action for 'unjust enrichment,' which

7
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

is synonymous with restitution (internal quotations and citations omitted) (*R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 899 (C.D. Cal. 2024)). However, when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution (*Ibid.*). As the Restatement explains, where someone other than the plaintiff provided the benefit the defendants allegedly unjustly retained, as between the plaintiff and the defendant, the plaintiff is entitled to restitution from the defendant where the plaintiff "has a better legal or equitable right" (*City of Oakland v. Oakland Raiders* (2022) 83 Cal. App. 5th 458, 479; citing Rest.3d Restitution and Unjust Enrichment, § 48.). The Restatement cautions that the requirement the plaintiff "demonstrate 'a better legal or equitable right' to the benefit in question is actually highly restrictive" (Id., com. i, p. 159.). "The plaintiff must identify a right in the disputed assets that is both recognized, and accorded priority over the interest of the defendant, under the law of the jurisdiction. Proof merely that the defendant has received a windfall, that the [plaintiff] has been ill-treated, and that the third party's payment to the defendant (or the defendant's retention of payment as against the [plaintiff]) violates rules of good faith, basic fairness, or common decency, does not suffice to make out a claim in restitution" (*City of Oakland v. Oakland Raiders* (2022) 83 Cal. App. 5th 458, 479).

Plaintiffs fail to allege any facts showing that Defendant JOHNSON personally obtained any benefit from Plaintiffs by fraud, duress, conversion, or similar conduct. Neither Second Amended Complaint nor Plaintiffs' opposition contains factual allegations demonstrating that JOHNSON received or unjustly retained the benefit at Plaintiffs' expense. Plaintiffs' allegations that the purported 'expenses' consist of the loss of parental access and control merely describe alleged personal injuries, cannot be of financial value for purposes of unjust enrichment (See *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876 (C.D. Cal. 2024)). Plaintiffs' theory rests on the speculative notion that JOHNSON's professional success was significantly enhanced by BELL III's athletic participation. Moreover, even assuming Defendant JOHNSON derived career development or professional success directly and significantly from BELL III's athletic performance, Plaintiffs' unjust enrichment claim cannot be sustained. Plaintiffs have not identified any legal or equitable right to JOHNSON's professional achievements, nor have they demonstrated priority over JOHNSON's interest in those achievements.

### C. The Tenth Cause Of Action Against The District Defendants Should be Dismissed As It Exceeds the Scope of Court's Order and Plaintiffs Have Failed To State A Claim.

Plaintiffs have improperly pleaded the Tenth Cause of Action for civil conspiracy as it is in excess of the Court's leave to amend order. This Court's Order resolving motions to dismiss and motion to strike has expressly limited the scope to "solely cure the deficiencies identified in this order" (ECF No. 85, p. 22:21-22). District courts in this circuit generally allow plaintiffs to add new claims and/or parties to an amended complaint where a prior order of dismissal granted leave to amend without limitation (*Nacarino v. Chobani, LLC*, 668 F. Supp. 3d 881, 900–01 (N.D. Cal. 2022)). Where leave to amend is given to cure deficiencies in certain specified claims, courts have held that new claims alleged for the first time in the amended pleading should be dismissed or stricken *(Ibid.)*. Plaintiffs have not shown that the newly added Tenth Cause of Action for civil conspiracy "directly responds" to the Court's prior ruling or falls within the limited scope of leave granted. As the Court's Order expressly restricted amendment to curing the specific deficiencies identified, the addition of this new claim is improper and should be dismissed.

To plead a claim of conspiracy under § 1983, plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights (*Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012); citing *Miller v. California*, 355 F.3d 1172, 1177 n. 3 (9th Cir.2004); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" (*Ibid.*, citing *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); see *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977)).

Plaintiffs fail to allege sufficient facts to state a Civil Rights Conspiracy claim under § 1983. Plaintiffs' Second amended Complaint fails to plead with particularity any facts showing a specific agreement or meeting of the minds among the alleged co-conspirators to violate Plaintiffs' constitutional rights. Rather, Plaintiffs rely on conclusory statements that District and other Defendant individuals coordinated to "harbor" BELL III from his father and re-enrolled him in school listing unauthorized guardians (SAC ¶¶ 209–213.). These allegations do not identify any

specific communications, actions, or circumstances establishing that the District agreed to a common unlawful objective. Plaintiffs' Opposition likewise fails to cure these deficiencies, leaving the conspiracy claim legally insufficient.

### D. Dismissal Of Punitive Damages Against the District Should Be Granted

Plaintiffs' opposition acknowledge that under California Government Code § 818 and the holding in *Wells v. Bd. of Trustees of California State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005), punitive damages are not recoverable against a public entity (ECF No. 104, p.16: 22-24.). Plaintiffs do not oppose the dismissal of punitive damages claims against the District itself. Thus, the Court should dismiss those claims against the District with prejudice.

### III. CONCLUSION

Defendants respectfully request that the Second Cause of action for entire *Monell* Claim against District, the Eighth cause of action for Unjust Enrichment claim against Chad Johnson, and the Tenth cause of action for Civil Rights Conspiracy claim under § 1983 in SAC to be dismissed **without leave to amend**, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: August 19, 2025                                         DeMaria Law Firm, APC

By: _/s/Anthony N. DeMaria_
Anthony N. DeMaria
Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON