J. DAVIS LAW FIRM, PLLC
Jamir Davis, Esq. (*pro hac vice*)
jdavis@jdaviscounsel.com
106 Winding Way, Unit C
Covington, KY 41011
Telephone: (859) 750-5033

Valery Nechay (State Bar No. 314752)
valery@nechaylaw.com
Attorney at Law
Law Chambers Building
345 Franklin St.
San Francisco, CA 94102
Telephone: (415) 652-8569

*Attorneys for Plaintiffs*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs.<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE; SAREENA CHOW AND DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: October 14, 2025<br>Time: 2:00 pm<br>Judge: Honorable Jon S. Tigar |

## 1. Jurisdiction & Service

Plaintiffs' Second Amended Complaint ("SAC") asserts federal question jurisdiction and brings claims under 42 U.S.C. § 1983 against the school district, school district officials and the California Interscholastic Federation ("CIF") and a claim for "civil rights conspiracy" against all current defendants. Plaintiffs also assert state law claims against defendants. Defendants have pending motions to dismiss the claims in the SAC that were scheduled to be heard on September 11, 2025 and have been ordered submitted without argument.

Isaiah Sandoval and Sareena Chow have not been served. All other defendants have either been served with the summons and complaint or stipulated to waive service of the summons and complaint.

## 2. Facts

**Plaintiffs' position**

Phillip III, a talented student-athlete and football player, was already on his way to a successful college career under the shared custody of his father, Phillip Bell Jr., and his mother, Samantha Barnes, in Sacramento, California. When Samantha allowed her husband, Sandoval, a convicted felon, to become involved in Phillip III's sports, tensions rose as Sandoval, in concert with Briscoe, Next Level, and other shady adults, arranged for Phillip III to attend a high school in Southern California, in violation of the shared custody agreement. Father, who had hoped Phillip III would attend a Catholic school, was not consulted about this move, which promised financial compensation and potential NIL (name, image, likeness) deals for Phillip III. The only individuals who stood to benefit from his relocation to Southern California were Defendants.

Briscoe and Next Level orchestrated and facilitated the transfer of Phillip Bell III to a school in Southern California and were compensated for brokering the deal. Following his relocation to Los Angeles with Samantha and Sandoval, Phillip III's well-being significantly deteriorated due to Sandoval's drug use, domestic violence, and neglectful living conditions, which included instances of physical abuse. Distressed, Phillip III frequently called Father and his grandparents, Lorna and Anthony, for help. Alarmed, Father and the grandparents filed a court petition to bring Phillip III

back to Sacramento, which the court granted, ordering his return to his former Catholic high school after his first semester in Los Angeles. Despite this order, Samantha and Sandoval, with the help of Briscoe and Next Level, concealed Phillip III's location and disregarded the court's directive.

**Following Samantha's death under suspicious circumstances, the first thing Defendants did was meet together — Johnson, Briscoe, and Sandoval — with Phillip III at an address associated with Mission Viejo High School in Southern California to devise a plan to prevent Father from accessing his son.** Although Father was already en route to the location at Phillip III's request, he was denied entry to the home. **Johnson then had a recorded conversation with Father, with a Saddleback administrator present, in which Johnson confirmed that the meeting with Briscoe and Sandoval took place. <u>That conversation was confirmed through transcripts provided to this Court.</u>**

After devising this plan, Defendants executed it by working collectively to keep Phillip III away from his biological family. With the help of several defendants, Sandoval did retain control over Phillip III and placed him to live with Serena Chow. District officials at Mission Viejo High School, Sandoval Next Level and Briscoe, aware of the cease and desist letters and court orders, a facilitated Phillip III's continued enrollment at Mission Viejo and took measures to hide him from Father and his grandparents. Defendants, took Phillip III on out-of-state trips, and offered luxury living situations, all designed to alienate him from his family and further their own interests. During this same period, Defendants failed to provide Phillip III with the counseling and support he urgently needed, despite being fully aware of his circumstances.

**CIF was aware of these facts and failed to investigate or train its employees to respond properly. CIF has a pattern and practice of ignoring egregious violations of its own policies, particularly at Mission Viejo High School. The conduct of Saddleback and its administrators was so egregious that it demonstrates CIF's failure to properly train its staff and district employees in the implementation and enforcement of CIF rules and regulations.** CIF failure to act allowed Defendants to act with impunity and directly harmed Plaintiffs.

Plaintiffs claim that Defendants exploited Phillip III's athletic potential and benefited from it at the cost of Plaintiffs. Defendants actions violated both legal and ethical obligations, causing significant emotional distress for his biological family.

