DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
*ademaria@demarialawfirm.com*
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:   (559) 206-2410
Facsimile:   (559) 570-0126

Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON

[additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs.<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; CALIFORNIA INTERSCHOLASTIC FEDERATION; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG; TRICIA OSBORNE; CHAD JOHNSON; STEVE BRISCOE; SAREENA CHOW AND DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**UPDATED CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  October 28, 2025<br>Time: 2:00 pm<br>Judge: Honorable Jon S. Tigar |

COMES NOW, Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Individual Defendants") and submit the following Case Management Conference Statement, updated as to the District Defendants only. The draft of the Joint Statement was presented to the Plaintiff's Counsel for review and signature, however, no response to the email correspondence was received. District Defendants' Counsel further followed up with the phone call and left a voicemail with the Plaintiff's Counsel's office. Defense Counsel has not received any response to the email or a phone call at the time of this filing; therefore, the District Defendants file this Case Management Conference Statement unilaterally to comply with this Court's Order.

**1. Jurisdiction & Service**

Plaintiffs' Second Amended Complaint ("SAC") asserts federal question jurisdiction and brings claims under 42 U.S.C. § 1983 against the school district, school district officials and the California Interscholastic Federation ("CIF") and a claim for "civil rights conspiracy" against all current defendants. Plaintiffs also assert state law claims against defendants. This Court granted Defendants CIF's, Next Level's, and Briscoe's motions to dismiss and dismissed Plaintiffs' claims against CIF, Next Level, and Briscoe without leave to amend. The Court also granted in part District Defendants' Motion to Dismiss and dismissed Plaintiffs' Monell claim against the District Defendants without the leave to amend and limited Plaintiffs' claims for damages against the District Defendants to seek damages against Defendants Wong, Osborne, or Johnson in their individual capacities. The Court also dismissed Plaintiffs' civil conspiracy claim without prejudice.

Isaiah Sandoval and Sareena Chow have not been served. All other defendants have either been served with the summons and complaint or stipulated to waive service of the summons and complaint. With regard to the Jurisdiction issues, District Defendants would like to bring this Court's attention to the fact that upon dismissing of the Defendant Next Level, alleged to reside within the Northern District of California, there are no Defendants left, which are residents of this judicial district. This Court previously denied District Defendants' Motion to dismiss the First Amended Complaint based on the fact that the venue was proper under 28 U.S.C. § 1391(b)(1). However, venue is no longer proper for

the Second Amended Complaint under 28 U.S.C. § 1391(b)(1). District Defendants are convinced, therefore, that exercise of the Court's discretion to change venue is appropriate under the circumstances.

**2. Facts**

**District Defendants' position**

Saddleback Valley Unified School District ("District") and District Defendants contend that as a matter of law, District and individual District Defendants did not violate any of the alleged Plaintiffs' rights as at all times Defendants exercised the authority imposed by the state with regard to the student at Mission Viejo High School. Defendants also contend that District and District Defendants did not owe or were in breach of any duty of care to Plaintiffs since the District's and individual Defendants' statutory duty to ensure that students are safe does not extend to third parties that are off campus, nor does it include a duty to protect the mental or emotional well-being of a student's parents and grandparents.

**3. Legal Issues**

Issues include: whether venue remains proper upon dismissing of the Defendant Next Level; whether any defendant owed Plaintiffs a duty of care; whether any defendant breached any such duty of care; whether any defendant's conduct was the proximate cause of any injury to Plaintiffs; whether any defendant's conduct met the required standard for outrageous conduct that would give rise to a claim of emotional distress; whether Plaintiffs have adequately alleged extreme emotional distress;; and whether any claims for injunctive relief are moot given Phillip III is no longer a minor.

**4. Motions**

Defendants anticipate filing a motion to change venue if the issue regarding venue is not resolved without such motion. The parties anticipate that there will also be motions for summary judgment.

**5. Amendment of Pleadings**

Plaintiffs filed a Second Amended Complaint on July 1, 2025.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The parties are taking steps to preserve evidence and will continue to have discussions regarding a plan for discovery in this action.

**7.  Disclosures**

The parties have not yet made initial disclosures and request that the time for making initial disclosures be extended until the venue issue is resolved.

**8.  Discovery**

No discovery has occurred yet.

**9.  Class Action**

This is not a class action.

**10. Related Cases**

None.

**11. Relief**

Plaintiff alleges general monetary damages, special damages, punitive and exemplary damages, attorney's fees, and statutory damages as allowed by law.

**12. Settlement and ADR**

Based on the parties' discussions to date, the parties do not believe that settlement discussions would be fruitful in advance of the Court's ruling on the pending motions to dismiss and at least some preliminary discovery related to any claims that survive a motion to dismiss.

**13. Other References**

The parties do not currently believe the case is suitable for referral to arbitration or a special master.

**14. Narrowing of Issues**

The parties believe that the issues may be narrowed once the appropriate dispositive motions are filed.

**15. Expedited Trial Procedure**

At this time, the case does not appear to be the type that could be handled under expedited trial procedures.

**16. Scheduling**

Defendants believe that the Court should wait to set a schedule for this matter until after the venue issue is resolved.

**17. Trial**

Plaintiffs and the District Defendants demand a jury trial. The District Defendants estimate 10 days for any such trial.

**18. Disclosure of Non-party Interested Entities or Persons**

The parties do not currently believe there is there is any conflict of interest (other than the named parties) to be disclosed.

**19. Professional Conduct**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District.

**20. Other**

None.

Dated: October 21, 2025

Respectfully submitted,

By: /s/ *Anthony N. DeMaria*
      Anthony N. DeMaria

DEMARIA LAW FRIM, A.P.C.
Anthony N. DeMaria (State Bar No. 177894)
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, CA 93711
Telephone: (559) 206-2410

*Attorneys for Defendants Saddleback Valley Unified School District, Edward Wong, Tricia Osborne, and Chad Johnson*