1  DeMaria Law Firm, APC
   Anthony N. DeMaria, #177894
2  *ADemaria@demarialawfirm.com*
   1684 W. Shaw Ave. Suite 101
3  Fresno, California 93711
   Telephone:    (559) 206-2410
4  Facsimile:    (559) 570-0126

5  Attorneys for Defendants, SADDLEBACK
   VALLEY UNIFIED SCHOOL DISTRICT;
6  EDWARD WONG, TRICIA OSBORNE, and
   CHAD JOHNSON

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  PHILLIP BELL JR.; LORNA BARNES; and        Case No. 3:24-cv-05545-JCS
    ANTHONY BARNES.
12                                             **MEMORANDUM OF POINTS AND**
              Plaintiffs,                      **AUTHORITIES IN SUPPORT OF**
13                                             **MOTION TO DISMISS PLAINTIFFS'**
         v.                                    **SECOND AMENDED COMPLAINT FOR**
14                                             **IMPROPER VENUE, PURSUANT TO**
    SADDLEBACK VALLEY UNIFIED                  **RULE 12(B)(3), FEDERAL RULES OF**
15  SCHOOL DISTRICT; CALIFORNIA                **CIVIL PROCEDURE**
    INTERSCHOLASTIC
16  FEDERATION; NEXT LEVEL SPORTS
    & ACADEMICS; and ISAHIA SANDOVAL;
17  EDWARD WONG; TRICIA OSBORNE:               DATE:         January 8, 2026
    CHAD JOHNSON; STEVE BRISCOE:               TIME:         2:00 P.M.
18  SAREENA CHOW; AND DOES 1-20 in their       COURT.:       6
    individual and official capacities.
19                                             Assigned to: Hon. Judge Jon S. Tigar
              Defendants.
20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1

## TABLE OF CONTENTS

2  I.    INTRODUCTION ........................................................................................... 1

3  II.   FACTUAL BACKGROUND ........................................................................ 3

4  III.  LEGAL STANDARD .................................................................................... 4

5  IV.   ARGUMENT ................................................................................................. 5

6       A.   VENUE IS IMPROPER UNDER 28 U.S.C. § 1391(B)(1). ..................... 5

7  V.    CONCLUSION .............................................................................................. 6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

## TABLE OF AUTHORITIES

CASE................................................................................................................ PAGE

Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,

    571 U.S. 49, 56 (2013)...............................................................................2,4,6

*Piedmont Label Co. v. Sun Garden Packing Co.,*

    598 F.2d 491, 496 (9th Cir. 1979)............................................................2,4,6

*King v. Russell,*

    963 F.2d 1301, 1304 (9th Cir. 1992) ...........................................................2,6


**STATUTES:**

Federal Rule of Civil Procedure 12(b)(3)............................................................*passim*

28 U.S.C. § 1391(b)(1) ........................................................................................*passim*

28 U.S.C. § 1406(a)..............................................................................................*passim*

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

## I.    INTRODUCTION

The Court has now dismissed all parties located in the Northern District of California, leaving only Defendants residing outside of the venue of this Court. As such, a new Motion to Dismiss based upon an improper venue is brought. Plaintiffs PHILLIP BELL JR., LORNA BARNES, and ANTHONY BARNES (hereinafter "Plaintiffs") filed a Second Amended Complaint ("SAC") against Defendants SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Defendants"), and other co-defendants in this matter alleging state and federal causes of action against the District and District Defendants. (Dkt. 86, Request for Judicial Notice ("RJN"), Exhibit A, Second Amended Complaint ("SAC")) On July 15, 2025, Defendants Steve Briscoe, Next Level Sports & Academics ("Next Level"), and California Interscholastic Federation ("CIF") filed their Motions to dismiss Plaintiffs' Second Amended Complaint (Dkt. 88,89). On July 15, 2025, District and District Defendants filed Motions to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 90)

On October 8, 2025, this Court entered an Order resolving the above-mentioned Motions and dismissed Plaintiffs' claims against CIF, Next Level, and Briscoe, without leave to amend. (Dkt. 110). The Court also dismissed Plaintiffs' Monell claim against the District Defendants without leave to amend and limited Plaintiffs' claims for damages against the District Defendants to seek damages against Defendants Wong, Osborne, or Johnson in their individual capacities. (Dkt. 110). The Court further dismissed Plaintiffs' civil conspiracy claim without prejudice. (Id.).

