UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES, <br><br> Plaintiffs, <br><br> v. <br><br> SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, AND DOES 1-20 in their individual and official capacities, <br><br> Defendants. | Case No.: 4:24-CV-05545-JST <br><br> **Motion and Notice of Motion to Amend Pursuant to Federal Rule of Civil Procedure 15(a)(2)** <br><br> Hon. Judge Jon S. Tigar <br><br> January 8, 2026, <br><br> 2:00 p.m <br><br> Courtroom: 6 |

# NOTICE OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Thursday, January 8, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard before the Honorable Tiga in Courtroom 6 on the 2nd Floor, United States District Court, Northern District of California Oakland Division 1301 Clay Street in Oakland California., Plaintiff Phillip Bell, Jr. will and hereby does move for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

This motion is made on the grounds that justice so requires. Plaintiff has obtained new evidence showing a prolonged conspiracy among Defendants to deprive him of his custodial and constitutional rights. The proposed amendment adds no new parties and ensures that all related claims arising from the same facts are adjudicated in one proceeding.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the proposed Third Amended Complaint, and any argument presented at the hearing.

Respectfully submitted,

/s/ Jamir Davis
Jamir Davis, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Phillip Bell, Jr., by and through counsel, respectfully moves this Court for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend should be "freely given when justice so requires." The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), emphasized that the spirit of the Rule is to promote decisions on the merits rather than through procedural technicalities, and the Ninth Circuit has reaffirmed that the policy favoring amendment should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Plaintiff seeks leave to amend to include factual allegations and related claims arising from a recorded conversation among Defendants Johnson, Briscoe, and Sandoval, which this

Court previously ruled could not be included in the Second Amended Complaint ("SAC") without separate leave. The proposed amendment adds one new defendant and does not alter the case's overall structure; it simply ensures that the pleadings reflect verified, material facts showing that Defendants engaged in a deliberate and sustained conspiracy under 42 U.S.C. §§ 1983, 1985(3), and 1986, and that their conduct warrants punitive damages.

The facts at issue concern the recorded meeting between state actor Johnson—a football coach employed by the District—and private individuals Briscoe, a mentor with Next Level Sports & Academics, and Sandoval, the former husband of Samantha (mother). During this meeting, the Defendants discussed and agreed to relocate Phillip Bell III ("Phillip III") to the residence of Defendant Chow, intentionally bypassing a valid California custody order that granted Plaintiff sole custody.

After this meeting took place, all participants received formal notice of the custody order attached to a cease-and-desist letter issued by Plaintiff's counsel. Despite that explicit notice, Defendants deliberately ignored the order and the letter, and continued their actions for several months. They coordinated Phillip III's housing with Chow, arranged for his re-enrollment at Mission High School using falsified guardian information, and later organized his transport across state lines to Hawaii to participate in football games. These actions were not isolated or accidental—they were the product of a sustained and calculated plan designed to prevent Plaintiffs from exercising thier parental rights until such time that those rights would expire when Phillip III turned eighteen.

The Defendants' scheme continued for months and was strategically executed to ensure that by the time the truth emerged, Plaintiffs' lawful custodial rights would have permanently

lapsed. As a direct result of this prolonged conspiracy, there has been no reunification between Plaintiff and his son. The injury here is not temporary, as in cases involving visitation disputes; it is absolute, enduring, and irreparable.

If leave to amend is denied, Plaintiffs will be forced to file a separate civil action asserting these claims, resulting in duplicative litigation, inconsistent rulings, and wasted judicial resources. Rule 15's liberal amendment standard and the fundamental principles of judicial economy weigh heavily in favor of allowing amendment at this stage.

## II. FACTUAL BACKGROUND

The new evidence that forms the basis of this motion comes from a recording made by a non-party that captures Defendant Johnson admitting to a meeting with Defendants Briscoe and Sandoval in which they discussed relocating Phillip III and concealing his whereabouts from his lawful custodians. At the time of this conversation, Johnson was a public employee acting in his capacity as a coach for the District, making his participation an act under color of state law.

Shortly thereafter, Plaintiff's counsel sent each participant a cease-and-desist letter attaching the California custody order, which explicitly stated that Plaintiffs were the child's sole legal custodian. The receipt of this letter confirmed that each of the Defendants understood that their conduct was unlawful and in violation of a standing court order. Nonetheless, they continued to act in concert for months, moving Phillip III between locations, enrolling him in school under false information, and allowing him to travel to Hawaii for athletic participation—all while concealing his location from his father and grandparents.

The evidence demonstrates that this was not a misunderstanding or single lapse in judgment but rather a deliberate and coordinated course of conduct carried out over an extended period with the purpose of severing the parent-child relationship. The conspiracy persisted until Phillip III reached the age of eighteen, at which point all of Plaintiff's custodial rights expired under state law, permanently depriving him of any legal remedy to restore custody or enforce visitation.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that a court "should freely give leave when justice so requires." The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), held that this policy is to be applied absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. The Ninth Circuit has consistently applied Rule 15 with "extreme liberality," emphasizing that the presumption should always favor amendment unless a specific showing of prejudice is made. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Courts in this Circuit also consider whether amendment promotes judicial efficiency and prevents multiple lawsuits. In *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), the court approved leave to amend to avoid separate actions, explaining that judicial economy and fairness are served when all related claims are heard in a single proceeding.

