**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES. | **Case no: 4:24-cv-05545-JST** |

Plaintiffs,

v.

SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, AND DOES 1-20 in their individual and official capacities.

Defendants.

**TABLE OF CONTENTS**

Page

III. The Issues Raised By Defendants Are Not Yet Ripe ………………………..3

IV. Venue in the Northern District Remains Proper……. ………………………..3

V. Prejudice to Plaintiffs………..……………………… 4

VI. Conclusion……………………………………………. 4

**TABLE OF AUTHORITIES**

**Authority**                                                                                                            **Page**

28 U.S.C. § 1391(b)(2)……………………………………….. 3

**Bozic v. U.S. Dist. Ct.**, 2018 WL 1959534 (9th Cir. Apr. 25, 2018) .3

**Krain v. Devich**, 967 F.2d 587 (9th Cir. 1992)……………………. 3

## **PLAINTIFFS' OUT OF TIME MOTION IN OPPOSITION TO DEFENDANTS WONG, JOHNSON, AND OSBORNE'S MOTION TO DISMISS FOR IMPROPER VENUE**

Come the Plaintiffs, Phillip Bell Jr., Lorna Barnes, and Anthony Barnes, by counsel, and hereby submit this Out of Time Motion in Opposition to Defendants Wong, Johnson, and Osborne's Motion to Dismiss for Improper Venue (Dkt. 113). For the reasons set forth below, the Motion to Dismiss should be denied.

### III. THE ISSUES RAISED BY DEFENDANTS ARE NOT YET RIPE

Plaintiffs have filed a Motion for Leave to Amend the Complaint to re-add Briscoe and Next Level. If the amendment is granted, Defendants' jurisdictional argument in Dkt. 113-1 may become moot. Ruling now, before the amendment issue is decided, would be premature and an inefficient use of judicial resources.

### IV. VENUE IN THE NORTHERN DISTRICT REMAINS PROPER

Even if Briscoe is not re-added, venue remains proper in the Northern District of California. 28 U.S.C. § 1391(b)(2) provides that venue lies where a "substantial part of the events or omissions giving rise to the claim occurred."

The central act giving rise to this litigation is the violation of a San Francisco Superior Court custody order — an order issued in this District and governing a Northern California minor. Defendants cannot benefit from violating a Northern California custody order by shifting venue to the district where they carried out that violation. See Krain v. Devich, 967 F.2d 587, 588 (9th Cir. 1992); Bozic v. U.S. Dist. Ct., 2018 WL 1959534, at *1 (9th Cir. Apr. 25, 2018).

## V. DEFENDANTS SHOULD NOT BE REWARDED FOR VENUE SHOPPING

Allowing Defendants to invoke venue in the very district they entered to violate a Northern California custody judgment would reward misconduct and invert the statute.

Further, forcing venue into Southern California would impose an undue burden on Plaintiffs:

- Plaintiffs and their counsel are located in Northern California
- Phillip Bell III no longer resides in Southern California

Thus, the only party who benefits from dragging venue south is the wrongdoer. The purpose of § 1391(b)(2) is not to privilege convenience for the party who violated a court order.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendants' Motion to Dismiss for Improper Venue (Dkt. 113).

Respectfully submitted,

/s/ Jamir Davis
Jamir Davis, Esq.
J. Davis Law Firm, PLLC
328 Scott Street
Covington, KY 41011
(859) 750-5033
jdavis@jdaviscounsel.com

# Proof of Service

BY ELECTRONIC MAIL: I caused the document(s) to be filed electronically via ECF. I did not receive a notification that the electronic transmission was unsuccessful.

Date: November 10, 2025,

*/s/ Jamir Davis*