DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
*ademaria@demarialawfirm.com*
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:    (559) 206-2410
Facsimile:    (559) 570-0126

Attorneys for Defendants, SADDLEBACK
VALLEY UNIFIED SCHOOL DISTRICT;
EDWARD WONG, TRICIA OSBORNE, and
CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs,<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, and DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 4:24-cv-05545-JST<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:    January 8, 2026<br>Time:    2:00 P.M.<br>Ctrm.:    6<br><br>Assigned to: Hon. Judge Jon S. Tigar |

## I.    INTRODUCTION TO RESPONSE

Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Individual Defendants"), submit this Response to Plaintiffs' Motion for Leave to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) (the "Motion"). The Motion should be denied in its entirety. First, Plaintiffs failed to attach or file the proposed Third Amended Complaint as required by Rule 10-1 of the Civil Local Rules for the U.S. District Court, Northern District California. This omission alone renders the Motion procedurally defective and warrants denial. Second, Plaintiffs' claimed "new evidence" does not justify further amendment. The alleged recording of a conversation among certain Defendants is not new—it was previously referenced in Plaintiffs' Second Amended Complaint in support of their *Monell* claim under 42 U.S.C. § 1983 —and, in any event, it is inadmissible under California Penal Code §§ 632 et seq., which prohibit the use of illegally obtained or surreptitiously recorded private communications. Third, Plaintiff has already amended twice, and now continues to rely on the same speculative theories of conspiracy under 42 U.S.C. § 1983 that have been challenged in Plaintiffs' Second Amended Complaint by Defendants. No proposed amendment attached or filed with this Motion can sufficiently plead the alleged multiple violations of 42 U.S.C. § 1983, Failure to Prevent Conspiracy under 42 U.S.C. §1986, and Conspiracy to Interfere with Civil Rights under §1985(3). (ECF 115 at 7.)

The proposed amendment is futile, as it relies on an improper recording[1], which itself cannot sufficiently support any of the supposed amendments. Moreover, while supposed recording conversation is improper, the recording additionally does not support Plaintiffs' new proposed claims as all that is supposedly demonstrated in the transcript is that Defendant Johnson actually attempted to have Phillip III talk to his biological father. Nothing in this transcript suggest that any of the Defendants entered into a conspiracy to interfere with Plaintiffs' family relationship. As the Court explained in its order, "[a]t most, the cited conversation demonstrates that Johnson knew that Sandoval and Briscoe wanted to influence Phillip III and keep him away from Plaintiffs. But as

---

[1] It should be noted that Plaintiffs have not stated that this recording was made with the consent of Defendant Johnson, and in fact, it was not made with the consent of Mr. Johnson.

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1  explained in this Court's prior order, the District Defendants had no duty to act to help Plaintiffs

2  reconcile their relationship with Phillip III." (See ECF No. 110, at 5: 11-14.) Merely introducing the

3  alleged new inadmissible evidence and making conclusory statements cannot establish claims for

4  Failure to Prevent Conspiracy under 42 U.S.C. §1986, Conspiracy to Interfere with Civil Rights

5  under §1985(3) and multiple violations of §1983, including State-Created Danger, Procedural Due

6  Process, and Substantive Due Process. (ECF 115 at 3,7.)

7       Finally, granting leave to amend would cause undue delay and prejudice. The case has

8  already been pending for over a year without meaningful progress due to Plaintiff's serial

9  amendments and shifting factual narratives. Permitting a third amendment grounded on inadmissible

10 evidence and unsupported factual allegations would needlessly prolong this litigation, impose

11 additional costs on a public entity defendant, and undermine the principles of judicial economy and

12 efficiency. For all the foregoing reasons, Plaintiff's Motion for Leave to File a Third Amended

13 Complaint is procedurally improper, legally unsupported, and the amendment would be futile, and

14 should therefore be denied in its entirety.

