DeMaria Law Firm, APC.
Anthony N. DeMaria, #177894
ademaria@demarialawfirm.com
1684 W. Shaw Ave., Ste. 101
Fresno, California 93711
Telephone:    (559) 206-2410
Facsimile:    (559) 570-0126

Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR.; LORNA BARNES; and ANTHONY BARNES.<br><br>Plaintiffs,<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; KLUTCH SPORTS; NEXT LEVEL SPORTS & ACADEMICS; and ISAHIA SANDOVAL; EDWARD WONG TRICIA OSBORNE, CHAD JOHNSON; STEVE BRISCOE, and DOES 1-20 in their individual and official capacities.<br><br>Defendants. | Case No. 3:24-cv-05545-JCS<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR IMPROPER VENUE, PURSUANT TO RULE 12(B)(3), FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date: January 8, 2026<br>Time: 2:00 P.M.<br>Courtroom.: 6<br><br>Assigned to: Hon. Judge Jon S. Tigar |

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION TO REPLY

Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT ("District"); EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON ("District Individual Defendants"), submit this Reply Brief in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss pursuant to Rule 12(b)(3). (Dkt. 119.) Plaintiffs' Opposition fails to cure the deficiencies identified in Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. ("SAC") Specifically, Plaintiffs failed to oppose the argument that *there are no Defendants left, who are residents of this judicial district* after this Court has dismissed the Defendant Next Level, who was the only Defendant, named in the SAC, alleged to reside within the Northern District of California. (RJN ¶ 1; SAC ¶ 16.) As such, as established by the Supreme Court of the United States, "When venue is challenged, the court must determine whether the case falls within one of the three categories of courts in which a civil action may be brought, as set out in the statute governing venue generally; if it does, venue is proper, *but if it does not, venue is improper, and the case must be dismissed or transferred*. 28 U.S.C.A. §§ 1391, 1406(a)." (*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).) *(emphasis added.)*

Plaintiffs further opposed the Defendant's Motion to dismiss SAC based on the fact that Plaintiffs sought the leave of this Court to file a Third Amended Complaint ("TAC"), which asserts causes of action against Defendants residing in the Northern Judicial District (Dkt. 117.) However, this assertion may not be the appropriate basis for Plaintiffs' Opposition as, first, the Plaintiffs' Motion to amend and file the TAC has not been adjudicated yet, and, second, the third amendment is grounded on inadmissible evidence and unsupported factual allegations as separately argued in the Defendants' Opposition to Plaintiff's Motion for Leave to Amend. (RJN ¶ 2.) Therefore, the Court should dismiss Plaintiff's Second Amended Complaint without leave to amend based on improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs PHILLIP BELL JR., LORNA BARNES, and ANTHONY BARNES (hereinafter "Plaintiffs") are the father and grandparents of PHILLIP III, a former student and a football player at Mission Viejo High School.( SAC ¶¶10-12) Plaintiffs allege that the District ignored the Court

Order regarding the return of PHILLIP III to Sacramento immediately after his first semester at MISSION. (SAC ¶62.) As Plaintiffs specified in their SAC, all District and District Defendants sued in their official capacities, are located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691-3142 (SAC ¶ 13), which is in Orange County, California, which falls under the jurisdiction of the United States District Court for the Central District of California.

On October 8, 2025, this Court entered an Order resolving all named Defendants' Motions and dismissed Plaintiffs' claims against CIF, Next Level, and Briscoe without leave to amend. (Dkt. 110). The Court further dismissed Plaintiffs' civil conspiracy claim without prejudice. (Id.). As Defendant Next Level was the only Defendant, named in the SAC, alleged to reside within the Northern District of California. (RJN ¶ 1; SAC ¶ 16) and, upon Court's dismissal of all Plaintiff's claims against the Defendant Next Level, ***there are no Defendants left, which are residents of this judicial district.*** On October 21, 2025, based on the fact that venue was no longer proper under 28 U.S.C. § 1391(b)(1), District Defendants filed a Motion to dismiss Plaintiffs' SAC pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3). (Dkt. 113.) Plaintiffs' Opposition to the District Defendants' Motion to dismiss SAC was due on or before November 5, 2025. However, Plaintiffs did not file a timely Opposition, and, instead, on November 10, 2025, filed a Motion for leave to file the Opposition out of time. (Dkt. 118.) Plaintiffs attached the purported Opposition to their Motion. (Dkt. 119.) Furthermore, Plaintiffs' Counsel has never contacted the Defense Counsel to meet and confer and stipulate to the extension of time before Plaintiffs' Response to the Defendants' Motion to dismiss the SAC was due. (Dec AND ¶ 6.)

