UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP BELL JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SADDLEBACK VALLEY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | Case No. 24-cv-05545-JST<br><br>**ORDER DENYING MOTION TO AMEND AND GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 113, 117 |

Now before the Court is the Defendants Saddleback Valley Unified School District ("Saddleback District"), Edward Wong, Tricia Osborne, and Chad Johnson's (collectively, "District Defendants") motion to dismiss for improper venue, ECF No. 113, and Plaintiffs' motion for leave to amend, ECF No. 117. The Court will grant the motion to dismiss and deny the motion for leave to amend.

## I.      BACKGROUND

The factual and procedural background of this case is summarized in greater detail in this Court's prior orders. *See* ECF No. 85, 110. Plaintiff Phillip Bell, Jr. is the father of Phillip Bell III. Plaintiffs Lorna Barnes and Anthony Barnes are the parents of Phillip III's late mother, Samantha Barnes. Plaintiffs contend that Defendants worked individually and in concert to interfere with Plaintiffs' familial relationship with Phillip III, including interfering with the enforcement of a court custody order and arranging for the transportation and housing of Phillip III without Plaintiffs' consent, to further Defendants' own gain surrounding Phillip III's success as an emerging high school football talent. Originally named as defendants were Saddleback District; California Interscholastic Federation; Klutch Sports Group; Next Level Sports & Academics ("Next Level"); Steve Briscoe, the owner and operator of Next Level; Isaiah Sandoval;

United States District Court
Northern District of California

Edward Wong, the Board President of Saddleback District at all relevant times; Tricia Osborne, the principal of Mission Viejo High School; and Chad Johnson, the head football coach of Mission High.  After other defendants were dismissed by court order or voluntarily, only moving defendants remain.

District Defendants now move to dismiss the complaint for improper venue because none of the events alleged in the operative complaint occurred in the Northern District of California and no defendant resides here.  ECF No. 113.  Plaintiffs opposed on November 10, 2025.  ECF No. 119.  Defendants replied on November 24, 2025.  ECF No. 126.

Plaintiffs separately move to amend their complaint to add claims against defendants Johnson, Briscoe, and Sandoval.  ECF No. 117.  Defendants Briscoe and Next Level opposed on November 24, 2025, ECF No. 123, as did District Defendants, ECF No. 124.  Plaintiff did not file a reply.

## II.    LEGAL STANDARDS

### A.    Motion to Amend

Federal Rule of Civil Procedure 15 (a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The Court considers five factors in deciding whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.  *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013).  Leave is granted with "extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), but "not automatically."  *Western States*, 715 F.3d at 738.

### B.    Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue.  Once a defendant challenges venue, the plaintiff bears the burden of demonstrating that venue is proper.  *Technology Credit Corp. v. N.J. Christian Academy, Inc.*, 307 F. Supp. 3d 993, 1001 (N.D. Cal. 2018).  In considering a motion to dismiss under Rule 12(b)(3), a court need not accept the allegations in the pleadings as true and may consider facts

United States District Court
Northern District of California

2

outside the pleadings.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

Venue is generally governed by 28 U.S.C. § 1391.  Under subsection (b), venue exists in: (1) a judicial district in which any defendant resides if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) any judicial district in which any defendant is subject to the Court's personal jurisdiction if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

## III.   DISCUSSION

The question of venue depends on whether the Court will permit Plaintiffs to plead new claims against Briscoe and Next Level, who are the only defendants who reside in this judicial district.  Accordingly, the Court turns first to the motion to amend.

### A.   Motion to Amend

Plaintiffs move to amend their complaint "to include factual allegations and related claims arising from a recorded conversation among Defendants Johnson, Briscoe, and Sandoval, which this Court previously ruled could not be included in the Second Amended Complaint ('SAC') without separate leave."  ECF No. 117 at 3.  Although Plaintiffs contend that the proposed amended complaint adds only one new defendant (Sareena Chow), *id.*, it also adds back in defendants against whom all prior allegations were dismissed, including Briscoe and Next Level. It also adds claims for conspiracy to deprive Plaintiffs of their civil rights under 42 U.S.C. § 1983; failure to prevent conspiracy to violate civil rights under 42 U.S.C. § 1986; violation of the Fourteenth Amendment (state-created danger) under 42 U.S.C. § 1983; violation of the Fourteenth Amendment (procedural due process) under 42 U.S.C. § 1983; and violation of the Fourteenth Amendment (substantive due process) under 42 U.S.C. § 1983.

Briscoe and Next Level oppose Plaintiffs' motion, arguing that adding the new claims would be futile.  ECF No. 123.  District Defendants oppose the motion on grounds of futility and prejudice.  ECF No. 124.