**Defendants' position**

Saddleback Valley Unified School District ("District") and District Defendants contend that as a matter of law, District and individual District Defendants did not violate any of the alleged Plaintiffs' rights as at all times Defendants exercised the authority imposed by the state with regard to the student at Mission Viejo High School. Defendants also contend that District and District Defendants did not owe or were in breach of any duty of care to Plaintiffs since the District's and individual Defendants' statutory duty to ensure that students are safe does not extend to third parties that are off campus, nor does it include a duty to protect the mental or emotional well-being of a student's parents and grandparents. The entirety of District Defendant's position is fully briefed in the pending motion to dismiss.

The CIF contends that no act or omission of the CIF and its employees was a cause of Plaintiffs' alleged harm.

Defendants Steve Briscoe and Next Level Sports & Academics contend that Phillip III and his mother made their own decisions about where to live and where Phillip III would play football. Briscoe did not advise Phillip III to attend Mission Viejo or cause him to do so. Briscoe did not receive any compensation for the advice and mentorship that he provided to Phillip III and his mother and neither Briscoe nor Next Level has any contractual right to any compensation related to Phillip III's decision about where to attend high school or college or to enter into any contract related to his football career. Briscoe did not complete any forms related to Phillip III's enrollment at Mission Viejo for either his junior or senior year. He also did not tell anyone that he was biologically related to Phillip III. Briscoe and Next Level contend that no act or omission on their part was a cause of any harm that Plaintiffs allege that they suffered.

The CIF contends that there is no plausible relationship between any acts or omissions of CIF conduct and Plaintiffs' alleged harm.

**3. Legal Issues**

Issues include: whether the Second Amended Complaint plausibly states a claim for a violation of Section 1983 against the school district, school district officials, or CIF; whether any defendant owed Plaintiffs a duty of care; whether any defendant breached any such duty of care; whether any defendant's conduct was the proximate cause of any injury to Plaintiffs; whether any defendant's conduct met the required standard for outrageous conduct that would give rise to a claim of emotional distress; whether Plaintiffs have adequately alleged extreme emotional distress; whether Plaintiffs' unjust enrichment can be brought as a separate cause of action; whether the SAC adequately alleges facts to plausibly show an agreement with a state actor to violate Plaintiffs' civil rights or action in furtherance of any such alleged agreement; whether Phillip III's grandparents (who did not have custody of him) have standing to bring any of their claims; and whether any claims for injunctive relief are moot given Phillip III is no longer a minor.

Plaintiffs submit that many of the issues raised by Defendants have already been addressed by this Court in connection with the first motion to dismiss. Specifically, claims regarding Saddleback Valley Unified School District and its officials were adjudicated, and Plaintiffs have now supplemented the operative complaint with additional facts and evidence that only recently came to light after the commencement of litigation.

The Second Amended Complaint includes newly discovered factual evidence of a recorded phone conversation, which was attached to the pleading and provided to this Court. That evidence confirms that, on the day Samantha Barnes died, Briscoe was in Southern California and met with Sandoval and Johnson to devise a plan to house Phillip III without his father present or his consent. The evidence further shows that there was both an opportunity for these Defendants to meet and a conversation had, and the results depict that their plan was in fact carried out: Father was prevented from meeting with his son, denied access to him despite being en route at Phillip III's request, and was never contacted by Defendants.

As a direct result of this newly uncovered evidence, Plaintiffs amended the complaint to add Serena Chow, who physically housed Phillip III in furtherance of this plan and conspiracy. The

Second Amended Complaint also includes additional factual allegations showing that CIF has long been aware of similar issues and has repeatedly failed to take corrective action. Even if CIF did not affirmatively participate in concealing Phillip III, the newly pled facts demonstrate conduct so egregious and reckless that CIF's failure to act amounts to deliberate indifference and gives rise to liability under Section 1983 and related claims.

Accordingly, the Second Amended Complaint plausibly states claims for civil rights violations, negligence, and related causes of action against Defendants. Plaintiffs maintain that these claims should proceed to discovery, as the new allegations directly address the deficiencies Defendants rely upon in their motions and are supported by concrete evidence that has already been submitted to the Court.

**4. Motions**

Defendants have filed motions to dismiss with regard to the Second Amended Complaint and those motions were set to be heard on September 11, 2025, and have now been submitted without argument. The parties anticipate that there will also be motions for summary judgment if the case advances beyond the pleadings.

Plaintiffs believe that, following resolution of the pending motions to dismiss, they will file a partial motion for summary judgment to narrow the issues for trial.

**5. Amendment of Pleadings**

Plaintiffs filed a Second Amended Complaint on July 1, 2025. No other amendments of the pleadings are expected at this time.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). The parties are taking steps to preserve evidence and will continue to have discussions regarding a plan for discovery in this action.

**7. Disclosures**

The parties have not yet made initial disclosures and request that the time for making initial disclosures be extended until the pleadings in this matter are set.