Defendant Next Level was the only Defendant, named in the SAC, alleged to reside within the Northern District of California. (Dkt. 86, RJN, Exhibit A; SAC ¶ 16). As such, upon the Court's dismissal of all Plaintiffs' claims against Defendant Next Level, ***there are no Defendants left, who are residents of this judicial district.*** This Court previously denied District Defendants' Motion to dismiss Plaintiff's First Amended Complaint based on the fact that the existence in the case of the now dismissed Defendants permitted the venue proper under 28 U.S.C. § 1391(b)(1) at the time of the Plaintiff's filing (Dkt. 85). However, with all Northern District based Defendants dismissed, venue is no longer proper under 28 U.S.C. § 1391(b)(1).

1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1    As Plaintiffs specified in their SAC, all District and District Defendants sued in their official

2    capacities, are located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691-3142 (Dkt. 86,

3    RJN, Exhibit A, SAC ¶¶ 13, 19, 20, 21), which is in Orange County, California, which falls under

4    the jurisdiction of the United States District Court for the Central District of California. Furthermore,

5    Plaintiffs allege in their SAC that all events which purportedly give rise to the alleged Plaintiffs'

6    claims happened within the boundaries of the Saddleback Valley Unified School District. (Dkt. 86,

7    RJN, Exhibit A, SAC ¶¶ 10, 13) Based on the Plaintiffs' allegations in the SAC, all events allegedly

8    leading to the Plaintiffs' claims occurred after Plaintiff's Phillip Bell Jr son, Phillip III, was enrolled

9    in the Mission Viejo High School of the Saddleback Valley Unified School District, located in

10   Mission Viejo, CA. *(Id.)*

11   Federal Rule of Civil Procedure ("Rule") 12(b)(3) provides that a party may move to dismiss

12   a case for "improper venue." Furthermore, "[w]hen the propriety of venue is challenged by a Rule

13   12(b)(3) motion, Plaintiff bears the burden of establishing proper venue."( *Piedmont Label Co. v.*

14   *Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).) Therefore, with the instant Motion,

15   Defendants contend that upon the dismissal of Defendant Next Level, which was the only Defendant

16   residing within the instant judicial district, the United States District Court for the Northern District

17   of California is no longer a proper venue for this matter. As established by the Supreme Court of

18   the United States, "When venue is challenged, the court must determine whether the case falls within

19   one of the three categories of courts in which a civil action may be brought, as set out in the statute

20   governing venue generally; if it does, venue is proper, but if it does not, venue is improper, and the

21   case must be dismissed or transferred. 28 U.S.C.A. §§ 1391, 1406(a)." ( *Atl. Marine Const. Co. v.*

22   *U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).)

23   Here, not only is the venue no longer proper, but all events described in Plaintiff's SAC took

24   place within the boundaries of the United States District Court for the Central District of California.

25   28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying

26   venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

27   case to any district or division in which it could have been brought." (28 U.S.C. § 1406(a).) Whether

28   to dismiss an action for improper venue or alternatively to transfer venue to a proper court is within

2

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

1   the district court's discretion. (See *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)). As such,

2   Defendants ask this Court to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(3),

3   or, alternatively, transfer it to the United States District Court for the Central District of California.

## II.    FACTUAL BACKGROUND

5         Plaintiffs PHILLIP BELL JR., LORNA BARNES, and ANTHONY BARNES (hereinafter

6   "Plaintiffs") are the father and grandparents of PHILLIP III, a former student and a football player

7   at Mission Viejo High School.(Dkt. 86, RJN, Exhibit A, SAC ¶¶10-12) Plaintiffs allege that the

8   District ignored the Court Order regarding the return of PHILLIP III to Sacramento immediately

9   after his first semester at MISSION. (Dkt. 86, RJN Exhibit A, SAC ¶62). Plaintiffs further allege

10  that the Defendants re-enrolled PHILLIP III in school for his senior year with SANDOVAL and

11  BRISCOE listed as his guardians, although they knew that it violated DISTRICTs policy because

12  FATHER was the only parent with custody rights. (Dkt. 86, RJN, Exhibit A, SAC ¶ 212).

13        As Plaintiffs specified in their SAC, all District and District Defendants sued in their official

14  capacities, are located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691-3142 (Dkt. 86,