### IV. ARGUMENT

**A. Good Cause Exists for Leave to Amend**

Plaintiff now seeks leave to include the facts surrounding the recorded Johnson–Briscoe–Sandoval meeting and the ensuing conduct, all of which were discovered prior to filing the Second Amended Complaint but could not be included without formal leave of court. These allegations establish that Defendants' actions were not incidental; they were deliberate, planned, and continued for months in knowing violation of a custody order.

The proposed amendment provides the factual foundation for claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 and clarifies the scope of Defendants' ongoing conspiracy. This is precisely the type of amendment contemplated by Rule 15(a)(2): one based on evidence related to the same operative facts, necessary to ensure that the full scope of the wrongdoing is before the Court.

Granting leave will also prevent duplicative litigation. If leave is denied, Plaintiff will have no choice but to file a separate federal action based on the same events to preserve his claims under the applicable statutes of limitation. This would result in parallel proceedings, inconsistent factual determinations, and an inefficient use of judicial and party resources. Rule 15's purpose—to ensure the full adjudication of claims on their merits in a single action—compels the granting of leave here.

**B. The Proposed Claims Are Supported by Governing Law**

The facts here mirror those in *David v. Kaulukukui*, 38 F.4th 792 (9th Cir. 2022), where the Ninth Circuit upheld the denial of qualified immunity to a state employee who, in concert with private actors, interfered with a parent's custody rights. The court held that the right to familial association was clearly established and that allegations of joint participation between state and private parties in defiance of a custody order sufficiently stated a claim under §1983.

In contrast, this case goes further. Defendants not only conspired to interfere with custody but did so after receiving formal notice of the custody order and a cease-and-desist directive from Plaintiff's counsel. They deliberately continued their plan for months, knowing it would result in the complete and permanent deprivation of Plaintiffs' rights once Phillip III turned eighteen.

This case also stands in stark contrast to *Brittain v. Hansen*, 451 F.3d 982 (9th Cir. 2006), where the court found no due process violation because the plaintiff's loss of visitation lasted only a week and could be remedied in state court. Here, Phillip III was never returned to his father. The deprivation of custody and association was total and irreversible, foreclosing any opportunity for remedy or reunification.

**C. The Federal Claims to Be Added**

The proposed amendment asserts claims for Failure to Prevent Conspiracy under 42 U.S.C. §1986, Conspiracy to Interfere with Civil Rights under §1985(3), and multiple violations of §1983, including State-Created Danger, Procedural Due Process, and Substantive Due Process. Plaintiff also seeks Punitive Damages under §1983 and federal common law, as Defendants' conduct was willful, malicious, and in reckless disregard of Plaintiff's constitutional rights.

The amendment does not expand the scope of litigation beyond the existing case but clarifies the legal bases arising directly from the same events. Allowing amendment will ensure that all federal issues stemming from this conspiracy are properly before the Court for adjudication.

**D. No Prejudice or Delay**

There is no prejudice to Defendants in allowing this amendment. Defendants have long been aware of the facts concerning the custody dispute and the actions of the individuals involved. No trial date has been set, and a scheduling order has not even been set in the matter. The amendment merely conforms the pleadings to verified facts and legal theories supported by the existing record.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Phillip Bell, Jr. respectfully requests that this Court grant leave to file the proposed Third Amended Complaint incorporating the facts surrounding the Johnson–Briscoe–Sandoval meeting, the receipt and disregard of the California custody order and cease-and-desist letter, and the related claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, including punitive damages.

Granting this motion will ensure that the record reflects the full extent of Defendants' coordinated conduct, prevent inconsistent outcomes, and avoid the inefficiency of separate litigation arising from the same events. The evidence uncovered to date demonstrates a deliberate, months-long conspiracy designed to isolate Phillip III until he turned eighteen, extinguishing Plaintiff's parental rights and permanently denying reunification.

At this early stage—before the commencement of formal discovery—Plaintiff has already uncovered substantial evidence supporting these allegations. The Court should take into consideration that additional discovery is likely to reveal even more compelling evidence of the conspiracy and the involvement of additional individuals or policymakers. Denying amendment

now would preemptively foreclose the opportunity to present the full truth as it will be developed through discovery. For these reasons, justice and judicial economy both require that leave to amend be granted.

                                                                   Respectfully submitted,

                                                                   <u>/s/ Jamir Davis</u>
                                                                   Jamir Davis, Esq.
                                                                   J. Davis Law Firm, PLLC
                                                                   328 Scott Street
                                                                   Covington, KY 41011
                                                                   (859) 750-5033
                                                                   jdavis@jdaviscounsel.com

## Proof of Service

BY ELECTRONIC MAIL: I caused the document(s) to be filed electronically via ECF. I did not receive a notification that the electronic transmission was unsuccessful.

Date: October 30, 2025,

*/s/ Jamir Davis*