15                          **II.    LAW AND ARGUMENT**

16       **A. Plaintiffs' Motion For Leave to Amend Is In Violation Of Civil Local Rules of The
             Northern District Court As No Proposed Third Amended Complaint Attached.**

17       Rule 10-1 of the Civil Local Rules for the U.S. District Court, Northern District California

18 states that "any party filing or moving to file an amended pleading must reproduce the entire

19 proposed pleading and may not incorporate any part of a prior pleading by reference." This

20 requirement ensures that both the Court and the opposing parties can meaningfully evaluate the

21 scope and propriety of the requested amendment. Plaintiffs' failure properly include the proposed

22 amendment is further compounded by the lack of grounds for such an amendment, and as such

23 would justify this District Court's denial of the motion to amend Plaitniffs' complaint. (See, *U.S. ex*

24 *rel. Doe v. Dow Chem. Co.,* 343 F.3d 325, 331 (5th Cir. 2003).) Specifically, this Court may deny a

25 motion to amend for the failure to attach a proposed pleading as required by local rule. (*Waters v.*

26 *Weyerhaeuser Mortgage Co.*, 582 F.2d 503, 507 (9th Cir.1978); *Lanier v. Fresno Unified Sch. Dist.*,

27 No. 1:09-CV-01779-AWI, 2013 WL 3892953, at *1 (E.D. Cal. July 26, 2013).) In *Waters*, *supra*.,

28 the Court found that it was clearly within the court's to deny the first motion to amend for failure to

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1 | comply with the local rule and there was no abuse of discretion in denying the second motion.

2 | (*Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978).) The reasons for the court's

3 | determination need not be stated if they are readily apparent. (*Id.* (citing *Komie v. Buehler Corp.*,

4 | 449 F.2d 644, 648 (9th Cir. 1971).)

5 |       The Local Civil Rules for the Northern District of California explicitly require a party to file

6 | the proposed pleading when seeking leave to amend a complaint. Rule 10-1 of the Civil Local Rules

7 | for the U.S. District Court, Northern District California states that "any party filing or moving to

8 | file an amended pleading ***must*** reproduce the entire proposed pleading and may not incorporate any

9 | part of a prior pleading by reference." (***emphasis added***.) Plaintiffs failed to file or attach the

10 | proposed Third Amended Complaint to their Motion. This failure severely impairs any meaningful

11 | response to the proposed amendments as neither Defendants nor the Court can determine the specific

12 | changes being sought by Plaintiffs, what specific new claims or defendants would be added, or

13 | whether there is an improper attempt to re-plead previously dismissed allegations. Specifically,

14 | Plaintiffs' pleadings are inconsistent and vague whether they intend to add a new defendant, and if

15 | so, which party would be added. (ECF No. 115 at 2-3.) Plaintiffs' omission flagrantly shirks the

16 | filing requires set by this Court's Local Rules and deprives Defendants of a fair opportunity to

17 | respond all while preventing the Court from exercising informed discretion as it relates to the

18 | Plaitniffs' request for an amendment under Federal Rule of Civil Procedure 15(a)(2). Therefore, the

19 | District Court should deny the Plaintiffs' Motion for Leave to Amend.

20 |      **B. The Motion For Leave To Amend Should Be Denied As The Amendment Would Be Futile.**

21 |       Should this Court consider the substance of the amendment, Plaintiffs' motion still fails as

22 | the proposed amendments are futile. Rule 7(b) of the Federal Rules of Civil Procedure provides that

23 | a motion must "state with particularity the grounds for seeking the order; and state the relief sought."

24 | (Fed. R. Civ. P. 7(b); *Boulton v. Am. Transfer Servs., Inc.*, No. 14CV00175-GPC-RBB, 2014 WL

25 | 3849915, at *2 (S.D. Cal. Aug. 5, 2014).) "Futility of amendment can, by itself, justify the denial of

26 | a motion for leave to amend." (*In re Zetta Jet USA, Inc.,* 624 B.R. 461, 512 (Bankr. C.D. Cal. 2020)

27 | [quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)]. )"For an amendment to be futile, it

28 | must appear on its face that it is not actionable."( *Id.* [quoting *Coble v. Derosia*, 2011 WL 444961,

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1   at *4 (E.D. Cal. Feb. 8, 2011)].) In *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) the court

2   found when an "appellant failed to include a proposed copy of the amended complaint and the court

3   noted that appellants did not propose any new facts or legal theories for an amended complaint and

4   gave the Court no basis to allow an amendment."  As a general rule, Federal Rule of Civil Procedure

5   15(a)(2) provides that the court should grant leave to amend when justice so requires. (Fed. R. Civ.