Plaintiffs further opposed the Defendant's Motion to dismiss SAC based on the fact that Plaintiffs sought the leave of this Court to file a Third Amended Complaint ("TAC"), which asserts causes of action against Defendants residing in the Northern Judicial District (Dkt. 117.) However, this assertion may not be the appropriate basis for Plaintiffs' Opposition as, first, the Plaintiffs' Motion to amend and file the TAC has not been adjudicated yet, and, second, the third amendment is grounded on inadmissible evidence and unsupported factual allegations as separately argued in the Defendants' Opposition to Plaintiff's Motion for Leave to Amend. (RJN ¶ 2.) Therefore, the Court should dismiss Plaintiff's Second Amended Complaint without leave to amend based on

improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

### III. LAW AND ARGUMENT

#### A. Venue is Improper in this Matter based on 28 U.S.C. § 1391(B)(1).

Plaintiffs filed their SAC against Defendants Briscoe, Next Level, CIF, Saddleback Valley Unified School District, and individual District Defendants. (RJN ¶ 1.) District and District Defendants are located at 25631 Peter A. Hartman Way, Mission Viejo, CA 92691-3142 (SAC ¶ 13), which is in Orange County, California, which falls under the jurisdiction of the United States District Court for the Central District of California. Furthermore, per SAC, all events that gave rise to the alleged Plaintiffs' claims happened within the boundaries of the Saddleback Valley Unified School District. (RJN ¶ 1.) However, after this Court has dismissed the Defendant Next Level, who was the only Defendant named in the SAC and alleged to reside within the Northern District of California, there are **no Defendants left who are residents of this judicial district**. (RJN ¶ 1; SAC ¶ 16.)

Federal Rule of Civil Procedure ("Rule") 12(b)(3) provides that a party may move to dismiss a case for "improper venue." Furthermore, "When the propriety of venue is challenged by a Rule 12(b)(3) motion, Plaintiff bears the burden of establishing proper venue." (*Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).) Therefore, with the instant Motion, Defendants contend that, upon the dismissal of the Defendant Next Level, the only Defendant residing within the instant judicial district, the United States District Court for the Northern District of California is no longer a proper venue for this matter. As such, as established by the Supreme Court of the United States, "When venue is challenged, the court must determine whether the case falls within one of the three categories of courts in which a civil action may be brought, as set out in the statute governing venue generally; if it does, venue is proper, ***but if it does not, venue is improper, and the case must be dismissed or transferred***. 28 U.S.C.A. §§ 1391, 1406(a)." ( *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 56 (2013).) **(emphasis added)** Plaintiffs failed to oppose the venue argument in their Opposition, and, therefore, Defendants' Motion to Dismiss Plaintiffs' SAC must be granted.

///

1 | Plaintiffs attempted to oppose the Defendant's Motion to dismiss SAC based on the fact that Plaintiffs sought the leave of this Court to file a Third Amended Complaint ("TAC"), which asserts causes of action against Defendants residing in the Northern Judicial District (Dkt. 117.) However, this assertion may not be the appropriate basis for Plaintiffs' Opposition as, first, the Plaintiffs' motion to amend and file the TAC has not been adjudicated yet, and, second, the third amendment is grounded on inadmissible evidence and unsupported factual allegations as separately argued in the Defendants' Opposition to Plaintiff's Motion for Leave to Amend. (RJN ¶ 2.) Therefore, the Court should dismiss Plaintiff's Second Amended Complaint without leave to amend based on improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3).

## IV.  CONCLUSION

Defendants respectfully request this Court to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) or, alternatively, transfer it to the United States District Court for the Central District of California.

Dated: November 24, 2025                                                              DeMaria Law Firm, APC

By: _____*/s/Anthony N. DeMaria*_____
Anthony N. DeMaria
Attorneys for Defendants, SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT; EDWARD WONG, TRICIA OSBORNE, and CHAD JOHNSON