The first basis for Defendants' futility argument is that the proposed amendments are based on a recording of a conversation between Briscoe, Sandoval, and Johnson that was made without

United States District Court
Northern District of California

3

the consent of all parties and is therefore inadmissible under California Penal Code § 632(a). ECF No. 123 at 4; ECF No. 124 at 8. The Court rejects that argument. Following the Ninth Circuit's decision in *Feldman v. Allstate Ins. Co.*, 322 F.3d 660 (9th Cir. 2003), district courts uniformly hold that "where . . . the court has federal jurisdiction, recordings made in violation of section 632 are admissible." *Boston v. ClubCorp USA, Inc.*, No. CV 18-3746 PSG (SS), 2019 WL 1873293, at *6 (C.D. Cal. Mar. 11, 2019) (rejecting defendant's argument that the recording is inadmissible under California Penal Code Section 632 "because this Court has federal question jurisdiction" and even though the recording may be "unlawful under state law, [it] may be admissible under federal law"); *Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1204 (D. Kan. 2003) (holding that despite section 632, "the tape recording of the telephone conversation on December 20 is admissible" because "the Ninth Circuit noted [in *Feldman*] that in non-diversity cases, evidence obtained in contravention of state law is admissible in federal court, so long as no federal law is thereby violated") (citation modified).

Defendants also argue, however, that Plaintiffs new claims are inadequately pleaded pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To succeed in pleading a civil rights conspiracy claim in the Ninth Circuit, a plaintiff must plead specific facts to show that there was an agreement to violate civil rights. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). As with all § 1983 claims, Plaintiffs must also plead that the civil rights violation is accomplished by or "fairly attributable" to state actors. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

Plaintiffs have not replied to or otherwise opposed Defendants' arguments. Accordingly, they have conceded by their silence that amendment would be futile. *See Martin v. Masters, Mates, & Pilots*, 761 F. Supp. 3d 1236, 1242 n.3 (N.D. Cal. 2025) ("To the extent the Third Amended Complaint asserts a § 1985(3) claim based on Martin's religious beliefs concerning COVID-19, Martin concedes dismissal of that claim by failing to address the motions to dismiss it in his opposition briefs."), *aff'd sub nom. Martin v. Int'l Org. of Masters, Mates & Pilots*, No. 25-829, 2026 WL 1683494 (9th Cir. June 10, 2026); *Kroeger v. Vertex Aerospace LLC*, No. CV 20-

4

3030-JFW(AGRX), 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) ("In his Opposition, although Plaintiff argues that his Section 1198.5 claim is not preempted by the LMRA, Plaintiff does not address and, thus, concedes that he cannot state a claim under Section 226, 432, or 1198.5.").

Because the Court finds that adding the new claims against Briscoe and Next Level would be futile, the motion to amend is denied.

### B.  Motion to Dismiss for Improper Venue

The District Defendants argue that the Northern District of California is no longer a proper venue for Plaintiffs' claims because the Court dismissed without leave to amend all claims against the only defendants who resided in the district.  All other defendants reside in Orange County, California, which falls under the jurisdiction of the U.S. District Court for the Central District of California.

Plaintiffs argue that venue in the Northern District is nonetheless proper because the "central act giving rise to this litigation is the violation of a San Francisco Superior Court custody order."  ECF No. 119 at 3 (citing *Krain v. Devich*, 967 F.2d 587 (Table), 1992 WL 129195 (9th Cir. 1992); *In re Bozic*, 888 F.3d 1048, 1049 (9th Cir. 2018)).  They appear to argue that where a state court has entered an order, the federal district in which the order was entered somehow retains jurisdiction over matters involving that state court order.  *Id.*  Plaintiffs further argue that it would be improper to benefit an alleged wrongdoer by allowing venue shopping.  *Id.* at 3–4.

The argument has no support in the law.  Section 1391 is clear that a civil action should be brought in either the district where a defendant resides or where a substantial part of the events occurred.  It contains no exception for cases based on a state court order.  Plaintiffs do not contest that the only defendant who reside in the Northern District of California was dismissed from this case without leave to amend and further concede that the defendants allegedly "carried out that violation" in the Central District of California.  ECF No. 119 at 3.  Venue in this district is not proper.

Plaintiffs present two cases in support of their argument that a defendant cannot benefit from violating a court order in one district by moving to change venue to the district in which the

United States District Court
Northern District of California

violation occurred.  Neither case persuasively supports this point.  In *Krain*, the Ninth Circuit affirmed the district court's dismissal for improper venue because "the various defendants live in Los Angeles, California, Washington, D.C., Virginia, and Maryland" and not in the Northern District of California.  1992 WL 129195, *1.  In *Bozic*, the Ninth Circuit held that the district court erred in transferring venue away from the Southern District of California because the defendants resided in that district.  888 F.3d at 1051.  These are not the facts here.

### C.    Transferring Venue

Now that the Court has concluded Plaintiffs filed their case in the wrong district, the Court must either "dismiss for improper venue" or "transfer [the] case" to the proper district if it would "be in the interest of justice" to do so.  *See* 28 U.S.C. § 1406(a).  But because "dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating," courts usually find that transfer is in the interest of justice. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (simplified).  The Court so finds and will thus transfer this case to the Central District of California.  *See Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 871 (N.D. Cal. 2021).

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for leave to amend their complaint.  ECF No. 117.  The Court finds that venue in the Northern District of California is improper and that transfer under 28 U.S.C. § 1406(a) is appropriate.  The Court grants Defendants' motion to dismiss for improper venue.  ECF No. 113.  The clerk is directed to transfer this case to the United States District Court for the Central District of California.

**IT IS SO ORDERED.**

Dated: August 10, 2026

_____
JON S. TIGAR
United States District Judge