**8. Discovery**

No discovery has occurred yet. The parties continue to discuss a proposed discovery plan Plaintiffs respectfully respond that, given the current posture of this case, they request that the Court schedule a Case Management Conference at its earliest convenience for the purpose of entering a scheduling order so that discovery may proceed without further delay. Plaintiffs note that discovery has been stayed for over a year, which significantly prejudices their ability to develop the record. The prolonged delay increases the risk of evidence spoilage and witness memory loss, thereby biasing Plaintiffs and undermining their ability to fairly present their claims.

This prejudice is further compounded by the fact that it appears that Defendant Sandoval is in hiding, which limits Plaintiffs' ability to secure his testimony or obtain relevant evidence from him. Without discovery, Plaintiffs are placed at a substantial disadvantage and risk irreparable harm to their ability to prosecute this case.

**9. Class Action**

This is not a class action.

**10. Related Cases**

None.

**11. Relief**

Plaintiff seeks general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

**12. Settlement and ADR**

Based on the parties' discussions to date, the parties do not believe that settlement discussions would be fruitful in advance of the Court's ruling on the pending motions to dismiss and at least some preliminary discovery related to any claims that survive a motion to dismiss.

### 13. Other References

The parties do not currently believe the case is suitable for referral to arbitration or a special master.

### 14. Narrowing of Issues

The parties believe that the most consequential issues are raised in the motions to dismiss that were scheduled to be heard on September 11, 2025, and have been submitted without argument.

### 15. Expedited Trial Procedure

At this time, the case does not appear to be the type that could be handled under expedited trial procedures.

### 16. Scheduling

Defendants believe that the Court should wait to set a schedule for this matter until after the pleadings are set.

Plaintiffs respectfully oppose Defendants' request to further delay the setting of a schedule. This case has already been pending for over a year without discovery, and the continued absence of a scheduling order prejudices Plaintiffs. Each additional delay increases the risk of evidentiary spoilage, fading witness memories, and lost opportunities to obtain critical testimony.

Defendants' proposal to wait until "after the pleadings are set" only compounds this harm. Plaintiffs have already filed a Second Amended Complaint supported by new factual evidence attached to and provided to the Court, including transcripts confirming Defendants' coordinated efforts to deprive Phillip III of access to his father. Plaintiffs should not be forced to remain in procedural limbo while Defendants continue to press motions that could take months to resolve.

### 17. Trial

Plaintiffs and the District Defendants demand a jury trial. The Plaintiffs estimate that trial could last 5-7 days. The District Defendants estimate 10 days for any such trial. To the extent that any claims in this action need to be resolved at a trial, Defendants Steve Briscoe and Next Level believe that Plaintiffs' prior estimate of 3-5 days for any such trial will be more than adequate.

**18. Disclosure of Non-party Interested Entities or Persons**

The parties do not currently believe there is there is any conflict or interest (other than the named parties) to be disclosed.

**19. Professional Conduct**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District.

**20. Other**

None.

Dated: October 7, 2025

Respectfully submitted,

By: /s/Jamir Davis
    Jamir Davis

J. DAVIS LAW FIRM, PLLC
Jamir Davis, Esq. (*pro hac vice*)
jdavis@jdaviscounsel.com
106 Winding Way, Unit C
Covington, KY 41011
Telephone: (859) 750-5033

Valery Nechay (State Bar No. 314752)
valery@nechaylaw.com
Attorney at Law
Law Chambers Building
345 Franklin St.
San Francisco, CA 94102

*Attorneys for Plaintiffs*

By: /s/Kevin Calia
    Kevin Calia

ILLOVSKY GATES & CALIA LLP
Kevin Calia (State Bar No. 227406)
kevin@illovskygates.com
Eva Schueller (State Bar No. 237886)
eschueller@illovskygates.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

*Attorneys for Defendants Steve Briscoe and Next Level Sports & Academics Foundation*


By: /s/Anthony N. DeMaria
    Anthony N. DeMaria

DEMARIA LAW FRIM, A.P.C.
Anthony N. DeMaria (State Bar No. 177894)
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, CA 93711
Telephone: (559) 206-2410

*Attorneys for Defendants Saddleback Valley Unified School District, Edward Wong, Tricia Osborne, and Chad Johnson*

By: /s/J. Scott Donald
    J. Scott Donald

SPINELLI, DONALD & NOTT
J. Scott Donald (State Bar No. 158338)
scottd@sdnlaw.com
300 University Avenue, Suite 100
Sacramento, CA 95825
Telephone: (916) 448-7888

*Attorneys for Defendant California Interscholastic Federation*

**SIGNATURE ATTESTATION**

I, Kevin Calia, am the ECF user whose identification and password are being used to file the foregoing JOINT CASE MANAGEMENT CONFERENCE STATEMENT. In compliance with Local Rule 5-1(h)(3), I hereby attest that all party signatories hereto concur in this filing's content and have authorized this filing.

    /s/ Kevin Calia
    Kevin Calia