15  RJN, Exhibit A, SAC ¶¶ 13, 19, 20, 21), which is in Orange County, California, which falls under

16  the jurisdiction of the United States District Court for the Central District of California. Furthermore,

17  Plaintiffs allege in their SAC that all events which purportedly give rise to Plaintiffs' alleged claims

18  happened within the boundaries of the Saddleback Valley Unified School District. (Dkt. 86, RJN,

19  Exhibit A, SAC ¶¶ 10, 13)  Based on the Plaintiffs' allegations in the SAC, all events allegedly

20  leading to the Plaintiffs' claims occurred after Plaintiff's Phillip Bell Jr son, Phillip III, was enrolled

21  in the Mission Viejo High School of the Saddleback Valley Unified School District, located in

22  Mission Viejo, CA. *(Id.)*

23        On July 15, 2025, Defendants Steve Briscoe, Next Level Sports & Academics ("Next

24  Level"), and California Interscholastic Federation ("CIF") filed their Motions to dismiss Plaintiffs'

25  Second Amended Complaint. (Dkt. 88, 89) On July 15, 2025, District and District Defendants filed

26  Motions to dismiss Plaintiffs' Second Amended Complaint pursuant to Federal Rule of Civil

27  Procedure 12(b)(6). (Dkt. 90) On October 8, 2025, this Court entered an Order resolving the above-

28  mentioned Motions and dismissed Plaintiffs' claims against CIF, Next Level, and Briscoe without

3

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED<br>COMPLAINT

1  leave to amend. (Dkt. 110). The Court also dismissed Plaintiffs' Monell claim against the District

2  Defendants without leave to amend and limited Plaintiffs' claims for damages against the District

3  Defendants to seek damages against Defendants Wong, Osborne, or Johnson in their individual

4  capacities. (Dkt. 110). The Court further dismissed Plaintiffs' civil conspiracy claim without

5  prejudice. (Id.).

6      Defendant Next Level is the only Defendant named in the SAC who was alleged to reside

7  within the Northern District of California. (Dkt. 86, RJN Exhibit A, SAC ¶ 16). As such, upon

8  Court's dismissal of all Plaintiff's claims against Defendant Next Level, ***there are no Defendants***

9  ***left, who are residents of this judicial district.*** Therefore, Plaintiff's SAC must be dismissed

10  pursuant to Federal Rule of Civil Procedure 12(b)(3).

11              **III.    LEGAL STANDARD**

12      Federal Rule of Civil Procedure ("Rule") 12(b)(3) provides that a party may move to dismiss

13  a case for "improper venue." Furthermore, "When the propriety of venue is challenged by a Rule

14  12(b)(3) motion, Plaintiff bears the burden of establishing proper venue." (*Piedmont Label Co. v.*

15  *Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).) The general federal venue statute, 28

16  U.S.C. § 1391(b)  states that a civil action may be brought in one of three judicial districts: first, "a

17  judicial district in which any defendant resides, if all defendants are residents of the State in which

18  the district is located," 28 U.S.C. § 1391(b)(1); second, "a judicial district in which a substantial

19  part of the events or omissions giving rise to the claim occurred, or a substantial part of property

20  that is the subject of the action is situated," 28 U.S.C. § 1391(b)(2); or third, "if there is not a proper

21  district under the first two provisions, any judicial district in which any defendant is subject to the

22  court's personal jurisdiction with respect to such action," 28 U.S.C. § 1391(b)(3). 28 U.S.C. §

23  1391(b). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case

24  laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

25  transfer such case to any district or division in which it could have been brought." (28 U.S.C. §

26  1406(a).) As established by the Supreme Court of the United States, "When venue is challenged,

27  the court must determine whether the case falls within one of the three categories of courts in which

28  a civil action may be brought, as set out in the statute governing venue generally; if it does, venue

4

1    is proper, but if it does not, venue is improper, and the case must be dismissed or transferred. 28

2    U.S.C.A. §§ 1391, 1406(a)." (*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S.

3    49, 56 (2013).)