6   P. 15(a)(2).)  However, such "liberality does not apply when amendment would be futile." (*Ebner*

7   *v. Fresh, Inc*., 838 F.3d 958, 968 (9th Cir. 2016).) An amendment, therefore, is futile "when no set

8   of facts can be proved under the amendment to the pleadings that would constitute a valid and

9   sufficient claim or defense (internal quotation marks omitted)." (*MSC Mediterranean Shipping Co.*

10  *S.A. v. BNSF Ry. Co.,* 779 F. Supp. 3d 1083, 1090 (C.D. Cal. 2025) [quoting *Missouri ex rel. Koster*

11  *v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017)].)

12          Plaintiffs not only failed to file or attach the proposed Third Amended Complaint as required

13  by Rule 10-1 of the Civil Local Rules for the U.S. District Court, Northern District California, but

14  Plaintiffs' motion fails to set forth any specific facts or legal theories supporting their request for

15  leave to amend. (See *Boulton v. Am. Transfer Servs., Inc*., No. 14CV00175-GPC-RBB, 2014 WL

16  3849915, at *2 (S.D. Cal. Aug. 5, 2014).) Plaintiffs' Motion states that the proposed Third Amended

17  Complaint seeks to add new claims, including Failure to Prevent Conspiracy under 42 U.S.C. §

18  1986; Conspiracy to Interfere with Civil Rights under § 1985(3); and multiple violations of § 1983,

19  such as State-Created Danger, Procedural Due Process, and Substantive Due Process. (ECF No. 115

20  at 7.) Plaintiffs further make conclusory statements, which there is no basis for them to know, that

21  Defendants conspired to interfere with custody and continued their plans for months. (*Id*.) Plaintiffs'

22  Motion relies almost entirely on the assertion that the factual allegations and related claims arising

23  from a recorded conversation among Defendants Johnson, Briscoe, and Sandoval, which this Court

24  previously ruled could not be included in the Second Amended Complaint ("SAC") without separate

25  leave. (Id, at pp. 2-3.) Plaintiffs' arguments are conclusory, unintelligible and misleading.

26          First, Plaintiffs misstate that the recorded conversation occurred among Defendants Johnson,

27  Briscoe, and Sandoval. (ECF No. 115 at 2.) Exhibit E attached to the SAC by Plaintiffs shows that

28  the recording conversations occurred among the Defendant Johnson and Plaintiffs. Additionally, the

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1  recording introduced by Plaintiffs is inadmissible under both the Federal Rules of Evidence and

2  California law. Under Federal Rule of Evidence 901, any audio recording must be properly

3  authenticated before it may be relied upon in court, and under California Penal Code § 632(a), it is

4  unlawful to intentionally record a confidential communication without the consent of all parties.

5          Moreover, Plaintiffs fail to plead each element of their purported claims with sufficient

6  factual or legal support in this Motion. Plaintiffs' claims for Failure to Prevent Conspiracy under 42

7  U.S.C. § 1986, Conspiracy to Interfere with Civil Rights under § 1985(3), and alleged violations of

8  42 U.S.C. § 1983—including State-Created Danger, Procedural Due Process, and Substantive Due

9  Process—are not supported by any factual allegations establishing the required statutory elements.

10  The Motion does not cite or analyze the controlling standards under these statutes, nor does it

11  identify specific facts that could plausibly support any of the purported claims. Instead, Plaintiffs

12  rely almost entirely on an alleged "recorded conversation" which is both inadmissible and irrelevant

13  to the pleading requirements. As such, this purported evidence cannot substitute for factual

14  allegations in the complaint. To state a conspiracy claim under § 1983, a plaintiff must show (1) an

15  agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act

16  in furtherance of the conspiracy, and (3) a constitutional deprivation. (*Davis v. Powell*, 901 F. Supp.

17  2d 1196, 1217 (S.D. Cal. 2012); citing *Garcia v. Grimm*, No. 1:06–cv–225–WQH (PCL), 2011 WL

18  817426, at *9, 2011 U.S. Dist. LEXIS 20522, at *24 (S.D. Cal. Mar. 2, 2011).) "To be liable, each

19  participant in the conspiracy need not know the exact details of the plan, but each participant must

20  at least share the common objective of the conspiracy." (*Ibid.* [citing *United Steelworkers of Am. v.*

21  *Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir.1989)].) To plead a claim, of conspiracy under

22  § 1983, plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of

23  the minds to violate the plaintiff's constitutional rights.(*Ibid* [citing *Miller v. California*, 355 F.3d

24  1172, 1177 n. 3 (9th Cir.2004)); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir.1998); *Woodrum v.*

25  *Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989)].) "Vague and conclusory allegations of

26  official participation in civil rights violations are not sufficient to withstand a motion to dismiss."

27  (*Ibid.* [citing *Ivey v. Board of Regents of the University of Alaska,* 673 F.2d 266, 268 (9th Cir.1982));

28  see *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977).])

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1    The proposed amendment to Plaintiff's complaint would supposedly merely alleged broad

2  conclusory negligence language, void of the factual allegations necessary to support a conspiracy

3  theory. (*Jaco v. Bloechle*,739 F.2d 239, 245 (6th Cir. 1984).) The Ninth Circuit has adopted the

4  broadly accepted principle that a cause of action is not provided under 42 U.S.C. § 1986 absent a

5  valid claim for relief under section 1985. (*Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).)

6  As the Court explained in its order, "At most, the cited conversation demonstrates that Johnson

7  knew that Sandoval and Briscoe wanted to influence Phillip III and keep him away from Plaintiffs.

8  But as explained in this Court's prior order, the District Defendants had no duty to act to help

9  Plaintiffs reconcile their relationship with Phillip III." (See ECF No. 110, at 5: 11-14.) None of the

10  facts that have been presented suggest that Defendants conspired to violate Plaintiffs' rights or failed

11  to prevent such a conspiracy. The alleged conversation does not establish a "agreement" or "meeting

12  of the minds" to violate the plaintiffs' constitutional rights, one of an essential elements for the

13  conspiracy claim under 42 U.S.C. § 1983. (*Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal.

14  2012).)

15    It is uncertain whether Plaintiffs intend to reassert a claim for Civil Rights Conspiracy under

16  42 U.S.C. § 1983 in their proposed Third Amended Complaint, given the inconsistencies in their

17  Motion. In one portion of their filing, Plaintiffs allege that the "new facts" will show that Defendants

18  engaged in a deliberate and sustained conspiracy under 42 U.S.C. §§ 1983, 1985(3), and 1986 (see

19  ECF No. 115 at 3), while elsewhere, Plaintiffs assert that the amendment would add claims for

20  Failure to Prevent Conspiracy under § 1986, Conspiracy to Interfere with Civil Rights under §

21  1985(3), and multiple violations of § 1983, including State-Created Danger, Procedural Due

22  Process, and Substantive Due Process (see ECF No. 115 at 7). Nothing in Plaitniffs' Motion supports

23  the required element  of the existence of any agreement or "meeting of the minds" among

24  Defendants to violate Plaintiffs' constitutional rights—an essential element of a civil-rights

25  conspiracy claim under 42 U.S.C. § 1983. Accordingly, even if Plaintiffs intend for their proposed

26  amendment to reassert such claims, the amendment would be futile, as the alleged facts fail to

27  establish that any conspiracy existed.

28    To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) for the purpose

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1    of depriving, either directly or indirectly, any person or class of persons of the equal protection of

2    the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this

3    conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right

4    or privilege of a citizen of the United States. *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of*

5    *Sonoma*, 644 F. Supp. 2d 1177, 1203 (N.D. Cal. 2009). To state a claim for conspiracy to violate

6    constitutional rights, "the plaintiff must state specific facts to support the existence of the claimed

7    conspiracy." (*Ibid*. (citing *Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.1989); *Olsen v. Idaho*

8    *State Bd. of Medicine,* 363 F.3d 916, 929 (9th Cir.2004); *see also Sanchez v. City of Santa Ana,* 936

9    F.2d 1027, 1039 (9th Cir.1991) ["A mere allegation of conspiracy without factual specificity is

10   insufficient to support a claim.")].) Plaintiffs present, no fact suggests that Defendants have an

11   "agreement" or "meeting of the minds" to deprive the plaintiffs' constitutional rights. Plaintiffs

12   merely make the conclusory statement that Defendants' actions were the product of a sustained and

13   calculated plan designed to prevent Plaintiffs from exercising their parental rights. (ECF 115 at 3,7.)

14   "Section 1986 provides for a remedy against "[e]very person who, having knowledge that any of

15   the wrongs conspired to be done, and mentioned in the preceding section [42 U.S.C. § 1985], are

16   about to be committed, and having power to prevent or aid in preventing the commission of the

17   same, neglects or refuses so to do." (*I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F.

18   Supp. 3d 987, 994 (N.D. Cal. 2017) (citing 42 U.S.C. § 1986)). As plaintiffs fail to properly allege

19   a violation of 42 U.S.C. § 1985, their section 1986 claim necessarily fails as well. (*Ibid*.)

20          Plaintiffs also list blanket claims under 42 U.S.C. § 1983—including State-Created Danger,

21   Procedural Due Process, and Substantive Due Process. As to the alleged State-Created Danger, the

22   Ninth Circuit Court of Appeals recognized the requirement, at a minimum, a showing that the

23   government's act was the "but-for cause" that put the plaintiff in a position of danger the plaintiff

24   would not otherwise have faced. (*Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1074 (9th Cir.

25   2006).) "We have never recognized a state-created danger where the state was merely a 'proximate

26   cause' rather than the cause-in-fact of the plaintiff's injuries." (*Id,* at p.1075.) Plaintiffs' proposed

27   amendment does not demonstrate that Defendant affirmatively placed Plaintiffs in a new or

28   heightened danger. At most, Plaintiffs allege a custody dispute and communication among

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1    individuals, not affirmative state specific conduct creating a peril. No factual allegation supports

2    that any act by Defendants was the but-for cause of any danger or injury. (See *Kennedy v. City of*

3    *Ridgefield,* 439 F.3d 1055, 1074 (9th Cir. 2006).) Accordingly, the state-created danger doctrine is

4    wholly inapplicable to the present case.

5         Plaintiffs' Procedural and Substantive Due Process claims fail as well as Plaintiffs have

6    failed to plead any facts or legal theory to support any such claims. To properly assert a substantive

7    due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a

8    constitutionally protected life, liberty or property interest. (*Shanks v. Dressel*, 540 F.3d 1082, 1087

9    (9th Cir. 2008).) A mere allegation of a "failure-to-protect" and "failure-to-enforce" do not suffice.

10   (*Ibid*.) The Constitution generally does not require the state to "protect the life, liberty, and property

11   of its citizens against invasion by private actors." (*Ibid,* (quoting *DeShaney v. Winnebago County*

12   *Dep't of Soc. Serv.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).) Consequently, the

13   state's failure to protect an individual from "harms inflicted by persons not acting under color of

14   law" will not ordinarily give rise to § 1983 liability. (*Ibid.* (quoting *Huffman v. County of Los*

15   *Angeles,* 147 F.3d 1054, 1058 (9th Cir.1998)).) Misuse of power, possessed by virtue of state law

16   and made possible only because the wrongdoer is clothed with the authority of state law, is action

17   taken under color of state law. (*Screws v. United States*, 325 U.S. 91, 109, 65 S. Ct. 1031, 1039, 89

18   L. Ed. 1495 (1945).) In the instant motion before this Court there are no facts that suggest that any

19   Plaintiffs' constitutional rights were deprived by any of the Defendants while acting with the

20   authority of state law. Plaintiffs' allegations concern harms allegedly only inflicted by individuals

21   not acting under color of law.

22        Plaintiffs have further failed to state a viable Substantive Due Process claim, and as such,

23   the motion to amend should be denied. To state a claim for violation of procedural due process under

24   Section 1983, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected

25   liberty or property interest, and (2) a denial of adequate procedural protections." (*Culinary Studios,*

26   *Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1067 (E.D. Cal. 2021) (quoting *Tutor–Saliba Corp. v. City*

27   *of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006)).) Here, Plaintiffs asserted no facts establishing either

28   element. Plaintiffs fail to identify any specific liberty or property interest protected by the

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

1  Constitution that was deprived by Defendants, nor do they allege that any procedural safeguard was

2  denied. The allegations relate solely to a personal custody dispute, not to any governmental decision,

3  hearing, or administrative action depriving Plaintiffs of a recognized constitutional interest.

4  Accordingly, Plaintiff fails to state a viable Procedural Due Process claim.

5        Therefore, Plaintiffs' Motion for Leave to Amend should be denied, as they fail to file or

6  attach the Third Amended Complaint and their brief supporting the Motion likewise fails to plead

7  any fact and legal theory to support grounds for an amended complaint. In the event that the Court

8  were to consider the Motion on its merits, leave to amend should still be denied because the proposed

9  amendment would be futile. It is proper to deny a motion for leave to amend where the amendment

10  would be futile. (*Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citing *Thinket Ink Info.*

11  *Res., Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1061 (9th Cir.2004) (internal citation omitted)).)

12  "When a proposed amendment would be futile, there is no need to prolong the litigation by

13  permitting further amendment." (*Id*. (citing *Chaset v. Fleer/Skybox Int'l, LP,* 300 F.3d 1083, 1088

14  (9th Cir.2002) [affirming trial court's denial of leave to amend where plaintiffs could not cure a

15  basic flaw—inability to demonstrate standing—in their pleading)].) Here, as discussed above,

16  Plaintiffs' alleged "new evidence" and the factual assertions contained in their pleadings fail to

17  establish any viable cause of action for Plaintiffs' new claims. The purported recording at the center

18  of their request cannot provide any factual foundation for any proposed new theory of liability.

19  Therefore, any amendment would be futile, and there is no need to prolong this litigation by

20  permitting further amendment.

21        **C. The Motion For Leave To Amend Should Be Denied At Due To Prejudice To
          Defendants Futility and Previous Failed Amendment Attempts**

22        In determining whether to grant a motion to amend, the Court considers five factors: "(1)

23  bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

24  whether the plaintiff has previously amended his complaint." (*Washington v. Lowe's HIW Inc.* (N.D.

25  Cal. 2014) 75 F.Supp.3d 1240, 1254.) The three factors of prejudice, futility, and prior amendments

26  — including the former two, to which the Court may give more weight than any of the other

27  factors—weigh in favor of denying leave to amend. (*Id.)* Allowing the amendment would prejudice

28  both existing and proposed new parties as the existing defendants should not be required to oppose

DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

a new complaint that the Court already knows to be wholly defective as a matter of law. (*Id.*) As discussed above, Plaintiffs' factual assertions fail to establish any viable cause of action for their proposed new claims. The purported recording at the center of their request cannot provide a factual foundation for any new theory of liability, rendering any amendment futile.

Moreover, permitting amendment would cause undue prejudice to Defendants — specifically the Saddleback Valley Unified School District, a public entity funded by taxpayer resources. The District should not be compelled to expend additional public funds and resources defending against yet another deficient pleading, specifically, where Plaintiffs' alleged "new evidence" provides no factual support for any of their claims. Furthermore, Plaintiffs have already been granted one prior opportunity by this Court to amend their complaint, yet they have failed to attach the proposed Third Amended Complaint or set forth in their Motion any specific facts or legal theories supporting their amendment. At this point, further amendment would serve to delay proceedings, burden public resources, and prolong a case that lacks any legal or factual foundation.

### III.    CONCLUSION

Plaintiffs' Motion for Leave to Amend is procedurally defective. Plaintiffs' failure to file or attach the propose Third Amended Complaint is in violation of Rule 10-1 of the Civil Local Rules for the U.S. District Court, Northern District California. Moreover, Plaintiffs' brief in support of the Motion fails to provide the facts and legal theories to support grounds for an amended complaint. Moreover, as Plaintiffs failed to plead any facts and legal theories to support new claims, the amendment would be futile. Granting the leave to amend will also cause the undue delay and prejudice to the Defendants. Therefore, Defendants respectfully request that the Court to deny Plaintiffs' Motion for Leave to Amend.

Dated: November 13, 2025                                     DeMaria Law Firm, APC


By:____/s/ Anthony N. DeMaria____
               Anthony N. DeMaria
     Attorneys for Defendants, SADDLEBACK
     VALLEY UNIFIED SCHOOL DISTRICT;
     EDWARD WONG, TRICIA OSBORNE, and
                  CHAD JOHNSON