## IV.    ARGUMENT

### A. VENUE IS IMPROPER UNDER 28 U.S.C. § 1391(B)(1).

6         There are no remaining Defendants located or residing within the venue of the Northern

7    District of California.  On July 1, 2025, Plaintiffs filed their SAC against Defendants Briscoe, Next

8    Level, and CIF, Saddleback Valley Unified School District and individual District Defendants. (Dkt.

9    86, RJN, Exhibit A, SAC)  District and District Defendants are located at 25631 Peter A. Hartman

10   Way, Mission Viejo, CA 92691-3142.  (Dkt. 86, RJN, Exhibit A, SAC ¶¶ 13, 19, 20, 21), which is

11   in Orange County, California, which falls under the jurisdiction of the United States District Court

12   for the Central District of California. Furthermore, per SAC, all events that gave rise to Plaintiffs'

13   alleged claims happened within the boundaries of the Saddleback Valley Unified School District.

14   (Dkt. 86, RJN, Exhibit A, SAC ¶¶ 10, 13)  On July 15, 2025, Defendants Steve Briscoe, Next Level

15   Sports & Academics ("Next Level"), and California Interscholastic Federation ("CIF") filed their

16   Motions to dismiss Plaintiffs' Second Amended Complaint (Dkt. 88,89). On July 15, 2025, District

17   and District Defendants filed Motions to dismiss Plaintiffs' Second Amended Complaint pursuant

18   to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 90)

19        On October 8, 2025, this Court entered an Order resolving the above-mentioned Motions

20   and dismissed Plaintiffs' claims against CIF, Next Level, and Briscoe without leave to amend. (Dkt.

21   110). Defendant Next Level was the only Defendant, named in the SAC, alleged to reside within

22   the Northern District of California. (Dkt. 86, RJN, Exhibit A, SAC ¶ 16). As such, upon the Court's

23   dismissal of all Plaintiff's claims against the Defendant Next Level, ***there are no Defendants left,***

24   ***who are residents of this judicial district.*** This Court previously denied District Defendants' Motion

25   to dismiss Plaintiff's First Amended Complaint based on the fact that the existence in the case of

26   the now dismissed Defendants permitted the venue proper under 28 U.S.C. § 1391(b)(1) at the time

27   of the Plaintiff's filing (Dkt. 85). However, with all Northern District based Defendants dismissed,

28   venue is no longer proper under 28 U.S.C. § 1391(b)(1).

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

1    Federal Rule of Civil Procedure ("Rule") 12(b)(3) provides that a party may move to dismiss

2  a case for "improper venue." Furthermore, "When the propriety of venue is challenged by a Rule

3  12(b)(3) motion, Plaintiff bears the burden of establishing proper venue." (*Piedmont Label Co. v.*

4  *Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).) Therefore, with the instant Motion,

5  Defendants contend that upon the dismissal of the Defendant Next Level, the only Defendant

6  residing within the instant judicial district, the United States District Court for the Northern District

7  of California is no longer a proper venue for this matter. As established by the Supreme Court of

8  the United States, "When venue is challenged, the court must determine whether the case falls within

9  one of the three categories of courts in which a civil action may be brought, as set out in the statute

10  governing venue generally; if it does, venue is proper, but if it does not, venue is improper, and the

11  case must be dismissed or transferred. 28 U.S.C.A. §§ 1391, 1406(a)." ( *Atl. Marine Const. Co. v.*

12  *U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).)

13    Here, not only is the venue no longer proper, but all events described in Plaintiff's SAC took

14  place within the boundaries of the United States District Court for the Central District of California.

15  28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying

16  venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such

17  case to any district or division in which it could have been brought." (28 U.S.C. § 1406(a).) Whether

18  to dismiss an action for improper venue or alternatively to transfer venue to a proper court is within

19  the district court's discretion. (See *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992)). As such,

20  Defendants ask this Court to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(3),

21  or, alternatively, transfer it to the United States District Court for the Central District of California.

22    **V.    CONCLUSION**

23    Defendants respectfully request this Court dismiss Plaintiff's Second Amended Complaint

24  pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, transfer it to the United States

25  District Court for the Central District of California.

26  / / /

27  / / /

28  / / /

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT

1   Dated: October 22, 2025                    DeMaria Law Firm, APC

2                                       By:_____/s/Anthony N. DeMaria_____

3                                              Anthony N. DeMaria
                                          Attorneys for Defendants, SADDLEBACK
4                                         VALLEY UNIFIED SCHOOL DISTRICT;
                                          EDWARD WONG, TRICIA OSBORNE, and
5                                                  CHAD JOHNSON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT